**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Plaintiffs in this action are the owners of numerous moderate- and low-income housing projects. Plaintiffs allege that the Emergency Low-Income Housing Preservation Act of 1987 ("ELIHPA") and the Low-Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA") (collectively, the "Preservation Statutes"), as applied to their property by Department of Housing and Urban Development ("HUD"), effected a regulatory taking.

In August 2000, this Court dismissed plaintiffs' as-applied, regulatory taking claims as unripe. On appeal, the plaintiffs argued that this Court did not give them a fair opportunity to demonstrate that their claims were ripe. They contended that, if given the opportunity, they would offer "individualized evidence" establishing ripeness on a project-by-project basis. The Federal Circuit reversed and remanded with instructions to conduct discovery on the issue of ripeness.

Upon remand, in July 2006, the United States served interrogatories seeking information about plaintiffs' contention that their as-applied taking claims are ripe. The United States agreed to plaintiffs' requests for three separate extensions of time. Yet, in January 2007, six months after having received the United States' interrogatories, and nearly two years after assuring the Federal Circuit that they could offer specific evidence that their claims are ripe, plaintiffs refused

to answer interrogatories seeking information central to the question of ripeness. Accordingly, pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court enter an order compelling plaintiffs to answer interrogatories five, six and seven by March 21, 2007.

**PROCEDURAL BACKGROUND**

On July 21, 2000, the plaintiffs responded to an order of this Court directing them to state whether they were distinguishable from a recent ripeness decision in the Cienega Gardens litigation. The plaintiffs proceeded as one large group. Their filing (1) submitted no evidence of futility with respect to the vast majority of plaintiffs, (2) included no data on local rental markets, and (3) admitted that they were factually indistinguishable from the plaintiffs in Greenbrier v. United States, 193 F.3d 1348 (Fed. Cir. 1999) – a decision that affirmed the dismissal of taking claims of 249 owners of low-income housing on ripeness grounds. See Pls.' Response to Order (July 21, 2000). Plaintiffs further stated that the Federal Circuit had erred in the Greenbrier case and "acknowledged that dismissal was appropriate so that those Plaintiffs who so wish may appeal to the Federal Circuit to reconsider its decision in Greenbrier." Id. This Court dismissed the case in August 2000 based upon the plaintiffs' filing. Order of Judge Robert H. Hodges (Aug. 16, 2000).

On appeal, after a stay of nearly five years, the plaintiffs argued to the Federal Circuit that this Court had wrongly dismissed their claims. The plaintiffs asserted that they had "not had an opportunity to show that, in fact, they would not have been allowed to prepay their mortgages if they had requested to do so." Pls.' Br. at 30. They urged the Federal Circuit to remand the case so that they could establish "that exhaustion [of the administrative process under the

Preservation Statutes] was futile in their cases and that their claims therefore are in fact ripe for adjudication. Pls.' Br. at 30-31; see also Pls.' Reply at 12 (asserting that they were simply seeking "the opportunity to present evidence of futility").

The Federal Circuit reviewed the operative complaint, noted that it contained certain allegations of administrative delays by HUD, and concluded that the plaintiffs' had "not had the opportunity to develop facts relative to futility and ripeness." Anaheim Gardens v. United States, 444 F.3d 1309, 1313-14, (Fed. Cir. 2006). Accordingly, the Federal Circuit reversed and remanded this action "for the development of facts on whether [plaintiffs'] takings claims are ripe." Id. at 1317.

Upon remand, the Court established a five-month period for discovery on ripeness issues. Order of Judge Robert H. Hodges (August 14, 2006). The United States promptly served written discovery seeking, among other things, project-by-project information about ripeness. The plaintiffs' response to this discovery was originally due August 10, 2006. The plaintiffs requested, and the United States agreed to, three separate extensions to enable plaintiffs to retrieve documents and obtain information to respond to the United States' discovery requests.[1] As a result, plaintiffs' did not serve a written response to the United States' interrogatories until January 12, 2007.

With respect to several key interrogatories on ripeness, the plaintiffs asserted objections and refused to provide a substantive response. See Pl.'s Responses to Def.'s First Set of Interrogatories at 5-6 (Jan. 12, 2007) (response to interrogatories 5, 6 and 7) (attached as

---

[1] The parties also agreed to request an enlargement of the period for ripeness discovery. The Court granted the parties' request and, accordingly, the period for discovery on ripeness issues currently ends May 31, 2007. Order of Judge Robert H. Hodges (Jan. 2, 2007).

Exhibit A). On February 5, 2007, undersigned counsel explained that the asserted objections were without merit and insisted that substantive answers be provided. See Letter from David A. Harrington to Harry J. Kelly at 3-4 (Feb. 5, 2007) (attached as Exhibit B). In response, on February 14, 2007, plaintiffs' counsel asserted that plaintiffs' "response is adequate." See Letter from Harry Kelly to David Harrington at 9-11 (Feb. 14, 2007) (attached as Exhibit C). On February 21, 2007, undersigned counsel contacted plaintiffs' counsel to, among other things, attempt to resolve the impasse regarding interrogatories 5, 6 and 7. See Letter from David A. Harrington to Harry J. Kelly at 1 (Feb. 22, 2007) (attached as Exhibit D). This attempt was unsuccessful. Ex. D at 3.

Accordingly, counsel for the United States certifies that defendant has conferred in good faith with plaintiffs in an effort to secure proper interrogatory answers without Court action. See RCFC 37(a)(2)(A).

## ARGUMENT

### I. Plaintiffs' Objections To The Government's Interrogatories Are Meritless

#### A. Plaintiffs Should Be Compelled To Give Answers To Interrogatories 5 and 6

Interrogatories 5 and 6 ask each plaintiff to state the date upon which HUD applied the Preservation Statutes to the plaintiff's property such that its as-applied taking clam ripened. Interrogatory 5, which sought information about application of ELIHPA, states as follows:

> For each Subject Property, state the date upon which you contend that HUD reached a final decision regarding the application of ELIHPA to the Subject Property, and state all facts upon which you base your contention.

See Ex. A, at 5. On January 12, 2007, plaintiffs provided the following response:

> **Response:**
>
> Plaintiffs object to this interrogatory on several grounds. First, the meaning of the term "final decision" is vague and ambiguous. . . . Further, the interrogatory is overly broad and unduly burdensome.

Ex. A, at 5. The United States posed an identical interrogatory with respect to HUD's application of LIHPRHA to each Subject Property, and the plaintiffs' responded with the very same objections. Id. at 5-6.

In the context of discovery on ripeness, the United States' reference to HUD's "final decision" applying the Preservation Statutes is neither vague nor ambiguous. However, upon receiving plaintiffs response, the United States wrote plaintiffs' counsel:

> An "as-applied" taking claim does not ripen "until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." Palazollo v. Rhode Island, 533 U.S. 606, 618 (2001) (emphasis added). Interrogatories 5 and 6 ask the plaintiffs to identify the date upon which they contend that HUD reached a "final decision" regarding application of the Preservation Statutes to their property.

Ex. B at 3 (stating also that "[w]e have requested that the plaintiffs identify the date upon which they contend that HUD rendered the 'final decision' that ripened their as-applied taking claim"). Plaintiffs admit that this letter eliminated the supposed ambiguity in interrogatories 5 and 6, but nevertheless refuse to provide an answer. See Ex. C at 9.

Plaintiffs' alternative objection – that providing the United States basic information about their contentions on ripeness is "unduly burdensome" – borders on frivolous. Indeed, plaintiffs obtained a reversal of this Court's prior dismissal by assuring the Federal Circuit that they "can produce . . . individualized evidence" establishing that their claims are ripe. Pls.' Reply at 12

(stating that "they simply have not had the opportunity to do so"). In sum, the objections asserted by plaintiffs in response to Interrogatories 5 and 6 are utterly meritless.

In a recent discussion, plaintiffs' counsel suggested that plaintiffs should not have to answer the United States' interrogatory answers until the United States has responded to the plaintiffs' own requests for production.[2] This Court's rules on discovery are clear – a party has **30 days** from the date of service to respond to interrogatories. RCFC 33(b)(3). The United States served its interrogatories in July 2006. After receiving three separate extensions from the United States, the plaintiffs answers were due on January 12, 2007. Plaintiffs attempt to further delay providing answers is completely unjustified.[3]

**B. Plaintiffs Should Be Compelled To Give An Answer To Interrogatory 7**

Interrogatory 7, which inquires whether the plaintiffs contend that applying to prepay pursuant to the Preservation Statutes was futile, states as follows:

> For each Subject Property, if you contend that applying to prepay pursuant to the Preservation Statutes was futile, state all facts upon which you base your contention.

See Ex. A, at 6. On January 12, 2007, plaintiffs provided the following response:

---

[2] Plaintiffs' requests for production were served over three months after the interrogatories at issue. The United States has begun producing documents to plaintiffs, but does not anticipate completing the production of documents until mid-April 2007. Plaintiffs' counsel agreed to this schedule.

[3] It is unclear how documents produced in discovery could affect plaintiffs' contentions about the dates upon which their respective claims ripened. Indeed, counsel presumably investigated whether plaintiffs possessed ripe claims before filing suit in this Court. In any event, if warranted, plaintiffs can serve supplemental interrogatory answers. See RCFC 26(e).

> **<u>Response</u>:**
>
> Plaintiffs object to this interrogatory on the ground that it calls for a legal conclusion and opinion. Further, Plaintiffs object to this interrogatory on the ground that it is vague, overly broad and unduly burdensome.

Ex. A, at 6.

Plaintiff's objection that Interrogatory 7 calls for a legal conclusion is contrary to the language of the interrogatory itself, which asks the plaintiff's to "state all <u>facts</u>" upon which any contention of futility is based. Plaintiffs' conclusory statement that the interrogatory is vague, overly broad and unduly burdensome is equally misplaced. The plaintiffs offer no basis for these boilerplate objections. Moreover, interrogatory 7 is clear, concise and seeks the very sort of information that the plaintiffs told the Federal Circuit would be forthcoming in any remand. Pls.' Br. at 30 (seeking remand "for fact-finding concerning the futility of requesting prepayment") (section title); Pls.' Reply at 12 (stating that the plaintiffs "seek . . . the opportunity to present evidence of futility"). The plaintiffs, however, disclosed more information to this Court prior to the appeal and remand, than in their response to interrogatory 7. In their July 2000 filing, plaintiffs included allegations concerning three of the subject properties, most notably that an unnamed HUD official told one property owner not to apply to prepay, and indicated that they were aware of additional information on futility. <u>See</u> Pls.' Response to Order (July 21, 2000). Not even the information known to the plaintiffs (and to plaintiffs' counsel) over six years ago was provided in response to interrogatory 7.

If the plaintiffs did not apply to prepay their Government-insured mortgages because they believed that seeking prepayment under the Preservation Statutes was futile, the United States is

entitled to that information.[4] Thus, for each project at issue, the plaintiffs should be compelled to promptly answer interrogatory 7 to provide any evidence that they declined to seek HUD's permission to prepay their respective Government-insured mortgages because they believed applying to prepay under the Preservation Statutes was futile.

**CONCLUSION**

The plaintiffs have long delayed providing answers to interrogatories central to the question of ripeness – refusing to disclose the very facts that the plaintiffs assured the Court of Appeals would be presented on remand. Because the period for discovery on ripeness has been enlarged once and is scheduled to close on May 31, 2007, and because the United States requires the information sought by these interrogatories to both defend this action and to conduct meaningful depositions, the United States respectfully requests that the Court compel plaintiffs to provide full and complete interrogatory answers on or before March 21, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

4

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0465

February 26, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 26th day of February 2007, a copy of "DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing has been hand delivered to plaintiffs' counsel, Harry J. Kelly.

s/ David A. Harrington