**U.S. Department of Justice**

Civil Division

DMC:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

February 5, 2007

*Via Facsimile & U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.); *Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

As you know, the United States served interrogatories, requests for production and requests for admission upon the plaintiffs in July 2006. We received your written response to our discovery on January 12, 2007, and, based upon our preliminary review, have a substantial number of concerns.

I. Plaintiffs' Interrogatory Answers

Most of the interrogatory answers provided by the plaintiffs are incomplete or provide no information whatsoever. The United States served carefully crafted interrogatories that sought information about the ripeness of plaintiffs' claims or requested information needed to conduct meaningful deposition discovery. It is disappointing that, after providing plaintiffs an additional five months to respond to our interrogatories, complete answers have not been received. The most significant deficiencies with the plaintiffs' answers are addressed below. It is our hope that we can resolve these issues without court involvement.

A. Interrogatory 1

Interrogatory 1 seeks information about the identity of the owners of the projects at issue in this litigation. This information is essential to conduct deposition discovery on ripeness issues and, therefore, is proper under the Rules of the Court of Federal Claims. See RCFC 26(b)(1) (authorizing the discovery of information "calculated to lead to the discovery of admissible evidence").

FILE

Your answer to interrogatory 1 provides no information about the identity of the owners of the subject properties on the ground that the interrogatory is overly broad and seeks information not relevant to ripeness. As explained above, your objection that the information sought by interrogatory 1 is not relevant to ripeness is misplaced. However, given that the Preservation Statutes were not enacted until 1987, it would be sufficient for present purposes to identify the owners of each of the subject properties from 1987 to the present.

B. Interrogatories 2 and 3

Interrogatories 2 and 3 request information about all actions taken pursuant to the Preservation Statutes. The Preservation Statues established a complex administrative process through which a project owner could prepay, sell or receive monetary incentives. A clear understanding of the actions occurring in this administrative process is necessary to assess whether plaintiffs' as-applied taking claims are ripe.

While a summary table containing some information about the administrative process was attached to plaintiffs' interrogatory answers, the plaintiffs' response to interrogatories 2 and 3 is nevertheless incomplete. For instance, the summary table frequently gives a date when a plan of action ("POA") was submitted to HUD, and may even indicate whether the plan of action was approved by HUD, but gives no information about what action the owner's POA requests (e.g., a request for permission to prepay, a request for a use agreement providing financial incentives, or a request to sell to a qualified purchaser) and fails to indicate whether the POA was in fact implemented (e.g., a use agreement was executed). Additionally, while the plaintiffs' interrogatory answers state that "HUD routinely approved, conditionally approved, rejected and/or rejected and later approved plains of action," the summary table appears to omit information about the plan of action process such as instances when the owner withdrew a POA, chose to revise a pending POA, or submitted a second POA after an initial POA was rejected. Please promptly supplement your interrogatory answer to provide a complete response to interrogatories 2 and 3.

We also find unclear the entry in the summary table attached to your interrogatory answers concerning the "Glenarden/Glenreed L.P." project. The first amended complaint in the Algonquin Heights case identifies Glenarden L.P. as the owner of Glenarden Woods Apartments. Pl.'s First Am. Compl. ¶ 8. Glenarden L.P. also owns the Glenreed Apartment project. Id. Please let us know if the "Glenarden/Glenreed L.P." entry is intended to refer to the Glenarden Woods project owned by Glenarden L.P.

C. Interrogatory 4

Interrogatory 4 seeks information about communications between the owners and HUD regarding prepayment. The plaintiffs have provided no substantive response to this interrogatory.

With respect to "oral communications," you state that the information is better obtained through deposition testimony. However, the failure to provide information about who engaged in discussions with HUD about prepayment makes it impossible to notice depositions to obtain more detailed information. Please provide an answer to this interrogatory describing any oral communications between HUD and the owners regarding prepayment.

With respect to "written communications," you state that such communications have been provided "as part of Plaintiffs' rolling document production." The plaintiffs have produced tens of thousands of pages of material. Although under RCFC 33(d) a party may chose to identify documents from which the answer to an interrogatory can be derived, a general reference to a mass undifferentiated documents does not comport with RCFC 33(d). See, e.g., O'Connor v. Boeing N. Am., Inc., 185 F.R.D. 272, 277 (C.D. Cal. 1999) ("Rule 33(d) is not satisfied by the wholesale dumping of documents."); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 489 (W.D.N.C. 1998) ("A party that responds to an interrogatory under the provisions of Rule 33(d) abuses this option when the responding party simply directs the interrogating party to a mass of business records or offers to make all of their records generally available."). Rather, "a responding party has the duty to specify by category and location, the records from which answers to interrogatories can be derived." Capacchione, 182 F.R.D. at 489 (quoting Fed.R.Civ.P. 33 (advisory committee's note)); accord Oleson v. Kmart Corp., 175 F.R.D. 560, 563 (D. Kan. 1997). With respect to written communications, please provide Bates numbers or a description that allows the documents that contain discussions about the possibility of prepayment to be readily located.

D. Interrogatories 5 and 6

An "as-applied" taking claim does not ripen "until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." Palazzolo v. Rhode Island, 533 U.S. 606, 618 (2001) (emphasis added). Interrogatories 5 and 6 ask the plaintiffs to identify the date upon which they contend that HUD reached a "final decision" regarding application of the Preservation Statutes to their property.

You object to these interrogatories on the ground that there "were multiple points of decision" in the administrative process established by the Preservation Statutes. Your objection misses the point. We have requested that the plaintiffs identify the date upon which they contend that HUD rendered the "final decision" that ripened their as-applied taking claim. This information is central to the ripeness inquiry. Please promptly provide a responsive answer to these interrogatories. If the plaintiffs do not contend that HUD reached a final decision regarding the application of either ELIHPA or LIHPRHA, a statement acknowledging this fact would be sufficient.

E. Interrogatory 7

Interrogatory 7 seeks the factual basis for any contention by a plaintiff that applying to HUD to prepay pursuant to the Preservation Statutes was futile. Rather than answer this interrogatory, you object that the interrogatory calls for a legal conclusion, is vague, over broad and burdensome. See Pls.' Resp. To Def.'s First Set of Interrogs. at 6. These objections are baseless.

As an initial matter, the plain language of our interrogatory requests that you state all facts upon which you base any claim that applying to prepay was under the Preservation Statutes was futile. Thus, the interrogatory does not seek a legal conclusion. Furthermore, information concerning any claim of futility is an essential part of discovery concerning the issue of ripeness. If you persist in asserting objections to this interrogatory, we will feel compelled to take this issue to the Court.

II. Plaintiff's Admissions

In our first set of requests for admissions, we asked plaintiffs to admit that they had not applied to prepay pursuant to the Preservation Statutes. The Preservation Statutes establish an administrative process for obtaining permission to prepay. Under both ELIHPA and LIHPRHA, the owner's submission of a plan of action to prepay is an essential step in this process. See ELIHPA §§ 221-23; 12 U.S.C. §§ 4101(a), 4108.

Plaintiff's interrogatory answers state that many owners did not submit any plan of action under one or both of the Preservation Statutes. However, in response to our request for admission, these same plaintiffs deny that they failed to apply to prepay. The response to these requests for admission is inconsistent with the plaintiffs' own interrogatory answers. Accordingly, we urge plaintiffs to reconsider the denial of our first and third requests for admission. See RCFC 37(c)(2).

III. Plaintiffs' Production of Documents

By letter dated November 27, 2006, we requested certain basic information (e.g., the name of the plaintiff who produced the documents, the significance of the bates number prefixes on the documents) about the documents that have been produced in the Anaheim Gardens and Algonquin Heights actions. This information is essential given the numerous plaintiffs in these actions, the large volume of documents produced, and plaintiffs' use of RCFC 33(d) in some of its interrogatory answers. While you have agreed to provide the requested information, no information about the plaintiffs' document production has not yet been received. Please contact me at your earliest convenience to discuss when it should be anticipated.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

cc: Terri L. Roman, Esq.
Alice A. Peterson, Esq.