**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S**
**MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

In February 2006, the plaintiffs informed United States Court of Appeals for the Federal Circuit that, if given the chance, they would demonstrate that their respective as-applied taking claims are ripe. At that time, the plaintiffs argued that this Court had failed to give them a fair opportunity to demonstrate that the administrative process established by the Preservation Statutes was futile. The Federal Circuit accepted the plaintiffs' argument, reversed this Court's judgment of dismissal, and remanded the action for discovery on ripeness.

Back before this Court, however, the plaintiffs have refused to provide the basic factual information on ripeness that they assured the Court of Appeals would be forthcoming upon remand. Discovery on ripeness will close at the end of May 2007. It is long past time for the plaintiffs to reveal the basis for their contention that the claims asserted in this action are ripe.

Accordingly, the United States respectfully requests that the Court order the plaintiffs to provide full and complete answers to interrogatories five, six and seven within 10 days.[1]

[1] The United States filed a parallel motion to compel in Algonquin Heights v. United States, No. 97-582 (Fed. Cl.) (Hodges, J.). The Algonquin Heights plaintiffs filed no response opposing the United States' motion. Therefore, the motion to compel in Algonquin Heights should be granted as unopposed or, in the alternative, for the reasons given below.

## ARGUMENT

### I. The Only Issue Before The Court Is The Sufficiency Of The Plaintiffs' Objections To Interrogatories Five, Six And Seven

The United States has moved to compel answers to its fifth, sixth and seventh interrogatories – key interrogatories on ripeness to which the plaintiffs objected and provided no meaningful response. See Def.'s Mot. To Compel at 4-8. Oddly, plaintiffs' first argument is that they "provided substantial discovery" to the United States. See Pls.' Resp. at 4 (title of section). The fact that some documents have been produced, and that adequate answers to some interrogatories may have been provided, has nothing to do with this motion. The plaintiffs are obligated to provide proper responses to all of the United States' discovery requests. See RCFC 26 & 33(b). As explained in our motion and below, the plaintiffs have failed to comply with this obligation.

### II. The Court Should Grant The United States' Motion To Compel

#### A. The Plaintiffs Should Be Ordered To Answer Interrogatories Five And Six

On remand, the Court directed that discovery commence on the issue of ripeness and, accordingly, the United States served interrogatories seeking the factual basis for the plaintiffs' contention that their as-applied, regulatory taking claims are ripe. Specifically, for each project at issue, interrogatories five and six asked the plaintiffs to "state the date upon which [you] contend that HUD reached a final decision regarding the application of [the Preservation Statutes] to" the property. Def.'s Mot. To Compel, Ex. A at 5.

Plaintiffs argue that they should not be required to answer interrogatories five and six because the interrogatories are "so vague as to be meaningless." Pls.' Resp. at 6. Yet it is black letter law that an as-applied taking claim does not ripen until the government has made a "final

decision" applying the challenged regulation to the plaintiff's property. E.g., Palazzolo v. Rhode Island, 533 U.S. 606, 618 (2001); Anaheim Gardens v. United States, 444 F.3d 1309, 1315 (Fed. Cir. 2006) ("A claim for an uncompensated regulatory taking . . . must be ripe, meaning that it is the result of a 'final decision' by the allegedly offending agency."). Against this backdrop, interrogatories asking the plaintiffs to state the date upon which the government made a "final decision" applying ELIHPA and LIHPRHA to their property cannot fairly be characterized as vague or unclear.

Moreover, the plaintiffs concede that the supposed vagueness of interrogatories five and six was cured weeks before the United States' motion to compel was filed. See Pls.' Resp. at 7 (citing the clarification provided in United States' February 5, 2007 letter and accurately describing the discovery sought). Having known for no less than six weeks precisely what information is being sought by the United States, the plaintiffs' persistent refusal to provide responsive answers to these interrogatories is wholly unjustified.

The plaintiffs attempt to justify their intransigence by asserting that the United States "essentially withdrew" interrogatories five and six in its February 5, 2007 letter. See Pls.' Resp. at 7-8. The February 5 letter does no such thing. To the contrary, it states:

> Interrogatories 5 and 6 ask the plaintiffs to identify the date upon which they contend that HUD reached a "final decision" regarding application of the Preservation Statutes to their property. . . . **Please promptly provide a responsive answer to these interrogatories.** If the plaintiffs do not contend that HUD reached a final decision regarding the application of either ELIHPA or LIHPRHA, a statement acknowledging this fact would be sufficient.

Def.'s Mot. To Compel, Ex. B at 3 (emphasis added).

Simply put, the United States has repeatedly and persistently sought to learn the date upon which the plaintiffs contend that HUD applied ELIHPA and LIHPRHA to their respective properties such that their as-applied taking claims ripened. The plaintiffs have refused to provide this basic information. Accordingly, the Court should grant the United States' motion to compel.

**B. The Plaintiffs Should Be Ordered To Answer Interrogatory Seven**

The United States also seeks to compel an answer to interrogatory seven. Interrogatory seven asks the plaintiffs to state whether they contend that applying to prepay pursuant to the Preservation Statutes was futile and, if so, to provide the factual basis for their contention. See Def.'s Mot. To Compel at 6.

Plaintiffs make several arguments. First, plaintiffs assert that interrogatory seven seeks legal conclusions. Pls.' Resp. at 8. The interrogatory, however, specifically asks the plaintiffs to "state all facts upon which you base your contention." Plaintiffs' assertion that this request seeks "discovery as to legal arguments" borders on frivolous. The United States is entitled to learn if the plaintiffs contend that applying to prepay pursuant to the Preservation Statutes was futile and, if so, the factual basis for their contention. E.g., Pratt v. Tarr, 464 F.3d 730, 732 (7th Cir. 2006) (where "defendants need more information concerning the plaintiff's claim, they can serve a contention interrogatory on the plaintiff); Starcher v. Correctional Medical Systems, Inc., 144 F.3d 418 (6th Cir. 1998) (contention interrogatories "are a perfectly permissible form of discovery").

Next, plaintiffs object that the United States is using interrogatories – not depositions – to learn about the plaintiffs contentions about ripeness. Pls.' Resp. at 8-9. Plaintiffs did not assert

such an objection in their response to the United States' interrogatories and, consequently, this objection has been waived. RCFC 33(b)(4). Moreover, "[t]he general view is that contention interrogatories" – "interrogatories that seek to clarify the basis for or scope of an adversary's legal claims" – "are a perfectly permissible form of discovery, to which a response ordinarily would be required." Starcher v. Correctional Medical Systems, Inc., 144 F.3d 418 (6th Cir. 1998) (citing Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir.1997); Vidimos, Inc. v. Laser Lab Ltd., 99 F.3d 217, 222 (7th Cir. 1996)).

Numerous courts have recognized that where a defendant "need[s] more information concerning the plaintiff's claim, [it] can serve a contention interrogatory on the plaintiff." E.g., Pratt, 464 F.3d at 732 (citing Thomson v. Washington, 362 F.3d 969, 971 (7th Cir. 2004); Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 282-83 (7th Cir.2002); Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999)); see also Zenith Electronics Corp. v. WH-TV Broadcasting Corp., 395 F.3d 416, 420 (7th Cir. 2004) (affirming the sanction of banning of evidence of actual damages, based on plaintiff's failure to respond to defendant's contentions interrogatory seeking description of damages theory and proof to be employed). Indeed, in one case, this Court required the United States to pose contention-type interrogatories before proceeding to take a Rule 30(b)(6) deposition. Exxon Research and Engineering Co. v. United States, 44 Fed. Cl. 597, 600-02 (Fed. Cl. 1999). The Court explained that "[i]nterrogatories almost always cost less money than a deposition" and that contention interrogatories could well obviate the need for the expense of deposition discovery. Id. at 602 (holding that if contention interrogatories proved insufficient, the United States could obtain information through a Rule 30(b)(6) deposition). Similarly, here, the plaintiffs' answer to

interrogatory seven could well make deposition discovery unnecessary. More fundamentally, the plaintiffs are neither entitled to chose which interrogatories to answer, nor to dictate how particular discovery devices can be utilized by the United States. E.g., RCFC 26(d) ("methods of discovery may be used in any sequence").

The plaintiffs also argue that the use of contention interrogatories at this time is "premature." Pls.' Resp. at 9-10 (citing Capacchione v. Charlotte Mechlenburg Schools, 182 F.R.D. 486, 490 (W.D.N.C. 1998), for the proposition that contention interrogatories "are more appropriately used . . . at the end of the discovery period") (emphasis supplied by plaintiff). The plaintiffs filed this action 14 years ago. In response to the Court's May 18, 2000, order to show cause, the plaintiffs represented to the Court that, "[i]f allowed to make a complete record, the Plaintiffs could demonstrate that in numerous conversations and document exchanges, HUD made clear that prepayment was simply not an option under either ELIHPA or LIHPRHA." They further informed the Court of Appeals last year that they could (and would) provide project-specific evidence of ripeness. Even more significantly, discovery on ripeness will close in only two months. It is simply absurd to suggest at this juncture that the United States' interrogatories on ripeness are "premature."

Lastly, the plaintiffs suggest that they need discovery from the United States before they answer interrogatory seven. This suggestion is equally without merit. The plaintiffs – and only the plaintiffs – know why they chose not apply for HUD permission to prepay pursuant to the Preservation Statutes during the 1990s. Documents possessed by the United States are necessarily irrelevant. If the plaintiffs chose not apply because they concluded that doing so would have been futile, the United States is entitled to this information.

The Rules of the Court of Federal Claims require that answers to interrogatories be served within 30 days. RCFC 33(b). The plaintiffs have had far longer – over eight months – to supply an answer to this interrogatory. If the plaintiffs become aware of additional facts in the course of discovery, they can (and must) supplement the answer provided to the United States. RCFC 26(e) (requiring timely supplementation of interrogatory answers). However, the possibility that the plaintiffs may obtain addition information at some point in the future is not a valid basis for refusing to answer the United States' interrogatory.

**CONCLUSION**

The plaintiffs have long delayed providing answers to interrogatories central to the question of ripeness – refusing to disclose the very facts that the plaintiffs assured the Court of Appeals would be presented on remand. Because the period for discovery on ripeness is scheduled to close in two months, and because the United States requires the information sought by these interrogatories to both defend this action and to conduct meaningful depositions, the United States respectfully requests that the Court compel plaintiffs to provide full and complete answers to interrogatories five, six and seven within ten days of the date of the Court's order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0465

March 23, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 23rd day of March 2007, a copy of "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO INTERROGATORIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington