**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 93-655 C |
| v. | ) | Judge Robert H. Hodges, Jr. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court enter a protective order limiting discovery on ripeness to the projects identified in paragraph seven of the operative complaint, i.e., those projects for which the complaint seeks compensation for an alleged as-applied, regulatory taking. The United States has attempted in good faith to resolve this dispute without Court action, but such efforts have not been successful.

**BACKGROUND**

The plaintiffs filed their Fourth Amended Complaint on September 16, 1997. The Fourth Amended Complaint asserts claims by 22 plaintiffs with respect to 28 HUD-insured projects. Pls.' Fourth Am. Compl. ¶ 7 (docket no. 113) (excerpts attached as Exhibit A). Each of the projects was constructed at a different time, was funded by a different HUD-insured mortgage, was assigned a unique FHA identification number, and was subject to its own regulatory agreement. See generally Pls.' Fourth Am. Compl. ¶¶ 10-25.

On August 14, 2006, the Court ordered that discovery limited to the issue of ripeness should proceed. Order of Judge Hodges at 1 (Aug. 14, 2006). Plaintiffs served interrogatories, requests for the production of documents, and requests for admissions on October 27, 2006.

These discovery requests sought information about "subject properties," which the plaintiffs defined generally as projects "that are the subject of the claims asserted by the Plaintiffs in this litigation." Pls.' First Set of Interrogs. at 1-2 (attached as Exhibit B); Pls.' First Requests For Production of Docs. at 1-2 (same); Pls.' First Request for Admissions at 1-2 (same). At the same time, however, plaintiffs identified 65 specific projects as "subject properties."[1] Id. Most of these projects are not identified – or even mentioned – in the operative complaint. See Pls.' Fourth Am. Compl. ¶ 7 (identifying the projects about which taking claims are being asserted).

On March 27, 2007, having recognized the plaintiffs were seeking discovery about projects that had not asserted a claim, we raised this issue in a letter to plaintiffs' counsel. We explained:

---

[1] The plaintiffs identified the following specific projects as "subject properties:" Anaheim Gardens, 1550 Beacon Street, 100 Centre Plaza, Cedar Gardens, Victorian Arms Apartments, Florian Meadows I, Florian Meadows II, Creekside Terrace, Glenview Gardens, Hillview Townhouses, Hillview Townhouses No. 1, Indian Head Manor Apartments, Jewel Lake Villa II, Millwood Apartments (Joseph & Stefi Biafora), Metro West Ltd., Millwood Townhomes (Millwood Assoc.), Napa Park Apartments, Halawa View Apartments, Ontario Townhomes, Waipahu Tower, Rock Creek Terrace, Sierra Vista One, Silverlake Village, The Palomar Apartments, Beaumont Avenue Apartments, Coleridge Road Apartments, Icemorlee Street Apartments, Hardee Street Apartments, Holloway Court Apartments, Holiday Town Apartments, Henry Street Apartments, Market North Apartments #2, Millbank Court Apartments, Johnson Court Apartments, Oakwood Avenue Apartments, Person Court Apartments, Raleigh North Apartments, River Falls Apartments, Washington Street Apartments Tucker Street Apartments, Young Avenue Apartments, Calico Court Apartments, Chowan Court Apartments #1, Columbus Court Apartments, Franklin Court Apartments, Glendale Court Apartments, Holiday Town Apartments #2, Jefferson Court Apartments, Long Drive Apartments #1, Market North Apartments #1, Oakwood Avenue Apartments #2, Peachtree Court Apartments, Southgate Apartments, Stewart's Creek Apartments #1, Carteret Court Apartments, Chowan Court Apartments #2, LaGrange Village Apartments, Long Drive Apartments #2, Mount Olive Court Apartments, Stewart's Creek Apartments #2, Washington Plaza Apartments, St. George Plaza, Su Casa Por Cortez, San Tomas Apartments, Foothill Apartments. Ex. B at 1-2.

> The operative complaint in Anaheim Gardens names the plaintiffs filing suit and identifies those projects for which compensation is being sought. See Fourth Amended Compl. ¶ 7 (filed Sept. 16, 1997). The pending discovery seeks documents for "subject properties," which is defined generally as those projects "that are the subject of the claims asserted by the Plaintiffs in this litigation." Pls.' First Request for Production of Docs. ¶ 2. However, the definition of "subject properties" also includes a lengthy list of projects, many of which are not the subject of claims asserted in the Fourth Amended Complaint.
>
> We will be producing documents for those projects referenced in the definition of "subject properties," but only insofar as they are identified in paragraph seven of the Fourth Amended Complaint in Anaheim Gardens. . . . We will not be producing documents relating to projects that are not at issue, i.e., projects not listed in the operative complaint. I trust this approach will meet with your approval.

See Letter from David A. Harrington to Harry Kelly at 1-2 (Mar. 27, 2007) (attached as Exhibit C). A list of the projects for which discovery would be provided was enclosed. See Ex. C at 3.

On April 16, 2007, we served answers to the plaintiffs interrogatories and request for admissions and, at plaintiffs' request, had previously begun producing responsive documents on a rolling basis.[2] In responding to plaintiffs' discovery, we objected that the plaintiffs' definition of "subject properties" was overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

On April 20, 2007, plaintiffs responded to our March 27, 2007 letter. See Letter from Harry Kelly to David A. Harrington (Apr. 20, 2007) (attached as Exhibit D). Plaintiffs first conceded that their discovery requests sought information about ten "subject properties" that had

---

[2] The production of documents to plaintiffs has recently been completed, with the last installment of documents being delivered to plaintiffs on May 2, 2007.

been dismissed by Judge Robinson in 1995 (i.e., Florin Meadows I, Florin Meadows II, Jewel Lake Villa I, Jewel Lake Villa II, St. George's Plaza, Creekside Apartments, Victorian Arms, Hillview Townhouses, Hillview Townhouses No. 1, and Washington Plaza). Id. at 2. With respect to these projects, plaintiffs acknowledged that no response to plaintiffs discovery was necessary. Id. On the other hand, plaintiffs stated that they anticipated receiving ripeness discovery for 23 "additional properties owned by Thetford III and Thetford IV that, although not identified in the complaint," purportedly suffered a regulatory taking similar to projects included in the operative complaint. Id. at 2-3 (emphasis added) (calling these the "additional Thetford properties").

Upon receiving this letter, we responded that we respectfully disagreed with plaintiffs' position "that the Court may entertain claims relating to projects that are not identified in the operative complaint." Letter from David A. Harrington to Harry Kelly at 1 (Apr. 26, 2007) (attached as Exhibit E). We explained that "no claims concerning 'additional Thetford properties' are before the Court" and, consequently, that no discovery regarding such properties would be provided. Id. Additionally, we pointed out that plaintiffs' letter had failed to address seven projects that were listed in the definition of "subject properties," but that were not listed in the operative complaint (i.e., Holiday Town Apartments #2, Carteret Court Apartments, Chowan Court Apartments, LaGrange Village Apartments, Long Drive Apartments #2, Mount Olive Court Apartments, and Stewart's Creek Apartments #2). Id. at 1 n.1.

During a discussion on May 1, 2007, plaintiffs' counsel stated that these seven properties were not HUD-insured projects and are not at issue in this action. Consequently, he

acknowledged that no response to ripeness discovery was necessary as to the seven projects not addressed in plaintiffs' April 20, 2007 letter.

## DISCUSSION

### I. The Court Should Enter A Protective Order Providing That The United States Need Not Respond To Ripeness Discovery Concerning Projects Not Identified In The Operative Complaint

The scope of civil litigation is defined and circumscribed by the allegations made by the plaintiff in the operative complaint. RCFC 8 (requiring "a short and plain statement" of the plaintiff's claim). The plaintiffs in this action have amended their original complaint four times – twice over the opposition of the United States. See Pls.' First Am. Compl. (filed Mar. 14, 1994) (docket no. 13); Pls.' Second Am. Compl. (filed Aug. 18, 1995) (docket no. 58); Pls.' Third Am. Compl. (filed Apr. 30, 1996) (docket no. 75); Pls.' Fourth Am. Compl. (filed Sept. 16, 1997) (docket no. 113). The operative complaint is, thus, the Plaintiffs' Fourth Amended Complaint.

Paragraph seven of the Fourth Amended Complaint lists 28 HUD-insured projects that are at issue in this action.[3] The United States has properly responded to plaintiffs' discovery as

---

[3] The plaintiffs' original complaint was brought on behalf of 25 plaintiffs and asserted claims as to 30 HUD-insured projects. Compl. ¶ 6. The second amended complaint added ten plaintiffs, bringing the total number of plaintiffs to 35, and asserted claims as to 41 HUD-insured projects. Second Am. Compl. ¶ 7. The Third Amended Complaint added three plaintiffs (B-L Associates, C-W Associates, and Glenview Gardens Limited Partnership), while dropping claims by 16 plaintiffs (Araspark Associates, Florin I, Florin II, Hillview Townhouses, Ltd., Hillview Townhouses, Inc., Internal Trust, Jewel Lake Villa Two, Earl W. Kellenbeck & Denise A Kellenbeck, J. Derrick V. Ward & Frances T. Ward, Washington Plaza Apartments, Ltd., James W.Y. Wong, Janey S. Wong, William H. Zenklusen and Joseph F. McDonald, Jr., 185-225 Parkhill Corp., Floral Gardens, and Fountain West). See Third Am. Compl. ¶ 7. Thus, the third amended compliant asserted claims by 22 plaintiffs with respect to 28 HUD-insured projects. Id. Neither the plaintiffs, nor the projects asserting as-applied taking claims, changed (continued...)

to each of these 28 projects. The plaintiffs maintains, however, that the United States must respond to discovery directed to the ripeness of claims of an additional 23 projects – projects that are not identified in the operative complaint and, therefore, that are not at issue in the pending action. By defining "subject properties" to include projects that are not identified in the operative complaint, the plaintiffs' discovery requests are overly broad, unduly burdensome and seek information not reasonably calculated to lead to the discovery of admissible evidence. The Court should enter a protective order precluding discovery concerning the ripeness of claims that are not asserted in the operative complaint. RCFC 26(b)(1) (limiting discovery to matters "relevant to the claim or defense of any party"); Fed. R. Civ. P. 26 (advisory committee notes) (explaining that Rule 26(b)(1) was changed to signal to parties that "they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings"); Siesta Village Market LLC v. Perry, ___ F. Supp. 2d ___, 2007 WL 445985 at *3 (Feb. 12, 2007) (granting a protective order for discovery going beyond the scope of the complaint).

In demanding discovery regarding the "additional Thetford properties," plaintiffs assert that these projects are owned by plaintiffs who are asserting claims in this action. See Ex. D at 2. This misses the point. While plaintiffs may well own properties above and beyond those identified in the operative complaint, only taking claims concerning those projects identified in the operative complaint are pending before the Court. See RCFC 8(a) (requiring that the complaint provide a plain statement of the claims being asserted). It is the ripeness of claims pending before the Court that is the only legitimate focus of discovery. Order of Judge Hodges

---

[3](...continued)
in the fourth amended complaint. Fourth Am. Compl. ¶ 7.

(Aug. 14, 2006); see also Fed. R. Civ. P. 26 (advisory committee notes) (parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings").

If the plaintiffs want to assert new claims that concern additional projects, they may file a new lawsuit or may seek leave to amend the complaint.[4] RCFC 15(a). However, at this juncture, the plaintiffs are entitled only to discovery about the ripeness of the taking claims of projects listed in the Fourth Amended Complaint. Claims concerning the "additional Thetford properties" are, by the plaintiffs own admission, "not identified in the complaint." Ex. D at 2-3. The Court should, therefore, grant the United States' motion for a protective order.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court enter a protective order limiting discovery on ripeness to those projects specifically listed in paragraph seven of plaintiffs' Fourth Amended Complaint.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

[4] The United States reserves the right to oppose any motion to amend the complaint in this action.

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

May 8, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 8th day of May 2007, a copy of "DEFENDANT'S MOTION FOR PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington