**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ANAHEIM GARDENS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 93-655C<br>Judge Robert H. Hodges, Jr. |

**PLAINTIFFS FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims, Plaintiffs Anaheim Gardens, et. al request that the United States Department of Housing and Urban Development ("Defendant" or "HUD") respond to the following Interrogatories.

DEFINITIONS & INSTRUCTIONS

1. The terms "you," "your," or "Defendant" refers to the United States Department of Housing & Urban Development ("HUD"), and all of its predecessor and successor agencies, and any past or present officer, employee, agent, attorney, investigator, and all other persons or entities that acted or purported to act, or act or purport to act on its behalf.

2. The term "Subject Property" refers to a property that is the subject of the claims asserted in this litigation, including Anaheim Gardens, 1550 Beacon Street, 100 Centre Plaza, Cedar Gardens, Victorian Arms Apartments, Florian Meadows I, Florian Meadows II, Creekside Terrace, Glenview Gardens, Hillview Townhouses, Hillview Townhouses No. 1, Indian Head Manor Apartments, Jewel Lake Villa II, Millwood Apartments (Joseph & Stefi Biafora), Metro West Ltd.,

Millwood Townhomes (Millwood Associates), Napa Park Apartments, Halawa View Apartments, Ontario Townhomes, Waipahu Tower, Rock Creek Terrace, Sierra Vista One, Silverlake Village, The Palomar Apartments, Beaumont Avenue Apartments, Coleridge Road Apartments, Icemorlee Street Apartments, Hardee Street Apartments, Holloway Court Apartments, Holiday Town Apartments, Henry Street Apartments, Market North Apartments #2, Millbank Court Apartments, Johnson Court Apartments, Oakwood Avenue Apartments, Person Court Apartments, Raleigh North Apartments, River Falls Apartments, Washington Street Apartments, Tucker Street Apartments, Young Avenue Apartments, Calico Court Apartments, Chowan Court Apartments #1, Columbus Court Apartments, Franklin Court Apartments, Glendale Court Apartments, Holiday Town Apartments #2, Jefferson Court Apartments, Long Drive Apartments #1, Market North Apartments #1,Oakwood Avenue Apartments #2, Peachtree Court Apartments, Southgate Apartments, Stewart's Creek Apartments #1, Carteret Court Apartments, Chowan Court Apartments #2, LaGrange Village Apartments, Long Drive Apartments #2, Mount Olive Court Apartments, Stewart's Creek Apartments #2, Washington Plaza Apartments, St. George Plaza, Su Casa Por Cortez, San Tomas Apartments, and Foothill Apartments, and "Subject Properties" collectively refers to all of the properties that are the subject of the claims asserted in this litigation.

3. The term "Preservation Statutes" collectively means the Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA") 42 U.S.C. § 1472(c)(1) et seq. and the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA"), 12 U.S.C. § 4101, et seq.

4. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, other

business associations or entities recognized by law, and the employees or independent contractors thereof, and any government body, commission, board, agency, branch, department, component, or element thereof.

5. The term "communication" or "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

6 The term "document" as used herein has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims Rules.

7. Each interrogatory and each subpart of each Interrogatory shall be accorded a separate answer. Each answer shall first set forth verbatim the Interrogatory to which it is responsive. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer thereto. The answer to an Interrogatory or subpart thereof, unless the Interrogatory or subpart referred to supplies a complete and accurate answer to the Interrogatory or subpart being answered.

8. These Interrogatories are continuing, and to the extent that the answers may be enlarged, diminished or otherwise modified by information obtained by you subsequent to the filing of your initial answers, you are required to serve supplemental answers setting forth such information within 15 days of receiving such information.

9. "Identify" means:

(a) as to an individual, stating his or her (i) full name; (ii) current or last known residential and business addresses, and if last known, the last known date the person resided or engaged in business at the address; (iii) all current and/or former positions held with Defendant, including titles, if any; (iv) current employer,

and if not current, last known employer and date of that employment; (v) employer's business address and telephone number.

(b) as to any person other than an individual, stating the (i) legal name and any other names used by it; (ii) the form or manner of the organization (i.e., partnership, corporation, etc.); (iii) the state of formation or incorporation; and (iv) the address of the principal place of business.

(c) as to an event, meeting, action, fact, transaction or occurrence, stating (i) its date; (ii) the place where it took place and the manner of its occurrence; (iii) the identification of all participants and witnesses to its occurrence; (iv) its purpose and subject matter; and (v) a concise description of what happened.

10. An Interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the Interrogatory and full identification and description of the source(s) of such facts, circumstances, conditions and things, including but not limited to, pertinent dates and identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

11. In responding to the Interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, experts, attorney or other persons acting on your behalf, not merely information within the personal knowledge of the individuals executing Defendant's response.

12. If you cannot answer any Interrogatory fully and completely after exercising due diligence to make inquiry and secure the information to do so, please so state and answer such Interrogatory to the extent you deem possible. Specify the

portion of the Interrogatory that you are unable to answer, and further specify the facts on which you rely to support your contention that you are unable to answer it fully and completely. State the knowledge, information or belief you have concerning the unanswered portion of the Interrogatory and state fully and completely, and in detail, the acts done and inquiries made by you to show that you have exercised due diligence to make inquiries and to secure the information necessary to answer that interrogatory.

13. Where exact information, including dates or times cannot be furnished, provide an estimate or approximation and so state that the answer is an estimation or approximation. Provide an explanation as to the basis for the estimation or approximation and explain why the exact information cannot be provided.

14. If you assert that part of any response to an Interrogatory is privileged or otherwise protected, specify the nature of the privilege or protection claimed, and the grounds for the privilege or protection. Identify the specific facts supporting the claimed privilege or protection and proceed to provide all responsive information that does not fall within the claim of privilege or protection.

15. If any material responsive to these Interrogatories has been destroyed, state the reason for the destruction, the date on which the material was destroyed, and the person in whose custody, control or possession the material was when it was destroyed and the person who destroyed the material.

16. To the extent that the answer to an Interrogatory is being provided by the production of a business record or document pursuant to Rule 33(d) of the Rules of the United States Court of Federal Claims, specify the title, the date and Bates

number of the record or document from which the answer can be derived and the date upon which the record or document was produced.

Interrogatory 1:

For each Subject Property that made a request to prepay its Government insured mortgage, identify all person(s) who were involved in any manner in considering, approving or denying the request for prepayment of the Government insured mortgage on that property pursuant to the Preservation Statutes.

Interrogatory 2:

Identify all persons currently or formerly employed by you with knowledge concerning the conditions, standards, or requirements for prepayment of Government insured mortgages pursuant to the Preservation Statutes.

Interrogatory 3:

For each Subject Property, describe in detail all of the actions taken by Defendant pursuant to the Preservation Statutes with respect to Notices of Intent and Plans of Action ("POA") submitted for the Subject Properties, including the dates of any approval or rejection of a POA and the dates upon which funding for an approved POA was provided by Defendant.

Interrogatory 4:

For each Subject Property, describe in detail all communications between Defendant and the Subject Property's owner, manager, representative, agent or any other person acting on behalf of the property relating to prepayment of the property's government insured mortgage.

Interrogatory 5:

For each Subject Property, if Defendant contends that prepayment of the Government insured mortgage pursuant to the Preservation Statutes was not futile with respect to that property, state all facts upon which Defendant bases its contention.

Interrogatory 6:

Describe in detail all statements, whether official or unofficial, made by Defendant to any other person regarding the prepayment of Government insured mortgages pursuant to the Preservation Statutes, including, but not limited to, statements (written or oral) made by HUD employees at conferences, to the United States Congress, to state agencies, to trade organizations, to banks and/or mortgage providers, and to owners of properties with Government insured mortgages.

Interrogatory 7:

Identify each expert upon whose testimony you intend to rely to establish that Plaintiffs' takings claims are not ripe for adjudication. For each expert, state the persons full name, the subject matter upon which the expert is expected to testify, the expert's qualifications, including but not limited to, his or her current occupation or profession, field of expertise, educational background, prior business and/or professional affiliation, and publications authored by the expert concerning the subject matter of the expert's advice and opinions, and identify the documents the expert relied on to reach his or her opinion.

Interrogatory 8:

Identify each person upon whose testimony you intend to rely in establishing that Plaintiffs' takings claims are not ripe for adjudication. For each person, state the person's full name, the subject matter upon which the person is expected to testify, the person's current and former employer, the person's current and former residential and business addresses, and the person's current telephone number.

Interrogatory 9:

For each request for admission to which you respond with anything other than an unqualified admission, describe in detail the basis for your answer.

Interrogatory 10:

Identify each individual who assisted in preparing the answers to these Interrogatories, specifying the Interrogatory or Interrogatories as to which each such individual provided assistance.

Dated: October 27, 2006

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W.
Suite 900
Washington, DC 20004
(202)585-8000

Counsel to the Plaintiffs

**PROOF OF SERVICE**

I hereby certify that this twenty-seventh day of October, 2006, I caused a copy of the Plaintiffs First Set of Interrogatories to be served by first-class mail, postage pre-paid upon

David Harrington
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
Room 12136
1100 L Street, N.W.
Washington, D.C. 20530

Harry J. Kelly