**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655

Tel: (202) 616-0465
Fax: (202) 307-0972

*Washington, D.C. 20530*

April 26, 2007

*Via Facsimile & U.S. Mail*

Harry J. Kelley, Esq.
Nixon Peabody, LLP
401 Ninth Street, NW
Suite 900
Washington, DC 20004-2129
(202) 585-8712

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.).

Dear Mr. Kelley:

On March 27, 2007, I wrote you regarding the scope of the plaintiffs' discovery requests in the Anaheim Gardens case. In my letter, I explained that the scope of discovery is limited by the allegations in the operative complaint (i.e., the Plaintiffs' Fourth Amended Complaint) and that your discovery requests sought information about projects that were not mentioned in plaintiffs' complaint. I further noted that the discovery sought in Algonquin Heights was appropriately limited to projects identified in the operative complaint in that action (i.e., the Plaintiffs' First Amended Complaint).

I received your response on April 20, 2007. Your letter addresses four categories of projects in Anaheim Gardens and Algonquin Heights: (1) "'Dismissed' *Anaheim* Plaintiffs;" (2) "Additional Thetford Properties;" (3) "Additional *Algonquin Heights* Plaintiffs" from the First Amended Complaint; and (4) "Additional *Algonquin Heights* Plaintiffs" from the Second Amended Complaint.[1] We respectfully disagree with your position that the Court may entertain claims relating to projects that are not identified in the operative complaint in Anaheim Gardens. As such, no claims concerning "additional Thetford properties" are before the Court.

[1] During our discussion yesterday, I informed you that your April 20, 2007 letter fails to address a number of projects that are included in the definition of "Subject Property" in Anaheim Gardens: Holiday Town Apartments #2; Carteret Court Apartments; Chowan Court Appartments; LaGrange Village Apartments; Long Drive Apartments #2; Mount Olive Court Apartments; and Stewart's Creek Apartments #2.

FILE

We also respectfully disagree with your position that four additional projects were added to the Algonquin Heights case by the second amended complaint in that action. The plaintiffs' filed a motion for leave to file a second amended complaint on May 8, 1998. Although the motion was unopposed, the motion was never granted and the proposed second amended complaint was not filed. Indeed, as you note in your letter, before acting on the motion for leave to file "the second amended complaint, the Court first stayed and then dismissed the Algonquin Heights complaint." By dismissing the case and entering judgment in favor of the United States, the Court implicitly denied the plaintiffs' motion for leave to amend the complaint. See, e.g., Goodman v. New Horizons Community Serv. Bd., 2006 WL 940646 at *3 (11th Cir. Apr. 12, 2006) ("the entry of a final judgment implicitly denies any pending motions"); Addington v. Farmers Elevator Mut. Ins. Co., 650 F.2d 633, 666 (5th Cir. 1981) (holding that the entry of final judgment operated as a denial of plaintiff's motion for leave to amend the complaint). The operative complaint in Algonquin Heights is the first amended complaint, which was filed on September 19, 1997, and only as-applied taking claims of projects identified in the first amended complaint currently are before the Court.

Putting aside these issues, there are several other outstanding matters concerning discovery that must be resolved. First, we have received no documents, responses to interrogatories, or responses to requests for admissions concerning the Deanswood Apartments project in Anaheim Gardens and the Cambridge Square North I, Cambridge Square of Fort Wayne I, Cambridge Square of Grand Rapids, Cambridge Square of Grand Rapids II, Carriage House North, Carriage House of Elkhart, Carriage House of Mishawaka I, Carriage House of Mishawaka II, Carriage House of Muskegon, Carriage House South, Carriage House West I, Carriage House West II, Carriage House West III, Carriage House West IV and Glenreed Apartments projects in Algonquin Heights. These projects are identified in the operative complaints and as-applied, regulatory taking claims concerning these projects are pending. If we have received no documents because a search of the plaintiffs' files failed to identify responsive documents, please so inform us. On the other hand, if responsive documents concerning these projects exist, please produce them as soon as possible. In addition, your answers to the United States' first set of interrogatories should be supplemented to include information about these projects.[2]

Second, we have received no discovery concerning the Briar Crest I, Briar Crest II, Briar Hills Townhouses and Church Park Apartments projects. Given your position that claims relating to these projects are pending before the Court, information concerning these projects should have been proffered in response to our discovery requests. See Def.'s First Set of Interrogatories at ii (defining "subject properties" as "properties owned by the plaintiffs that are the subject of claims asserted in this litigation"). Please supplement your discovery responses to provide information about these projects.

---

[2] The United States' first set of requests for admission are deemed admitted as to these projects. RCFC 36(a). The plaintiffs should promptly request Court authorization if they wish to withdraw any such admissions. RCFC 36(b).

Third, in your answers to various interrogatories, as well as in response to the United States' motions to compel, you stated that supplemental interrogatory answers would be served once the plaintiffs had received responses to discovery requests served on the United States. Documents have been produced on a rolling basis over the past three months, interrogatory answers and responses to request for admissions were served on April 16, 2007, and ripeness discovery is currently scheduled to close May 31, 2007. Accordingly, please supplement your interrogatory answers to provide complete, responsive answers to all of the United States' interrogatories per your prior representations. See RCFC 26(e).

In order to enable deposition discovery to go forward in these cases, please produce documents and provide supplemental interrogatory answers as soon as possible, but in no event later than May 16, 2007. Further, given the various discovery issues currently outstanding (e.g., the United States' motions to compel, the parties disagreement about projects at issue, and the need for plaintiffs' to supplement their discovery responses), as well as the number of depositions that may be necessary, we propose seeking an additional 30 days for the completion of deposition discovery.

Please contact me at your earliest convenience to discuss further the issues addressed in this letter.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

cc: Terri L. Roman, Esq.
Alice A. Peterson, Esq.