**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

**ANAHEIM GARDENS, et al.,**
**Plaintiffs,**

**v.**

**THE UNITED STATES,**
**Defendant.**

No. 93-655C
Judge Robert H. Hodges, Jr.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION TO AMEND COMPLAINT**

Plaintiffs Anaheim Gardens, et al., hereby respectfully oppose Defendant's Motion for a Protective Order (the "Motion"). Plaintiffs' discovery requests are relevant to their long-standing claims, and the Government should respond to those requests. In the alternative, the Plaintiffs should be allowed to amend their complaint, in order to reflect the full extent of the injury and damages they have suffered.

**BACKGROUND**

The Motion objects to the Plaintiffs' First Set of Interrogatories ("Plaintiffs' Interrogatories"), First Requests for Production of Documents, and First Request For Admission (the "Plaintiffs' Discovery Requests"), filed on October 27, 2007, because, the Motion contends, in seeking discovery concerning certain properties that were not listed in the Plaintiffs' Fourth Amended Complaint ("Complaint"), they assert new claims.[1] Motion at 6. Nothing could be

[1] Those properties (the "Disputed Properties") are certain properties owned by Thetford Properties III, L.P. ("Thetford III") (specifically, Beaumont Ave. Apts., Coleridge Road Apts., Icemorelee Street Apts., Hardee Street Apts., Holloway Court Apts., Holiday Town Apts., Henry Street Apts., Millbank Court Apts., Johnson Court Apts., Oakwood Ave Apts., Person Court Apts., Raleigh North Apts., Tucker Street Apts. and Young

*(Footnote continued on next page)*

further from the truth. The Plaintiffs Discovery Requests do not seek information pertaining to new parties, they do not raise new takings theories, nor do they allege new facts in support of that taking. The Plaintiffs have not altered the claims asserted in Complaint in 1997: that at the time they entered into mortgage insurance programs operated by the U.S. Department of Housing and Urban Development ("HUD"), the Plaintiffs possessed the right to prepay their mortgages after 20 years, and that the enactment of the Emergency Low Income Housing Preservation Act of 1987, Pub. L.100-242 ("ELIHPA") and the Low Income Housing Preservation and Residential Homeownership Act of 1990 ("LIHPRHA"), Pub. L. 101-625 (jointly, the "Preservation Acts"), which prohibited the Plaintiffs from prepaying their insured mortgages, constituted a taking of that right.

At the time they filed the Complaint in 1997, the Plaintiffs explained that they were "22 individuals, partnerships and corporations" who owned HUD-insured multifamily properties throughout the country. *See* Complaint at ¶ 7. The Complaint was complete, clearly identifying the Plaintiffs in this case and the nature of the taking they suffered. The Plaintiffs also provided a list of properties that they owned, which, in the case of most Plaintiffs, was a single multifamily apartment property. *Id*. A handful of Plaintiffs, including Thetford III and Thetford IV, owned multiple properties, some of which were listed in ¶ 7 of the Complaint. The property listing contained in ¶ 7 was intended for illustrative purposes only and did not indicate that it was intended to be an exclusive list of the properties owned by the Thetford Plaintiffs. Thus, the Complaint put the Government on notice that Thetford III and IV were plaintiffs here, that they

---

*(Footnote continued from previous page)*
Ave Apts.) and by Thetford Properties IV, L.P. ("Thetford IV") (specifically, Calico Court Apts., Chowan Court Apts. #1, Columbus Court Apts., Franklin Court Apts., Holiday Town #2 Apts., Long Drive Apts. #1, Oakwood Ave Apts. #2, Peachtree Court Apts., and Stewart's Creek Apts. #1).

owned multiple properties, and that those properties suffered the same taking alleged by all the Plaintiffs in the Complaint.

Shortly after the filing of the Complaint, the case was stayed by the Court. During the period of the stay, and the subsequent appeal of this proceeding, no discovery took place in this case. Discovery only began in July 2006, after the case was remanded by the Federal Circuit. At that time, the Government filed its First Request For Production of Documents ("Government Document Requests"), First Set of Interrogatories, and First Request for Admission (jointly, the "Government's Discovery Requests"). The Government's Discovery Requests defined "plaintiffs" to include the Plaintiffs listed in the Complaint, and sought discovery concerning the "Subject Properties," which referred "collectively to the properties owned by the plaintiffs that are the subject of claims asserted in this litigation." *See* Government Document Requests at ii (Exhibit A). Thus, from the outset of discovery in this case, the Government recognized that the scope of permissible discovery includes all properties "that are the subject of the claims asserted in this litigation." Those "claims" are the taking claims asserted by the Plaintiffs here, including the takings claims asserted by the Thetford Plaintiffs in connection with their properties.

Pursuant to that broad scope of the Government's Discovery Requests, the Plaintiffs produced written discovery responses and tens of thousands of pages of documents concerning "the properties owned by the plaintiffs that are the subject of claims asserted in this litigation." These properties included several properties owned by the Thetford Plaintiffs – the Disputed Properties – that, while not included in the illustrative list that appeared in the Complaint, participated in the same mortgage insurance programs as the other Thetford properties and suffered the same taking injuries that "are the subject of claims asserted in this litigation."

Consistent with the scope of the "Subject Properties" included in the Government's Discovery Requests, the Plaintiffs' Discovery Requests, served in October 2006, defined the term "Subject Properties" as any "property that is the subject of the claims asserted in this litigation" and incorporated a specific list of those properties, including the Disputed Properties. *See* Plaintiffs' Interrogatories at 1 – 2 (Exhibit B).

When, more than six months after it received the Plaintiffs' Discovery Requests, the Government served its responses, it refused to provide discovery concerning the Disputed Properties. At that point, the Government unilaterally narrowed the scope of permissible discovery from all "properties owned by the plaintiffs that are the subject of claims asserted in this litigation," to only those properties actually listed in the Complaint:

> We will be producing documents for those projects referenced in the definition of "subject properties," ***but only insofar as they are identified in paragraph seven of the Fourth Amended Complaint in Anaheim Gardens***. . . .

Letter to Harry Kelly from David Harrington at 1 dated March 27, 2007 (emphasis added) (Exhibit C). Having admitted in its own Discovery Requests that the scope of discovery in this case reaches all properties that are the subject of the Plaintiffs' takings claims, the Government cannot seriously contend that discovery concerning those properties – that is, discovery relating to the Disputed Properties – raises new claims, as its Motion asserts (*see* pg. 6).

## ARGUMENT

The Government is not entitled to a protective order, because Plaintiffs' complaint satisfies notice pleading, the discovery requests do not assert a new claim, and the Government is unable to prove prejudice. Pursuant to Rule 8(a)(2) of the Rules of the Court of Federal Claims ("RCFC"), satisfactory pleadings only require a "short and plain statement of the claim." The Complaint clearly satisfies this pleading requirement. Furthermore, pursuant to RCFC 26(b)(1), "parties may obtain discovery regarding any matter…that is relevant to the claim or defense of

any party." Plaintiffs' Discovery Requests, which seek to obtain information regarding subject properties owned by Plaintiffs named in the Complaint, are clearly relevant to their claims. According to RCFC Rule 26(c), a protective order is issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Because the Government fails to establish that any of these outcomes will result from responding to Plaintiffs' Discovery Requests, its Motion should be denied.

## A. PLAINTIFFS' DISCOVERY REQUESTS ARE RELEVANT TO THEIR EXISTING CLAIMS.

### a. The Complaint Satisfies Notice Pleading Requirements

The information contained in the Complaint is more than sufficient to satisfy the Plaintiffs' notice pleading requirements. The Supreme Court has held that under the rules of notice pleading, a sufficient claim is one that gives defendants "fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1954); quoted by *M.A. Deatley Construction, Inc., v. U.S.,* 71 Fed. Cl. 370, 373 (2006). Plaintiffs' Complaint clearly satisfies this notice requirement. When the Complaint was filed, the Government was well aware of the identity of the Plaintiffs and the nature of their claims. Although most of the Plaintiffs are owners of a single multifamily property, the Thetford Plaintiffs owned multiple properties, all of which were authorized to prepay their mortgages after 20 years. Leaving aside its own knowledge of the properties and owners that were participating in its insured mortgage programs, the Government was fully informed that the Thetford Plaintiffs owned multiple properties that experienced the same takings claim that were the subject of the Complaint.

The Government now contends that the Complaint should have included an exhaustive list of all subject properties under each named Plaintiff. This is far more than the notice pleading of RCFC 8 requires. Notice pleading is simply intended to give "fair notice" of the claim, and

the grounds upon which it rests. *Conley*, 355 U.S. at 47. It is indisputable that the Complaint put the Government on fair notice that the claim exists. Alleging that a complete list of subject properties was required is not only erroneous, but also impossible, as discovery is intended to uncover new facts, and in this case, potentially new subject properties. As the Supreme Court declared in *Conley*, "such simplified 'notice pleading' is made possible by the liberal opportunity for discovery…to disclose more precisely the basis of both the claim and defense, and to define more narrowly the disputed facts and issues." ***See id.*** Under this standard, the Complaint would have been sufficient if it identified the Plaintiffs, said they owned HUD insured properties, and alleged that they suffered takings damages, without mentioning a single specific property. If the Plaintiffs were under no obligation to list any of their properties in the Complaint, the Government cannot object when the Plaintiffs specify those properties in the course of discovery.

While it may be true, as the Advisory Committee Notes to the 2000 Amendments to Fed. R. Civ. P. 26(1) explain, that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings" (Motion at 7), that rule does not apply here, because in seeking discovery concerning the Disputed Properties, the Plaintiffs are not asserting new claims, but only seeking all information in the Government's possession concerning the injury and damages from the takings claim the Thetford Plaintiffs raised long ago. In fact, courts deny motions to amend complaints solely to clarify a party's claim because the same goal is better performed by discovery. *Evans v. Union Bank of Switzerland*, 2004 U.S. Dist. LEXIS 6353, *3 (E.D. La. April 12, 2004) (motion to amend to clarify complaint denied as "unnecessary," because "fleshing out of the allegations against [defendants] can and should take place via written and deposition discovery, including contention interrogatories."). In seeking

**Deleted:** *Scott A.*

**Formatted:** No underline, Font color: Auto

**Formatted:** Font color: Auto

discovery concerning the Disputed Properties, this is exactly what the Plaintiffs' Discovery Requests accomplished.

Certainly, the fact that the Plaintiffs have sought discovery concerning the Disputed Properties does not change any of the claims in this case. The information contained in the Complaint accurately described the Plaintiffs and put the Government on notice that they were owners of multifamily properties – in the case of Thetford III and Thetford IV, multiple properties – who suffered a taking of their prepayment right as a result of the enactment of the Preservation Statutes. The Motion does not contend – nor could it honestly contend – that the Government was ignorant of the fact that the Thetford Plaintiffs owned the Disputed Properties, that the Disputed Properties were participants in HUD's insured multifamily apartment program, that the Thetford Plaintiffs had the same right to prepay the mortgages of the Disputed Properties as those listed in the Complaint, and that the Preservation Statutes affected a taking of that right. Given that the Government itself has admitted that discovery concerning all properties that suffered a taking is permissible, the Government should not be allowed to unilaterally restrict the scope of the Plaintiffs' Discovery Requests now.

**b. The Government Has No Grounds For A Protective Order Here.**

Pursuant to RCFC 26(c), protective orders are issued to prevent discovery of issues unrelated to the lawsuit. As explained above, the Government's Motion seeks a protective order for discovery that is clearly related to claims that have been at the heart of this litigation for years. As noted above, Thetford III and Thetford IV are named Plaintiffs, the Plaintiffs' Discovery Requests relate to the same takings claims asserted in the Complaint, and those requests seek information concerning properties owned by Thetford III and Thetford IV that participated in HUD's mortgage insurance programs and suffered the same taking arising from

the prepayment prohibitions contained in the Preservation Statutes. The injuries suffered by the Disputed Properties are clearly related to this lawsuit.

To support its contention that a protective order should be granted for discovery going beyond the scope of the Complaint, the Government cites to *Siesta Village Market, LLC v. Perry*, 2007 U.S. Dist. LEXIS 10519. *Siesta* involved a lawsuit to challenge the constitutionality of Texas's system for regulating the sale, shipment and delivery of wine by out of state retailers directly to Texas consumers. A protective order was issued against some discovery demands that were related to State regulation of tobacco and alcohol in general, on the basis that some of the requests had nothing to do with wine, and were therefore not relevant to the claim or defense of any party. *Siesta* might be relevant if, for example, the Plaintiffs were seeking discovery concerning a taking arising from action by another Federal department, or pursuant to operation of laws other than the Preservation Statutes.[2] That is not the case here, where the Plaintiffs are simply attempting to seek discovery concerning properties owned by the Plaintiffs -- including the Disputed Properties -- that are the subject of the takings claims asserted in the Complaint here. Because discovery concerning the Disputed Properties relates directly to the claims asserted in the Complaint, there are no grounds for a protective Order, and the Motion must be denied.

---

[2] Even if it were not permissible for the Thetford Plaintiffs to seek damages for the takings injury suffered by the Disputed Properties – a proposition the Plaintiffs vigorously dispute – there is no ground for a protective order here. Under RCFC 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," and "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Given that the Disputed Properties participated in the same insured mortgage programs as the other Plaintiffs' properties and suffered the same taking, information concerning the Disputed Properties' experience under the Preservation Statutes is immediately relevant to the claims of the Plaintiffs here – especially the claims of the Thetford Plaintiffs – eliminating any grounds for a protective order here. *System Fuels, Inc. v. United States,* 73 Fed. Cl. 206, 215 (2006) ("a particular fact need not 'be alleged in a pleading for a party to be entitled to discovery of information concerning that fact,'" quoting Advisory Committee Notes to 2000 Amendment to Fed. R. Civ. P. 26(b)(1)).

**B. TO THE EXTENT THE PLAINTIFFS' DISCOVERY REQUESTS DO NOT SATISFY NOTICE PLEADINGS REQUIREMENTS, THE COURT SHOULD GRANT LEAVE TO AMEND THE COMPLAINT.**

In the unlikely event that the Court concludes that RCFC 8 requires the Plaintiffs to specifically list the Disputed Properties in their Complaint in order to obtain discovery, the Plaintiffs should be permitted to amend the Complaint. The rules of this Court provide that pleading should not be "a game of skill" and "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *M.A. Deatley Construction* at 373, citing *Conley* at 47-48. In order to facilitate a proper decision on the merits of Plaintiffs' claims, and to fully compensate the Thetford Plaintiffs, they should be allowed to seek damages for all of their properties that were affected by the takings alleged in the Complaint.

This outcome is fully consistent with RCFC 15, which provides that leave to amend a complaint "shall be freely given when justice so requires," and the Supreme Court has declared that "in the absence of circumstances such as bad faith, futility of amendment, undue delay, or undue prejudice to the opposing party," leave should be freely given. *Foman v. Davis,* 371 U.S. 178, 181-82 (1962), quoted by *Angelo v. United States*, 57 Fed. Cl. 100, 104 (2003).

Deleted: ;
Deleted: *Aaron*
Deleted: *, Jr., et al.,*
Deleted: .
Deleted: .

Certainly, the Government cannot show that undue prejudice will result if Plaintiffs are granted leave to amend the complaint because, as noted, the Complaint put the Government on notice that the Thetford Plaintiffs owned multiple properties that suffered the same takings alleged by all of the other Plaintiffs here. To successfully allege undue prejudice, the Government must show that one of the following will result: "severe disadvantage or inability to present facts or evidence; necessity of conducting extensive research shortly before trial…or; excessive delay that is unduly burdensome...Mere annoyance and inconvenience…are insufficient bases to warrant a denial of a motion to amend." *St. Paul Fire and Marine Insurance*

*Company v. United States,* 31 Fed. Cl. 151, 153 (1994); *State of Alaska v. United States*, 15 Cl. Ct. 273, 280 (1988). Amending the Complaint will not disadvantage or reduce the Government's ability to present its case, nor has any trial date has been set in this matter (indeed, discovery is still ongoing).

Moreover, the Government can cite to no actual prejudice it will suffer if the Complaint is amended to include the Disputed Properties. This case was stayed shortly after the Complaint was filed and no discovery took place until the appeal was complete and the case remanded to this Court last summer. If anything, it is the Plaintiffs that are prejudiced by the Government's waiting six months to raise objections to discovery concerning the Disputed Plaintiffs. That prejudice can be eliminated by allowing the Plaintiffs to amend the Complaint to obtain the discovery to which they are entitled. Thus, to the extent that the Court believes it is preferable to formally list the Disputed Properties in the Complaint, the Court should permit the Plaintiffs to amend the Complaint.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny the Government's Motion, or in the alternative, grant leave to amend the Complaint.

Dated: May 25, 2007

/s/ Harry J. Kelly

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W.
Suite 900
Washington, DC 20004
(202)585-8000

Counsel to the Plaintiffs

CERTIFICATE OF FILING

I hereby certify that on the 25th day of May, 2007, a copy of the foregoing Plaintiffs' Opposition To Defendant's Motion For Protective Order Or, In the Alternative, Motion To Amend Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing has been transmitted by facsimile to the Government's counsel, David Harrington, Esq.

/s/ Harry J. Kelly

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Robert H. Hodges, Jr.) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, the United States, requests that plaintiffs produce for inspection and copying the following requested documents within 30 days of service. Defendant further requests that plaintiffs produce for inspection and copying all documents responsive to the requests which are in its possession, custody or control, including, without limitation, documents subject to its control, but in the possession or custody of its agents, accountants or other persons.

A. Definitions

1. The terms "you," "your," or "Plaintiffs" refer collectively to Anaheim Gardens, B-L Associates, C-W Associates, Denise A. Kellenbeck (d/b/a Victorian Arms Apartments), Earl W. Kellenbeck, Florin Meadows I, Ltd., Florin Meadows II, Ltd., Frances T. Ward, Glenview Gardens, LP, Hillview Townhouses Limited, Hillview Townhouses Limited No. 1, Indian Head Manor Limited Partnership I, J.D.V. Ward, James W.Y. Wong, Jewel Lake Villa II, Joseph Biafora & Stefi Biafora, Metro West Limited, Millword Associates LP, Napa Park Apartments LP, Norman M. Kronick & Louis Dulien (d/b/a Halawa View Apartments), Ontario Townhouses LP, Peter H.Y. Hsi & Pricilla L.F. Hsi (d/b/a General Partners of Waipahu Tower), Rock Creek

Terrace LP, Sierra Vista One, Silverlake Village, The Palomar Apartments, Thetford Properties III LP, Thetford Properties IV LP, Washington Plaza Partners Ltd., 185-225 Parkhill Corp., 620 Su Casa Por Cortez, 825 San Tomas Apartments, 3740 Silverlake Village, and Foothill Apartments, and include all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of any plaintiff.

2. The term "Subject Properties" refers collectively to the properties owned by the plaintiffs that are the subject of claims asserted in this litigation.

3. As used in this discovery request, the term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, other business association or entity recognized by law, and the employees or independent contractors thereof, and any government body, commission, board, agency, branch, department, component, or element thereof.

4. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

5. As used in this discovery request, the term "document" includes without limitation the following items, whether printed, micro-filmed, electronically recorded in sound and/or pictures, or reproduced by any process, or written or produced by hand, and regardless of whether claimed to be privileged or confidential or personal: letters, correspondence, memoranda, reports, summaries, notes, notebooks, sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, intra-company and inter-company

communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above includes any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof that are now or have ever been in the possession, custody or control of plaintiffs.

B. Instructions

1. A request for production of a particular document is a request that each non-identical copy be produced, including all marginalia and/or stamped material, any envelopes and/or file folders in which the document is enclosed and each attachment. Documents already produced to the Government in earlier stages of this litigation are exempted from these requests for production of documents.

2. With respect to each document which you have withheld from production upon the grounds of any privilege or protection, state the date on which the document was drafted, state each privilege or protection upon which you rely in withholding the document, identify the person who drafted the document, identify each person who received the document, state the content of the document in as much detail as is possible without revealing the privileged matter, state the location(s) of the original and each copy of the document and identify the person(s) with custody of the original and each copy of the document.

3. For each document responsive to these requests that is known to have existed but cannot be located, or has been destroyed or discarded, identify the author(s), date and recipient(s) of the document, and summarize its contents.

4. Unless a particular request states otherwise, produce all responsive documents prepared from January 1, 1968, to the present.

5. For purposes of this discovery request, the terms "and" and "or," the singular and the plural, each include the other, so as to maximize the number of documents responsive to the requests.

## REQUESTS FOR PRODUCTION

Please produce the following documents in accordance with the foregoing definitions and instructions:

1. Any notice, application or other document submitted to the Government that indicates an intention to prepay the existing Government-insured mortgage upon any of the Subject Properties pursuant to the Preservation Statutes.
2. All appraisals performed on the Subject Properties.
3. All "plans of action" submitted to the Government pursuant to the Preservation Statutes.
4. All documents that describe, discuss, mention, refer to, relate to, or concern the plans of action, including any written communications between you and HUD regarding such plans.
5. All correspondence, including without limitation internal correspondence, correspondence with HUD, and correspondence with consultants or other third parties, relating to prepayment of the Government-insured mortgage upon any of the Subject Properties.
6. All documents that describe, discuss, mention, refer to, relate to, or concern the possibility of prepaying the HUD-insured mortgages on the Subject Properties.
7. All documents that describe, discuss, mention, refer to, relate to, or concern any reason why the submission of an application to prepay the Government-insured mortgage on the Subject Properties would have been futile.
8. All documents that describe, discuss, mention, refer to, relate to, or concern the geographical area of the rental housing market served by Subject Properties.

9. All documents that describe, discuss, mention, refer to, relate to, or concern inquiries, investigations, studies, or other actions undertaken by or upon your behalf to determine the effect that prepayment of the Government-insured mortgages for the Subject Properties would have had upon the supply of vacant rental housing comparable to the Subject Properties in the rental housing markets served by the Subject Properties.

10. All documents that describe, discuss, mention, refer to, relate to, or concern your efforts to satisfy conditions or standards that allegedly served as a predicate to the prepayment of the Government-insured mortgages for the Subject Properties.

11. All documents that describe, discuss, mention, refer to, relate to, or concern incentives that were available pursuant to the Preservation Statutes to you or the Subject Properties. See ELIHPA §§ 224, 225(b); 12 U.S.C. § 4109.

12. All documents that describe, discuss, mention, refer to, relate to, or concern incentives that were requested or received pursuant to the Preservation Statutes by you or the Subject Properties. See ELIHPA §§ 224, 225(b); 12 U.S.C. § 4109.

13. All documents that describe, discuss, mention, refer to, relate to, or concern the possible sale of the Subject Properties pursuant to the Preservation Statutes. See 12 U.S.C. § 4110.

14. All documents that describe, discuss, mention, refer to, relate to, or concern the actual sale of the Subject Properties pursuant to the Preservation Statutes. See 12 U.S.C. § 4110.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

July 10, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 11th day of July 2006, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's First Requests For Production of Documents, to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

Ena M. Goddard

# EXHIBIT B

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ANAHEIM GARDENS, et al., Plaintiffs, | |
| v. | No. 93-655C<br>Judge Robert H. Hodges, Jr. |
| THE UNITED STATES, Defendant. | |

## PLAINTIFFS FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims, Plaintiffs Anaheim Gardens, et. al request that the United States Department of Housing and Urban Development ("Defendant" or "HUD") respond to the following Interrogatories.

## DEFINITIONS & INSTRUCTIONS

1. The terms "you," "your," or "Defendant" refers to the United States Department of Housing & Urban Development ("HUD"), and all of its predecessor and successor agencies, and any past or present officer, employee, agent, attorney, investigator, and all other persons or entities that acted or purported to act, or act or purport to act on its behalf.

2. The term "Subject Property" refers to a property that is the subject of the claims asserted in this litigation, including Anaheim Gardens, 1550 Beacon Street, 100 Centre Plaza, Cedar Gardens, Victorian Arms Apartments, Florian Meadows I, Florian Meadows II, Creekside Terrace, Glenview Gardens, Hillview Townhouses, Hillview Townhouses No. 1, Indian Head Manor Apartments, Jewel Lake Villa II, Millwood Apartments (Joseph & Stefi Biafora), Metro West Ltd.,

Millwood Townhomes (Millwood Associates), Napa Park Apartments, Halawa View Apartments, Ontario Townhomes, Waipahu Tower, Rock Creek Terrace, Sierra Vista One, Silverlake Village, The Palomar Apartments, Beaumont Avenue Apartments, Coleridge Road Apartments, Icemorlee Street Apartments, Hardee Street Apartments, Holloway Court Apartments, Holiday Town Apartments, Henry Street Apartments, Market North Apartments #2, Millbank Court Apartments, Johnson Court Apartments, Oakwood Avenue Apartments, Person Court Apartments, Raleigh North Apartments, River Falls Apartments, Washington Street Apartments, Tucker Street Apartments, Young Avenue Apartments, Calico Court Apartments, Chowan Court Apartments #1, Columbus Court Apartments, Franklin Court Apartments, Glendale Court Apartments, Holiday Town Apartments #2, Jefferson Court Apartments, Long Drive Apartments #1, Market North Apartments #1,Oakwood Avenue Apartments #2, Peachtree Court Apartments, Southgate Apartments, Stewart's Creek Apartments #1, Carteret Court Apartments, Chowan Court Apartments #2, LaGrange Village Apartments, Long Drive Apartments #2, Mount Olive Court Apartments, Stewart's Creek Apartments #2, Washington Plaza Apartments, St. George Plaza, Su Casa Por Cortez, San Tomas Apartments, and Foothill Apartments, and "Subject Properties" collectively refers to all of the properties that are the subject of the claims asserted in this litigation.

3. The term "Preservation Statutes" collectively means the Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA") 42 U.S.C. § 1472(c)(1) et seq. and the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA"), 12 U.S.C. § 4101, et seq.

4. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, other

business associations or entities recognized by law, and the employees or independent contractors thereof, and any government body, commission, board, agency, branch, department, component, or element thereof.

5. The term "communication" or "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

6 The term "document" as used herein has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims Rules.

7. Each interrogatory and each subpart of each Interrogatory shall be accorded a separate answer. Each answer shall first set forth verbatim the Interrogatory to which it is responsive. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer thereto. The answer to an Interrogatory or subpart thereof, unless the Interrogatory or subpart referred to supplies a complete and accurate answer to the Interrogatory or subpart being answered.

8. These Interrogatories are continuing, and to the extent that the answers may be enlarged, diminished or otherwise modified by information obtained by you subsequent to the filing of your initial answers, you are required to serve supplemental answers setting forth such information within 15 days of receiving such information.

9. "Identify" means:

(a) as to an individual, stating his or her (i) full name; (ii) current or last known residential and business addresses, and if last known, the last known date the person resided or engaged in business at the address; (iii) all current and/or former positions held with Defendant, including titles, if any; (iv) current employer,

and if not current, last known employer and date of that employment; (v) employer's business address and telephone number.

(b) as to any person other than an individual, stating the (i) legal name and any other names used by it; (ii) the form or manner of the organization (i.e., partnership, corporation, etc.); (iii) the state of formation or incorporation; and (iv) the address of the principal place of business.

(c) as to an event, meeting, action, fact, transaction or occurrence, stating (i) its date; (ii) the place where it took place and the manner of its occurrence; (iii) the identification of all participants and witnesses to its occurrence; (iv) its purpose and subject matter; and (v) a concise description of what happened.

10. An Interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the Interrogatory and full identification and description of the source(s) of such facts, circumstances, conditions and things, including but not limited to, pertinent dates and identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

11. In responding to the Interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, experts, attorney or other persons acting on your behalf, not merely information within the personal knowledge of the individuals executing Defendant's response.

12. If you cannot answer any Interrogatory fully and completely after exercising due diligence to make inquiry and secure the information to do so, please so state and answer such Interrogatory to the extent you deem possible. Specify the

portion of the Interrogatory that you are unable to answer, and further specify the facts on which you rely to support your contention that you are unable to answer it fully and completely. State the knowledge, information or belief you have concerning the unanswered portion of the Interrogatory and state fully and completely, and in detail, the acts done and inquiries made by you to show that you have exercised due diligence to make inquiries and to secure the information necessary to answer that interrogatory.

13. Where exact information, including dates or times cannot be furnished, provide an estimate or approximation and so state that the answer is an estimation or approximation. Provide an explanation as to the basis for the estimation or approximation and explain why the exact information cannot be provided.

14. If you assert that part of any response to an Interrogatory is privileged or otherwise protected, specify the nature of the privilege or protection claimed, and the grounds for the privilege or protection. Identify the specific facts supporting the claimed privilege or protection and proceed to provide all responsive information that does not fall within the claim of privilege or protection.

15. If any material responsive to these Interrogatories has been destroyed, state the reason for the destruction, the date on which the material was destroyed, and the person in whose custody, control or possession the material was when it was destroyed and the person who destroyed the material.

16. To the extent that the answer to an Interrogatory is being provided by the production of a business record or document pursuant to Rule 33(d) of the Rules of the United States Court of Federal Claims, specify the title, the date and Bates

number of the record or document from which the answer can be derived and the date upon which the record or document was produced.

Interrogatory 1:

For each Subject Property that made a request to prepay its Government insured mortgage, identify all person(s) who were involved in any manner in considering, approving or denying the request for prepayment of the Government insured mortgage on that property pursuant to the Preservation Statutes.

Interrogatory 2:

Identify all persons currently or formerly employed by you with knowledge concerning the conditions, standards, or requirements for prepayment of Government insured mortgages pursuant to the Preservation Statutes.

Interrogatory 3:

For each Subject Property, describe in detail all of the actions taken by Defendant pursuant to the Preservation Statutes with respect to Notices of Intent and Plans of Action ("POA") submitted for the Subject Properties, including the dates of any approval or rejection of a POA and the dates upon which funding for an approved POA was provided by Defendant.

Interrogatory 4:

For each Subject Property, describe in detail all communications between Defendant and the Subject Property's owner, manager, representative, agent or any other person acting on behalf of the property relating to prepayment of the property's government insured mortgage.

Interrogatory 5:

For each Subject Property, if Defendant contends that prepayment of the Government insured mortgage pursuant to the Preservation Statutes was not futile with respect to that property, state all facts upon which Defendant bases its contention.

Interrogatory 6:

Describe in detail all statements, whether official or unofficial, made by Defendant to any other person regarding the prepayment of Government insured mortgages pursuant to the Preservation Statutes, including, but not limited to, statements (written or oral) made by HUD employees at conferences, to the United States Congress, to state agencies, to trade organizations, to banks and/or mortgage providers, and to owners of properties with Government insured mortgages.

Interrogatory 7:

Identify each expert upon whose testimony you intend to rely to establish that Plaintiffs' takings claims are not ripe for adjudication. For each expert, state the persons full name, the subject matter upon which the expert is expected to testify, the expert's qualifications, including but not limited to, his or her current occupation or profession, field of expertise, educational background, prior business and/or professional affiliation, and publications authored by the expert concerning the subject matter of the expert's advice and opinions, and identify the documents the expert relied on to reach his or her opinion.

Interrogatory 8:

Identify each person upon whose testimony you intend to rely in establishing that Plaintiffs' takings claims are not ripe for adjudication. For each person, state the person's full name, the subject matter upon which the person is expected to testify, the person's current and former employer, the person's current and former residential and business addresses, and the person's current telephone number.

Interrogatory 9:

For each request for admission to which you respond with anything other than an unqualified admission, describe in detail the basis for your answer.

Interrogatory 10:

Identify each individual who assisted in preparing the answers to these Interrogatories, specifying the Interrogatory or Interrogatories as to which each such individual provided assistance.

Dated: October 27, 2006

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W.
Suite 900
Washington, DC 20004
(202)585-8000

Counsel to the Plaintiffs

**PROOF OF SERVICE**

I hereby certify that this twenty-seventh day of October, 2006, I caused a copy of the Plaintiffs First Set of Interrogatories to be served by first-class mail, postage pre-paid upon

David Harrington
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
Room 12136
1100 L Street, N.W.
Washington, D.C. 20530

Harry J. Kelly

# EXHIBIT C

**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655

Tel: (202) 616-0465
Fax: (202) 307-0972

*Washington, D.C. 20530*

March 27, 2007

*Via Facsimile & U.S. Mail*

Harry J. Kelley, Esq.
Nixon Peabody, LLP
401 Ninth Street, NW
Suite 900
Washington, DC 20004-2129
(202) 585-8712

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.).

Dear Mr. Kelley:

At your request, we are producing on a rolling basis documents responsive to the plaintiffs' first request for production of documents in the Anaheim Gardens matter. Per our agreement, we are aiming to conclude the production of documents on or about April 9, 2007. However, one aspect of the requested production of documents in Anaheim Gardens is problematic.

The operative complaint in Anaheim Gardens names the plaintiffs filing suit and identifies those projects for which compensation is being sought. See Fourth Amended Compl. ¶ 7 (filed Sept. 16, 1997). The pending discovery seeks documents for "subject properties," which is defined generally as those projects "that are the subject of the claims asserted by the Plaintiffs in this litigation." Pls.' First Request for Production of Docs. ¶ 2. However, the definition of "subject properties" also includes a lengthy list of projects, many of which are not the subject of claims asserted in the Fourth Amended Complaint.[1]

We will be producing documents for those projects referenced in the definition of "subject properties," but only insofar as they are identified in paragraph seven of the Fourth Amended Complaint in Anaheim Gardens. A list of the projects for which we are compiling and producing documents is attached to this letter. We will not be producing documents relating to projects that are not at issue, i.e., projects not listed in the operative complaint.

[1] There is no analogous problem with the definition of "subject properties" used in the plaintiffs' first request for production in Algonquin Heights.

I trust this approach will meet with your approval. However, if you do not agree with the parameters described in this letter, please contact me to discuss the matter further.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

Enclosure

cc: Terri L. Roman, Esq.
Alice A. Peterson, Esq.

# Document Production In Progress

*Anaheim Gardens, et al. v. United States*, No. 93-655 (Fed. Cl.).

| **Named Plaintiff** | **Project Name** |
|---|---|
| Anaheim Gardens, LP | Anaheim Gardens |
| B-L Associates, LP | 1550 Beacon Plaza |
| Joseph R. Biafora & Stefi Biafora | Millwood Apartments<br>Parthenia Manor Apts. |
| Cedar Gardens Associates, GP | Cedar Gardens |
| C-W Associates, LP | 100 Centre Plaza |
| Glenview Gardens, LP | Glenview Gardens Apartments |
| Peter Hwei-Yang Hsi & Priscilla Lai-Fong Hsi | Waipahu Tower |
| Indian Head Manor LP I | Indian Head Manor Apts |
| Norman M. Kronick & Louis Dulein | Halawa View Apts |
| Metro West Limited, LP | Metro West Apts. |
| Millwood Associates LP | Millwood Townhouses |
| Napa Park Apartments, LP | Napa Park Apartments |
| Ontario Townhouses, LP | Ontario Townhouses |

| **Named Plaintiff** | **Project Name** |
| --- | --- |
| The Palomar Apartments, LP | The Palomar |
| Rock Creek Terrace, LP | Rock Creek Terrace Apts. |
| Sierra Vista One, LP | Sierra Vista I |
| Silverlake Village, LP | Silverlake Village |
| Thetford Properties III, LP | River Falls Apts. |
| | Market North Apts II |
| | Deanswood Apts. |
| Thetford Properties IV, LP | Southgate Apts. |
| | Jefferson Court Apts. |
| | Glendale Court Apts. |
| | Market North Apts. I |
| 620 Su Casa Por Coretz, GP | Su Casa Por Cortez |
| 825 San Tomas Apartments, LP | San Tomas Gardens |
| 5324 Foothill Apartments, GP | Foothill Plaza |