# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Robert H. Hodges, Jr.) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, the United States, requests that plaintiffs produce for inspection and copying the following requested documents within 30 days of service. Defendant further requests that plaintiffs produce for inspection and copying all documents responsive to the requests which are in its possession, custody or control, including, without limitation, documents subject to its control, but in the possession or custody of its agents, accountants or other persons.

A. Definitions

1. The terms "you," "your," or "Plaintiffs" refer collectively to Anaheim Gardens, B-L Associates, C-W Associates, Denise A. Kellenbeck (d/b/a Victorian Arms Apartments), Earl W. Kellenbeck, Florin Meadows I, Ltd., Florin Meadows II, Ltd., Frances T. Ward, Glenview Gardens, LP, Hillview Townhouses Limited, Hillview Townhouses Limited No. 1, Indian Head Manor Limited Partnership I, J.D.V. Ward, James W.Y. Wong, Jewel Lake Villa II, Joseph Biafora & Stefi Biafora, Metro West Limited, Millword Associates LP, Napa Park Apartments LP, Norman M. Kronick & Louis Dulien (d/b/a Halawa View Apartments), Ontario Townhouses LP, Peter H.Y. Hsi & Pricilla L.F. Hsi (d/b/a General Partners of Waipahu Tower), Rock Creek

Terrace LP, Sierra Vista One, Silverlake Village, The Palomar Apartments, Thetford Properties III LP, Thetford Properties IV LP, Washington Plaza Partners Ltd., 185-225 Parkhill Corp., 620 Su Casa Por Cortez, 825 San Tomas Apartments, 3740 Silverlake Village, and Foothill Apartments, and include all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of any plaintiff.

2. The term "Subject Properties" refers collectively to the properties owned by the plaintiffs that are the subject of claims asserted in this litigation.

3. As used in this discovery request, the term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, other business association or entity recognized by law, and the employees or independent contractors thereof, and any government body, commission, board, agency, branch, department, component, or element thereof.

4. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

5. As used in this discovery request, the term "document" includes without limitation the following items, whether printed, micro-filmed, electronically recorded in sound and/or pictures, or reproduced by any process, or written or produced by hand, and regardless of whether claimed to be privileged or confidential or personal: letters, correspondence, memoranda, reports, summaries, notes, notebooks, sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, intra-company and inter-company

communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above includes any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof that are now or have ever been in the possession, custody or control of plaintiffs.

B. Instructions

1. A request for production of a particular document is a request that each non-identical copy be produced, including all marginalia and/or stamped material, any envelopes and/or file folders in which the document is enclosed and each attachment. Documents already produced to the Government in earlier stages of this litigation are exempted from these requests for production of documents.

2. With respect to each document which you have withheld from production upon the grounds of any privilege or protection, state the date on which the document was drafted, state each privilege or protection upon which you rely in withholding the document, identify the person who drafted the document, identify each person who received the document, state the content of the document in as much detail as is possible without revealing the privileged matter, state the location(s) of the original and each copy of the document and identify the person(s) with custody of the original and each copy of the document.

3. For each document responsive to these requests that is known to have existed but cannot be located, or has been destroyed or discarded, identify the author(s), date and recipient(s) of the document, and summarize its contents.

4. Unless a particular request states otherwise, produce all responsive documents prepared from January 1, 1968, to the present.

5. For purposes of this discovery request, the terms "and" and "or," the singular and the plural, each include the other, so as to maximize the number of documents responsive to the requests.

## REQUESTS FOR PRODUCTION

Please produce the following documents in accordance with the foregoing definitions and instructions:

1. Any notice, application or other document submitted to the Government that indicates an intention to prepay the existing Government-insured mortgage upon any of the Subject Properties pursuant to the Preservation Statutes.
2. All appraisals performed on the Subject Properties.
3. All "plans of action" submitted to the Government pursuant to the Preservation Statutes.
4. All documents that describe, discuss, mention, refer to, relate to, or concern the plans of action, including any written communications between you and HUD regarding such plans.
5. All correspondence, including without limitation internal correspondence, correspondence with HUD, and correspondence with consultants or other third parties, relating to prepayment of the Government-insured mortgage upon any of the Subject Properties.
6. All documents that describe, discuss, mention, refer to, relate to, or concern the possibility of prepaying the HUD-insured mortgages on the Subject Properties.
7. All documents that describe, discuss, mention, refer to, relate to, or concern any reason why the submission of an application to prepay the Government-insured mortgage on the Subject Properties would have been futile.
8. All documents that describe, discuss, mention, refer to, relate to, or concern the geographical area of the rental housing market served by Subject Properties.

9. All documents that describe, discuss, mention, refer to, relate to, or concern inquiries, investigations, studies, or other actions undertaken by or upon your behalf to determine the effect that prepayment of the Government-insured mortgages for the Subject Properties would have had upon the supply of vacant rental housing comparable to the Subject Properties in the rental housing markets served by the Subject Properties.

10. All documents that describe, discuss, mention, refer to, relate to, or concern your efforts to satisfy conditions or standards that allegedly served as a predicate to the prepayment of the Government-insured mortgages for the Subject Properties.

11. All documents that describe, discuss, mention, refer to, relate to, or concern incentives that were available pursuant to the Preservation Statutes to you or the Subject Properties. See ELIHPA §§ 224, 225(b); 12 U.S.C. § 4109.

12. All documents that describe, discuss, mention, refer to, relate to, or concern incentives that were requested or received pursuant to the Preservation Statutes by you or the Subject Properties. See ELIHPA §§ 224, 225(b); 12 U.S.C. § 4109.

13. All documents that describe, discuss, mention, refer to, relate to, or concern the possible sale of the Subject Properties pursuant to the Preservation Statutes. See 12 U.S.C. § 4110.

14. All documents that describe, discuss, mention, refer to, relate to, or concern the actual sale of the Subject Properties pursuant to the Preservation Statutes. See 12 U.S.C. § 4110.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

July 10, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 11th day of July 2006, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's First Requests For Production of Documents, to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

Ena M. Goddard