**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**MOTION FOR PROTECTIVE ORDER AND IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT**

This action concerns as-applied taking claims relating to 28 different HUD-insured, low-income housing projects. 4th Am. Compl. ¶ 7. The United States has responded fully to plaintiffs' discovery requests concerning all 28 projects. The present dispute concerns plaintiffs' request for discovery about the ripeness of claims relating to an *additional* 23 projects – projects that are never mentioned in Plaintiffs' Fourth Amended Complaint (or in any prior complaint) in this action. Id. The United States is under no obligation to provide discovery concerning these additional projects – projects about which no as-applied taking claim has ever been asserted.

After conceding, as they must, that the additional projects are not identified in their Fourth Amended Complaint, plaintiffs seek leave to amend the complaint. Plaintiffs' motion to amend the complaint a *fifth* time – coming fourteen years after this action was filed and at least five years after the expiration of the statute of limitations – should be denied.

## I. The Court Should Grant The United States' Motion For A Protective Order

Plaintiffs seek discovery about claims concerning the alleged taking of 23 low-income housing projects – none of which are identified in the complaint.[1] Plaintiffs argue that their admitted failure to identify all properties that were allegedly taken by HUD is of no significance. Pl.'s Br. at 4 (arguing that the operative complaint is sufficient to satisfy the "notice pleading" standard in RCFC 8(a)(2)). According to plaintiffs, by asserting generally that the Preservation Statues[2] effected regulatory takings, they can prosecute claims regardless of whether the property allegedly taken has been identified in the complaint.[3] Pl.'s Br. at 5-6 (arguing that it is sufficient to allege that they owned HUD-insured projects and that they suffered damages).

Plaintiffs rely upon Conley v. Gibson, 355 U.S. 41 (1957). Pl.'s Br. at 5-6. However, last month, the United States Supreme Court abrogated Conley and conspicuously tightened the pleading requirements under Federal Rule 8(a)(2). Bell Atlantic Corp. v. Twombly, 127 S. Ct.

---

[1] The requested discovery is particularly inappropriate because the Court limited discovery to the issue of ripeness. The discovery sought by plaintiffs is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence pertaining to, the ripeness of claims of the 28 projects that are identified in the Fourth Amended Complaint.

[2] In this memorandum, the Emergency Low-Income Housing Preservation Act ("ELIPHA"), Pub. L. No. 100-242, 101 Stat. 1877 (1988), and the Low-Income Housing Preservation and Resident Homeownership Act ("LIHPRHA"), Pub. L. No. 101-625, 104 Stat. 4249 (1990), are referred to collectively as the "Preservation Statutes."

[3] Plaintiffs do not assert, and the Federal Circuit has previously rejected, a facial challenge to the Preservation Statutes. Greenbrier v. United States, 193 F.3d 1348, 1359 (Fed. Cir. 1999) ("ELIHPA and LIHPRHA 'merely assert regulatory jurisdiction' over the Owners' ability to prepay their mortgage loans. Their enactment cannot therefore constitute a taking of any property rights."). Rather, in this action, plaintiffs aver that the Preservation Statutes, as applied to particular projects, which are identified in paragraph seven of the operative complaint, effected regulatory takings.

1955, 1969, 1974 (2007) (plaintiffs failed to allege "enough facts to state a claim to relief"). In Bell Atlantic, the Supreme Court explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5. Wright & Miller § 1202, at 94 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

127 S. Ct. at 1965 n.3.

Under Bell Atlantic, and indeed, under previous caselaw, the fact that a plaintiff alleges the taking of one house on Main Street would not be sufficient to provide "fair notice" of a claim for the taking of a second house on Elm Street. This is so even if the houses are owned by the same person and were condemned for the same highway project. Put simply, even under "liberal pleading standards," a takings complaint that failed to include allegations identifying each property allegedly taken by the Government would fail to satisfy RCFC 8.

Here, the situation is no different. Plaintiffs' complaint contains as-applied, regulatory taking claims relating to 28 low-income housing projects. See 4th Am. Compl. ¶ 7. Among these are four projects owned by Thetford III LP, and another three projects owned by Thetford IV LP. Id. We do not contend that the claims as to these projects are inadequately pled. The operative complaint, however, contains no "factual allegations" providing "fair notice" of as-applied taking claims with respect to any additional HUD-insured projects. The

complaint simply fails to mention any other low-income housing projects owned by the Thetford partnerships – projects that are located in many different cities, that were developed at different times, that entered into separate regulatory agreements with HUD, and that were eligible to prepay on different dates. Accordingly, plaintiffs' request for discovery about the ripeness of claims of 23 additional "Thetford projects" is beyond the purview of this action. E.g., Fed. R. Civ. P. 26 (advisory committee notes) (stating that parties "have no entitlement to discovery to develop new claims . . . that are not already identified in the pleadings").

Oddly, plaintiffs point out that the United States sought discovery about all projects that are the "subject of claims asserted in this action." Pls.' Br. at 3-4. It is unclear how the United States's discovery requests are relevant. Certainly, a defendant's request for discovery cannot somehow expand the scope of the plaintiff's complaint. Indeed, here, it is plaintiffs who are attempting to unilaterally and improperly expand the scope of this action. See RCFC 15(a) (requiring plaintiffs to obtain leave to amend the complaint if an answer has been filed by the defendant). In the past, plaintiffs recognized the need to obtain the Court's approval to add claims about additional low-income housing projects. See Pls.' First Am. Compl. (filed Mar. 14, 1994); Pls.' Second Am. Compl. (filed Aug. 18, 1995); Pls.' Third Am. Compl. (filed Apr. 30, 1996); Pls.' Fourth Am. Compl. (filed Sept. 16, 1997). Of course, given that this action has been pending for 14 years, that plaintiffs have amended the complaint on four previous occasions, and that plaintiffs now seek to assert claims that are time barred, plaintiffs reluctance to seek leave to amend the complaint is understandable. Nevertheless, unless and until plaintiffs amend the complaint, they are not entitled to discovery about claims relating to additional low-

income housing projects. Accordingly, the United States motion for a protective order should be granted.

## II. The Court Should Deny Plaintiffs Motion For Leave To File A *Fifth* Amended Complaint

RCFC 15(a) provides that after a response to the complaint has been served, "a party may amend the party's own pleading only by leave of court or by written consent of the adverse party." RCFC 15(a) (emphasis added). "The decision whether to allow leave to amend pleadings . . . is within the sound discretion of the trial court." First Interstate Bank of Billings v. United States, 61 F.3d 876, 881 (Fed. Cir. 1995); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Hickman v. United States, 43 Fed. Cl. 424, 439 (1999), aff'd, 232 F.3d 906 (Fed. Cir. 2000).

Although leave to amend is ordinarily "freely given when justice so requires," the scope of RCFC 15(a) is far from unlimited. E.g., E.W. Bliss Co. v. United States, 77 F.3d 445, 449-50 (Fed. Cir. 1996); First Interstate, 61 F.3d at 881-82; Te-Moak Bands of W. Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1260-63 (Fed. Cir. 1991). To the contrary, denial of a motion for leave to amend a complaint is warranted based upon the futility of the proposed amendment, as well as when (1) the movant has engaged in undue delay; (2) the movant has acted in bad faith; (3) the movant has acted with a dilatory motive; (4) the movant has repeatedly failed to cure deficiencies; or (5) the late amendment would unduly prejudice the opposing party. Te-Moak Bands, 948 F.2d at 1260-61 (quoting Foman, 371 U.S. at 182); see also Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989); St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994).

As this Court recognized in Spalding & Son, Inc. v. United States, 22 Cl. Ct. 678 (1991), "[t]he existence of any one of these criteria is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under the circumstances." Id. at 680 (emphasis added), quoted in Alfa Laval Separation, Inc. v. United States, 47 Fed. Cl. 305, 312 (2000); see also Hays v. United States, 16 Cl. Ct. 770, 772 (1989) ("criteria are in the disjunctive, i.e., satisfaction of one is sufficient to deny the motion" to amend). Accordingly, if an amendment to a complaint would be futile, that fact alone would warrant denial of the motion for leave to amend the complaint. Foman, 371 U.S. at 182; Hays, 16 Cl. Ct. at 772. In this context, "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996); see also Stripling v. Jordan Production Co., LLC, 234 F.3d 863 (5th Cir. 2000) ("futility" means "that the amended complaint would fail to state a claim upon which relief could be granted"); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("futility" exists if "complaint, as amended, would fail to state a claim upon which relief could be granted"); Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) ("proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss").[4]

[4] See also Scott Timber Co. v. United States, 44 Fed. Cl. 170, 182 (1999) (motion to amend is futile "where the proposed claim is 'frivolous and insufficient on its face,' or where the proposed claim would not withstand a motion to dismiss" (citations omitted)); Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992) ("an amendment may be futile when it fails to state a valid theory of liability, or could not withstand a motion to dismiss" (citations omitted)); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (amendment of complaint is futile "if the amended complaint cannot withstand a . . . motion to dismiss"); Smith v. CPC Int'l, Inc., 104 F. Supp. 2d 272, 274 (S.D.N.Y. 2000) ("an amendment to a pleading is deemed futile 'if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)'" (citation omitted)); 3 J. Moore, Moore's Federal Practice § 15.15[3], at 15-47 to -49 (3d ed.

(continued...)

### A. **Plaintiffs Offer No Justification For The Fourteen Year Delay In Seeking To Add The Additional Thetford Projects Or In Their Failure To List The Projects In Their First, Second, Third Or Fourth Amended Complaints**

This action was filed 14 years ago. See Complaint (filed Oct. 25, 1993) (docket no. 1). Thetford III and Thetford IV were two of the named plaintiffs. Compl. ¶ 6. The original complaint contained breach of contract and taking counts and, like the Fourth Amended Complaint, identified seven specific projects owned by the Thetford partnerships for which claims were asserted. Id.

In the intervening years, the Court has permitted plaintiffs to amend the complaint four different times. See Pls.' 1st Am. Compl. (filed Mar. 14, 1994); Pls.' 2d Am. Compl. (filed Aug. 18, 1995); Pls.' 3d Am. Compl. (filed Apr. 30, 1996); Pls.' 4th Am. Compl. (filed Sept. 16, 1997). Although the amended complaints made changes to the list of projects at issue, each of the amended complaints asserted claims about the same seven Thetford-owned projects. Pls.' 1st Am. Compl.¶ 7; Pls.' 2d Am. Compl. ¶ 7; Pls.' 3d Am. Compl.¶ 7; Pls.' 4th Am. Compl. ¶ 7.

Plaintiffs now seek leave to amend the complaint to assert claims on behalf of 23 additional low-income housing projects owned by the Thetford III or Thetford IV partnerships. Yet the plaintiffs offer no justification for waiting 14 years to include these projects in this action. Nor do the plaintiffs explain why they did not seek to add the additional Thetford projects when they amended the complaint in 1994, 1995, 1996 or 1997. Plaintiffs merely point out that this action has been stayed for substantial periods of time. However, this action was remanded to the Court of Federal Claims a full year ago and still the plaintiffs dithered.

---

[4](...continued)
1999) (referencing Fed. R. Civ. P. 12(b)(6) standard in considering motions for leave to amend).

"Undue delay" and the plaintiff's repeated failure to correct deficiencies are independent bases for denying leave to amend a complaint. Spalding, 22 Cl. Ct. at 680. Here both justify the denial of plaintiffs motion. See, e.g., Cresswell v. Sulivan & Cromwell, 922 F.2d 60 (2d Cir. 1990) (denying motion to amend plaintiffs second amended complaint because the motion to amend was received 17 months after plaintiffs filed suit, six months after filing the second amended complaint, and counsel offered no adequate justification); S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533 (5th Cir. 2003) (affirming the court's denial of leave to amend where there was an unexplained six month delay and amendment would have required changes to court-established deadlines); Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1 (1st Cir.1983) (denying a motion to amend was appropriate where it came two years after the filing of the complaint and the plaintiff offered no justification for the delay); National Distillers & Chemical Corp. v. Brad's Machine Products, Inc., 666 F.2d 492 (5th Cir. 1982) (denial of proposed amendment 11 years after the activity in question was warranted). The plaintiffs could have added claims concerning the additional Thetford projects in any of the four amended complaints in this action. Further, after waiting 14 years, plaintiffs offer no justification for this extraordinary delay. Plaintiffs' motion for leave to file a fifth amended complaint should, therefore, be denied.

**B. Amending The Complaint To Add Additional Projects More Than 10 Years After The Preservation Programs Were Ended Would Be Unduly Prejudicial**

Allowing the plaintiffs to amend the complaint would prejudice the defense of this action. Not only was the complaint in this action filed 14 years ago, the challenged regulatory restrictions were ended by Congress more than 10 years ago. Chancellor Manor v. United

States, 331 F.3d 891, 896 (Fed. Cir. 2003) (the challenged regulatory restrictions were ended by the HOPE Act in April 1996).

During the past 10 years, many HUD employees who worked on the projects that plaintiffs now seek to add to this action have moved on to other jobs, have retired, or have died. Even witnesses that can be located will not have worked on preservation processing for over 10 years. Put simply, it will likely be impossible to obtain testimony from witnesses necessary to defend the claims that plaintiffs now seek to assert. Moreover, many documents needed to defend this action (or to refresh the recollection of those witnesses who can be located) are themselves likely unavailable. Each Government-insured project was assigned a unique FHA number at its inception and HUD maintained a separate file under that FHA number. Naturally, different record retention policies apply to the files of projects that are the subject of ongoing litigation. Because the additional Thetford properties were not named in the complaint, it is a near certainty that documents that otherwise would have been retained by HUD have been destroyed as part of HUD's ordinary record retention program. The lack of a complete documentary record concerning the additional projects, particularly where documents would be needed to refresh witness recollections, is highly prejudicial.

In sum, plaintiffs' 14-year delay in seeking to add claims relating to 23 additional HUD-insured projects will seriously prejudice the ability to defend those claims. For this reason, plaintiffs motion for leave to amend the complaint should be denied.

**C. The Claims That Plaintiffs Seek To Add Are Time Barred And, Therefore, Plaintiffs' Motion To Amend The Complaint Is Futile**

The challenged regulatory restrictions in the Preservation Statutes were lifted in April 1996 by the Housing Opportunity Program Extension Act ("HOPE Act"). Chancellor Manor v. United States, 331 F.3d at 896. Consequently, the as-applied taking claims that plaintiffs now seek to assert accrued no later than April 1996. See Bayou des Familles Dev. Corp. v. United States, 130 F.3d 1034, 1038 (Fed. Cir. 1997); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1347-48 (Fed. Cir. 2002).

Taking claims are subject to a six year statute of limitations. 28 U.S.C § 2501. Consequently, the statute of limitations ran no later than April 2002 and the as-applied taking claims that plaintiffs seek to add are time barred. Because plaintiffs new claims are barred by the statute of limitations, plaintiffs' motion to amend the complaint is futile and should be denied.

Of course, RCFC 15 provides that certain claims relate back to the date that an action was originally filed. RCFC 15(c)(2). The relation back doctrine does not apply to the new claims that plaintiffs seek to assert, however. See, e.g., First Third Bank v. United States, 52 Fed. Cl. 829 (2002); Grace v. Rosenstock, 169 F.R.D. 473 (E.D.N.Y. 1996). Under RCFC 15(c)(2), relation back occurs when new claims concern the same "conduct, transaction or occurrence" as the original complaint. RCFC 15(c)(2). That is not the case here. Each of the low-income housing projects that plaintiffs seek to add to this action was assigned its own FHA number, was located in a different city, entered into its own regulatory agreement with HUD, and was eligible to prepay at a different time. Furthermore, under the Preservation Statutes, each project was to file its own notice of intent, submit its own plan of action, proceed separately

through the administrative process, and, at the conclusion of that process, receive its own use agreement or consummate its own market value sale to a qualified purchaser. See 12 U.S.C. §§ 4101, 4103, 4109, 4110. Thus, the underlying conduct and transactions are different for each project and the mere fact that the same statutes covered the respective projects is insufficient to allow relation back. Accordingly, the claims that plaintiffs now seek to assert are barred by the statute of limitations, plaintiffs' proposed amendment to the complaint would be futile, and the plaintiffs' motion for leave to amend the complaint should be denied.

## CONCLUSION

For these reasons, the Court should grant the United States' motion for protective order and deny plaintiffs motion for leave to file a fifth amended complaint in this action.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0465

June 15, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 15th day of June 2007, a copy of "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington