**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ANAHEIM GARDENS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 93-655C<br>Judge Robert H. Hodges, Jr. |

**PLAINTIFFS' REPLY IN SUPPORT**
**OF THEIR MOTION TO AMEND COMPLAINT**

The Government's Reply ("Reply") in support of its Motion For Protective Order ("Government's Motion"), which also contains its Opposition to the Plaintiffs' Motion to Amend Complaint in this case, continues the Government's campaign to escalate a discovery dispute into a controversy concerning the adequacy of the pleadings of two individual Plaintiffs, Thetford Properties III, L.P. ("Thetford III") and Thetford Properties IV, L.P. ("Thetford IV") (jointly, Thetford III and Thetford IV are referred to as the "Thetford Plaintiffs"). Despite two separate opportunities to do so, however, the Government remains unable to identify a single case to support its proposition that the Thetford Plaintiffs were required, under the notice pleading requirements of Rule 8 of the Rules of the Court of Federal Claims ("RCFC"), to specifically identify in the Fourth Amended Complaint ("Complaint") all of their properties that suffered from the taking resulting from the enactment of ELIHPA and LIHPRHA (the "Preservation Statutes").

Because the Government has failed to offer any basis to conclude that the Thetford Plaintiffs' pleadings were inadequate, the Government's Motion should be denied. In the unlikely event that the Court concludes that, for the sake of clarity, amending the Complaint is

desirable, the Plaintiffs' Motion to Amend Complaint ("Plaintiffs' Motion"), included in their Opposition to Defendant's Motion For Protective Order ("Plaintiffs' Opposition"), should be granted to allow them to specifically reference all of the affected properties in their Complaint.[1]

## BACKGROUND

The present dispute arose from the Government's first set of discovery requests filed in July 2007 – almost thirteen years after the filing of this case. This was the first time that the Government asked the Plaintiffs to specify in any respect the nature and extent of the takings claim arising from the application of the Preservation Statutes to their properties. Specifically, the Government's July 2006 discovery requests for the first time asked the Plaintiffs to provide information concerning all properties "that are the subject of the claims asserted in this litigation" – suggesting that the Government itself anticipated that there might be additional properties not listed in the Complaint that also were "the subject of the claims asserted in the litigation." *See* Plaintiffs' Opposition at 3.

In their response to those initial discovery requests, the Plaintiffs produced information and documents for all such properties, including the Thetford Plaintiffs' Disputed Properties. The Government now contends – without a single supporting citation – that rather than disclose those specific properties that were affected by the taking in the normal course of discovery, Thetford Plaintiffs were required by RCFC 8 to identify the Disputed Properties in the Complaint itself. Notwithstanding that it did not pose serve a single discovery request in this case for

---

1 In addition to the Thetford Plaintiffs' properties listed in the Complaint, there are several other properties that were also affected by a taking caused by the Preservation Statutes. Those properties ( referred to here as the "Disputed Properties") are certain properties owned by Thetford III (specifically, Beaumont Ave. Apts., Coleridge Road Apts., Icemorelee Street Apts., Hardee Street Apts., Holloway Court Apts., Holiday Town Apts., Henry Street Apts., Millbank Court Apts., Johnson Court Apts., Oakwood Ave Apts., Person Court Apts., Raleigh North Apts., Tucker Street Apts. and Young Ave Apts.) and by Thetford IV (specifically, Calico Court Apts., Chowan Court Apts. #1, Columbus Court Apts., Franklin Court Apts., Holiday Town #2 Apts., Long Drive Apts. #1, Oakwood Ave Apts. #2, Peachtree Court Apts., and Stewart's Creek Apts. #1).

almost 13 years, the Government claims that it was the Thetford Plaintiffs who delayed and "dithered" (Reply at 7) in identifying the full extent of their claims. Having waited almost thirteen years to ask the Plaintiffs to specify the nature of their takings claims, the Government is hardly in a position to complain when the Plaintiffs promptly and fully disclosed those claims, including the claims of the Thetford Plaintiffs relating to the Disputed Properties, in their discovery responses. If anyone "dithered" here, it was the Government.

## ARGUMENT

### 1. The Court Should Conclude That This Is A Discovery Dispute and That the Government Must Respond To the Plaintiffs' Discovery Requests.

In its eagerness to attack the adequacy of the Thetford Plaintiffs' pleadings, the Government's Reply ignores the fundamental issue: the Government's refusal to provide information concerning the nature and scope of the Thetford Plaintiffs' claims. Essentially, the Government contends that because the Thetford Plaintiffs did not specifically identify the Disputed Properties in the Complaint, they are not entitled to obtain discovery concerning those properties. Government Motion at 6. The Government's position fundamentally misunderstands basic concepts of pleading and discovery. The purpose of discovery under the RCFC and the Federal Rules of Civil Procedure, upon which they are based, is to permit the parties to detail and flesh out their respective claims and defenses. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) ("discovery itself is designed to help define and clarify the issues"); Ferko v. National Ass'n For Stock Car Auto Racing, Inc., 218 F.R.D. 125, 133 (E.D. Tex. 2003) ("[c]ourts construe discovery rules liberally to serve the purposes of discovery," including "providing the parties with information essential to the proper litigation of all relevant facts."). That is precisely what happened here: In its initial discovery requests, the Government asked the Plaintiffs to produce information about all properties "that are the subject of the claims asserted

in this litigation." *See* Plaintiffs' Opposition at 3. The Plaintiffs did precisely that and asked for the same information in return – at which time the Government balked and filed the Government Motion. The Thetford Plaintiffs are not, as the Government Motion alleged (at 7) asserting "new claims" with respect to the Disputed Properties, but are rather providing more details about the original claims they asserted at the outset of this case. This is precisely what the RCFC's discovery provisions are designed to accomplish: The fact that the Government now knows the identity of Disputed Properties does not show the inadequacy of the Thetford Plaintiffs' pleadings, but rather the fullness of their responses to the Government's discovery requests. Likewise, the Government is obliged to respond to the Thetford Plaintiffs' discovery requests, and its Government Motion should be denied.[2]

**2. The Takings Claims Of Thetford Plaintiffs In the Complaint More Than Satisfy The Notice Pleading Requirements Of RCFC 8(a)(2).**

To the extent that there is a question concerning whether the Complaint put the Government on notice of the Thetford Plaintiffs' takings claims with respect to the Disputed Properties, the Reply only demonstrates that the Thetford Plaintiffs' pleadings were more than satisfactory. In fact, the case the Government primarily relies upon – a recently-decided opinion of the U.S. Supreme Court, Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) – confirms that the Complaint meets the notice pleading requirements of RCFC 8 with respect to the Disputed Properties, even if Twombly "conspicuously tightened" (Reply at 2) the pleading rules established in the long-standing rule of Conley v. Gibson, 355 U.S. 41 (1957). Thus,

[2] The Government's Reply does not even address the Plaintiffs' Opposition's argument (at 8 n. 2) that, irrespective of the scope of the Thetford Plaintiffs' pleadings, they are entitled to discovery concerning the Disputed Properties, because such information may be immediately relevant to the claims of the other Plaintiffs. Oppenheimer Fund, 437 U.S. at 351 (1978) ("[c]onsistent with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.") (citations omitted). For this additional reason, the Government Motion should be denied.

> While a complaint attacked by a Rule 12(b)(b)(6) motion to dismiss ***does not need detailed factual allegations***, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. ***Factual allegations must be enough to raise a right to relief above the speculative level***, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Twombly, 127 S. Ct. at 1964 – 65 (intervening citations and footnotes omitted) (emphases added).[3]

Thus, Twombly stands for the proposition that a plaintiff must provide some factual support for its claims, and not rely on "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or mere speculation to state its case, but is not required to set out "in detail" the factual basis for his claim. In this case, Twombly only requires that the Thetford Plaintiffs present a cogent theory for their takings claim that rises above mere speculation and formulaic recitations. As the Government expressly admits, the Plaintiffs' 85-paragraph Complaint more than meets this standard here. Thus, referring to the claims of the Thetford Plaintiffs with respect to the projects that were listed in the original complaint, the Government concedes that "[w]e do not contend that the claims as to these projects are inadequately pled." Reply at 3 (emphasis original). Indeed, the Thetford Plaintiffs are not pleading anything different about the Disputed Projects than they pled about the projects listed in the Complaint. Thus, if the claims concerning the original Thetford properties were adequately pled, the requirements of Twombly are satisfied with respect to the Disputed Properties also.

3 The excerpt from Twombly cited in the Reply (at 3) is found in a footnote in the majority opinion that rebuffs the minority's contention that Fed. R. Civ. P. 8 does not require the plaintiff to plead any facts in its complaint. 127 S.Ct at 1965 n. 3. Indeed, the majority opinion reiterated the holding in Conley that "the Federal Rules eliminated the cumbersome requirement that a claimant 'set out ***in detail*** the facts upon which he bases his claim.'" *Id.*, *quoting* Conley, 355 U.S. at 47 (emphasis added by Twombly court). The footnote actually confirms that the Thetford Plaintiffs' pleading satisfied the requirements of RCFC 8.

The Government's dispute thus dissolves into a mere quarrel that the Thetford Plaintiffs did not specifically identify all of the properties that suffered the taking injury they alleged in the Complaint. Certainly, nothing in Twombly requires such specificity. Indeed, Twombly underscores the Plaintiffs' contention that the Government was put on notice of the Thetford Plaintiffs' claims when it observes that to survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual information." 127 S. Ct. at 1964. Indeed, there is nothing in Twombly to suggest that the Thetford Plaintiffs were required to specifically identify any of the properties they owned. So long as the Thetford Plaintiffs alleged that they owned HUD-insured properties whose right to prepay their mortgages was taken by ELIHPA and LIHPRHA – which the Government concedes they did – even the "tightened" pleading standards of Twombly were met. Nevertheless, the Government asserts that "a takings complaint that failed to include allegations identifying each property allegedly taken by the Government would fail to satisfy RCFC 8." Reply at 3. This assertion is unsupported by any legal authority – certainly, it is unsupported by Twombly.

Ultimately, the Government's position is that the Plaintiffs are supposed to include in their Complaint all possible facts and allegations that might eventually be determined by the Government to be relevant to their claims. That is certainly not the holding of Oppenheimer, Conley or Twombly, and it is not the standard that the Court should apply here.

### 3. In The Unlikely Event That the Court Concludes That the Disputed Properties Should Be Specifically Identified in the Complaint, The Court Should Grant Leave To The Plaintiffs To Amend The Complaint.

#### a. The Plaintiffs have satisfied the standard for amending the Complaint pursuant to RCFC 15(a).

In the unlikely event that the Court concludes that the Complaint should specifically identify the Disputed Properties, the Court should grant leave for the Plaintiffs to amend their

Complaint to do so. As the Plaintiffs' Opposition pointed out, under RCFC 15, leave to amend should be freely granted when justice so requires, and the Supreme Court has declared that "in the absence of circumstances such as bad faith, futility of amendment, undue delay, or undue prejudice to the opposing party," leave should be freely given. Foman v. Davis, 371 178, 181 – 82 (1962), ***quoted by*** Angelo v. United States, 57 Fed. Cl. 100, 104 (2003); Plaintiffs' Opposition at 9. None of these circumstances exist here.

Aside from boilerplate citations of cases discussing RCFC 15, the thrust of the Government's argument is that amendment should not be allowed here on the grounds that (1) because the Plaintiffs have amended their Complaint on several occasions previously, they should have previously amended their Complaint "to correct deficiencies" and (2) the Government will be prejudiced if the plaintiffs are allowed to amend here. Reply at 8. Neither argument supplies a basis to deny the Plaintiffs' Motion.

First, the fact that the Plaintiffs amended their complaint previously is no basis to deny them the right to amend now. Since the issue of the Disputed Properties did not arise until the Government refused to provide discovery responses concerning those properties in recent months, the Plaintiffs had no reason to amend their Complaint ten years ago – when the last amendment was filed – to include more specific information about the Disputed Properties in their prior amendments. Indeed, the Government's assertion that by amending their Complaint in the past, the Plaintiffs "recognized the need to obtain Court approval to add claims about additional low-income housing projects" (Reply at 4) is manifestly mistaken, both factually and as a matter of law, and demonstrates its fundamental inability to distinguish between the Plaintiffs and the properties they own. While the Plaintiffs have, on two occasions, moved to amend their pleadings to add – or in some cases, delete –specific Plaintiffs, they have never, as

the Government contends, added "claims about additional low-income housing projects."[4] The Government's attempt to make this a case about properties, not plaintiffs, is mistaken: it is plaintiffs, not properties, that have takings claims and the Thetford Plaintiffs have asserted the same takings claims since this case was originally filed.

If the Government had served discovery requests in the years immediately following the filing of the case, the status of the Disputed Properties would have surfaced long ago and been addressed then. Instead, the Government moved to stay this case, and the issue of the specific identify of the properties that were the subject of the Thetford Plaintiffs' claims did not arise until this spring, when the Government refused to respond to properly-served discovery requests with respect to those properties. Where, as here, a case has been stayed, dismissed, appealed and remanded, it is not surprising that such issues did not arise until discovery takes place. But the Thetford Plaintiffs cannot be blamed for that delay and they should not be punished because the status of the Disputed Properties did not surface until the Government's discovery responses were due. The fact that the Plaintiffs submitted prior amendments that addressed entirely unrelated topics provides no grounds to deny the proposed amendment here.

As a final objection, the Government asserts that it will be prejudiced if the Court allows amendment, but it fails to substantiate any of its claims. For example, it contends that many HUD employees who may provide relevant information have new jobs, retired, or died. The Government offers no affidavit or declaration to support this factual assertion, which in its present form is mere speculation that the Court should not consider. Moreover, the Disputed

[4] For the record, the Plaintiffs amended their Complaint to add a breach of contract claim as to all Plaintiffs (*see* Motion dated May 5, 1995), to make amendments so that pleadings in this case conformed to those for similarly situated plaintiffs in Algonquin Heights (*see* Motion dated April 27, 1997) and, as noted, to add or delete specific Plaintiffs on two other occasions (*see* Unopposed Motion dated March 14, 1994 and Unopposed Motion dated April 25, 1996).

Properties are all located in North Carolina, the same states in which the Thetford Plaintiffs' other properties are located. Presumably, the same HUD personnel who are witnesses for the previously-listed Thetford properties would be the witnesses concerning the Disputed Properties. As a result, there will not be any more prejudice to the Government in obtaining witnesses to testify concerning the Disputed Properties than for the properties already listed in the Complaint. Certainly, witnesses who have retired or taken new employment are not beyond subpoena, and would present no more prejudice to the Government than to the Plaintiffs. Further, although the Government contends (Reply at 9) that "it is a near certainty" that documents pertaining to the Disputed Properties have not been retained by HUD, it offers no declarations or affidavits to support that contention. Indeed, since the Government has refused to conduct any discovery concerning the Disputed Properties, it can only speculate about whether documents have been destroyed and if so, whether the missing documents might substantively impact the Government's ability to make a defense. Again, there is no reason to believe that the Government would be helped or hurt any more than the Plaintiffs would be by those purportedly missing documents. In any event, the Government's mere speculation that it may not have retained some documents is insufficient grounds to deny the proposed amendment.

**b. Any amendment would relate back to the filing of the original complaint, pursuant to RCFC 15(c).**

Contrary to the Government's claim, any amendment to the Complaint concerning the Disputed Properties would relate back to the date of the original complaint in this case, pursuant to RCFC 15(c), which provides that a claim relates back to the "date of the original pleading when," among other circumstances, "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." That is manifestly the case here: the taking that caused the injury to the Thetford

Plaintiffs with respect to the Disputed Properties is the same taking that caused the injury with respect to their other properties. There was no other or additional taking with respect to the Disputed Properties. It was clearly the same "conduct, transaction or occurrence" – that is, the enactment and implementation of the Preservation Statutes – that applied to all of the Thetford Plaintiffs' properties and that is the subject of their claims here. "[T]he inquiry in a determination of whether a claim should relate back will focus on the notice given by the ***general fact situation*** set forth in the original pleading." Barron Bancshares, Inc. v United States, 366 F.3d 1360, 1369 (Fed. Cir. 2004) (emphasis added), *quoting* Snoqualmie Tribe v. United States, 178 Ct. Cl. 570, 372 F.2d 951, 960 (Ct. Cl. 1967); System Fuels, Inc. v. United States, 65 Fed. Cl. 163, 170 – 71 (2005) (relation back of entirely new parties allowed). Because the Complaint provided ample notice to the Government of the "general fact situation" of the Thetford Plaintiffs claims – which are the same with respect to the Disputed Properties as they are with respect to the properties identified in the Complaint – relation back of the claims concerning the Disputed Properties should be permitted pursuant to RCFC 15(c).

## CONCLUSION

For the foregoing reasons, the Government Motion should be denied. However, to the extent that the Court believes that the Disputed Properties should be specifically identified in the Complaint, the Plaintiffs' Motion should be granted to allow the Thetford Plaintiffs to do so.

Dated: July 6, 2007

Respectfully submitted:

/s/ Harry J. Kelly________

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

Attorneys for the Plaintiffs

CERTIFICATE OF FILING

I hereby certify that on the 6th day of July, 2007, a copy of the foregoing Plaintiffs' Reply In Support Of Their Motion To Amend Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing has been transmitted by facsimile to the Government's counsel, David Harrington, Esq.

/s/ Harry J. Kelly