**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

On February 26, 2007, the United States filed a motion to compel answers to three interrogatories. To apprise the Court of recent developments occurring after the conclusion of briefing on March 26, 2007, the United States respectfully submits this supplemental brief.

**Interrogatories 5 And 6**

Interrogatory 5 asked plaintiffs to identify the date on which they contend that HUD rendered a final decision applying ELIHPA such that their as applied, regulatory taking claims ripened. Interrogatory 6 posed the same interrogatory with respect to LIHPRHA.

Plaintiffs objected that these interrogatories were unclear, but acknowledged that the United States had clarified the interrogatories in a February 5, 2007 letter. Pls.' Response at 7. Plaintiffs then stated that they "did not refuse to respond to this newly restated interrogatory, but offered to provide a supplemental answer when the Government's document production was complete." Pls.' Response at 7. Time has shown this to be an empty promise.

Defendant's document production was largely completed on April 12, 2007. Some additional documents were produced on May 2, 2007.[1] In a May 23, 2007 letter, counsel for plaintiffs wrote:

> We discussed the deadline for the parties' to respond to each others outstanding discovery requests and to supplement interrogatory answers. We agreed that all discovery responses and supplements will be due on June 15, 2007.

Letter from Harry Kelly to David A. Harrington at 1 (May 23, 2007) (attached as Exhibit A). Yet, when plaintiff served supplemental interrogatory answers, no supplemental response to interrogatories 5 or 6 was tendered.

In their response brief, plaintiffs also asserted that the United States "should simply draft new interrogatories and serve them on plaintiffs." Pls.' Response at 8. The United States served such interrogatories on May 1, 2007. After receiving two extensions, plaintiffs served their response to the United States' restated interrogatories on June 20, 2007. See Pls.' Response to Def.'s Third Set of Interrogatories at 7-8 (interrogatories 20 and 21) (attached as Exhibit B). Remarkably, rather providing substantive answers, plaintiffs objected that the restated interrogatories were "largely duplicative of" Interrogatories 5 and 6 and, consequently, incorporated by reference their objections to the United States original interrogatories.[2]

---

[1] The plaintiffs did not serve requests for production concerning 14 of the Algonquin Heights plaintiffs (the "Cambridge Square and Carriage House plaintiffs") until May 15, 2007. Documents concerning these plaintiff were produced on June 6, 2007 and June 15, 2007. Because the United States' first set of interrogatories does not seek information about these plaintiffs, this document production has no bearing on this motion.

[2] Plaintiffs further objected that interrogatories 20 and 21 exceeded the number of interrogatories that a party may serve without leave of court. Ex. B at 7-8. Plaintiffs are mistaken because a party may serve 25 interrogatories without judicial leave. RCFC 33(a).

Thus, despite the fact that the United States completed document production months ago, filed a motion to compel, and served new interrogatories that addressed plaintiffs' previously-stated objections, the United States has been unable to get basic information about plaintiffs claims through written discovery. The plaintiffs' intransigence has complicated discovery and is necessitating more extensive depositions discovery that would otherwise be required.[3]

**Interrogatory 7**

In their March 23, 2007 response brief, plaintiffs stated that they "are more than able to state now the reasons why they believed they could not prepay pursuant to the Preservation Statutes." Pls.' Response at 12. As noted above, on May 23, 2007, plaintiffs agreed to provide supplemental interrogatory answers on June 15, 2007. Ex. A at 1. This date was later changed to June 20, 2007.

Despite their representation that they "are more than able" to answer interrogatory 7, and counsel's representation that supplemental answers would be provided on June 20, 2007, plaintiffs have provided no answer to an interrogatory posed in July 2006.

Deposition discovery on ripeness has begun and will be continuing in July and August. The United States' inability to obtain answers to interrogatories posed over a year ago lengthens and unnecessarily complicates this discovery. The United States respectfully reiterates its request that plaintiffs be compelled to provide a full answer to interrogatory 7.

[3] The United States has taken two depositions and anticipates taking numerous additional depositions of plaintiffs in upcoming weeks.

**CONCLUSION**

For these reasons, the Court should grant the United States' motion to compel and order plaintiffs to provide answers to interrogatories five, six and seven.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0465

July 6, 2007 Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 6th day of July 2007, a copy of "DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO INTERROGATORIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington