IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANAHEIM GARDENS, ET AL., Plaintiffs | ) | **PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD SET OF INTERROGATORIES** |
| - vs - | ) | No. 93-655C |
| THE UNITED STATES, Defendant | ) | Judge Robert H. Hodges, Jr. |

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims, Plaintiffs, Anaheim Gardens, B-L Associates, Joseph R. Biafora and Stefi Biafora, C-W Associates, L.P., Cedar Gardens Associates, Glenview Gardens L.P., Peter Hwei-Yang Hsi and Priscilla Lai-Fong Hsi, Indian Head Manor L.P. I, Norman M. Kronick and Louis Dulien, Metro West Ltd., L.P., Millwood Associates, L.P., Napa Park Apartments, L.P., Ontario Townhouses, L.P., The Palomar Apartments, L.P., Rock Creek Terrace, L.P., Sierra Vista One, L.P., Silverlake Village, L.P., Thetford Properties III, Thetford Properties IV, 620 Su Casa Por Cortez, 825 San Tomas Apartments, L.P., and 5234 Foothill Apartments[1] ("Plaintiffs"), by their attorneys Nixon Peabody LLP, make the following general and specific objections to the "Defendant's Third Set of Interrogatories" (collectively, "Interrogatories" and individually, each an "Interrogatory") propounded by Defendant, The United States.

---

[1] Plaintiffs respond on behalf of the following subject properties: Anaheim Gardens, 1550 Beacon Plaza, 100 Centre Plaza, Cedar Gardens, Glenview Gardens Apartments, Indian Head Manor Apartments, Millwood Apartments, Metro West Apartments, Millwood Townhouses, Napa Park Apartments, Halawa View Apartments, Ontario Townhouses, Parthenia Manor Apartments, Waipahu Tower, Rock Creek Terrace Apartments, Sierra Vista I, Silverlake Village, The Palomar, River Falls Apartments, Market North Apartments II, Washington Street Apartment d/b/a Deanswood Apartments, Glendale Court Apartments, Jefferson Court Apartments, Market North Apartments I, Southgate Apartments, Su Casa Por Cortez, San Tomas Gardens, and Foothill Plaza.

## GENERAL OBJECTIONS

1. Plaintiffs object to the Interrogatories that attempt to elicit documents or information that are or may be protected by the attorney-client privilege, the work product doctrine, and any other legally cognizable privilege or protection from disclosure. Inadvertent disclosure of any privileged or protected information shall not be a waiver of any claim or privilege or protection.

2. Plaintiffs object to each Interrogatory that is vague, ambiguous, irrelevant to the claim of ripeness, overbroad, calculated to cause undue burden and expense, and/or that seeks information outside the scope of permissible discovery.

3. Plaintiffs object to each Interrogatory that seeks information not within its possession, custody, or control.

4. Plaintiffs object to each Interrogatory that seeks documents or information within Defendant's knowledge and possession or to which Defendant has equal access.

5. Plaintiffs object to each Interrogatory that contains terms or phrases that are undefined.

6. Plaintiffs object to each Interrogatory that is unlimited in time or otherwise not limited to a reasonable time frame relevant to this litigation.

7. Plaintiffs object to each Interrogatory to the extent that discovery is ongoing in this matter, and it may not yet be in possession of all information necessary to respond in full to the Interrogatory. In this event, Plaintiff will supplement its answer at the appropriate time.

8. Plaintiffs object to each Interrogatory including the instructions and definitions thereto that impose discovery obligations that exceed the Rules of the United States Court of Federal Claims.

The foregoing General Objections are incorporated by reference within each of its answers and all answers are made subject to, and without waiving, those General Objections, whether or not specifically reiterated in the answers themselves.

**INTERROGATORY NO. 16:**

Identify every owner, including general partners and limited partners, current and former, who invested in each of the subject properties. For each owner indicate their ownership interest, the period of time for which that ownership interest was held, and any other subject property in which that owner invested.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to interrogatory on the ground that it is duplicative of Defendant's Interrogatory No. 1 propounded in Defendant's First Set of Interrogatories. Further, Plaintiffs incorporate both the objections and responses previously provided to Defendant in response to Interrogatory No. 1 as the response to this request.

**INTERROGATORY NO. 17:**

For each subject property describe in detail all actions taken pursuant to the administrative process established in ELIHPA including, but not limited to, whether you submitted a notice of intent to HUD, the date upon which any notice of intent was submitted to HUD, the stated purpose of the notice of intent (e.g., prepayment, sale, incentive), the date upon which you submitted an appraisal to HUD, whether you submitted a plan of action to HUD, the date upon which any plan of action was submitted to HUD, the purpose of any plan of action submitted to HUD (e.g., prepayment, sale or incentives), the date upon which any submitted plan of action was approved or rejected by HUD, the date upon which any funding for any approved plan of action was provided by HUD, the date upon which you executed any use agreement

concerning the subject property, the date upon which any sale of the subject property was consummated, and the date upon which you prepaid the Government-insured mortgage upon the subject property.

**RESPONSE:**

In addition to the stated General Objections, Plaintiffs object to interrogatory on the ground that it is largely duplicative of Defendant's Interrogatory No. 2 propounded in Defendant's First Set of Interrogatories. In addition, Plaintiffs object to this interrogatory on the ground that to the extent it is not duplicative of Interrogatory No. 2 it exceeds the number of interrogatories Defendant is permitted to ask Plaintiffs without leave of Court. To the extent this interrogatory is duplicative of Interrogatory No. 2, Plaintiffs incorporate both the objections and responses previously provided to Defendant in response to Interrogatory No. 2 as the response to this request.

**INTERROGATORY NO. 18:**

For each subject property describe in detail all actions taken pursuant to the administrative process established in LIHPRHA including, but not limited to, whether you submitted a notice of intent to HUD, the date upon which any notice of intent was submitted to HUD, the stated purpose of the notice of intent (e.g., prepayment, sale, incentive), the date upon which you submitted an appraisal to HUD, whether you submitted a plan of action to HUD, the date upon which any plan of action was submitted to HUD, the purpose of any plan of action submitted to HUD (e.g., prepayment, sale or incentives), the date upon which any submitted plan of action was approved or rejected by HUD, the date upon which any funding for any approved plan of action was provided by HUD, the date upon which you executed any use agreement

concerning the subject property, the date upon which any sale of the subject property was consummated, and the date upon which you prepaid the Government-insured mortgage upon the subject property.

**RESPONSE**:

In addition to the stated General Objections, Plaintiffs object to interrogatory on the ground that it is largely duplicative of Defendant's Interrogatory No. 3 propounded in Defendant's First Set of Interrogatories. In addition, Plaintiffs object to this interrogatory on the ground that to the extent it is not duplicative of Interrogatory No. 3 it exceeds the number of interrogatories Defendant is permitted to ask Plaintiffs without leave of Court. To the extent this interrogatory is duplicative of Interrogatory No. 3, Plaintiffs incorporate both the objections and responses previously provided to Defendant in response to Interrogatory No. 3 as the response to this request.

**INTERROGATORY NO. 19:**

For each subject property, describe in detail all communications between you and HUD relating to the possible prepayment of the property's Government-insured mortgage.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to interrogatory on the ground that it is duplicative of Defendant's Interrogatory No. 4 propounded in Defendant's First Set of Interrogatories. In addition, Plaintiffs object to this interrogatory on the ground that it exceeds the number of interrogatories Defendant is permitted to ask of Plaintiffs without leave of Court.

Plaintiffs incorporate both the objections and responses previously provided to Defendant in response to Interrogatory No. 4 as the response to this request.

**INTERROGATORY NO. 20:**

For each subject property, state whether you contend that HUD reached a final decision regarding application of ELIHPA to the subject property such that your as-applied taking claim ripened and, if so, identify the date upon which you contend HUD reached this final decision and state all facts upon which you base your contention.

**RESPONSE:**

In addition to the stated General Objections, Plaintiffs object to interrogatory on the ground that it is largely duplicative of Defendant's Interrogatory No. 5 propounded in Defendant's First Set of Interrogatories. In addition, Plaintiffs object to this interrogatory on the ground that to the extent it is not duplicative of Interrogatory No. 5 it exceeds the number of interrogatories Defendant is permitted to ask Plaintiffs without leave of Court. To the extent this interrogatory is duplicative of Interrogatory No. 5, Plaintiffs incorporate both the objections and responses previously provided to Defendant in response to Interrogatory No. 5 as the response to this request.

**INTERROGATORY NO. 21:**

For each subject property, state whether you contend that HUD reached a final decision regarding application of LIHPRHA to the subject property such that your as-applied taking claim ripened and, if so, identify the date upon which you contend HUD reached this final decision and state all facts upon which you base your contention.

**RESPONSE:**

In addition to the stated General Objections, Plaintiffs object to interrogatory on the ground that it is largely duplicative of Defendant's Interrogatory No. 6 propounded in Defendant's First Set of Interrogatories. In addition, Plaintiffs object to this interrogatory on the ground that to the extent it is not duplicative of Interrogatory No. 6 it exceeds the number of interrogatories Defendant is permitted to ask Plaintiffs without leave of Court. To the extent this interrogatory is duplicative of Interrogatory No. 6, Plaintiffs incorporate both the objections and responses previously provided to Defendant in response to Interrogatory No. 6 as the response to this request.

**INTERROGATORY NO. 22:**

For each subject property, state whether you contend that applying to prepay pursuant to the Preservation States was futile and, if so, state all facts upon which you base your contention.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to interrogatory on the ground that it is duplicative of Defendant's Interrogatory No. 7 propounded in Defendant's First Set of Interrogatories. In addition, Plaintiffs object to this interrogatory on the ground that it exceeds the number of interrogatories Defendant is permitted to ask of Plaintiffs without leave of Court. Plaintiffs incorporate both the objections and responses previously provided to Defendant in response to Interrogatory No. 7 as the response to this request.

**INTERROGATORY NO. 23:**

For each request to admission to which you responded with anything other than an unqualified admission, describe in detail the basis for your answer.

**RESPONSE:**

Plaintiffs object to this interrogatory on the ground that it is overly broad and burdensome. Where an admission or denial is a qualified in Plaintiffs' responses to Defendant's Third Set of Requests for Admission, the basis for the qualification is stated in the response to the request.

Dated: June 20, 2007

Respectfully Submitted:

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that two (2) true and correct copies of the forgoing were served this 20th day of June, 2007, by federal express, upon the following:

David Harrington, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Room 12136
Washington, DC 20530

Harry J. Kelly