**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ANAHEIM GARDENS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 93-655C<br>Judge Robert H. Hodges, Jr. |

| | |
|---|---|
| **ALGONQUIN HEIGHTS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 97-582C<br>Judge Robert H. Hodges, Jr. |

**PLAINTIFFS' EMERGENCY MOTION TO EXTEND DISCOVERY DEADLINE**

The Plaintiffs, by and through undersigned counsel, respectfully request the Court to extend the deadline for discovery in the above-referenced cases from August 31, 2007 through and including September 28, 2007. This short extension is necessary to complete discovery. No trial date or date for dispositive motions has been set in either matter. As a result, neither the Government, nor the Court will be negatively impacted by an extension of what is essentially an artificial deadline. Previously, on several occasions the parties mutually agreed, with Court approval, to extend the discovery deadline to accommodate the extensive discovery completed to date. However, now that its discovery needs have largely been satisfied, and the Government has taken, or will take, 50 depositions, the Government refuses to agree to the Plaintiffs

reasonable request for a short period of additional time to complete their depositions of Government witnesses. This is the first time the Plaintiffs have asked the Court to extend the discovery deadline.

**BACKGROUND**

Discovery in this case commenced shortly after it was remanded to the Court of Federal Claims. To date, the parties have exchanged a total of more than 300,000 pages of documents gathered from locations around the country and produced in multiple installments in the course of a rolling production. The Plaintiffs completed their principal document production in January 2007. The Government just recently completed its principal document production in June 2007. In addition to document discovery, both parties served multiple sets of written discovery requests. Responses to those requests were also served in multiple installments which were completed on June 20, 2007.

In the last motion setting a discovery deadline, the parties agreed to delay the taking of depositions until July 2007 (*see* Second Joint Motion to Enlarge Discovery Schedule (Exhibit A hereto)). Nonetheless, despite its earlier agreement, the Government noticed depositions before the end of June 2007. The Plaintiffs were not happy with the unilateral acceleration of the schedule, but notwithstanding that position, the Plaintiffs accommodated the Government's requests. The first deposition was taken by the Government on June 25, 2007.[1] As of the date of this motion, the Government has taken 30 depositions, 10 of which were completed in the last week alone. And, more are scheduled. Specifically, there are 16 depositions scheduled for the last two weeks of the present discovery period (the weeks of August 20th and 27th) and several

1 Anticipating that the Government's depositions would consume the majority of the available time for depositions, Plaintiffs notified the Government of the possibility that additional depositions would have to take place after August 31, 2007.

require travel to New York City and Fort Worth, Texas.[2] In other words, because of the extensive number of depositions noticed and conducted, the Government has monopolized all of the available time for depositions in the ten week period set aside for depositions between June 25, 2007 and August 31, 2007.

In addition, discovery has been slowed by a number of motions filed by the parties. Several of these motions are still pending, further frustrating the Plaintiffs' ability to complete discovery. These outstanding motions include:

1. **Government's Motion to Compel Anaheim Gardens (Dkt #143) and Algonquin Heights (Dkt # 34)**. This motion challenges Plaintiffs' responses to the Governments' discovery requests. Although discussed at the July 20, 2007 hearing, no final action has been taken and no order has been entered.

2. **Government's Motion For Protective Order Anaheim Gardens (Dkt #147).** In this motion, the Government seeks court approval of its refusal to provide discovery with respect to a number of properties owned by two plaintiffs, Thetford Properties III, L.P. and Thetford Properties IV, L.P. (jointly, the "Thetford Plaintiffs"). Although the Plaintiffs produced complete written and documentary discovery to the Government concerning these properties, the Government has not produced a single document in response to the Plaintiffs' multiple discovery requests. The briefing of this motion is complete, but no order has been entered.

2 While refusing to agree to an extension of discovery in order for the Plaintiffs to take depositions, the Government's counsel recently stated that if the depositions the Government has scheduled for August 31, 2007, the last day of the present discovery period, are not completed, he "reserves the right" to hold them over into September. This highlights the Government's arrogance in expecting that all courtesies be extended to it, while denying the same to the Plaintiffs.

3. **Plaintiffs' Renewed Motion to Amend Complaint Algonquin Heights (Dkt. #40).** The Plaintiffs filed this motion when the Government refused to provide discovery responses concerning four plaintiffs who were added to the case in the Second Amended Complaint. Pursuant to RCFC 15(a), the Government originally consented to the amendment adding these Plaintiffs in May 1998, however, the Government now purports to withdraw that consent and refuses to engage in discovery with respect these Plaintiffs.

4. **Plaintiff's Motion Concerning Deemed Admissions, Algonquin Heights (Dkt.# 46).** This motion relates to fourteen Plaintiffs in the Algonquin Heights case. The Government asserts that certain admissions are deemed admitted with respect to these Plaintiffs, and Plaintiffs contend that is not true. Plaintiffs reply brief is due August 24, 2007.

## ARGUMENT

A brief extension of the discovery schedule is appropriate where, as here, the requesting party has been diligent in pursuing discovery and the remaining discovery is necessary. Notwithstanding the Plaintiffs diligent efforts in discovery, several additional areas of discovery remain to be completed that are critical to the preparation of the Plaintiffs' case, including most particularly, depositions of Government witnesses. A short extension of the discovery period is not only justified to assure that the Plaintiffs can complete their preparation, it is necessary to give the Plaintiffs the same opportunity that the Government has had to prepare its case.

As noted above, at the present time there are several pending motions that directly impact on discovery. Until those motions are decided, discovery will necessarily be incomplete with respect to the properties and plaintiffs who are the subject of those motions. For example, as

explained above, several of the outstanding motions address the Government's refusal to provide discovery with respect to a substantial number of Plaintiffs. If the Plaintiffs are put in a position where they must depose Government witnesses prior to resolution of these motions, and the Government subsequently loses the motions, the Plaintiffs will be forced to re-depose many of those same witnesses again. It is patently unreasonable and unjust to impose the burden of such additional costs and expenses on the Plaintiffs when it is not necessary and it is only being done to adhere to a deadline that is not tied to a dispositive motion or trial date.[3]

Setting aside the issue of the pending motions, discovery is not complete because of the practical reality that by insisting on conducting 50 RCFC 30(b)(6) depositions the Government has monopolized all of the available time for depositions in this case. In its unsigned "Draft" order dated July 30, 2007, the Court granted the Government permission to conduct as many 30(b)(6) depositions as it wished, although, the Court also suggested that steps be taken by the parties to narrow the scope of the depositions. Despite this suggestion, the Government did not significantly alter its original deposition plans, and instead it continued on with substantially the same aggressive deposition schedule it had proposed prior to the hearing. This schedule was such that it left no time for the Plaintiffs to conduct their own depositions.

To be clear, the Plaintiffs do not propose to conduct nearly as many depositions as the Government has in this case. However, the Plaintiffs do need to depose several current and former HUD officials. Specifically, Plaintiffs wish to serve approximately eight to ten RCFC 30(b)(6) deposition notices in each matter which could likely involve deposing more or less than

---

3 The Government has stated its agreement that a schedule for additional document and written discovery with respect to the Plaintiffs that are the subject of the pending motions will have to be separately negotiated following the Court's rulings if those rulings, for example, result in the Government having to provide documents and written discovery that has not yet been provided. In other words, it is very likely that notwithstanding the present motion, additional discovery will be necessary after the Court rules on the pending motions.

one person per notice depending upon whom the Government designates.[4] The requested four week period should be sufficient to complete the 16-20 depositions Plaintiffs expect to take.

In seeking a brief extension to conduct their depositions, the Plaintiffs are not requesting anything extraordinary. Nor are they requesting anything more than what the Government has been entitled to do. Simply, they are asking for the opportunity to take the depositions of persons with discoverable knowledge. The Government was permitted to obtain all of the deposition discovery it desired, and the Plaintiffs should be afforded an equal opportunity. To deny this right will be to put the parties in a position so that when dispositive motions are ultimately filed, both sides will not be on equal footing. To avoid this unjust result, the Plaintiffs respectfully request that the Court extend the discovery deadline through and including September 28, 2007.

---

4 For example, one 30(b)(6) notice seeks the person or persons at the Department of Housing and Urban Development ("HUD") who can testify about the ability of each of the Plaintiffs to prepay under the Emergency Low Income Housing Act of 1987 ("ELIPHA") and the Low Income Housing Preservation and Residence Act of 1990 ("LIHPRHA"). This topic goes directly to the issue of ripeness. Another 30(b)(6) notice seeks the person or persons who can testify about the specific properties that were allegedly permitted to prepay under ELIHPA and LIHPRHA and the details surrounding those prepayments since the Government's interrogatory response to an inquiry about this subject matter was incomplete and only stated, in reliance on a 1997 affidavit in another matter, that three such properties exist without identifying who they were, where they were located, etc. Again, this issue is squarely relevant to the ripeness inquiry.

## CONCLUSION

For the foregoing reasons, the Plaintiffs Motion To Extend Discovery Deadline should be granted.

Dated: August 17, 2007

Respectfully submitted:

___/s/ Harry J, Kelly___________

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

Attorneys for the Plaintiffs

**CERTIFICATE OF FILING**

I hereby certify that on the 17th day of August, 2007 , a copy of Plaintiff's Emergency Motion to Extend Discovery Deadline was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing has been delivered by electronic mail to Defendant's counsel, David Harrington.

/s/ Harry J. Kelly______

# EXHIBIT A

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ANAHEIM GARDENS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 93-655C<br>Judge Robert H. Hodges, Jr. |

| | |
|---|---|
| **ALGONQUIN HEIGHTS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 97-582C<br>Judge Robert H. Hodges, Jr. |

**SECOND JOINT MOTION TO ENLARGE DISCOVERY SCHEDULE**

The parties jointly request that the Court modify the schedule in this case to enlarge the period for discovery, through and including August 31, 2007, and state the following as grounds for the requested relief:

In the summer of 2006, the parties submitted a joint status report outlining, among other matters, a proposed discovery schedule in this case. Specifically, the parties proposed a discovery deadline of January 31, 2007. On August 14, 2006, the Court entered an order (the "Order") that, among other things, endorsed the January 31, 2007 discovery deadline. The parties conducted discovery activities pursuant to that order, with the Plaintiffs delivering tens of thousands of pages of documents and written

discovery responses during the original discovery period. In response to the Plaintiffs' discovery request, the Government also initiated discovery during this period.

Recognizing that the scope of the parties' discovery requests was extensive and required additional time in which to complete production of documents and preparation of final discovery responses, the parties filed a Joint Motion To Enlarge Discovery Schedule ("Joint Motion") on December 22, 2006, requesting that the Court extend the discovery deadline through and including May 31, 2007. An order granting that request was entered on January 2, 2007.

Since that time, the parties have continued to pursue their discovery activities. In particular, the Government has continued to produce tens of thousands of pages of its own documents to the Plaintiffs, along with written responses to discovery requests. Although some discovery disputes emerged that resulted in a motion to compel since the filing of the Joint Motion, the parties have addressed and resolved a number of other discovery issues amicably.

Notwithstanding this hard work, the parties believe that additional time is required to complete discovery in this case. In part, this is based on additional discovery requests that have been or shortly will be filed, which the parties anticipate will require additional time to answer. In addition, the parties expect that several weeks will be necessary to conduct depositions after the written discovery is finished.

Consequently, the parties request that the discovery deadline be extended through and including August 31, 2007. The parties expect to complete document production and written discovery by the end of June 2007, and anticipate taking depositions in the weeks thereafter.

This is the second time that the parties have asked for an extension in the discovery deadline. The parties have worked diligently to advance discovery since the filing of the Joint Motion, but given the number of parties, documents and issues involved, they have made significant progress and believe that the remaining time will allow them to complete discovery in an orderly manner so that all parties have the information necessary to prepare their summary judgment briefs on the pending ripeness issues. Pursuant to the Order, the parties will file an additional joint status report after the close of discovery proposing a briefing schedule for summary judgment motions on ripeness and addressing any other issues that may be outstanding at the time. They do not believe that any other modifications in the Order are appropriate at this time. No trial date has been set in this case.

Accordingly, the parties request that the deadline to complete discovery on ripeness in this matter be extended through and including August 31, 2007.

Respectfully submitted:

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

Attorneys for the Plaintiffs

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0277
(202) 307-0972 (fax)

Attorneys for Defendant

May 4, 2007