**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 93-655C (Judge Robert H. Hodges) |
| ALGONQUIN HEIGHTS, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 97-582C (Judge Robert H. Hodges) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY DEADLINE**

Plaintiffs in these actions have filed an "emergency motion" to extend the period for discovery through the end of September 28, 2007. This "emergency" is entirely of plaintiffs' own making. Ripeness discovery has been open for over one year, the Court has twice extended the period for discovery, and the United States began taking ripeness depositions in June in order to meet the judicially-established deadline. Moreover, the United States repeatedly urged the plaintiffs to take steps to complete their discovery by the August 31, 2007 deadline and, indeed, requested on multiple occasions that plaintiffs' identify witnesses so that depositions could be arranged. In spite of these efforts, plaintiffs failed to consult with the United States about the

scheduling of their own depositions, failed to notify the United States of prospective witnesses or subject areas and, until yesterday, had served no deposition notices.

Now, mere days before discovery is to close, plaintiffs have served six deposition notices that require the United States to locate, identify and prepare witnesses to testify on 16 vaguely defined subjects with respect to over 70 different HUD projects. Plaintiffs have failed to provide the "reasonable notice" required by RCFC 30(b). See In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 230 (N.D. Ill. 2005). Accordingly, the Court should deny plaintiffs' motion for a third enlargement of the period for ripeness discovery and enter a protective order with respect to the plaintiffs' recently-noticed depositions.

## BACKGROUND

On August 14, 2006, the Court directed that the parties commence discovery on ripeness and provided that the discovery period would close January 31, 2007. Order of Judge Hodges (Aug. 14, 2006) (docket no. 138). At the request of the parties, the Court extended the discovery deadline to May 31, 2007, and then, to August 31, 2007. Order of Judge Hodges (Jan. 2, 2007) (docket no. 142); Order of Judge Hodges (May 15, 2007).

The United States originally proposed that the second enlargement be only 30 days, but acquiesced to plaintiffs' request that the parties seek a longer enlargement. Letter from David A. Harrington to Harry Kelly at 3 (Apr. 26, 2007) (attached as Exhibit A) (at the same time urging plaintiffs to take steps "to enable deposition discovery to go forward"). Plaintiffs objected to the United States' efforts to begin deposition discovery in June 2007. Nevertheless, by June 21, 2007, the United States had notified plaintiffs of the depositions it expected to take and proposed

a schedule that would complete deposition discovery by the August 31, 2007 deadline. See Letter from David A. Harrington to Harry Kelly (June 21, 2007) (attached as Exhibit B).

Five days later, on June 26, 2007, the United States presented a revised deposition schedule to accommodate scheduling requests of plaintiffs and their counsel. Letter from David A. Harrington to Harry Kelly at 1 (June 26, 2007) (attached as Exhibit C). The letter stated:

> Given that many open days exist in July and August and that substantial resources are available to a national firm such as Nixon Peabody, **we do not agree to [plaintiffs'] proposal to extend the discovery deadline**, which has already been extended twice. If taking depositions on open dates are not feasible, however, **we are willing to consider double tracking depositions to enable you to complete deposition discovery before August 31, 2007**.

Id. (emphasis added). Despite this offer, plaintiffs did not attempt to schedule at that time any depositions in either July or August 2007.

By early August, plaintiffs still had not noticed any depositions. Noting that the period for discovery was coming to a close, the United States wrote plaintiffs' counsel urging them to confer about preferred dates and places if they wished to take depositions:

> As you are aware, the United States consulted with you about preferred deposition locations and times, and worked to facilitate a mutually acceptable schedule for needed depositions. The vast majority of plaintiffs' requests were accommodated. To date, we have received no similar inquiries about depositions of Government witnesses. Less than four weeks remain before the close of discovery. **If plaintiffs intend to take any ripeness depositions, please notify us promptly so that witnesses can be informed, necessary travel arranged, appropriate preparations made, and a mutually agreeable schedule established.**

Letter from David A. Harrington to Harry Kelly at 1 (Aug. 6, 2007) (attached as Exhibit D). When plaintiffs still did not respond, the United States again wrote to plaintiffs' counsel:

> As you are well aware, the period for ripeness discovery has been open for over a year and is rapidly drawing to a close. In my August 6, 2007 letter, I explained that we had received no inquiries from plaintiffs about depositions of Government witnesses and urged that you arrange any such depositions promptly "so that witnesses can be informed, necessary travel arranged, appropriate preparations made, and a mutually agreeable schedule established." Letter from David A. Harrington to Harry J. Kelly at 1 (Aug. 6, 2007). Over one week has passed, during which time the United States has taken eight ripeness depositions, and still plaintiffs have neither inquired about the availability of witnesses nor served deposition notices. You have in the past suggested that plaintiffs were planning to take ripeness depositions. If that is still the case, **your delay in serving notice is prejudicial** and reflects a lack of professional courtesy that stands in stark contrast to our own ongoing efforts to accommodate the schedules and preferences of you and your clients. **If plaintiffs intend to take any ripeness depositions, please hand serve deposition notices immediately, but in no event later than 2:00 p.m., Friday, August 17, 2007, so that we can determine whether we can accommodate your requests or should seek a protective order.**

Letter from David A. Harrington to Harry Kelly at 1 (Aug. 15, 2007) (attached as Exhibit E). Still no deposition notices were served by plaintiffs. E-mail from David A. Harrington to Harry Kelly (Aug. 17, 2007) (attached as Exhibit F). Rather, after the close of business on Friday, August 17, 2007, plaintiffs filed an "emergency motion" seeking to extend the deadline for discovery in these actions.

## ARGUMENT

Plaintiffs have failed to establish good cause for further extending the discovery deadline in this action. They have been provided over one year to conduct written and deposition discovery. The fact that they have not fully taken advantage of the opportunity does not constitute a basis for altering the Court-established deadline. Indeed, the United States

repeatedly urged plaintiffs to take the steps necessary to schedule depositions within this deadline.

Plaintiffs contend that the United States "monopolized all of the time available for taking depositions in this case." Pls.' Mot. at 5. Plaintiffs statement is factually inaccurate. On 24 business days during the months of July and August 2007, no ripeness depositions were taken by the United States. Further, the fact that the United States noticed depositions did not prevent plaintiffs from doing the same. Two months ago, on June 27, 2007, the United States offered to work with plaintiffs to schedule any depositions that they wished to take. Ex. C. In so doing, the United States specifically offered to double track depositions to enable plaintiffs to meet the August 31, 2007 deadline. Plaintiffs' counsel – Nixon Peabody – is one of the largest law firms in the United States, which, according to its own website, employs over 700 attorneys. It simply is not credible, with the resources available to plaintiffs and the cooperation offered by the United States, that the plaintiffs were unable to complete discovery by the August 31, 2007 deadline in these actions.

Yesterday, August 20, 2007, plaintiffs served their first deposition notices in these action. These notices seek to depose "the United States," pursuant to Rule 30(b)(6), on August 30, 2007, and August 31, 2007, and request that the United States identify, prepare and produce "the most knowledgeable person" to testify about 16 different subject areas and over 70 different HUD projects. Exs. G-L.

Rule 30(b) requires that "reasonable notice" of a deposition be given. RCFC 30(b). Yet plaintiffs waited until 10 days before the discovery deadline. They noticed depositions at the end of a week when plaintiffs knew that the lead attorney for the United States would be on vacation.

They served the notices in these complex cases that concern events occurring over 10 years ago. They seek testimony from "the United States" about 16 different subject areas (many of which are poorly defined) and more than 70 different HUD projects. Such a belated request would not be reasonable under any circumstance. Plaintiffs' actions are even more egregious here, because the United States over two months repeatedly attempted to confer about the scheduling of any depositions that the plaintiffs sought to take. E.g., Ex. D ("please notify us promptly so that witnesses can be informed, necessary travel arranged, appropriate preparations made, and a mutually agreeable schedule established").

The Court should enter a protective order barring the depositions noticed by plaintiffs on August 20, 2007. This is the remedy that court's have employed in similar situations. For instance, in In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 230 (N.D. Ill. 2005), the court found that plaintiffs who manufactured a similar "emergency" at the end of the discovery period were not entitled to take further depositions. The court explained:

> [T]en business days notice would seem reasonable. But, just as negligence in the air does not exist, neither does reasonableness: the analysis is necessarily case-specific and fact intensive. What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different case where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices. The plaintiffs were keenly aware of all of these facts and the competing demands imposed by the other discovery that had been percolating for some time. . . .
>
> Obviously, if the notices of deposition . . . were unreasonable, it necessarily follows that [the court deadline for discovery] would be violated, for the discovery would not then have been initiated in time to be completed by the . . . cut-off date.

Id. at 328.

Similarly, here, the plaintiffs failed to provide reasonable notices of the depositions that it now seeks to take. Accordingly, the discovery was not initiated in time to be completed by the Court-established deadline and should not be allowed.

## CONCLUSION

For these reasons, the United States respectfully requests that plaintiffs' motion for an extension of the discovery period be denied and that the Court enter a protective order with respect to plaintiffs' recently-served deposition notices.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0465

August 21, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 21th day of August 2007, a copy of "DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY DEADLINE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington

**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655

Tel: (202) 616-0465
Fax: (202) 307-0972

*Washington, D.C. 20530*

April 26, 2007

*Via Facsimile & U.S. Mail*

Harry J. Kelley, Esq.
Nixon Peabody, LLP
401 Ninth Street, NW
Suite 900
Washington, DC 20004-2129
(202) 585-8712

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.).

Dear Mr. Kelley:

On March 27, 2007, I wrote you regarding the scope of the plaintiffs' discovery requests in the Anaheim Gardens case. In my letter, I explained that the scope of discovery is limited by the allegations in the operative complaint (i.e., the Plaintiffs' Fourth Amended Complaint) and that your discovery requests sought information about projects that were not mentioned in plaintiffs' complaint. I further noted that the discovery sought in Algonquin Heights was appropriately limited to projects identified in the operative complaint in that action (i.e., the Plaintiffs' First Amended Complaint).

I received your response on April 20, 2007. Your letter addresses four categories of projects in Anaheim Gardens and Algonquin Heights: (1) "'Dismissed' *Anaheim* Plaintiffs;" (2) "Additional Thetford Properties;" (3) "Additional *Algonquin Heights* Plaintiffs" from the First Amended Complaint; and (4) "Additional *Algonquin Heights* Plaintiffs" from the Second Amended Complaint.[1] We respectfully disagree with your position that the Court may entertain claims relating to projects that are not identified in the operative complaint in Anaheim Gardens. As such, no claims concerning "additional Thetford properties" are before the Court.

---

[1] During our discussion yesterday, I informed you that your April 20, 2007 letter fails to address a number of projects that are included in the definition of "Subject Property" in Anaheim Gardens: Holiday Town Apartments #2; Carteret Court Apartments; Chowan Court Appartments; LaGrange Village Apartments; Long Drive Apartments #2; Mount Olive Court Apartments; and Stewart's Creek Apartments #2.

We also respectfully disagree with your position that four additional projects were added to the Algonquin Heights case by the second amended complaint in that action. The plaintiffs' filed a motion for leave to file a second amended complaint on May 8, 1998. Although the motion was unopposed, the motion was never granted and the proposed second amended complaint was not filed. Indeed, as you note in your letter, before acting on the motion for leave to file "the second amended complaint, the Court first stayed and then dismissed the Algonquin Heights complaint." By dismissing the case and entering judgment in favor of the United States, the Court implicitly denied the plaintiffs' motion for leave to amend the complaint. See, e.g., Goodman v. New Horizons Community Serv. Bd., 2006 WL 940646 at *3 (11th Cir. Apr. 12, 2006) ("the entry of a final judgment implicitly denies any pending motions"); Addington v. Farmers Elevator Mut. Ins. Co., 650 F.2d 633, 666 (5th Cir. 1981) (holding that the entry of final judgment operated as a denial of plaintiff's motion for leave to amend the complaint). The operative complaint in Algonquin Heights is the first amended complaint, which was filed on September 19, 1997, and only as-applied taking claims of projects identified in the first amended complaint currently are before the Court.

Putting aside these issues, there are several other outstanding matters concerning discovery that must be resolved. First, we have received no documents, responses to interrogatories, or responses to requests for admissions concerning the Deanswood Apartments project in Anaheim Gardens and the Cambridge Square North I, Cambridge Square of Fort Wayne I, Cambridge Square of Grand Rapids, Cambridge Square of Grand Rapids II, Carriage House North, Carriage House of Elkhart, Carriage House of Mishawaka I, Carriage House of Mishawaka II, Carriage House of Muskegon, Carriage House South, Carriage House West I, Carriage House West II, Carriage House West III, Carriage House West IV and Glenreed Apartments projects in Algonquin Heights. These projects are identified in the operative complaints and as-applied, regulatory taking claims concerning these projects are pending. If we have received no documents because a search of the plaintiffs' files failed to identify responsive documents, please so inform us. On the other hand, if responsive documents concerning these projects exist, please produce them as soon as possible. In addition, your answers to the United States' first set of interrogatories should be supplemented to include information about these projects.[2]

Second, we have received no discovery concerning the Briar Crest I, Briar Crest II, Briar Hills Townhouses and Church Park Apartments projects. Given your position that claims relating to these projects are pending before the Court, information concerning these projects should have been proffered in response to our discovery requests. See Def.'s First Set of Interrogatories at ii (defining "subject properties" as "properties owned by the plaintiffs that are the subject of claims asserted in this litigation"). Please supplement your discovery responses to provide information about these projects.

---

[2] The United States' first set of requests for admission are deemed admitted as to these projects. RCFC 36(a). The plaintiffs should promptly request Court authorization if they wish to withdraw any such admissions. RCFC 36(b).

Third, in your answers to various interrogatories, as well as in response to the United States' motions to compel, you stated that supplemental interrogatory answers would be served once the plaintiffs had received responses to discovery requests served on the United States. Documents have been produced on a rolling basis over the past three months, interrogatory answers and responses to request for admissions were served on April 16, 2007, and ripeness discovery is currently scheduled to close May 31, 2007. Accordingly, please supplement your interrogatory answers to provide complete, responsive answers to all of the United States' interrogatories per your prior representations. See RCFC 26(e).

In order to enable deposition discovery to go forward in these cases, please produce documents and provide supplemental interrogatory answers as soon as possible, but in no event later than May 16, 2007. Further, given the various discovery issues currently outstanding (e.g., the United States' motions to compel, the parties disagreement about projects at issue, and the need for plaintiffs' to supplement their discovery responses), as well as the number of depositions that may be necessary, we propose seeking an additional 30 days for the completion of deposition discovery.

Please contact me at your earliest convenience to discuss further the issues addressed in this letter.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

cc: Terri L. Roman, Esq.
Alice A. Peterson, Esq.

**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

June 21, 2007

*Via Facsimile & U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

I am writing to confirm our discussion yesterday about upcoming depositions in the Anaheim Gardens and Algonquin Heights cases. We agreed several weeks ago that deposition discovery would begin during the week of June 25, 2007. I had in fact proposed an earlier start date. On June 12, 2007, you provided a list of preferred locations for the depositions to be taken and, three days later, I served deposition notices for five depositions (Pine Crest Company, Glenview Gardens LP, Dolly Ann Apartments LP, Indian Head Manor LP, and Emory Grove LP) during the week of June 25, 2007.

Based upon your statement that the Rule 30(b)(6) deponents for these plaintiffs will be unavailable for all but two days next week, I have reluctantly agreed to defer the depositions of Pine Crest, Glenview Gardens and Indian Head Manor, and move the deposition of Emory Grove from Friday, June 29, 2007, to Thursday, June 28, 2007. A revised deposition notice is enclosed. As you are well-aware, the Anaheim Gardens and Algonquin Heights plaintiffs have asserted claims with respect to 71 low-income housing projects and the Government intends to take deposition discovery on ripeness with respect to about 50 of these projects. Given that discovery closes at the end of August 2007, we will need to complete about one deposition each business day from now to the end of August. This will require your cooperation and diligence, which you have assured me will be provided.

Yesterday, I provided you a proposed schedule that completes the Government's deposition discovery by August 31, 2007. You indicated that you would discuss this proposed schedule with your clients so that any desired adjustments can be addressed promptly.

Additionally, I explained that my understanding based upon the complaints, the plaintiffs' representations to the Court, and prior rulings by the Court, is that the plaintiffs no longer contend that Government administrative delay effected a taking. The plaintiffs' regulatory taking claims are based upon the effect of the Preservation Statutes as applied to their respective low-income housing projects. During our discussion, you stated that you would confirm in writing that this understanding is correct (or incorrect) by the end of this week. It is essential that we promptly obtain a confirmation of plaintiffs' position concerning administrative delays as this has the potential to affect significantly the time required to conduct the upcoming depositions in these matters.

I look forward to hearing back from you.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Robert H. Hodges, Jr.) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## RULE 30(b)(6) NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, defendant, the United States, will take the deposition of plaintiff, Emory Grove LP d/b/a Willow Creek Apartments, upon oral examination before an officer authorized by law to administer oaths, commencing at 1100 L Street, N.W., Washington, D.C., at 9:30 a.m., on June 28, 2007, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matter:

1. All of your interactions with HUD pursuant to, or in accordance with, the Emergency Low-Income Housing Preservation Act ("ELIHPA"), including, but not limited to, the filing of notices of intent with HUD, the submission of preservation appraisals, the determination of preservation values, the submission of plans of action to HUD, and HUD's response to submitted plans of action submitted by plaintiff.

2. All of your interactions with HUD pursuant to, or in accordance with, the Low-Income Housing Preservation and Resident Homeownership Act ("LIHPRHA"),

including, but not limited to, the filing of notices of intent with HUD, the submission of preservation appraisals, the determination of preservation values, the submission of plans of action to HUD, and HUD's response to submitted plans of action submitted by plaintiff.

3. All actions taken by you to pursue and exhaust the administrative process established by ELIHPA and LIHPRHA (collectively, the "Preservation Statutes").

4. The outcome of the administrative process established by the Preservation Statutes, *e.g.*, sale to a qualified purchaser, execution of a use agreement, or prepayment.

5. The actions taken by you, or performed on your behalf, to consider, assess or otherwise evaluate the options available under the Preservation Statutes.

6. Your communications with HUD concerning or relating to the possibility of prepaying the Government-insured mortgage on Willow Creek Apartments.

7. The bases for your contention that it was futile to apply for HUD permission to prepay the mortgage on Willow Creek Apartments pursuant to the Preservation Statutes.

8. The date on which you would have been eligible to prepay the Government-insured mortgage on Willow Creek Apartments but for the Preservation Statutes.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

June 21, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 21st day of June 2007, I caused to be delivered by U.S. mail the foregoing Rule 30(b)(6) Notice of Deposition to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

[signature]

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Fax No. (202) 616-0465
Voice No. (202) 307-0277

**SENT BY:** David A. Harrington

**TO:** Harry Kelly, Esq.
Fax. No.: (202) 585-8080

**DATE:** June 21, 2007

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 7

**NOTES:** *Anaheim Gardens, et al. v. United States*, No. 93-655 (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582 (Fed. Cl.).

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Fax No. (202) 616-0465
Voice No. (202) 307-0277

**SENT BY:** David A. Harrington

**TO:** Alice A. Peterson, Esq.
Fax. No.: (617) 565-7337

**DATE:** June 21, 2007

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 7

**NOTES:** *Algonquin Heights, et al. v. United States*, No. 97-582 (Fed. Cl.).

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Fax No. (202) 616-0465
Voice No. (202) 307-0277

**SENT BY:** David A. Harrington

**TO:** Terri L. Roman, Esq.
Fax. No.: (202) 708-3351

**DATE:** June 21, 2007

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 7

**NOTES:** *Anaheim Gardens, et al. v. United States*, No. 93-655 (Fed. Cl.).

*************** COMM. JOURNAL- ****************** DATE JUN-21-2007 ***** TIME 12:39 ********

MODE = MEMORY TRANSMISSION START=JUN-21 12:37 END=JUN-21 12:39

FILE NO.=214

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | ☎ | 95858080 | 007/007 | 00:02:03 |

-DOJ COMM LIT -

*************************************** -DOJ COMM LIT - ***** - 202 307 0972- *********

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Fax No. (202) 616-0465
Voice No. (202) 307-0277

**SENT BY:** David A. Harrington

**TO:** Harry Kelly, Esq.
Fax. No.: (202) 585-8080

**DATE:** June 21, 2007

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 7

**NOTES:** *Anaheim Gardens, et al. v. United States*, No. 93-655 (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582 (Fed. Cl.).

**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

June 26, 2007

*Via Facsimile & U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

Having reviewed the proposed schedule for depositions recently received from Ms. Ziarno, I have a number of concerns. Rather than detailing those concerns, I am simply enclosing a revised schedule with this letter. Consistent with your proposal, the enclosed revision does not schedule depositions on July 5 or 6, 2007, uses your suggested dates for the many Cambridge Square/Carriage House plaintiffs, and schedules no depositions during the week of August 6, 2007 to accommodate your vacation plans. In addition, the United States will take depositions in the cities requested in your previous correspondence. I trust that this meets with your approval.

Given that many open days exist in July and August and that substantial resources are available to a national firm such as Nixon Peabody, we do not agree to Ms. Ziarno's proposal to extend the discovery deadline, which has already been extended twice. If taking depositions on open dates are not feasible, however, we are willing to consider double tracking depositions to enable you to complete deposition discovery before August 31, 2007.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

Enclosure

FILE

# Ripeness Deposition Schedule

| PLAINTIFF[1] | PROJECT NAME | LOCATION & DEPOSITION DATE |
|---|---|---|
| 1. Anaheim Gardens, LP<br>c/o L.S. Ames<br>P.O. Box 515<br>25332 Narbonne Avenue, Suite 200<br>Lomita, CA 90717 | Anaheim Gardens | July 30, 2007<br>Los Angeles, CA |
| 2. B-L Associates, LP<br>c/o Roger W. Stern<br>1560 Beacon Street<br>Brookline, MA 02146 | 1550 Beacon Plaza | July 18, 2007<br>Boston, MA |
| 6. C-W Associates, LP<br>c/o Roger W. Stern<br>1560 Beacon Street<br>Brookline, MA 02146 | 100 Centre Plaza | July 17, 2007<br>Boston, MA |
| 7. Glenview Gardens, LP<br>c/o Mid-City Financial Corporation<br>4340 East-West Highway, Suite 300<br>Bethesda, MD 20814 | Glenview Gardens Apartments | July 11, 2007<br>Washington, DC |
| 9. Indian Head Manor LP I<br>c/o Mid-City Financial Corporation<br>4340 East-West Highway, Suite 300<br>Bethesda, MD 20814 | Indian Head Manor Apts | July 10, 2007<br>Washington, DC |
| 10. Norman M. Kronick & Louis Dulein<br>d/b/a Halawa View Apartments, GP<br>c/o Norman Kronick<br>Halawa View Apartments<br>3605 Manamana Place<br>Honolulu, HI 96822 | Halawa View Apts | July 30-31, 2007<br>Los Angeles, CA |
| 19. Thetford Properties III, LP<br>c/o Richard A. Urban<br>P.O. Box 168<br>Richmond, VA 23201 | River Falls Apts. | July 24-25, 2007<br>Washington, DC |
| 20 Thetford Properties III, LP<br>c/o Richard A. Urban<br>P.O. Box 168<br>Richmond, VA 23201 | Market North Apts II | July 24-25, 2007<br>Washington, DC |

---

[1] The Anaheim Gardens plaintiffs are plaintiffs 1 to 28. The Algonquin Heights plaintiffs are plaintiffs 29 to 71.

| | | |
|---|---|---|
| 21. Thetford Properties III, LP<br>c/o Richard A. Urban<br>P.O. Box 168<br>Richmond, VA 23201 | Washington Street Apartments<br>d/b/a Deanswood Apts. | July 24-25, 2007<br>Washington, DC |
| 22. Thetford Properties IV, LP<br>c/o Richard A. Urban<br>P.O Box 168<br>Richmond, VA 23201 | Southgate Apts. | July 26-27, 2007<br>Washington, DC |
| 23. Thetford Properties IV, LP<br>c/o Richard A. Urban<br>P.O Box 168<br>Richmond, VA 23201 | Jefferson Court Apts. | July 26-27, 2007<br>Washington, DC |
| 24. Thetford Properties IV, LP<br>c/o Richard A. Urban<br>P.O Box 168<br>Richmond, VA 23201 | Glendale Court Apts. | July 26-27, 2007<br>Washington, DC |
| 25. Thetford Properties IV, LP<br>c/o Richard A. Urban<br>P.O Box 168<br>Richmond, VA 23201 | Market North Apts. I | July 26-27, 2007<br>Washington, DC |
| 29. Algonquin Heights Associates, LP<br>55 Summer Street<br>Boston, MA 02110 | Algonquin Heights | July 17, 2007<br>Boston, MA |
| 31. Brookside Manor Associates LP<br>c/o Mid-City Financial Corp.<br>4340 East-West Highway, Suite 300<br>Bethesda, MD 20814 | Brookside Manor Apartments | July 19, 2007<br>Washington, DC |
| 32. Buckman Gardens LP<br>c/o John G. Gosnell<br>8130 Boone Blvd.<br>Vienna, VA 22180 | Buckman Road Garden Apartments | August 24, 2007<br>Washington, DC |
| 33. Cambridge Square North Associates, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Cambridge Square North I | August 1, 2007<br>Washington, DC |
| 34. Cambridge Square of Ft. Wayne Associates I, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Cambridge Square of Fort Wayne I | August 1, 2007<br>Washington, DC |
| 35. Cambridge Square of Grand Rapids Associates I, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Cambridge Square of Grand Rapids | August 2, 2007<br>Washington, DC |

| | | |
|---|---|---|
| 36. Cambridge Square of Grand Rapids Associates II, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Cambridge Square of Grand Rapids II | August 2, 2007<br>Washington, DC |
| 37. Carriage House North Associates, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House North | August 13, 2007<br>Washington, DC |
| 38. Carriage House of Elkhart Associates, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House of Elkhart | August 13, 2007<br>Washington, DC |
| 39. Carriage House of Mishawaka Associates I, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House of Mishawaka I | August 14, 2007<br>Washington, DC |
| 40. Carriage House of Mishawaka Associates II, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House of Mishawaka II | August 14, 2007<br>Washington, DC |
| 41. Carriage House of Muskegon Assocs, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House of Muskegon | August 15, 2007<br>Washington, DC |
| 42. Carriage House South Associates, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House South | August 15, 2007<br>Washington, DC |
| 43. Carriage House West I Associates, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House West I | August 16, 2007<br>Washington, DC |
| 44. Carriage House West II Associates, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House West II | August 16, 2007<br>Washington, DC |
| 45. Carriage House West III Associates, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House West III | August 17, 2007<br>Washington, DC |
| 46. Carriage House West IV Associates, LP<br>PO Box 40177<br>Indianapolis, IN 46240 | Carriage House West IV | August 17, 2007<br>Washington, DC |

| | | |
|---|---|---|
| 47. Chauncy House Company<br>c/o State Street Dev. Mgmt. Corp.<br>488 Commonwealth Avenue<br>Boston, MA 02215 | Chauncy House | July 13, 2007<br>Washington, DC |
| 49. Country Towne Apartments<br>Partnership<br>c/o Littman & Pakenham<br>Box 6013<br>North Brunswick, NJ 08902 | Country Towne Apartments | August 23, 2007<br>NYC |
| 50. Dolly Ann Apartments LP<br>c/o Mid-City Financial<br>Corporation<br>4340 East-West Highway,<br>Suite 300<br>Bethesda, MD 20814 | Dolly Ann Apartments | June 27, 2007<br>Washington, DC |
| 51. Emory Grove LP<br>c/o NHP<br>8065 Leesburg Pike, Suite 400<br>Vienna, VA 22182-2780<br>Attn: Roberta Ujakovich | Willow Creek Apartments | June 28, 2007<br>Washington, DC |
| 52. First Landmark Associates LP<br>c/o Mid-City Financial Corporation<br>4340 East-West Highway, Suite<br>300<br>Bethesda, MD 20814 | Landmark Apartments | July 23, 2007<br>Washington, DC |
| 53. Forest Glenn Ltd. Div.<br>Housing Ass'n<br>c/o Joel L. Altman<br>Altman Development Corp.<br>2201 Corporate Blvd., N.W.,<br>Suite 200<br>Boca Raton, FL 33433 | Forest Glenn Apartments<br>(Phase I) | August 29, 2007<br>Washington, DC |
| 54. Forest Glenn Ltd. Div.<br>Housing Ass'n<br>c/o Joel L. Altman<br>Altman Development Corp.<br>2201 Corporate Blvd., N.W.,<br>Suite 200<br>Boca Raton, FL 33433 | Forest Glenn Apartments<br>(Phases II & III) | August 29, 2007<br>Washington, DC |
| 56. Garrison Forest Associates<br>c/o Mount Royal Management Co.<br>1233 West Mount Royal Ave.<br>Baltimore, MD 21217 | Garrison Forest Apartments<br>(Section I) | August 27, 2007<br>Washington, DC |

| | | |
|---|---|---|
| 57. Garrison Forest Associates<br>c/o Mount Royal Management Co.<br>1233 West Mount Royal Ave.<br>Baltimore, MD 21217 | Garrison Forest Apartments<br>(Section II) | August 27, 2007<br>Washington, DC |
| 58. Glenarden LP<br>c/o Daniel M. Lyons<br>13685 Rivioli Drive<br>Palm Beach Garden, FL 33410 | Glenarden Woods Apartments | August 30, 2007<br>Washington, DC |
| 59. Glenarden LP<br>c/o Daniel M. Lyons<br>13685 Rivioli Drive<br>Palm Beach Garden, FL 33410 | Glenreed Apartments | August 30, 2007<br>Washington, DC |
| 60. Jodani Associates, LP<br>c/o Alpert & Alpert<br>Development Ltd.<br>One Parker Plaza<br>Fort Lee, NJ 07024 | Jodani Associates | August 21, 2007<br>New York, NY |
| 61. Kimberly Associates LP<br>c/o NHP<br>8065 Leesburg Pike, Suite 400<br>Vienna, VA 22182-2783<br>Attn: Robert Ujakovich | Cherry Branch Townhomes | July 20, 2007<br>Washington, DC |
| 63. Leader House Associates & Leader Housing Co.<br>c/o Starrett Corporation<br>909 Third Avenue<br>New York, NY 10022 | Leader House Apartments | August 22, 2007<br>New York, NY |
| 64. New Amsterdam Associates & New Amsterdam Houses, Inc.<br>c/o Starrett Corporation<br>909 Third Avenue<br>New York, NY 10022 | New Amsterdam Apartments | August 22, 2007<br>New York, NY |
| 65. Pine Crest Company<br>c/o State Street Dev. Mgmt. Corp.<br>488 Commonwealth Avenue<br>Boston, MA 02215 | Pine Crest Apartments | July 13, 2007<br>Washington, DC |
| 67. Suburbia Associates LP<br>c/o Steven G. Dakes<br>Brown, Dakes, Wannall<br>3025 Hamaker Court, Suite 401<br>Fairfax, VA 22031-2226 | Suburbia Fairfax Apartments | August 31, 2007<br>Washington, DC |

| | | |
|---|---|---|
| 68. Suehar Associates, LP<br>c/o Alpert & Alpert<br>Development Ltd.<br>One Parker Plaza<br>Fort Lee, NJ 07024 | Suehar Associates | August 21, 2007<br>New York, NY |
| 70. Town & Country Apts. and<br>Townhouses<br>c/o Mount Royal Management<br>Company<br>1223 West Mount Royal Avenue<br>Baltimore, MD 21217 | Town & Country Apartments and Townhouses (Section I) | August 28, 2007<br>Washington, DC |
| 71. Town & Country Apts. and<br>Townhouses<br>c/o Mount Royal Management Co.<br>1223 West Mount Royal Avenue<br>Baltimore, MD 21217 | Town & Country Apartments and Townhouses (Section II) | August 28, 2007<br>Washington, DC |

**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

August 6, 2007

*Via Electronic Mail and U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.); *Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

Please find enclosed deposition notices for ripeness depositions during the weeks of August 20 and August 27, 2007. The depositions are noticed in the respective cities suggested in your earlier correspondence. Several depositions that were originally noticed in July have been rescheduled during these two weeks in order to complete deposition discovery by the August 31, 2007 deadline.

As you are aware, the United States consulted with you about preferred deposition locations and times, and worked to facilitate a mutually acceptable schedule for needed depositions. The vast majority of plaintiffs' requests were accommodated. To date, we have received no similar inquiries about depositions of Government witnesses. Less than four weeks remain before the close of discovery. If plaintiffs intend to take any ripeness depositions, please notify us promptly so that witnesses can be informed, necessary travel arranged, appropriate preparations made, and a mutually agreeable schedule established.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

Enclosures

**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

August 15, 2007

*Via Electronic Mail and U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

Please find enclosed revised deposition notices for the remaining ripeness depositions in these actions. These notices implement a revised deposition schedule, which was requested by your colleague, Alycia Ziarno, and is being adopted to accommodate the preferences of you and your clients. The depositions are being taken in the respective cities that you suggested in earlier correspondence.

As you are well aware, the period for ripeness discovery has been open for over a year and is rapidly drawing to a close. In my August 6, 2007 letter, I explained that we had received no inquiries from plaintiffs about depositions of Government witnesses and urged that you arrange any such depositions promptly "so that witnesses can be informed, necessary travel arranged, appropriate preparations made, and a mutually agreeable schedule established." Letter from David A. Harrington to Harry J. Kelly at 1 (Aug. 6, 2007). Over one week has passed, during which time the United States has taken eight ripeness depositions, and still plaintiffs have neither inquired about the availability of witnesses nor served deposition notices. You have in the past suggested that plaintiffs were planning to take ripeness depositions. If that is still the case, your delay in serving notice is prejudicial and reflects a lack of professional courtesy that stands in stark contrast to our own ongoing efforts to accommodate the schedules and preferences of you and your clients. If plaintiffs intend to take any ripeness depositions, please hand serve deposition notices immediately, but in no event later than 2:00 p.m., Friday, August 17, 2007, so that we can determine whether we can accommodate your requests or should seek a protective order.

I note that Ms. Ziarno recently inquired about an extension of the current deadline for ripeness discovery. The Court has twice extended the period for ripeness discovery, which has

given the parties an additional eight months to conduct discovery. I have repeatedly emphasized that the United States would complete ripeness discovery by the August 31, 2007 deadline and that plaintiffs would be expected to do the same. I am aware of no reasons that a further extension of the discovery deadline is warranted.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

Enclosures

**Harrington, David (CIV)**

**From:** Harrington, David (CIV)
**Sent:** Friday, August 17, 2007 9:29 PM
**To:** 'aziarno@nixonpeabody.com'
**Cc:** 'hkelly@nixonpeabody.com'
**Subject:** Anaheim Gardens/Algonquin Heights

Alycia:

As you are aware, in my August 6, 2007 letter, I urged plaintiffs to serve notice of any ripeness depositions promply to enable the United States to notify witnesses, adjust schedules and work out necessary logistics. Receiving no response, in a letter sent to both you and Mr. Kelly on August 15, 2007, I explained that plaintiffs should hand serve notices for any ripeness depositions as soon as possible, but in any event no later than 2:00 p.m. on August 17, 2007, in order to meet the August 31, 2007 discovery deadline. I am writing to confirm our conversation earlier today that plaintiffs elected to serve no deposition notices in either the Anaheim Gardens v. United States, No. 93-655 (Fed. Cl.), or Algonquin Heights v. United States, No. 97-582 (Fed. Cl.).

David

**David A. Harrington**
Trial Attorney
Civil Division
U.S. Depatment of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202)616-0465

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| | ) | (Judge Robert H. Hodges, Jr.) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 30(b)(6) NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs Anaheim Gardens, et al., will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths, commencing at 401 9th Street N.W., Washington, D.C. 20004 on August 30, 2007, at 9:30 a.m., and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD") policies and practices concerning prepayment under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA").

2. The nature and extent of HUD's discretion under ELIHPA and LIHPRHA, and specific examples of the exercise of that discretion.

3. The identity of any properties that were permitted to prepay under ELIHPA and LIHPRHA, and all facts and circumstances related to those properties and the prepayment.

4. The specific criteria and/or methodology used by HUD to determine whether a property was permitted to prepay under ELIHPA and LIHPRHA.

5. The specific steps and authorizations required to process an application to prepay, seek incentives, or sell a property to a qualified purchaser under ELIHPA and LIHPRHA.

6. The drafting and development of the forms used to process applications under ELIHPA and LIHPRHA, including specifically all of the versions of the forms known as a Notice of Intent used between 1987 and 1996.

Dated: August 20, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 20th day of August 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| | ) | (Judge Robert H. Hodges, Jr.) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 30(b)(6) NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs Anaheim Gardens, et al., will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths, commencing at 401 9th Street, N.W., Washington, D.C. 20004 at 9:30 a.m., on August 31, 2007, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD"), Economic & Market Analysis Section's ("EMAS") (division, or unit, or group or however else defined) role in processing prepayment and other requests under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and/or the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA").

2. The nature and extent of EMAS' role in processing prepayment and other requests under ELIHPA and/or LIHPRHA.

3. The specific criteria and/or methodology used by EMAS to determine whether a property was permitted to prepay or receive incentives under ELIHPA and/or LIHPRHA.

4. Any analysis, memoranda, reports, internal reports, or other written or oral communications EMAS prepared, received, or reviewed with respect to the possibility of prepayment or the receipt of incentives by any of the Plaintiffs and their subject properties (see list attached as Exhibit A).

5. The document retention policies of EMAS, and the specific steps taken, if any, to produce documents in the above referenced matter in response to the Plaintiff's Request for Production of Documents.

Dated: August 20, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

**EXHIBIT A**

Anaheim Gardens
B-L Associates (1550 Beacon Street)
Joseph R. Biafora and Stefi Biafora (Millwood Apartments & Parthenia Manor Apartments)
C-W Associates, L.P. (100 Centre Plaza)
Cedar Gardens Associates
Glenview Gardens L.P.
Peter Hwei-Yang Hsi and Priscilla Lai-Fong Hsi (Waipahu Towers)
Indian Head Manor L.P. I
Norman M. Kronick and Louis Dulien (Halawa View Apartments)
Metro West Ltd., L.P.
Millwood Associates, L.P.
Napa Park Apartments, L.P.
Ontario Townhouses, L.P.
The Palomar Apartments, L.P.
Rock Creek Terrace, L.P.
Sierra Vista One, L.P.
Silverlake Village, L.P.
Thetford Properties III (Market North Apartments #2, River Falls Apartments, Washington Street Apartments, d/b/a Deanswood)
Thetford Properties IV (Glendale Court Apartments, Jefferson Court Apartments, Market North Apartments #1, Southgate Apartments)
620 Su Casa Por Cortez
825 San Tomas Apartments, L.P.
5234 Foothill Apartments

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 20th day of August 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| | ) | (Judge Robert H. Hodges, Jr.) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## RULE 30(b)(6) NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs Anaheim Gardens, et al., will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths, commencing at 401 9th Street, N.W., Washington, D.C. 20004 at 1:30 p.m., on August 31, 2007, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD"), processing of prepayment and other requests under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and/or the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA") for the Plaintiffs and subject properties listed in Exhibit A.

2. Whether each of the Plaintiffs and subject properties listed Exhibit A would have been eligible to prepay their government insured mortgages under ELIHPA and/or LIHPRHA, and the basis in each case upon which they would have, or would not have been eligible to do so.

3. The specific criteria and/or methodology used by HUD to determine whether each of the Plaintiffs and subject properties listed in Exhibit A would have been eligible to prepay or to receive incentives under ELIHPA and/or LIHPRHA.

4. Any analysis, memoranda, reports, internal reports, or other written or oral communications HUD prepared, received, or reviewed with respect to the possibility of prepayment or the receipt of incentives by any of the Plaintiffs and their subject properties listed in Exhibit A.

5. The document retention policies of HUD, including those of any relevant field offices, and the actual steps taken to produce documents for the Plaintiffs and subject properties listed in Exhibit A.

Dated: August 20, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

**EXHIBIT A**

Anaheim Gardens
B-L Associates (1550 Beacon Street)
Joseph R. Biafora and Stefi Biafora (Millwood Apartments & Parthenia Manor Apartments)
C-W Associates, L.P. (100 Centre Plaza)
Cedar Gardens Associates
Glenview Gardens L.P.
Peter Hwei-Yang Hsi and Priscilla Lai-Fong Hsi (Waipahu Towers)
Indian Head Manor L.P. I
Norman M. Kronick and Louis Dulien (Halawa View Apartments)
Metro West Ltd., L.P.
Millwood Associates, L.P.
Napa Park Apartments, L.P.
Ontario Townhouses, L.P.
The Palomar Apartments, L.P.
Rock Creek Terrace, L.P.
Sierra Vista One, L.P.
Silverlake Village, L.P.
Thetford Properties III (Market North Apartments #2, River Falls Apartments, Washington Street Apartments, d/b/a Deanswood)
Thetford Properties IV (Glendale Court Apartments, Jefferson Court Apartments, Market North Apartments #1, Southgate Apartments)
620 Su Casa Por Cortez
825 San Tomas Apartments, L.P.
5234 Foothill Apartments

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 20th day of August 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., Plaintiffs, | ) | No. 97-582C (Judge Robert H. Hodges, Jr.) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

**RULE 30(b)(6) NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs Algonquin Heights, et al., will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths, commencing at 401 9th Street, N.W., Washington, D.C. 20004 at 9:30 a.m., on August 30, 2007, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD") policies and practices concerning prepayment under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA").

2. The nature and extent of HUD's discretion under ELIHPA and LIHPRHA, and specific examples of the exercise of that discretion.

3. The identity of any properties that were permitted to prepay under ELIHPA and LIHPRHA, and all facts and circumstances related to those properties and the prepayment.

4. The specific criteria and/or methodology used by HUD to determine whether a property was permitted to prepay under ELIHPA and LIHPRHA.

5. The specific steps and authorizations required to process an application to prepay, seek incentives, or sell a property to a qualified purchaser under ELIHPA and LIHPRHA.

6. The drafting and development of the forms used to process applications under ELIHPA and LIHPRHA, including specifically all of the versions of the forms known as a Notice of Intent used between 1987 and 1996.

Dated: August 20, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 20th day of August 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| | ) | (Judge Robert H. Hodges, Jr.) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 30(b)(6) NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs Algonquin Heights, et al., will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths, commencing at 401 9th Street, N.W., Washington, D.C. 20004 at 1:30 p.m., on August 30, 2007, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD"), processing of prepayment and other requests under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and/or the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA") for the Plaintiffs and subject properties listed in Exhibit A.

2. Whether each of the Plaintiffs and subject properties listed Exhibit A would have been eligible to prepay their government insured mortgages under ELIHPA and/or LIHPRHA, and the basis in each case upon which they would have, or would not have been eligible to do so.

3. The specific criteria and/or methodology used by HUD to determine whether each of the Plaintiffs and subject properties listed in Exhibit A would have been eligible to prepay or to receive incentives under ELIHPA and/or LIHPRHA.

4. Any analysis, memoranda, reports, internal reports, or other written or oral communications HUD prepared, received, or reviewed with respect to the possibility of prepayment or the receipt of incentives by any of the Plaintiffs and their subject properties listed in Exhibit A.

5. The document retention policies of HUD, including those of any relevant field offices, and the actual steps taken to produce documents for the Plaintiffs and subject properties listed in Exhibit A.

Dated: August 20, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

**EXHIBIT A**

Algonquin Heights Associates, L.P.
Brandy Hill Company
Brookside Manor Associates, L.P.
Buckman Gardens L.P.
Cambridge Square North Associates, L.P.
Cambridge Square of Fort Wayne Associates I, L.P.
Cambridge Square of Grand Rapids Associates I, L.P.
Cambridge Square of Grand Rapids Associates II, L.P.
Carriage House North Associates, L.P.
Carriage House of Elkhart Associates, L.P.
Carriage House of Mishawaka Associates I, L.P.
Carriage House of Mishawaka Associates II, L.P.
Carriage House of Muskegon Associates, L.P.
Carriage House South Associates, L.P.
Carriage House West I Associates, L.P.
Carriage House West II Associates, L.P.
Carriage House West III Associates, L.P.
Carriage House West IV Associates, L.P.
Chauncy House Company
Cromwell Court Company
Country Towne Apartments Partnership
Dolly Ann Apartments, L.P.
Emory Grove, L.P. (Willow Creek Apartments)
First Landmark Associates, L.P.
Forest Glen Limited Dividend Housing Association
Fort Heath Associates
Garrison Forest Associates
Glenarden L.P.
Jodani Associates, L.P.
Kimberly Associates L.P.
King's Grant Company
Leader House Associates
Leader Housing Co., Inc.
New Amsterdam Associates
New Amsterdam Houses, Inc.
Pine Crest Company
Riverside Village Company
Suburbia Associates, L.P.
Suehar Associates, L.P.
Tower West Associates, L.P.
Tower West, Inc.
Town & Country Apartments and Townhouses

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 20th day of August 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 97-582C (Judge Robert H. Hodges, Jr.) |

## RULE 30(b)(6) NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs Algonquin Heights, et al., will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths, commencing at 401 9th Street, N.W., Washington, D.C. 20004 at 9:30 a.m., on August 31, 2007, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD"), Economic & Market Analysis Section's ("EMAS") (division, or unit, or group or however else defined) role in processing prepayment and other requests under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and/or the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA").

2. The nature and extent of EMAS' role in processing prepayment and other requests under ELIHPA and/or LIHPRHA.

3. The specific criteria and/or methodology used by EMAS to determine whether a property was permitted to prepay or receive incentives under ELIHPA and/or LIHPRHA.

4. Any analysis, memoranda, reports, internal reports, or other written or oral communications EMAS prepared, received, or reviewed with respect to the possibility of prepayment or the receipt of incentives by any of the Plaintiffs and their subject properties (see list attached as Exhibit A).

5. The document retention policies of EMAS, and the specific steps taken, if any, to produce documents in the above referenced matter in response to the Plaintiff's Request for Production of Documents.

Dated: August 20, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

**EXHIBIT A**

Algonquin Heights Associates, L.P.
Brandy Hill Company
Brookside Manor Associates, L.P.
Buckman Gardens L.P.
Cambridge Square North Associates, L.P.
Cambridge Square of Fort Wayne Associates I, L.P.
Cambridge Square of Grand Rapids Associates I, L.P.
Cambridge Square of Grand Rapids Associates II, L.P.
Carriage House North Associates, L.P.
Carriage House of Elkhart Associates, L.P.
Carriage House of Mishawaka Associates I, L.P.
Carriage House of Mishawaka Associates II, L.P.
Carriage House of Muskegon Associates, L.P.
Carriage House South Associates, L.P.
Carriage House West I Associates, L.P.
Carriage House West II Associates, L.P.
Carriage House West III Associates, L.P.
Carriage House West IV Associates, L.P.
Chauncy House Company
Cromwell Court Company
Country Towne Apartments Partnership
Dolly Ann Apartments, L.P.
Emory Grove, L.P. (Willow Creek Apartments)
First Landmark Associates, L.P.
Forest Glen Limited Dividend Housing Association
Fort Heath Associates
Garrison Forest Associates
Glenarden L.P.
Jodani Associates, L.P.
Kimberly Associates L.P.
King's Grant Company
Leader House Associates
Leader Housing Co., Inc.
New Amsterdam Associates
New Amsterdam Houses, Inc.
Pine Crest Company
Riverside Village Company
Suburbia Associates, L.P.
Suehar Associates, L.P.
Tower West Associates, L.P.
Tower West, Inc.
Town & Country Apartments and Townhouses

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 20th day of August 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly