**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 307-0277
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

June 21, 2007

*Via Facsimile & U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

I am writing to confirm our discussion yesterday about upcoming depositions in the Anaheim Gardens and Algonquin Heights cases. We agreed several weeks ago that deposition discovery would begin during the week of June 25, 2007. I had in fact proposed an earlier start date. On June 12, 2007, you provided a list of preferred locations for the depositions to be taken and, three days later, I served deposition notices for five depositions (Pine Crest Company, Glenview Gardens LP, Dolly Ann Apartments LP, Indian Head Manor LP, and Emory Grove LP) during the week of June 25, 2007.

Based upon your statement that the Rule 30(b)(6) deponents for these plaintiffs will be unavailable for all but two days next week, I have reluctantly agreed to defer the depositions of Pine Crest, Glenview Gardens and Indian Head Manor, and move the deposition of Emory Grove from Friday, June 29, 2007, to Thursday, June 28, 2007. A revised deposition notice is enclosed. As you are well-aware, the Anaheim Gardens and Algonquin Heights plaintiffs have asserted claims with respect to 71 low-income housing projects and the Government intends to take deposition discovery on ripeness with respect to about 50 of these projects. Given that discovery closes at the end of August 2007, we will need to complete about one deposition each business day from now to the end of August. This will require your cooperation and diligence, which you have assured me will be provided.

Yesterday, I provided you a proposed schedule that completes the Government's deposition discovery by August 31, 2007. You indicated that you would discuss this proposed schedule with your clients so that any desired adjustments can be addressed promptly.

Additionally, I explained that my understanding based upon the complaints, the plaintiffs' representations to the Court, and prior rulings by the Court, is that the plaintiffs no longer contend that Government administrative delay effected a taking. The plaintiffs' regulatory taking claims are based upon the effect of the Preservation Statutes as applied to their respective low-income housing projects. During our discussion, you stated that you would confirm in writing that this understanding is correct (or incorrect) by the end of this week. It is essential that we promptly obtain a confirmation of plaintiffs' position concerning administrative delays as this has the potential to affect significantly the time required to conduct the upcoming depositions in these matters.

I look forward to hearing back from you.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Robert H. Hodges, Jr.) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 30(b)(6) NOTICE OF DEPOSITION**

Please take notice that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, defendant, the United States, will take the deposition of plaintiff, Emory Grove LP d/b/a Willow Creek Apartments, upon oral examination before an officer authorized by law to administer oaths, commencing at 1100 L Street, N.W., Washington, D.C., at 9:30 a.m., on June 28, 2007, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matter:

1. All of your interactions with HUD pursuant to, or in accordance with, the Emergency Low-Income Housing Preservation Act ("ELIHPA"), including, but not limited to, the filing of notices of intent with HUD, the submission of preservation appraisals, the determination of preservation values, the submission of plans of action to HUD, and HUD's response to submitted plans of action submitted by plaintiff.

2. All of your interactions with HUD pursuant to, or in accordance with, the Low-Income Housing Preservation and Resident Homeownership Act ("LIHPRHA"),

including, but not limited to, the filing of notices of intent with HUD, the submission of preservation appraisals, the determination of preservation values, the submission of plans of action to HUD, and HUD's response to submitted plans of action submitted by plaintiff.

3. All actions taken by you to pursue and exhaust the administrative process established by ELIHPA and LIHPRHA (collectively, the "Preservation Statutes").

4. The outcome of the administrative process established by the Preservation Statutes, *e.g.*, sale to a qualified purchaser, execution of a use agreement, or prepayment.

5. The actions taken by you, or performed on your behalf, to consider, assess or otherwise evaluate the options available under the Preservation Statutes.

6. Your communications with HUD concerning or relating to the possibility of prepaying the Government-insured mortgage on Willow Creek Apartments.

7. The bases for your contention that it was futile to apply for HUD permission to prepay the mortgage on Willow Creek Apartments pursuant to the Preservation Statutes.

8. The date on which you would have been eligible to prepay the Government-insured mortgage on Willow Creek Apartments but for the Preservation Statutes.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

June 21, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 21st day of June 2007, I caused to be delivered by U.S. mail the foregoing Rule 30(b)(6) Notice of Deposition to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Fax No. (202) 616-0465
Voice No. (202) 307-0277

**SENT BY:** David A. Harrington

**TO:** Harry Kelly, Esq.
Fax. No.: (202) 585-8080

**DATE:** June 21, 2007

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 7

**NOTES:** *Anaheim Gardens, et al. v. United States*, No. 93-655 (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582 (Fed. Cl.).

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Fax No. (202) 616-0465
Voice No. (202) 307-0277

**SENT BY:** David A. Harrington

**TO:** Alice A. Peterson, Esq.
Fax. No.: (617) 565-7337

**DATE:** June 21, 2007

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 7

**NOTES:** *Algonquin Heights, et al. v. United States*, No. 97-582 (Fed. Cl.).

DEPARTMENT OF JUSTICE
QUI PRO DOMINA JUSTITIA SEQUITUR

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Fax No. (202) 616-0465
Voice No. (202) 307-0277

**SENT BY:** David A. Harrington

**TO:** Terri L. Roman, Esq.
Fax. No.: (202) 708-3351

**DATE:** June 21, 2007

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 7

**NOTES:** *Anaheim Gardens, et al. v. United States*, No. 93-655 (Fed. Cl.).

*************** -COMM. JOURNAL- ****************** DATE JUN-21-2007 ***** TIME 12:39 *********

MODE = MEMORY TRANSMISSION START=JUN-21 12:37 END=JUN-21 12:39

FILE NO.=214

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | a | 95858080 | 007/007 | 00:02:03 |

-DOJ COMM LIT -

************************************** -DOJ COMM LIT - ***** - 202 307 0972- *********

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Fax No. (202) 616-0465
Voice No. (202) 307-0277

**SENT BY:** David A. Harrington

**TO:** Harry Kelly, Esq.
Fax. No.: (202) 585-8080

**DATE:** June 21, 2007

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 7

**NOTES:** *Anaheim Gardens, et al. v. United States*, No. 93-655 (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582 (Fed. Cl.).