**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

August 15, 2007

*Via Electronic Mail and U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.); *Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

Please find enclosed revised deposition notices for the remaining ripeness depositions in these actions. These notices implement a revised deposition schedule, which was requested by your colleague, Alycia Ziarno, and is being adopted to accommodate the preferences of you and your clients. The depositions are being taken in the respective cities that you suggested in earlier correspondence.

As you are well aware, the period for ripeness discovery has been open for over a year and is rapidly drawing to a close. In my August 6, 2007 letter, I explained that we had received no inquiries from plaintiffs about depositions of Government witnesses and urged that you arrange any such depositions promptly "so that witnesses can be informed, necessary travel arranged, appropriate preparations made, and a mutually agreeable schedule established." Letter from David A. Harrington to Harry J. Kelly at 1 (Aug. 6, 2007). Over one week has passed, during which time the United States has taken eight ripeness depositions, and still plaintiffs have neither inquired about the availability of witnesses nor served deposition notices. You have in the past suggested that plaintiffs were planning to take ripeness depositions. If that is still the case, your delay in serving notice is prejudicial and reflects a lack of professional courtesy that stands in stark contrast to our own ongoing efforts to accommodate the schedules and preferences of you and your clients. If plaintiffs intend to take any ripeness depositions, please hand serve deposition notices immediately, but in no event later than 2:00 p.m., Friday, August 17, 2007, so that we can determine whether we can accommodate your requests or should seek a protective order.

I note that Ms. Ziarno recently inquired about an extension of the current deadline for ripeness discovery. The Court has twice extended the period for ripeness discovery, which has

given the parties an additional eight months to conduct discovery. I have repeatedly emphasized that the United States would complete ripeness discovery by the August 31, 2007 deadline and that plaintiffs would be expected to do the same. I am aware of no reasons that a further extension of the discovery deadline is warranted.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

Enclosures