**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| | ) | (Judge Robert H. Hodges, Jr.) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 30(b)(6) NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs Anaheim Gardens, et al., will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths, commencing at 401 9th Street, N.W., Washington, D.C. 20004 at 1:30 p.m., on August 31, 2007, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD"), processing of prepayment and other requests under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and/or the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA") for the Plaintiffs and subject properties listed in Exhibit A.

2. Whether each of the Plaintiffs and subject properties listed Exhibit A would have been eligible to prepay their government insured mortgages under ELIHPA and/or LIHPRHA, and the basis in each case upon which they would have, or would not have been eligible to do so.



EXH. D

3. The specific criteria and/or methodology used by HUD to determine whether each of the Plaintiffs and subject properties listed in Exhibit A would have been eligible to prepay or to receive incentives under ELIHPA and/or LIHPRHA.

4. Any analysis, memoranda, reports, internal reports, or other written or oral communications HUD prepared, received, or reviewed with respect to the possibility of prepayment or the receipt of incentives by any of the Plaintiffs and their subject properties listed in Exhibit A.

5. The document retention policies of HUD, including those of any relevant field offices, and the actual steps taken to produce documents for the Plaintiffs and subject properties listed in Exhibit A.

Dated: August 20, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

**EXHIBIT A**

Anaheim Gardens
B-L Associates (1550 Beacon Street)
Joseph R. Biafora and Stefi Biafora (Millwood Apartments & Parthenia Manor Apartments)
C-W Associates, L.P. (100 Centre Plaza)
Cedar Gardens Associates
Glenview Gardens L.P.
Peter Hwei-Yang Hsi and Priscilla Lai-Fong Hsi (Waipahu Towers)
Indian Head Manor L.P. I
Norman M. Kronick and Louis Dulien (Halawa View Apartments)
Metro West Ltd., L.P.
Millwood Associates, L.P.
Napa Park Apartments, L.P.
Ontario Townhouses, L.P.
The Palomar Apartments, L.P.
Rock Creek Terrace, L.P.
Sierra Vista One, L.P.
Silverlake Village, L.P.
Thetford Properties III (Market North Apartments #2, River Falls Apartments, Washington Street Apartments, d/b/a Deanswood)
Thetford Properties IV (Glendale Court Apartments, Jefferson Court Apartments, Market North Apartments #1, Southgate Apartments)
620 Su Casa Por Cortez
825 San Tomas Apartments, L.P.
5234 Foothill Apartments

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 20th day of August 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 97-582C (Judge Robert H. Hodges, Jr.) |

**RULE 30(b)(6) NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs Algonquin Heights, et al., will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths, commencing at 401 9th Street, N.W., Washington, D.C. 20004 at 9:30 a.m., on August 31, 2007, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD"), Economic & Market Analysis Section's ("EMAS") (division, or unit, or group or however else defined) role in processing prepayment and other requests under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and/or the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA").

2. The nature and extent of EMAS' role in processing prepayment and other requests under ELIHPA and/or LIHPRHA.

3. The specific criteria and/or methodology used by EMAS to determine whether a property was permitted to prepay or receive incentives under ELIHPA and/or LIHPRHA.

4. Any analysis, memoranda, reports, internal reports, or other written or oral communications EMAS prepared, received, or reviewed with respect to the possibility of prepayment or the receipt of incentives by any of the Plaintiffs and their subject properties (see list attached as Exhibit A).

5. The document retention policies of EMAS, and the specific steps taken, if any, to produce documents in the above referenced matter in response to the Plaintiff's Request for Production of Documents.

Dated: August 20, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

**EXHIBIT A**

Algonquin Heights Associates, L.P.
Brandy Hill Company
Brookside Manor Associates, L.P.
Buckman Gardens L.P.
Cambridge Square North Associates, L.P.
Cambridge Square of Fort Wayne Associates I, L.P.
Cambridge Square of Grand Rapids Associates I, L.P.
Cambridge Square of Grand Rapids Associates II, L.P.
Carriage House North Associates, L.P.
Carriage House of Elkhart Associates, L.P.
Carriage House of Mishawaka Associates I, L.P.
Carriage House of Mishawaka Associates II, L.P.
Carriage House of Muskegon Associates, L.P.
Carriage House South Associates, L.P.
Carriage House West I Associates, L.P.
Carriage House West II Associates, L.P.
Carriage House West III Associates, L.P.
Carriage House West IV Associates, L.P.
Chauncy House Company
Cromwell Court Company
Country Towne Apartments Partnership
Dolly Ann Apartments, L.P.
Emory Grove, L.P. (Willow Creek Apartments)
First Landmark Associates, L.P.
Forest Glen Limited Dividend Housing Association
Fort Heath Associates
Garrison Forest Associates
Glenarden L.P.
Jodani Associates, L.P.
Kimberly Associates L.P.
King's Grant Company
Leader House Associates
Leader Housing Co., Inc.
New Amsterdam Associates
New Amsterdam Houses, Inc.
Pine Crest Company
Riverside Village Company
Suburbia Associates, L.P.
Suehar Associates, L.P.
Tower West Associates, L.P.
Tower West, Inc.
Town & Country Apartments and Townhouses

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 20th day of August 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No: 93-655C |
| v. | ) | Judge Robert H. Hodges, Jr. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to plaintiffs' second set of interrogatories. The defendant's response is based upon its current knowledge, information, and belief after making a reasonable inquiry. In responding to plaintiffs' interrogatories, we reserve the right to raise objections at trial or in any subsequent proceeding, including but not limited to objections as to admissibility, authenticity, accuracy, relevance and foundation.

**OBJECTIONS**

Defendant asserts and incorporates by reference the following objections to plaintiffs' interrogatories as though they were set forth in full in each response to each interrogatory:

1. Defendant objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product immunity, the deliberative process privilege, or any other privilege or immunity, including the Privacy Act of 1974, 5 U.S.C. § 552a.

2. Defendant objects to each interrogatory to the extent that it seeks information prepared or developed in anticipation of litigation or for trial when plaintiffs have not shown that

EXH. E

they have substantial need of such materials in the preparation of their case in that plaintiffs are unable, without undue hardship, to obtain the substantial equivalent of such information by other means.

3. Defendant objects to each interrogatory to the extent that it seeks information irrelevant to the issues being litigated in this case and not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to those interrogatories that in whole or in part seek expert opinions.

5. Defendant objects to each interrogatory that seeks the disclosure of information previously provided by plaintiff to the defendant or to any Government agency.

6. Defendant objects to plaintiffs' interrogatories as beyond the scope of RCFC 33 to the extent that they purport to direct defendant to divulge information beyond what is known by current officers or employees of the Department of Housing and Urban Development ("HUD") or obtainable from documents in the custody or control of HUD.

7. Defendant objects that plaintiffs' interrogatories are vague, overly broad and unduly burdensome in that they fail to specify any particular time or time period.

8. Defendant's objections, stated above, are hereby incorporated by reference to each interrogatory, and shall not be repeated as objections to each definition, instruction and request to which they are applicable. In addition, defendant asserts certain specific objections set forth below. By stating specific objections, defendant does not waive any of the objections incorporated herein.

## INTERROGATORIES

**Interrogatory No. 11:**

For request for admission No. 11 if you respond with anything other than an unqualified admission, describe in detail the basis for your answer, including the name of the property or properties and the reasons supporting the approval.

**Response:**

Defendant objects that this interrogatory is overly broad and unduly burdensome as it seeks information about thousands of HUD-insured and state-insured projects that are not at issue in this litigation. Defendant possesses no database or unified source from which it can be determined which of these projects sought to prepay under the Preservation Statutes and what outcome resulted from the project owner's request to prepay. Subject to and without waiving these objections, defendant responds that on May 3, 1997, in connection with other litigation, the United States filed a declaration that addresses, among other things, prepayment under the Preservation Statutes. This declaration was executed by Joseph Malloy, the then-Deputy Director of the Existing Products/Preservation Division, Office of Multi-Family Housing Development, United States Department of Housing and Urban Development. In his declaration, Mr. Malloy explains that eight projects sought to prepay under ELIHPA and LIHPRHA and that of these eight projects, three were permitted to prepay by HUD. Malloy Decl. ¶ 6. A true and correct copy of the Malloy Declaration is attached as Exhibit A.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

June 15
~~May~~ ___, 2007

Attorneys for Defendant

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GREENBRIER (LAKE COUNTY TRUST COMPANY NO. 1391), AN INDIANA GENERAL PARTNERSHIP, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 96-326C
No. 96-364C
No. 96-435C
No. 96-697C
(Judge Merow)

DECLARATION OF JOSEPH MALLOY

I, Joseph Malloy, Deputy Director of the Existing Products/Preservation Division, Office of Multifamily Housing Development, United States Department of Housing and Urban Development ("HUD"), do hereby declare under penalty of perjury that I am responsible for administration of the housing "preservation" programs described below, and that the following statements are based upon my personal knowledge and information provided to me by my staff:

1. The housing projects listed on Attachment A had or currently have mortgages insured by the Federal government under Section 221(d)(3) or Section 236 of the National Housing Act, 12 U.S.C. § 1715l(d)(3) (1994). These programs required a series of separate contractual agreements, including contracts of mortgage insurance between the Federal Housing Administration ("FHA") and the private lenders, mortgage notes given by the project owners ("owner-participants") to their private lenders to finance construction of the projects, as well as "regulatory agreements" between the project owner and the FHA, which governed various

aspects of the project's operation and control as long as the Government was obligated to insure or hold their respective mortgages. These controls included low-income affordability restrictions. Consistent with regulatory policy at the time under the Section 221(d)(3) and Section 236 programs, many of the mortgage notes provided that the mortgagor (i.e., owner-participant) could prepay its debt after 20 years from FHA final endorsement of the mortgage without prior Government approval, and thus terminate the government's mortgage insurance contract and regulatory controls.

2. Beginning in the late 1980s, Congress enacted legislation designed to "preserve" the stock of low-income housing developed and maintained under the Section 221(d)(3) and Section 236 programs. As described below, the nature of these preservation efforts differ markedly between two periods: 1988 through 1996, and 1996 to the present.

I. <u>Preservation of Low-Income Housing (1988-1996)</u>

3. In February 1988, Congress enacted the Emergency Low-Income Housing Preservation Act of 1987, Pub. L. No. 100-242, Title II, § 201, 101 Stat. 1815, 1877 (February 5, 1987) (codified at 12 U.S.C. § 1715l note) (known as "ELIHPA" or "Title II"). ELIHPA provided that owners of "eligible low income housing" could prepay a FHA-insured mortgage under the Section 221(d)(3) and Section 236 programs only in accordance with a "Plan of Action" approved by HUD. As an inducement not to seek prepayment, ELIHPA also authorized HUD to provided financial

"incentives" for owner-participants that agreed to extend the low-income affordability restrictions applicable to their projects voluntarily. An owner-participant seeking to initiate prepayment or receive incentives was required to file with HUD a "Notice of Intent" and, after receiving certain information from HUD, a Plan of Action. In order for HUD to approve a Plan of Action that involved prepayment and termination of the low-income affordability restrictions, HUD was required to make a written finding that (1) implementation of the Plan of Action would not materially increase economic hardship for current tenants and (2) the supply of vacant, comparable housing would be sufficient to serve the community.

4. In November 1990, Congress enacted the Low Income Housing and Resident Homeownership Act of 1990, Pub. L. No. 101-625, Title VI, § 601, 104 Stat. 4249 (November 28, 1990) (codified at 12 U.S.C. §§ 4101 <u>et seq</u>.) (known as "LIHPRHA" or "Title VI"). LIHPRHA continued the restrictions upon the prepayment of mortgages and adopted essentially the same general concepts of "Notice of Intent" and "Plan of Action" as prescribed in ELIHPA. The findings required under LIHPRHA for HUD to approve a Plan of Action that proposed to terminate or extend the low-income affordability restrictions are similar to the findings previously required under ELIHPA. For owner-participants that request and receive approval to prepay, LIHPRHA Section 223(b)-(d) requires the owner-participant to provide certain tenant displacement assistance upon prepayment if the project is

determined to be in a "low-vacancy area" or if prepayment will affect "special needs" tenants.

5. ELIHPA and LIHPRHA allowed prepayment of FHA-insured mortgages in certain circumstances. Whether comparable affordable housing is available in any areas in which the projects are located and whether any of the projects can possibly satisfy the conditions for prepayment set forth in ELIHPA or LIHPRHA, are factual issues for HUD to determine pursuant to the particularized administrative process under ELIHPA and LIHPRHA. HUD has exclusive or primary jurisdiction to make such findings.

6. The incentives and assistance available under ELIHPA or LIHPRHA have induced most property owners to remain in the Section 221(d)(3) and 236 programs voluntarily. The Section 221(d)(3) and Section 236 mortgage insurance programs involve a total of 3,668 properties as of March 1, 1997. Only eight of these properties have sought to prepay their mortgages and to withdraw from the programs under ELIHPA or LIHPRHA. Of this limited number, three have been permitted to prepay and withdraw.

7. None of the owner-participants listed on Attachment A sought to prepay their FHA-insured mortgage and terminate the low-income affordability restrictions applicable to their projects under ELIHPA or LIHPRHA.

8. As of this date, the owners of the housing projects identified on Attachment A whose status is listed as "COMPLETE" have, in lieu of prepayment, completed the administrative process under ELIHPA or LIHPRHA to either (1) extend the low-income

affordability restrictions applicable to their projects or (2) transfer their projects to qualified purchasers.

9. As of this date, the owners of the housing projects identified on Attachment A whose status is listed as "IN PROCESS" have, in lieu of prepayment, initiated the administrative process under ELIHPA or LIHPRHA to either (1) extend the low-income affordability restrictions applicable to their projects or (2) transfer their projects to qualified purchasers. These projects have yet to submit or, if submitted, have yet to receive approval of, their respective Plans of Action. Thus, HUD's action with respect to these projects under the administrative process provided by ELIHPA or LIHPRHA is not final.

10. As of this date, the owners of the housing projects identified on Attachment A whose status is listed as "APPROVED" have, in lieu of prepayment, initiated the administrative process under ELIHPA or LIHPRHA to either (1) extend the low-income affordability restrictions applicable to their projects or (2) transfer their projects to qualified purchasers. These projects have had their respective Plans of Action approved by HUD, but are awaiting congressional appropriations to fund the incentives provided by their respective Plans of Action. Thus, HUD's action with respect to these projects under the administrative process provided by ELIHPA or LIHPRHA is not final.

11. As of this date, the owners of the housing projects identified on Attachment A whose status is listed as "NONE" have yet to initiate, or have withdrawn their efforts to initiate, the

administrative process under ELIHPA or LIHPRHA. Thus, HUD's action with respect to these projects under the administrative process provided by ELIHPA or LIHPRHA is not final.

II. Preservation of Low-Income Housing (1996 to Present)

12. In March 1996, Congress enacted the Housing Opportunity Program Extension Act of 1996, Pub. L. No. 104-120, § 2, 110 Stat. 834 (March 28, 1996) (known as the "Extension Act"). The Extension Act authorizes owner-participants to prepay their mortgages and thus to remove their projects from the Section 221(d)(3) and Section 236 programs without resort to the administrative process under ELIHPA or LIHPRHA, provided that the projects do not raise rents for 60 days following prepayment. Owner-participants that prepay under the Extension Act must continue to abide by other existing contractual obligations, if any, independent of the mortgage note.

13. Since March 28, 1996, the housing projects identified on Attachment A have been qualified under the Extension Act to prepay their mortgages without resort to the administrative process under ELIHPA or LIHPRHA, provided that the projects do not raise rents for 60 days following prepayment.

14. As of this date, the owners of the housing projects identified on Attachment A whose status is listed as "PREPAID" have elected to prepay their mortgages under the Extension Act.

15. In September 1996, Congress authorized "Section 8" tenant assistance in lieu of the owner-provided tenant displacement assistance under LIHPRHA Section 223 (codified at 12

U.S.C. § 4113). See Department of Veterans Affairs and Housing and Urban Development, and Independent Agencies Appropriations Act of 1997, Pub. L. No. 104-204, Title II, 110 Stat 2874 (September 26, 1996). Consequently, HUD is not presently requiring program participants that prepay their mortgages to provide assistance to displaced tenants under Section 223(b)-(d).

Executed on May 7, 1997

JOSEPH MALLOY, Deputy Director
Existing Products/Preservation Division
Office of Multifamily Housing Development
Department of Housing and Urban Development
451 7th Street, N.W.
Washington, D.C. 20410

ATTACHMENT A

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| **GREENBRIER, ET AL. V. UNITED STATES, CASE NO. 96-324C, INITIAL COMPLAINT, FILED JUNE 6, 1996** | | | | | | |
| G01 | GREENBRIER (LAKE CO. TRUST CO. NO. 1391) | GREENBRIER APARTMENTS | 073-55063 | GARY | IN | PREPAID |
| G02 | WOODLAKE VILLAGE (LAKE CO. TRUST. NO. 158 | WOODLAKE VILLAGE I | 073-44076 | GARY | IN | PREPAID |
| **CARRIER ARMS, ET AL. V. UNITED STATES, CASE NO. 96-364C, FILED JUNE 24, 1996** | | | | | | |
| CA01 | CARRIER ARMS APTS. | CARRIER ARMS | 112-55017 | GRAND PRAIRIE | TX | IN PROCESS |
| CA02 | COLONIAL TERRACE APTS | OAKWOOD TERRACE | 084-55010 | SOUTH NEWTON | MO | NONE |
| CA03 | FIRST BROOKWOOD LTD. | BROOKWOOD APTS | 118-44102 | OWASSO | OK | NONE |
| CA04 | FIRST BUENA VIDA LTD. | BUENA VIDA APARTMENTS | 116-44044 | LAS CRUCES | NM | NONE |
| CA05 | FIRST FAIRMONT TERRACE, LTD. | FAIRMONT TERRACE | 118-55021 | TULSA | OK | NONE |
| CA06 | FIRST FAIRMONT II, LTD. | FAIRMONT II APTS | 118-44111 | TULSA | OK | NONE |
| CA07 | FIRST PARKWOOD LTD. | PARKWOOD APTS | 118-44096 | BIXBY | OK | NONE |
| CA08 | FIRST PLAZA DORADO LTD. | PLAZA DORADO | 116-44034 | ALBUQUERQUE | NM | NONE |
| CA09 | FIRST PLAZA HILLS EAST LTD. | PLAZA HILL APTS | 118-44005 | TULSA | OK | NONE |
| CA10 | FIRST VILLAGE WEST LTD. | VILLAGE WEST | 118-44040 | SALLISAW | OK | NONE |
| CA11 | HIGH HOUSE VILLAGE APTS. | HIGH HOUSE APTS. | 086-44049 | DICKSON | TN | NONE |
| CA12 | HILLCREST APTS. LTD. | HILLCREST APTS. | 112-44083 | MESQUITE | TX | IN PROCESS |
| CA13 | JACKSON MANOR APTS | JACKSON MANOR | 112-44011 | MESQUITE | TX | IN PROCESS |
| CA14 | SKYLINE FOX HOLLOW JOINT VENTURE | FOX HOLLOW | 112-55062 | GRAND PRAIRIE | TX | IN PROCESS |
| CA15 | SOUTH PARK APTS. | SOUTH PARK GDNS | 112-35026 | CORSICANA | TX | IN PROCESS |
| CA16 | SOUTHSIDE VILLAGE APTS. | SOUTHSIDE VILLAGE | 113-44076 | BROWNWOOD | TX | NONE |
| CA17 | THE VILLAGES LTD. | THE VILLAGES | 112-35035 | WACO | TX | IN PROCESS |
| CA18 | UNIVERSITY GARDENS APTS. | UNIVERSITY GARDENS | 112-44200 | WAXAHACHIE | TX | IN PROCESS |
| **NOTICE OF ADDITIONAL PLAINTIFF, CARRIER ARMS, ET AL. V. UNITED STATES, CASE NO. 96-364C, DATED JULY 11, 1996** | | | | | | |
| NAP01 | JESSE A. COFFEY | SINGING OAKS APTS. | 112-44058 | DENTON | TX | IN PROCESS |
| **HOBBS, ET AL. V. UNITED STATES, CASE NO. 96-435C, FILED JULY 19, 1996** | | | | | | |
| H01a | C.A. HOBBS & LAURYCE G. HOBBS | TRUMAN ARMS APTS | 063-35027 | PENSACOLA | FL | IN PROCESS |
| H01b | " | TRUMAN ARMS APTS PHS 2 | 063-35066 | PENSACOLA | FL | NONE |
| H02 | CHARLES L. ADRIAN | ROSA PARKS | 043-44061 | COLUMBUS | OH | IN PROCESS |
| H03 | HUGH V. SMITH ENTERPRISES, INC. | DANYA PARK APTS | 062-44018 | PRATTVILLE | AL | NONE |
| H04 | SOUTHBROOK GARDEN APTS. LTD. | SOUTHBROOK GARDENS | 065-44008 | JACKSON | MS | IN PROCESS |
| H05 | SUGAR GROVE SQUARE, LTD. | SUGAR GROVE SQUARE | 043-44078 | WESTERVILLE | OH | APPROVED |



8

ATTACHMENT A

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| **GREENBRIER, ET AL. V. UNITED STATES, CASE NO. 96-324C, AMENDED COMPLAINT, FILED AUGUST 21, 1996** | | | | | | |
| G03 | BROADWAY APTS | BROADWAY APARTMENTS I | 129-44020 | EL CAJON, | CA | COMPLETE |
| G04 | CALIFORNIA PROPERTIES-LEISURE LIFE | LEISURE LIFE APTS. | 129-55001 | SAN DIEGO, | CA | COMPLETE |
| G05 | CALIFORNIA PROPERTIES-VILLAGES | VILLAGES APTS. | 129-55005 | SAN DIEGO, | CA | COMPLETE |
| G06 | CENTURY NORTH APTS. | CENTURY NORTH | 092-44071 | OAKDALE | MN | COMPLETE |
| G07 | KEY LARGO PARTNERS, LTD. | KEY LARGO | 129-44003 | EL CAJON, | CA | COMPLETE |
| G08 | MARYLAND PARK LTD. | MARYLAND PARK | 092-55022 | ST. PAUL, | MN | COMPLETE |
| G09a | THORA BROUT POLLACK | OLD TOWNE I | 051-44040 | HAMPTON, | VA | IN PROCESS |
| G09b | " | OLD TOWNE II | 051-44059 | HAMPTON | VA | IN PROCESS |
| **NOTICE OF ADDITIONAL PLAINTIFFS, DATED SEPTEMBER 19, 1996** | | | | | | |
| NAP029 | APPLE BLOSSOM ASSOCS. | APPLE BLOSSOM ACRES | 014-44043 | LOCKPORT | NY | NONE |
| NAP030 | CALIFORNIA-PROPERTIES-AGUILAR | MT. AGUILAR APARTMENTS | 129-55011 | SAN DIEGO, | CA | COMPLETE |
| NAP031 | CALIFORNIA-PROPERTIES-GARDENS | PENASQUITOS GARDENS | 129-55014 | SAN DIEGO | CA | PREPAID |
| NAP032 | EL CAPITAN APTS. LTD. | EL CAPITAN APTS. | 112-44015 | DALLAS | TX | IN PROCESS |
| NAP033 | EULESS SQUARE LTD | EULESS SQUARE | 113-44029 | EULESS | TX | |
| NAP034 | GARLAND GARDENS, LTD. | GARLAND GARDENS | 112-44119 | GARLAND | TX | IN PROCESS |
| NAP035 | LEIGH ANN APTS, LTD. | LEIGH ANN APTS | 112-44041 | DALLAS | TX | IN PROCESS |
| NAP036 | ROLLING MEADOWS, LTD. | ROLLING MEADOWS | 112-44001 | DALLAS | TX | IN PROCESS |
| NAP037 | WALNUT MANOR LTD | WALNUT MANOR | 115-44169 | SAN ANTONIO | TX | NONE |
| **NOTICE OF ADDITIONAL PLAINTIFF, DATED SEPTEMBER 30, 1996** | | | | | | |
| NAP038 | HIGHLAND HILLS DRIVE APTS. | HIGHLAND HILLS DRIVE | 112-35251 | DALLAS | TX | IN PROCESS |
| **NOTICE OF ADDITIONAL PLAINTIFFS, DATED OCTOBER 31, 1996** | | | | | | |
| NAP044 | ALCAZAR APTS. | ALCAZAR APARTMENTS | 084-44157 | KANSAS CITY | MO | NONE |
| NAP045 | AQUA TERRACE APTS. | AQUA TERRACE APTS | 122-44547 | BAKERSFIELD, | CA | NONE |
| NAP046 | BAINBRIDGE APTS. | BAINBRIDGE APTS. | 084-44156 | KANSAS CITY | MO | NONE |
| NAP047 | BEL AIRE DEV CO | RIVERBEND APTS | 045-55001 | CLARKSBURG | WV | PREPAID |
| NAP048 | BOYLE APTS. | BOYLE APARTMENTS | 122-44376 | LOS ANGELES, | CA | NONE |
| NAP049 | CASA GRANDE APTS. | WILLOW APTS | 121-44119 | CERES | CA | NONE |
| NAP050 | CASA GRIFFIN APTS. | CASA GRIFFIN APARTMENTS | 122-44506 | LOS ANGELES, | CA | NONE |
| NAP051 | COLUMBIA APTS. | COLUMBIA APARTMENTS | 122-44592 | LOS ANGELES, | CA | NONE |

ATTACHMENT A

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| NAP052 | 5000 S. HAMPTON, L.P. | HAMPTON TERRACE APTS. | 112-55045 | DALLAS | TX | IN PROCESS |
| NAP053 | GEORGIAN COURT APTS. | GEORGIAN COURT | 084-44153 | KANSAS CITY | MO | NONE |
| NAP054 | HENDERSON, INC. | PLEASANT HILL VILLAGE | 091-44039 | RAPID CITY, | SD | IN PROCESS |
| NAP055 | JEWEL TERRACE APTS. | JEWEL TERRACE | 122-44532 | LOS ANGELES, | CA | NONE |
| NAP056 | LINDA VISTA APTS. | LINDA VISTA APARTMENTS | 084-44147 | KANSAS CITY | MO | NONE |
| NAP057 | MARYGOLD APTS. | MARYGOLD GARDENS | 122-44278 | FONTANA, | CA | NONE |
| NAP058 | PENNBROOKE APTS. | PENNBROOKE APARTMENTS | 084-44155 | KANSAS CITY | MO | NONE |
| NAP059 | PRINCESS APTS. | PRINCESS APARTMENTS | 122-44709 | LOS ANGELES, | CA | NONE |
| NAP060 | PREMIER APTS. | PREMIER APARTMENTS | 122-44523 | LOS ANGELES, | CA | NONE |
| NAP061 | QUEEN APTS. | QUEEN APARTMENTS | 122-44640 | LOS ANGELES, | CA | NONE |
| NAP062 | HARRY THOMPSON | PARK TERRACE | 126-44009 | PORTLAND | OR | PREPAID |
| NAP063 | VACAVILLE PARK APTS. | VACAVILLE PARK | 121-55066 | VACAVILLE | CA | PREPAID |
| NAP064 | WILSON DEVELOPMENT CO. | WILSON TOWNHOUSES I | 034-44068 | SINKING SPRING | PA | APPROVED |
| NAP065 | WOODLANE APTS. | WOODLANE APARTMENTS | 122-44551 | BAKERSFIELD, | CA | NONE |

**AMERICAN RIVER, ET AL. V. UNITED STATES, CASE NO. 96-697C, FILED OCTOBER 31, 1996**

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| AR01 | AMERICAN RIVER LTD. | AMERICAN RIVER GARDENS | 136-44235 | SACRAMENTO, | CA | PREPAID |
| AR02 | ASPEN MANOR LTD. | ASPEN MANOR | 122-44283 | EL MONTE, | CA | PREPAID |
| AR03 | BEAR MOUNTAIN VILLAGE LTD. | BEAR MOUNTAIN VILLAGE | 122-44337 | ARVIN, | CA | PREPAID |
| AR04 | CAMELOT NORTH CO. | CAMELOT NORTH | 136-44114 | SACRAMENTO, | CA | APPROVED |
| AR05 | CAMELOT SOUTH CO. | CAMELOT SOUTH | 136-44113 | SACRAMENTO, | CA | APPROVED |
| AR06 | CANYON APTS. CO. | CANYON APARTMENTS | 129-44094 | OCEANSIDE | CA | PREPAID |
| AR07 | CASCADE TERRACE LTD. | CASCADE TERRACE | 122-44295 | WESTMINSTER, | CA | PREPAID |
| AR08 | COTTONWOOD MANOR CO. | COTTONWOOD MANOR | 122-44282 | EL MONTE, | CA | PREPAID |
| AR09 | ELLENDALE ARMS APTS. | ELLENDALE ARMS | 122-44248 | LOS ANGELES, | CA | COMPLETE |
| AR10 | ESCONDIDO PARK APTS. | ESCONDIDO PARK | 129-44060 | ESCONDIDO, | CA | PREPAID |
| AR11 | FOOTHILL GARDENS LTD. | FOOTHILL GARDENS | 125-44031 | CARSON CITY | NV | PREPAID |
| AR12 | HOLLISTER PLAZA LTD. | HOLLISTER PLAZA | 121-44268 | HOLLISTER | CA | APPROVED |
| AR13 | IMPERIAL VILLA APTS. | IMPERIAL VILLA APTS | 129-44054 | SAN DIEGO | CA | NONE |
| AR14 | LA VERNE TERRACE LTD. | LA VERNE TERRACE | 122-44296 | LA VERNE, | CA | PREPAID |
| AR15 | LAUREL CANYON TERRACE | LAUREL CANYON TERRACE | 122-44097 | ARLETA, | CA | COMPLETE |
| AR16 | MEYLER PARK APARTMENTS | MEYLER PARK APARTMENTS | 122-44537 | SAN PEDRO, | CA | PREPAID |
| AR17 | MILLER AVE APTS | MILLER AVENUE APARTMENTS | 122-44178 | FONTANA, | CA | APPROVED |
| AR20 | PALMDALIA LTD | PALMDALIA APARTMENTS | 122-44232 | PALMDALE, | CA | PREPAID |
| AR21 | QUEEN ANN INVESTMENT CO. | QUEEN ANN APTS. | 136-44291 | YUBA CITY, | CA | IN PROCESS |
| AR22 | ROSE GARDENS HOUSING LTD. | ROSE GARDEN TOWNHOUSES | 125-44001 | N. LAS VEGAS | NV | PREPAID |
| AR23 | SANTA CLARA TERRACE CO. | SANTA CLARA TERRACE | 136-44130 | ROSEVILLE, | CA | PREPAID |



10

ATTACHMENT A

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| AR24 | TEMPE APTS. | TEMPE APARTMENTS | 123-44096 | TEMPE, | AZ | COMPLETE |
| AR25 | TEMPE GARDEN I | COLLEGE GARDENS | 136-44160 | SACRAMENTO, | CA | PREPAID |
| AR26 | TRASK LTD. | TRASK APARTMENTS | 122-44317 | WESTMINSTER, | CA | PREPAID |
| AR27 | VERNAL HOUSING LTD. | VERNAL APARTMENTS | 136-44158 | MANTECA, | CA | PREPAID |
| AR28 | VILLA CAPRI LTD. | VILLA CAPRI | 122-44107 | BAKERSFIELD, | CA | PREPAID |
| AR29 | WEST ARMS | WESTMINISTER ARMS APTS. | 122-44507 | GARDEN GROVE | CA | PREPAID |

**NOTICE OF ADDITIONAL PLAINTIFFS, DATED NOVEMBER 8, 1996**

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| NAP066 | BATTLES FARM CO. | BATTLES FARM VILLAGE | 023-44075 | BROCKTON | MA | COMPLETE |
| NAP067 | BAY VILLAGE CO. | BAY VILLAGE | 023-44005 | FALL RIVER | MA | IN PROCESS |
| NAP068 | BRANDYWINE VILLAGE CO. | BRANDYWYNE VILLAGE | 023-55020 | EAST BOSTON | MA | COMPLETE |
| NAP069 | BURBANK APTS. CO. | BURBANK APARTMENTS | 023-55172 | BOSTON | MA | COMPLETE |
| NAP070 | CUMMINGS TOWERS CO. | CUMMINS TOWERS | 023-44072 | BOSTON | MA | COMPLETE |
| NAP071 | HERITAGE APTS. ASSOCS. | HERITAGE APARTMENTS | 091-35015 | SIOUX FALLS, | SD | APPROVED |
| NAP072 | HIGH POINT VILLAGE CO. | HIGH POINT VILLAGE | 023-55008 | ROSLINDALE | MA | COMPLETE |
| NAP073 | HIGHLAND HILLS APTS. LTD. | HIGHLAND HILLS APTS. | 112-44086 | DALLAS | TX | IN PROCESS |
| NAP074 | KENT FARM CO. | KENT FARM VILLAGE | 016-55007 | EAST PROVIDENCE | RI | COMPLETE |
| NAP075 | MOUNTAIN VILLAGE CO. | MOUNTAIN VILLAGE | 023-55026 | WORCESTER | MA | COMPLETE |
| NAP076 | OAK HOLLOW APTS. LTD. | OAK HOLLOW | 112-44049 | DALLAS | TX | IN PROCESS |
| NAP077 | PRAIRIE CREEK MANOR ASSOCS. | PRAIRIE CREEK MANOR | 112-44020 | DALLAS | TX | IN PROCESS |
| NAP078 | R.C. SCOTT APTS. | R. C. SCOT APARTMENTS | 103-35024 | SCOTTSBLUFF | NE | PREPAID |
| NAP079 | ROLLING HILLS ASSOCS. | ROLLING HILLS T.H. | 091-35090 | SIOUX FALLS, | SD | APPROVED |
| NAP080 | ROSELAND APTS INC | ROSELAND APTS I | 053-55015 | CHARLOTTE | NC | APPROVED |
| NAP081 | ROSELAND APTS INC | ROSELAND APARTMENTS I AND | 053-55043 | CHARLOTTE, | NC | APPROVED |
| NAP082 | TAMMY BROOK CO. | TAMMY BROOK APARTMENTS | 023-55038 | WEYMOUTH | MA | COMPLETE |
| NAP083 | THE CAMELOT COMPANY | CAMELOT COURT | 023-55019 | BRIGHTON | MA | COMPLETE |
| NAP084 | VALLEY VIEW APTS. INC. | VALLEY VIEW | 091-35011 | SIOUX FALLS, | SD | APPROVED |
| NAP085 | WOODLAND CITY, LTD | WOODLAND CITY | 112-44066 | DALLAS | TX | IN PROCESS |

**NOTICE OF ADDITIONAL PLAINTIFFS, DATED DECEMBER 10, 1996**

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| NAP115 | BAKER STREET ASSOCS | DOVER GARDENS II | 031-55039 | DOVER | NJ | PREPAID |
| NAP116 | CARSON APTS | CARSON APARTMENTS | 122-44371 | CARSON, | CA | PREPAID |
| NAP117 | CENTRAL APTS | CENTRAL APARTMENTS 2 | 122-44316 | SOUTH ELMONTE, | CA | PREPAID |
| NAP118 | CENTRALIA APTS | CENTRALIA APARTMENTS | 122-44334 | LAKEWOOD, | CA | PREPAID |
| NAP119 | DELANO GARDENS APTS | DELANO GARDENS | 122-35110 | DELANO, | CA | IN PROCESS |
| NAP120 | L A PRO 30 APTS | LA PRO 30 APTS | 122-44542 | LOS ANGELES, | CA | NONE |



11

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| NAP121 | LEESBURG VILLAGE ASSOCS. | LEESBURG VILLAGE | 000-44115 | LEESBURG | VA | NONE |
| NAP122 | LEMOLI APARTMENTS | LEMOLI APARTMENTS | 122-44315 | HAWTHORNE, | CA | PREPAID |
| NAP123 | MOUNTAIN VIEW APTS | MOUNTAIN VIEW APTS | 121-35298 | REEDLEY | CA | IN PROCESS |
| NAP124 | SHAMROCK ASSOCS | SHAMROCK APTS | 054-35028 | HONEA PATH | SC | IN PROCESS |
| NAP125 | SUBURBAN PARK LTD | SUBURBAN PARK VILLAGE APTS | 000-44153 | GAITHERSBURG | MD | IN PROCESS |
| NAP126 | TWO WORLDS DEV. CO., PHASE II | TWO WORLDS II | 122-44730 | LOS ANGELES, | CA | NONE |

**NOTICE OF ADDITIONAL PLAINTIFFS, DATED DECEMBER 20, 1996**

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| NAP127 | BETHLEHEM TOWNHOUSES | LIBERTY HILL | 034-44128 | BETHLEHEM | PA | APPROVED |
| NAP128 | CAPITOL VIEW PLAZA, PHASE II ASSOCS. | CAPITOL VIEW PLAZA II | 000-44123 | WASHINGTON | DC | NONE |

**NOTICE OF ADDITIONAL PLAINTIFFS, DATED FEBRUARY 11, 1997**

| NO. | PLAINTIFF | PROJECT NAME | FHA NO. | CITY | ST | STATUS |
|---|---|---|---|---|---|---|
| NAP129 | KING TOWERS ASSOCS. | KING TOWERS | 000-55077 | WASHINGTON | DC | COMPLETE |
| NAP130 | DAYTONA GARDEN APT (SOUTH) INC | DAYTONA GARDEN (SOUTH) | 067-35060 | DAYTONA BEACH | FL | APPROVED |
| NAP131 | DAYTONA GARDEN APT (CENTRAL) INC | DAYTONA GARDEN CENTRAL) | 067-35009 | DAYTONA BEACH | FL | APPROVED |
| NAP132 | DAYTONA GARDEN APT (NORTH) INC | DAYTONA GARDEN (NORTH) | 067-35020 | ORMOND BEACH | FL | APPROVED |
| NAP133 | FAIRLANE MEADOW LTD | FAIRLANE MEADOWS | 062-44041 | EUFAULA | AL | NONE |

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 15th day of June 2007, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's Response to Plaintiffs' Second Set of Interrogatories to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

Ena M. Goddard

**Interrogatory No. 5:**

For each Subject Property, if Defendant contends that prepayment of the Government insured mortgage pursuant to the Preservation Statutes was not futile with respect to that property, state all facts upon which Defendant bases its contention.

**Response:**

Defendant objects that this interrogatory is vague, ambiguous, and overly broad. Further, to the extent the interrogatory seeks discovery concerning defendant's legal conclusions, such information is not within the proper scope of an interrogatory. Subject to and without waiving its objections, defendant responds as follows:

The futility exception to the exhaustion of administrative remedies serves only to "'protect property owners from being required to submit multiple applications when the manner in which the first application was rejected makes it clear that no project will be approved.'" Howard W. Heck & Associates v. United States, 134 F.3d 1468, 1472 (Fed. Cir. 1998) (emphasis in original) (quoting Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 504 (9th Cir. 1990)). Before invoking "futility," a property owner must give the Government the opportunity, using its own reasonable procedures, to decide and explain the reach of the challenged regulation. The subject properties did not submit an application to prepay that was rejected by HUD and, consequently, the futility exception is inapplicable and unavailable.

Further, the Preservation Statutes allowed project owners to submit plans of action to request HUD's permission to prepay their Government-insured mortgage. See ELIHPA § 225(a); 12 U.S.C. § 4108. HUD's review of a plan of action for prepayment pursuant to the Preservation Statutes was multifaceted and discretionary. HUD's evaluation of such a plan of action would



EXH. F

depend upon, among other things, the details of the plan proposed by the owner, when prepayment was proposed, the nature of the housing market in the vicinity of the project, and the anticipated effect of the plan upon project's tenants. The subject properties chose not to submit a plan of action requesting permission to prepay. As a result, HUD had no occasion to analyze or evaluate a plan of action to prepay the subject properties' Government-insured mortgages under the Preservation Statutes.

Further, even if HUD had concluded that a project did not qualify to prepay pursuant to section 225(a) of ELIHPA or 12 U.S.C. § 4108, the project could still have been eligible to prepay pursuant to 12 U.S.C. § 4114. With respect to those subject properties who did not exhaust the preservation process, i.e., did not obtain a funded use agreement or consummate a sale pursuant to the Preservation Statues, prepayment pursuant to 12 U.S.C. § 4114 was a possibility.

**Request For Admission 3:**

Admit that it was futile for the Subject Properties to apply to prepay the Government insured mortgage on the properties because the conditions and criteria established in the Preservation Statutes would not allow you to approve prepayment.

**Response:**

Denied. The futility exception to the exhaustion of administrative remedies serves only to "'protect property owners from being required to submit multiple applications when the manner in which the first application was rejected makes it clear that no project will be approved.'" Howard W. Heck & Associates v. United States, 134 F.3d 1468, 1472 (Fed. Cir. 1998) (emphasis in original) (quoting Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 504 (9th Cir. 1990)). Before invoking "futility," a property owner must give the Government the opportunity, using its own reasonable procedures, to decide and explain the reach of the challenged regulation. The subject properties did not submit an application to prepay that was rejected by HUD and, consequently, the futility exception is unavailable.

Further, HUD's review of a plan of action for prepayment pursuant to the Preservation Statutes was multifaceted and discretionary. The evaluation of such a plan of action would depend upon, among other things, the details of the plan proposed by the owner, when prepayment was proposed, the nature of the housing market in the vicinity of the project, and the anticipated effect of the plan upon project's tenants. Because the subject properties chose not to submit a plan of action requesting permission to prepay, HUD had no occasion to analyze or evaluate a plan of action to prepay the subject properties' Government-insured mortgages under the Preservation Statutes.

**<u>Request For Admission 10</u>:**

Admit that with respect to each of the Subject Properties, HUD would not have been authorized to approve a plan of action seeking prepayment of such Subject Property's Government insured mortgage.

**<u>Response</u>:**

Denied. HUD's review of a plan of action for prepayment pursuant to the Preservation Statutes was multifaceted and discretionary. The evaluation of such a plan of action would depend upon, among other things, the details of the plan proposed by the owner, when prepayment was proposed, the nature of the housing market in the vicinity of the project, and the anticipated effect of the plan upon project's tenants. Further, HUD did not conduct such an evaluation unless and until a plan of action requesting prepayment was submitted by a project owner. Because the subject properties chose not to submit plans of action seeking permission to prepay, HUD had no occasion to analyze or evaluate whether the subject properties would or would not be allowed to prepay their Government-insured mortgage pursuant to section 225(a) of ELIHPA or 12 U.S.C. § 4108.