# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Robert H. Hodges, Jr.) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, requests that the plaintiffs – Anaheim Gardens, B-L Associates, C-W Associates, Denise A. Kellenbeck (d/b/a Victorian Arms Apartments), Earl W. Kellenbeck, Florin Meadows I, Ltd., Florin Meadows II, Ltd., Frances T. Ward, Glenview Gardens, LP, Hillview Townhouses Limited, Hillview Townhouses Limited No. 1, Indian Head Manor Limited Partnership I, J.D.V. Ward, James W.Y. Wong, Jewel Lake Villa II, Joseph Biafora & Stefi Biafora, Metro West Limited, Millword Associates LP, Napa Park Apartments LP, Norman M. Kronick & Louis Dulien (d/b/a Halawa View Apartments), Ontario Townhouses LP, Peter H.Y. Hsi & Pricilla L.F. Hsi (d/b/a General Partners of Waipahu Tower), Rock Creek Terrace LP, Sierra Vista One, Silverlake Village, The Palomar Apartments, Thetford Properties III LP, Thetford Properties IV LP, Washington Plaza Partners Ltd., 185-225 Parkhill Corp., 620 Su Casa Por Cortez, 825 San Tomas Apartments, 3740 Silverlake Village, and Foothill Apartments – respond to the following interrogatories.

**DEFINITIONS**

1. The terms "you," "your," or "Plaintiffs" refer collectively to Anaheim Gardens, B-L Associates, C-W Associates, Denise A. Kellenbeck (d/b/a Victorian Arms Apartments), Earl

W. Kellenbeck, Florin Meadows I, Ltd., Florin Meadows II, Ltd., Frances T. Ward, Glenview Gardens, LP, Hillview Townhouses Limited, Hillview Townhouses Limited No. 1, Indian Head Manor Limited Partnership I, J.D.V. Ward, James W.Y. Wong, Jewel Lake Villa II, Joseph Biafora & Stefi Biafora, Metro West Limited, Millword Associates LP, Napa Park Apartments LP, Norman M. Kronick & Louis Dulien (d/b/a Halawa View Apartments), Ontario Townhouses LP, Peter H.Y. Hsi & Pricilla L.F. Hsi (d/b/a General Partners of Waipahu Tower), Rock Creek Terrace LP, Sierra Vista One, Silverlake Village, The Palomar Apartments, Thetford Properties III LP, Thetford Properties IV LP, Washington Plaza Partners Ltd., 185-225 Parkhill Corp., 620 Su Casa Por Cortez, 825 San Tomas Apartments, 3740 Silverlake Village, and Foothill Apartments, and include all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of any plaintiff.

2. The term "document," as used herein has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims.

3. The term "Subject Properties" refers collectively to the properties owned by the plaintiffs that are the subject of claims asserted in this litigation.

4. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, and governmental entities.

5. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

6. The term "identify," as used herein, in reference to:

A. A natural individual means to state, to the extent known, his or her:

(1) full name;

(2) present residence address, and if that is not known, the answer shall so state, and in lieu of the present residence address, the last known address and the last known date the person resided there;

(3) present employer, business address, telephone number and job title, if known and if not known, the answer shall so state; and

(4) employer, address and job title at the time of the event, transactions or occurrence to which the interrogatory relates.

B. A person other than a natural individual means to state, to the extent known, the:

(1) full name;

(2) present or last known address;

(3) state of incorporation, if known;

(4) place(s) of business at the present time and at all times relevant to the interrogatory involved;

C. A document, means to state, to the extent known the:

(1) title, heading or caption of such document;

(2) identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;

(3) date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date, or approximate date, on which such document was prepared and/or executed;

(4) description of the type of document (for example, letter, handwritten notes, etc.) and the number of pages;

The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced, and to enable defendant to determine that such document, when produced, is in fact the document so described. (In lieu of the description requested above, plaintiff may, at its election, provide a copy of the document, with a notation on a cover page attached to the document that refers to the relevant interrogatory).

7. References to the name of a company or the designation of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, and consultants.

8. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions and things, including, but not limited to, pertinent date(s) and identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

9. The term "HUD" refers to the Department of Housing and Urban Development, predecessor institutions, past or present employees, agents, directors, officers, representatives, including counsel, and all other persons or entities that acted or purported to act upon behalf of its behalf.

10. The term "ELIHPA" refers to the Emergency Low-Income Housing Preservation Act.

11. The term "LIHPRHA" refers to the Low-Income Housing Preservation and Resident Homeownership Act.

12. The term "Preservation Statues" refers collectively to ELIHPA and LIHPRHA.

13. The term "HOPE Act" refers to the Housing Opportunity Program Extension Act of 1996.

**INSTRUCTIONS**

1. In responding to the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individuals executing plaintiff's answers to interrogatories.

2. If you cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify your inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. Provide separate responses for each interrogatory or subpart thereof; do not join together and provide a common response or answer to two or more interrogatories or to subparts of an interrogatory.

4. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information is to be supplied. Where an estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

5. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made on or by the present knowledge of the person signing or swearing to such response, identify each person from whom the information was obtained and is a matter of personal knowledge. Designate the number of the interrogatory for which each such person supplied information.

6. To the extent you consider any of the following interrogatories, or subparts thereof, to be objectionable, answer that portion of the interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the interrogatory, or subpart thereof, to which you lodge an objection and state the specific grounds for your objections.

7. Should you claim a privilege for any document requested, or about which information is requested by any of the following interrogatories, you shall so state and describe such documents in the manner indicated above. You shall state all facts that demonstrate why the document(s) sought or the information requested by any of the following document requests or interrogatories is entitled to the privilege requested.

8. When answering these interrogatories, please type the interrogatory, as well as your response or objection in accordance with all provisions of Rules 33 and 34 of the United States Court of Federal Claim.

9. With respect to each interrogatory response or part thereof to which you refuse to provide a response based upon a claim of privilege or protection, specify in detail the factual or legal basis upon which you rely in withholding the information. Your response should specifically state each privilege or protection upon which you rely in withholding a response and provide the content of the response in as much detail as is possible without revealing the privileged or protected matter.

10. If any material responsive to this request has been destroyed, state the reason for the destruction, date on which the material was destroyed, the person in whose possession, custody or control the material was when destroyed, and the person who destroyed the material.

11. To the extent that the answer to an interrogatory is being provided by the production of business records pursuant to RCFC 33(d), specify the title, date and Bates number of the business record from which the answer can be derived and the date upon which the record was produced.

12. These interrogatories are continuing in nature to the extent provided in RCFC 26. If at any time after responding to these requests plaintiff obtains additional responsive information, a supplemental response shall be furnished within 15 days of receiving such information.

# INTERROGATORIES

Defendant hereby propounds the following interrogatories:

**INTERROGATORY 1:**

Identify every owner, including general partners and limited partners, current and former, who invested in each of the Subject Properties. For each owner indicate their ownership interest, the period of time for which that ownership interest was held, and any other Subject Property in which that owner invested.

**Response:**

**INTERROGATORY 2:**

For each Subject Property, describe in detail all actions taken pursuant to the ELIHPA including, but not limited to, whether you submitted a notice of intent to HUD, the date upon which any notice of intent was submitted to HUD, whether you submitted a plan of action to HUD, the date upon which any plan of action was submitted to HUD, the date upon which any submitted plan of action was approved or rejected by HUD, and the date upon which funding for any approved plan of action was provided by HUD.

**Response:**

**INTERROGATORY 3:**

For each Subject Property, describe in detail all actions taken pursuant to the LIHPRHA including, but not limited to, whether you submitted a notice of intent to HUD, the date upon which any notice of intent was submitted to HUD, whether you submitted a plan of action to HUD, the date upon which any plan of action was submitted to HUD, the date upon which any submitted plan of action was approved or rejected by HUD, and the date upon which funding for any approved plan of action was provided by HUD.

**Response:**

**INTERROGATORY 4:**

For each Subject Property, describe in detail all communications between you and HUD relating to the possible prepayment of the property's Government-insured mortgage.

**Response:**

**INTERROGATORY 5:**

For each Subject Property, state the date upon which you contend that HUD reached a final decision regarding the application of ELIHPA to the Subject Property and state all facts upon which you base your contention.

**Response:**

**INTERROGATORY 6:**

For each Subject Property, state the date upon which you contend that HUD reached a final decision regarding the application of LIHPRHA to the Subject Property and state all facts upon which you base your contention.

**Response:**

**INTERROGATORY 7:**

For each Subject Property, if you contend that applying to prepay pursuant to the Preservation Statutes was futile, state all facts upon which you base your contention.

**Response:**

**INTERROGATORY 8:**

For each request for admission to which you responded with anything other than an unqualified admission, describe in detail the basis for your answer.

**Response:**

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

~~June~~ July 10, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 11th day of ~~June~~ July 2006, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's First Set of Interrogatories to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

Ena M. Goddard

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | Judge Robert H. Hodges, Jr. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, requests that the plaintiffs – Algonquin Heights Associates LP, Brandy Hill Co., Brookside Manor Associates LP, Buckman Gardens LP, Chauncy House Co., Cromwell Court Co., Country Towne Apartments Partnership, Dolly Ann Apartments LP, Emory Grove LP, First Landmark Associates LP, Forest Glen Limited Dividend Housing Association, Fort Heath Associates, Garrison Forest Associates, Glenarden LP, Jodani Associates LP, Kimberly Associates, King's Grant Co., Leader House Associates & Leader Housing Co., New Amsterdam Associates & New Amsterdam Houses, Inc., Pine Crest Co., Riverside Village Co., Suburbia Associates LP, Suehar Associates LP, Tower West Associates LP & Tower West, Inc., and Town & Country Apartments & Townhouses – respond to the following interrogatories.

**DEFINITIONS**

1. The terms "you," "your," or "Plaintiffs" refer collectively to Algonquin Heights Associates LP, Brandy Hill Co., Brookside Manor Associates LP, Buckman Gardens LP, Chauncy House Co., Cromwell Court Co., Country Towne Apartments Partnership, Dolly Ann Apartments LP, Emory Grove LP, First Landmark Associates LP, Forest Glen Limited Dividend Housing Association, Fort Heath Associates, Garrison Forest Associates, Glenarden LP, Jodani

Associates LP, Kimberly Associates, King's Grant Co., Leader House Associates & Leader Housing Co., New Amsterdam Associates & New Amsterdam Houses, Inc., Pine Crest Co., Riverside Village Co., Suburbia Associates LP, Suehar Associates LP, Tower West Associates LP & Tower West, Inc., and Town & Country Apartments & Townhouses, and include all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of any plaintiff.

2. The term "document," as used herein has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims.

3. The term "Subject Properties" refers collectively to the properties owned by the plaintiffs that are the subject of claims asserted in this litigation.

4. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, and governmental entities.

5. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

6. The term "identify," as used herein, in reference to:

A. A natural individual means to state, to the extent known, his or her:

(1) full name;

(2) present residence address, and if that is not known, the answer shall so state, and in lieu of the present residence address, the last known address and the last known date the person resided there;

(3) present employer, business address, telephone number and job title, if known and if not known, the answer shall so state; and

(4) employer, address and job title at the time of the event, transactions or occurrence to which the interrogatory relates.

B. A person other than a natural individual means to state, to the extent known, the:

(1) full name;

(2) present or last known address;

(3) state of incorporation, if known;

(4) place(s) of business at the present time and at all times relevant to the interrogatory involved;

C. A document, means to state, to the extent known the:

(1) title, heading or caption of such document;

(2) identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;

(3) date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date, or approximate date, on which such document was prepared and/or executed;

(4) description of the type of document (for example, letter, handwritten notes, etc.) and the number of pages;

The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced, and to enable

defendant to determine that such document, when produced, is in fact the document so described. (In lieu of the description requested above, plaintiff may, at its election, provide a copy of the document, with a notation on a cover page attached to the document that refers to the relevant interrogatory).

7. References to the name of a company or the designation of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, and consultants.

8. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions and things, including, but not limited to, pertinent date(s) and identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

9. The term "HUD" refers to the Department of Housing and Urban Development, predecessor institutions, past or present employees, agents, directors, officers, representatives, including counsel, and all other persons or entities that acted or purported to act upon behalf of its behalf.

10. The term "ELIHPA" refers to the Emergency Low-Income Housing Preservation Act.

11. The term "LIHPRHA" refers to the Low-Income Housing Preservation and Resident Homeownership Act.

12. The term "Preservation Statues" refers collectively to ELIHPA and LIHPRHA.

13. The term "HOPE Act" refers to the Housing Opportunity Program Extension Act of 1996.

**INSTRUCTIONS**

1. In responding to the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individuals executing plaintiff's answers to interrogatories.

2. If you cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify your inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. Provide separate responses for each interrogatory or subpart thereof; do not join together and provide a common response or answer to two or more interrogatories or to subparts of an interrogatory.

4. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information is to be supplied. Where an estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis

upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

5. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made on or by the present knowledge of the person signing or swearing to such response, identify each person from whom the information was obtained and is a matter of personal knowledge. Designate the number of the interrogatory for which each such person supplied information.

6. To the extent you consider any of the following interrogatories, or subparts thereof, to be objectionable, answer that portion of the interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the interrogatory, or subpart thereof, to which you lodge an objection and state the specific grounds for your objections.

7. Should you claim a privilege for any document requested, or about which information is requested by any of the following interrogatories, you shall so state and describe such documents in the manner indicated above. You shall state all facts that demonstrate why the document(s) sought or the information requested by any of the following document requests or interrogatories is entitled to the privilege requested.

8. When answering these interrogatories, please type the interrogatory, as well as your response or objection in accordance with all provisions of Rules 33 and 34 of the United States Court of Federal Claim.

9. With respect to each interrogatory response or part thereof to which you refuse to provide a response based upon a claim of privilege or protection, specify in detail the factual or legal basis upon which you rely in withholding the information. Your response should

specifically state each privilege or protection upon which you rely in withholding a response and provide the content of the response in as much detail as is possible without revealing the privileged or protected matter.

10. If any material responsive to this request has been destroyed, state the reason for the destruction, date on which the material was destroyed, the person in whose possession, custody or control the material was when destroyed, and the person who destroyed the material.

11. To the extent that the answer to an interrogatory is being provided by the production of business records pursuant to RCFC 33(d), specify the title, date and Bates number of the business record from which the answer can be derived and the date upon which the record was produced.

12. These interrogatories are continuing in nature to the extent provided in RCFC 26. If at any time after responding to these requests plaintiff obtains additional responsive information, a supplemental response shall be furnished within 15 days of receiving such information.

# INTERROGATORIES

Defendant hereby propounds the following interrogatories:

**INTERROGATORY 1:**

Identify every owner, including general partners and limited partners, current and former, who invested in each of the Subject Properties. For each owner indicate their ownership interest, the period of time for which that ownership interest was held, and any other Subject Property in which that owner invested.

**Response:**

**INTERROGATORY 2:**

For each Subject Property, describe in detail all actions taken pursuant to the ELIHPA including, but not limited to, whether you submitted a notice of intent to HUD, the date upon which any notice of intent was submitted to HUD, whether you submitted a plan of action to HUD, the date upon which any plan of action was submitted to HUD, the date upon which any submitted plan of action was approved or rejected by HUD, and the date upon which funding for any approved plan of action was provided by HUD.

**Response:**

**INTERROGATORY 3:**

For each Subject Property, describe in detail all actions taken pursuant to the LIHPRHA including, but not limited to, whether you submitted a notice of intent to HUD, the date upon which any notice of intent was submitted to HUD, whether you submitted a plan of action to HUD, the date upon which any plan of action was submitted to HUD, the date upon which any submitted plan of action was approved or rejected by HUD, and the date upon which funding for any approved plan of action was provided by HUD.

**Response:**

**INTERROGATORY 4:**

For each Subject Property, describe in detail all communications between you and HUD relating to the possible prepayment of the property's Government-insured mortgage.

**Response:**

**INTERROGATORY 5:**

For each Subject Property, state the date upon which you contend that HUD reached a final decision regarding the application of ELIHPA to the Subject Property and state all facts upon which you base your contention.

**Response:**

**INTERROGATORY 6:**

For each Subject Property, state the date upon which you contend that HUD reached a final decision regarding the application of LIHPRHA to the Subject Property and state all facts upon which you base your contention.

**Response:**

**INTERROGATORY 7:**

For each Subject Property, if you contend that applying to prepay pursuant to the Preservation Statutes was futile, state all facts upon which you base your contention.

**Response:**

**INTERROGATORY 8:**

For each request for admission to which you responded with anything other than an unqualified admission, describe in detail the basis for your answer.

**Response:**

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

July 11, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 12th day of July 2006, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's First Set of Interrogatories to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

Ena Goddard
_______________________