**EXHIBIT L**

**IN THE UNITED STATES
COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ANAHEIM GARDENS, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | No. 93-655C<br>Judge Robert H. Hodges, Jr. |

**PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, Plaintiffs Anaheim Gardens, et. al request that the United States Department of Housing and Urban Development ("Defendant" or "HUD") produce for inspection and copying at the offices of Nixon Peabody, LLP, 401 9th Street N.W., Washington, D.C. 20004, in accordance with the Definitions and Instructions, the following documents within 30 days of the date of service of this request.

DEFINITIONS

1. The terms "you," "your," or "Defendant" refers to the United States Department of Housing & Urban Development ("HUD"), and all of its predecessor and successor agencies, and any past or present officer, employee, agent, attorney, investigator, and all other persons or entities that acted or purported to act, or act or purport to act on its behalf.

2. The term "Subject Properties" refers collectively to the properties that are the subject of the claims asserted by the Plaintiffs in this litigation, including Anaheim Gardens, 1550 Beacon Street, 100 Centre Plaza, Cedar Gardens, Victorian Arms Apartments, Florian Meadows I, Florian Meadows II, Creekside Terrace,

**EXHIBIT L**

Glenview Gardens, Hillview Townhouses, Hillview Townhouses No. 1, Indian Head Manor Apartments, Jewel Lake Villa II, Millwood Apartments (Joseph & Stefi Biafora), Metro West Ltd., Millwood Townhomes (Millwood Assoc.), Napa Park Apartments, Halawa View Apartments, Ontario Townhomes, Waipahu Tower, Rock Creek Terrace, Sierra Vista One, Silverlake Village, The Palomar Apartments, Beaumont Avenue Apartments, Coleridge Road Apartments, Icemorlee Street Apartments, Hardee Street Apartments, Holloway Court Apartments, Holiday Town Apartments, Henry Street Apartments, Market North Apartments #2, Millbank Court Apartments, Johnson Court Apartments, Oakwood Avenue Apartments, Person Court Apartments, Raleigh North Apartments, River Falls Apartments, Washington Street Apartments, Tucker Street Apartments, Young Avenue Apartments, Calico Court Apartments, Chowan Court Apartments #1, Columbus Court Apartments, Franklin Court Apartments, Glendale Court Apartments, Holiday Town Apartments #2, Jefferson Court Apartments, Long Drive Apartments #1, Market North Apartments #1,Oakwood Avenue Apartments #2, Peachtree Court Apartments, Southgate Apartments, Stewart's Creek Apartments #1, Carteret Court Apartments, Chowan Court Apartments #2, LaGrange Village Apartments, Long Drive Apartments #2, Mount Olive Court Apartments, Stewart's Creek Apartments #2, Washington Plaza Apartments, St. George Plaza, Su Casa Por Cortez, San Tomas Apartments, Foothill Apartments.

3. The term "Preservation Statutes" means the Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA") 42 U.S.C. § 1472(c)(1) and the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA"), 12 U.S.C. § 4101, et seq.

EXHIBIT L

4. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, other business associations or entities recognized by law, and the employees or independent contractors thereof, and any government body, commission, board, agency, branch, department, component, or element thereof.

5. The term "communication" or "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

6. The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Rules of the United States Court of Federal Claims, and includes without limitation, in written and/or electronic form: letters, correspondence, memoranda, reports, studies, analyses, summaries, notes, notebooks, sketches, prints, photographs, printed forms, manuals, brochures, comments, diaries, books, lists, publications, agreements, working papers, worksheets, intra and inter agency communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, emails, web pages, electronic data compilations, tape recordings, voicemails, and any and all other writings or electronic storage forms. A draft or non-identical copy or version of a document is a separate document within the meaning of this term.

7. The terms "relating to" or "relate to" means comprising, containing, setting forth, showing, disclosing, explaining, analyzing, summarizing, evidencing, constituting, and/or referring to, directly or indirectly.

## INSTRUCTIONS

1. A request for production of a document is a request that each non-identical copy be produced, including all marginalia and/or stamped materials, any

**EXHIBIT L**

envelopes and/or file folders in which the document is enclosed and each attachment to the document, whether or not the attachment is independently responsive to a particular request.

2. For each document withheld from production on the ground of any privilege or protection, state the privilege or protection claimed, the date of the document (and the date it was drafted if different), the custodian of the document, the author of the document, the recipients of the document, and the content and/or purpose of the document.

3. For each document responsive to these requests that is known to have existed, but that cannot be located, or has been destroyed or discarded, identify the author(s), the date, the recipient(s) and summarize the content.

4. Produce all responsive documents prepared from January 1, 1968 to the present.

5. The terms "and" and "or," the singular and the plural, each include the other for each of the requests.

## REQUESTS FOR PRODUCTION

Defendant is hereby requested to produce the following documents:

1. All documents describing, discussing, mentioning, relating to, or concerning, a request or intention by any Plaintiff to prepay a Government insured mortgage upon any of the Subject Properties.

2. All documents, including without limitation, internal and external written and electronic correspondence with any person, describing, discussing, mentioning, relating to or concerning the ability of an owner to prepay a Government insured mortgage on any of the Subject Properties.

EXHIBIT L

3. All documents, including without limitation, internal and external written and electronic correspondence, describing, discussing, mentioning, relating to or concerning the ability of an owner to prepay a Government insured mortgage on any insured property pursuant to the Preservation Statutes.

4. All documents that describe, discuss, mention, relate to, or concern the possibility or impossibility of prepaying a Government insured mortgage on the Subject Properties.

5. All handbooks, directives, orders, advice, guidance, manuals, statements, position papers, suggested procedures, outlines, check lists, internal memoranda, emails, congressional testimony, speeches or similar documents that describe, discuss, mention, relate to, or concern the possibility or impossibility of prepaying a Government insured mortgage on any property pursuant to the Preservation Statutes.

6. All appraisals and documents describing, discussing, mentioning, relating to or concerning appraisals on the Subject Properties.

7. All plans of action and documents describing, discussing, mentioning, relating to, or concerning plans of action submitted to Defendant for the Subject Properties.

8. All documents describing, discussing, mentioning, relating to or concerning the reasons why or why not prepayment of a mortgage would or would not be granted on the Subject Properties.

9. All documents describing, discussing, mentioning, relating to or concerning the standards, requirements, rules, conditions and/or effects of, and/or policy concerning, prepayment of Government insured mortgages.

**EXHIBIT L**

10. All documents describing, discussing, mentioning, relating to or concerning the geographical area of the rental housing market served by the Subject Properties.

11. All documents describing, discussing, mentioning, relating to or concerning the incentives that were available, granted, or denied to the Subject Properties pursuant to the Preservation Statutes.

12. All documents describing, discussing, mentioning, relating to or concerning the sale or possibility of sale of the Subject Properties.

13. All documents describing, discussing, mentioning, reflecting, concerning or relating to an analysis of any of the factors set forth in § 218(a) of LIHPRHA with respect to any of the Subject Properties, including any data used in connection with such analysis.

14. All documents describing, discussing, mentioning, relating to or concerning the policy of a sale of an insured property to a § 501(c) entity pursuant to the Preservation Statutes.

**EXHIBIT L**

Dated: October 27, 2006

Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W.
Suite 900
Washington, DC 20004
(202)585-8000

Counsel to the Plaintiffs

**EXHIBIT L**

## PROOF OF SERVICE

I hereby certify that this twenty-seventh day of October, 2006, I caused a copy of the Plaintiffs First Set of Interrogatories to be served by first-class mail, postage pre-paid upon

David Harrington
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
Room 12136
1100 L Street, N.W.
Washington, D.C. 20530

Harry J. Kelly