NIXON PEABODY LLP
ATTORNEYS AT LAW

EXHIBIT E

401 9th Street N.W.
Suite 900
Washington, DC 20004-2128
(202) 585-8000
Fax: (202) 585-8080

Harry J. Kelly
Direct Dial: (202) 585-8265
E-Mail: hkelly@nixonpeabody.com

November 8, 2007

**VIA E-MAIL**

Mr. David Harrington
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, Room 12136
Washington, DC 20530

**Re: Plaintiffs' 30(b)(6) Deposition Notices Regarding Document Retention and Other Matters**

Dear David:

At the conclusion of the 30(b)(6) deposition on Monday, November 5, 2007, we notified Ms. Ealy that the testimony provided by Ms. Bridges was insufficient to satisfy the Government's obligation to produce the "most knowledgeable person or persons" to testify on behalf the Government regarding "[t]he document retention policies of HUD, including those of any relevant field office and the actual steps taken to produce documents for the Plaintiffs and the subject properties listed in Exhibits A and B." See Attached Revised 30(b)(6) Deposition Notice, No. 5. First, Ms. Bridges self-limited her testimony by stating that she was only prepared to testify regarding the first phrase of No. 5 – i.e., "HUD's document retention policies." However, as Ms. Bridges' testimony proceeded it was clear that she was not even prepared to testify about that limited subject matter, because her only involvement with HUD's document retention policy and practices is to facilitate the transfer of files she receives to the Federal Record Retention Center pursuant to National Archive requirements and she had done nothing to prepare for the deposition. Accordingly, the Government remains obligated to produce a witness or witnesses who are capable and fully prepared to testify about the subject matter contained within No. 5 of Plaintiffs' 30(b)(6) notice.

Additionally, Ms. Bridges stated on the record that she was not prepared to testify regarding subject matter No. 5 in the EMAS 30(b)(6) notice (see attached Revised 30(b)(6) Notice). Moreover, Ms. Sharpe, who testified on November 7, 2007 regarding all other subject

**EXHIBIT E**

matters in the EMAS 30(b)(6) notice, stated on the record that she would not testify regarding subject matter No. 5. Accordingly, the Government has yet to proffer any witness to testify as to subject matter No. 5 in the Revised EMAS 30(b)(6) notice.

In sum, Ms. Bridges' testimony was insufficient with regard to subject matter No. 5 in the revised HUD general notice 30(b)(6) notice. Additionally, the Government has failed to proffer any witness to testify as to subject matter No. 5 in the revised EMAS 30(b)(6) notice. Please let us know what the Government's plans are to reconcile these two deficiencies. Of course, given that all of the available days during Plaintiffs' two week deposition period are already scheduled, the additional witness or witnesses to correct these deficiencies will have to be produced by the Government as soon after December 7, 2007 as possible. While we seek to have a proper witness or witnesses produced by the Government after December 7, 2007 to conclude the Government's response to Plaintiffs' 30(b)(6) notices, this is not to be interpreted as a suggestion or intent to permit any other discovery of any other kind by either party beyond the scheduled December 7, 2007 discovery close date.

Finally, as you recall, we asked the government last month to supplement its responses to Interrogatory No. 8 in the First Set of Interrogatories we filed in both cases. These interrogatories asked you to identify any person upon whose testimony you intend to rely to establish the Plaintiffs' claims are not ripe for adjudication. In your Supplemental Responses served last week, you say this interrogatory is premature, because, among other things, the government "has not yet determined which individuals will be called as witnesses should the issue of ripeness go to trial." Our interrogatory was broader, seeking the identification of any person you will seek testimony from to establish your position, not just your trial witnesses. We can only assume that you either do not intend to file a summary judgment motion, or if you do, will not support it with any declaration or other testimony from a witness. If you intend to file a summary judgment motion or to attach any declaration or other testimony, then you need to immediately supplement this response and identify those witnesses, who will also have to be deposed after the December 7 deadline. Please advise us about your plans immediately.

Very truly yours,

Harry J. Kelly

cc: Alycia A. Ziarno, Esq.

**EXHIBIT E**

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ANAHEIM GARDENS, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 93-655C<br>(Judge Robert H. Hodges, Jr.) |
| ALGONQUIN HEIGHTS, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 97-582C<br>(Judge Robert H. Hodges, Jr.) |

## REVISED RULE 30(b)(6) NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs, by and through their attorneys Nixon Peabody LLP, will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths. The deposition will commence at 9:30 a.m. on Friday, November 9, 2007, at the offices of Nixon Peabody LLP, 401 9th Street N.W., Washington, D.C. 20004. The deposition shall be taken for purposes of discovery and/or evidence at the time of trial in the above matters, and will continue from day to day until complete.

**EXHIBIT E**

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD"), processing of prepayment and other requests under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and/or the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA") for the Plaintiffs and subject properties listed in Exhibits and B.

2. Whether each of the Plaintiffs and subject properties listed Exhibits A and B would have been eligible to prepay their government insured mortgages under ELIHPA and/or LIHPRHA, and the basis in each case upon which they would have, or would not have been eligible to do so.

3. The specific criteria and/or methodology used by HUD to determine whether each of the Plaintiffs and subject properties listed in Exhibits A and B would have been eligible to prepay or to receive incentives under ELIHPA and/or LIHPRHA.

4. Any analysis, memoranda, reports, internal reports, or other written or oral communications HUD prepared, received, or reviewed with respect to the possibility of prepayment or the receipt of incentives by any of the Plaintiffs and their subject properties listed in Exhibits A and B.

5. The document retention policies of HUD, including those of any relevant field offices, and the actual steps taken to produce documents for the Plaintiffs and subject properties listed in Exhibits A and B.

Dated: October 19, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

EXHIBIT E

# EXHIBIT A

Algonquin Heights Associates, L.P.
Brandy Hill Company
Briar Crest Apartments I, GP
Briar Crest Apartments II, LLP
Briar Hills , LLP
Brookside Manor Associates, L.P.
Buckman Gardens L.P.
Cambridge Square North Associates, L.P.
Cambridge Square of Fort Wayne Associates I, L.P.
Cambridge Square of Grand Rapids Associates I, L.P.
Cambridge Square of Grand Rapids Associates II, L.P.
Carriage House North Associates, L.P.
Carriage House of Elkhart Associates, L.P.
Carriage House of Mishawaka Associates I, L.P.
Carriage House of Mishawaka Associates II, L.P.
Carriage House of Muskegon Associates, L.P.
Carriage House South Associates, L.P.
Carriage House West I Associates, L.P.
Carriage House West II Associates, L.P.
Carriage House West III Associates, L.P.
Carriage House West IV Associates, L.P.
Chauncy House Company
Church Park Apartments (The United Company)
Cromwell Court Company
Country Towne Apartments Partnership
Dolly Ann Apartments, L.P.
Emory Grove, L.P. (Willow Creek Apartments)
First Landmark Associates, L.P.
Forest Glen Limited Dividend Housing Association
Fort Heath Associates
Garrison Forest Associates
Glenarden L.P.
Jodani Associates, L.P.
Kimberly Associates L.P.
King's Grant Company
Leader House Associates
Leader Housing Co., Inc.
New Amsterdam Associates
New Amsterdam Houses, Inc.
Pine Crest Company
Riverside Village Company
Suburbia Associates, L.P.
Suehar Associates, L.P.
Tower West Associates, L.P.
Tower West, Inc.
Town & Country Apartments and Townhouses

# EXHIBIT B

Anaheim Gardens
B-L Associates (1550 Beacon Street)
Joseph R. Biafora and Stefi Biafora (Millwood Apartments & Parthenia Manor Apartments)
C-W Associates, L.P. (100 Centre Plaza)
Cedar Gardens Associates
Glenview Gardens L.P.
Peter Hwei-Yang Hsi and Priscilla Lai-Fong Hsi (Waipahu Towers)
Indian Head Manor L.P. I
Norman M. Kronick and Louis Dulien (Halawa View Apartments)
Metro West Ltd., L.P.
Millwood Associates, L.P.
Napa Park Apartments, L.P.
Ontario Townhouses, L.P.
The Palomar Apartments, L.P.
Rock Creek Terrace, L.P.
Sierra Vista One, L.P.
Silverlake Village, L.P.
Thetford Properties III (all of the properties specifically listed in the Fourth Amended Complaint as well as the properties that are the subject of the Court's August 24, 2007 order)
Thetford Properties IV (all of the properties specifically listed in the Fourth Amended Complaint as well as the properties that are the subject of the Court's August 24, 2007 order)
620 Su Casa Por Cortez
825 San Tomas Apartments, L.P.
5234 Foothill Apartments

**EXHIBIT E**

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 19th day of October 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly

**EXHIBIT E**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 93-655C<br>(Judge Robert H. Hodges, Jr.) |
| ALGONQUIN HEIGHTS, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 97-582C<br>(Judge Robert H. Hodges, Jr.) |

**REVISED RULE 30(b)(6) NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, the Plaintiffs, by and through their attorneys Nixon Peabody LLP, will take the deposition of the Defendant, the United States, upon oral examination before an officer authorized by law to administer oaths. The deposition will commence at 9:30 a.m. on Wednesday, November 7, 2007, at the offices of Nixon Peabody LLP, 401 9th Street N.W., Washington, D.C. 20004. The deposition shall be taken for purposes of discovery and/or evidence at the time of trial in the above matters, and will continue from day to day until complete.

**EXHIBIT E**

Pursuant to Rule 30(b)(6), you shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matters:

1. The United States Department of Housing and Urban Development's ("HUD"), Economic & Market Analysis Section's ("EMAS") (division, or unit, or group or however else defined) role in processing prepayment and other requests under the Emergency Low Income House Preservation Act of 1987 ("ELIHPA") and/or the Low Income Housing Preservation and Resident Homeownership Act of 1990 ("LIHPRHA").

2. The nature and extent of EMAS' role in processing prepayment and other requests under ELIHPA and/or LIHPRHA.

3. The specific criteria and/or methodology used by EMAS to determine whether a property was permitted to prepay or receive incentives under ELIHPA and/or LIHPRHA.

4. Any analysis, memoranda, reports, internal reports, or other written or oral communications EMAS prepared, received, or reviewed with respect to the possibility of prepayment or the receipt of incentives by any of the Plaintiffs and their subject properties (see lists attached as Exhibit A and Exhibit B).

5. The document retention policies of EMAS, and the specific steps taken, if any, to produce documents in the above referenced matter in response to the Plaintiff's Request for Production of Documents.

Dated: October 19, 2007

Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900
Washington, D.C. 2004
(202) 585-8000

Counsel for Plaintiffs

**EXHIBIT E**

## EXHIBIT A

Algonquin Heights Associates, L.P.
Brandy Hill Company
Briar Crest Apartments I, GP
Briar Crest Apartments II, LLP
Briar Hills , LLP
Brookside Manor Associates, L.P.
Buckman Gardens L.P.
Cambridge Square North Associates, L.P.
Cambridge Square of Fort Wayne Associates I, L.P.
Cambridge Square of Grand Rapids Associates I, L.P.
Cambridge Square of Grand Rapids Associates II, L.P.
Carriage House North Associates, L.P.
Carriage House of Elkhart Associates, L.P.
Carriage House of Mishawaka Associates I, L.P.
Carriage House of Mishawaka Associates II, L.P.
Carriage House of Muskegon Associates, L.P.
Carriage House South Associates, L.P.
Carriage House West I Associates, L.P.
Carriage House West II Associates, L.P.
Carriage House West III Associates, L.P.
Carriage House West IV Associates, L.P.
Chauncy House Company
Church Park Apartments (The United Company)
Cromwell Court Company
Country Towne Apartments Partnership
Dolly Ann Apartments, L.P.
Emory Grove, L.P. (Willow Creek Apartments)
First Landmark Associates, L.P.
Forest Glen Limited Dividend Housing Association
Fort Heath Associates
Garrison Forest Associates
Glenarden L.P.
Jodani Associates, L.P.
Kimberly Associates L.P.
King's Grant Company
Leader House Associates
Leader Housing Co., Inc.
New Amsterdam Associates
New Amsterdam Houses, Inc.
Pine Crest Company
Riverside Village Company
Suburbia Associates, L.P.
Suehar Associates, L.P.
Tower West Associates, L.P.
Tower West, Inc.
Town & Country Apartments and Townhouses

## EXHIBIT B

Anaheim Gardens
B-L Associates (1550 Beacon Street)
Joseph R. Biafora and Stefi Biafora (Millwood Apartments & Parthenia Manor Apartments)
C-W Associates, L.P. (100 Centre Plaza)
Cedar Gardens Associates
Glenview Gardens L.P.
Peter Hwei-Yang Hsi and Priscilla Lai-Fong Hsi (Waipahu Towers)
Indian Head Manor L.P. I
Norman M. Kronick and Louis Dulien (Halawa View Apartments)
Metro West Ltd., L.P.
Millwood Associates, L.P.
Napa Park Apartments, L.P.
Ontario Townhouses, L.P.
The Palomar Apartments, L.P.
Rock Creek Terrace, L.P.
Sierra Vista One, L.P.
Silverlake Village, L.P.
Thetford Properties III (all of the properties specifically listed in the Fourth Amended Complaint as well as the properties that are the subject of the Court's August 24, 2007 order)
Thetford Properties IV (all of the properties specifically listed in the Fourth Amended Complaint as well as the properties that are the subject of the Court's August 24, 2007 order)
620 Su Casa Por Cortez
825 San Tomas Apartments, L.P.
5234 Foothill Apartments

**EXHIBIT E**

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 19th day of October 2007, I caused to be delivered by electronic mail the foregoing Rule 30(b)(6) Notice of Deposition to:

David A. Harrington
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530

Harry J. Kelly