**EXHIBIT F**

**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

November 13, 2007

*Via Electronic Mail and U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.); *Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

I am writing in response your recent letters about depositions in the above-referenced matters. In your letters, you confirmed the availability of several witnesses, requested several changes to the dates and places contained in depositions notices served by the United States on October 31, 2007, discussed the scope of testimony received from Carmelita Bridges, and requested that a deponent be made available to testify about the document retention policy of HUD's economic and market analysis section ("EMAS"). Each of these matters are addressed below.

We have reviewed the changes that you requested to the schedule of depositions previously noticed by the United States and can accommodate the scheduling changes that you propose. Accordingly, we will complete the United States' depositions on ripeness as follows:

| Deponent | Date | Location |
|---|---|---|
| Thetford Properties III | November 27, 2007 | Washington, DC |
| Thetford Properties IV | November 28, 2007 | Washington, DC |
| Richard Tod Spieker | November 29, 2007 | Palo Alto, CA |
| The United Company | November 30, 2007 | Washington, DC |
| David Smith | December 4, 2007 | Boston, MA |
| Briar Crest I | December 7, 2007 | Washington, DC |

**EXHIBIT F**



| | | |
|---|---|---|
| Briar Crest II | December 7, 2007 | Washington, DC |
| Briar Hills | December 7, 2007 | Washington, DC |

Revised deposition notices will be served, as appropriate.

In your letter dated November 8, 2007, you object to testimony provided by Carmelita Bridges. You state specifically that Ms. Bridges "self-limited" her testimony.[1] Letter from Harry Kelly to David A. Harrington at 1 (Nov. 8, 2007). This is incorrect. As you are well aware, the United States asserted objections to plaintiffs' deposition notices on October 12, 2007. Letter from David A. Harrington (Oct. 12, 2007). You were informed at that time that the United States would not proffer a witness to address the steps taken to produce documents in this litigation because such testimony would implicate attorney-client communications and work product. Id. In lieu of deposition testimony, we explained that a written description of steps taken to produce documents would be supplied. Id. After receiving no objection to this procedure, a description of the steps taken to produce documents in this litigation was provided to you on October 25, 2007. Letter from David A. Harrington to Harry Kelly (Oct. 25, 2007). The same day we notified you that Ms. Bridges's testimony would be limited to "HUD document retention policies." Letter from David A. Harrington to Harry Kelly at 1 (Oct. 25, 2007). Ms. Bridges has appropriately testified about this subject matter.

You also assert that the United States has provided no witness to testify about the record retention policy of HUD's economics and market analysis section ("EMAS"). As noted above, on October 25, 2007, you were informed that the United States would make available Ms. Bridges to testify about HUD's record retention policy. Letter from David A. Harrington to Harry Kelly at 1 (Oct. 25, 2007) (referencing both plaintiff's second and third Rule 30(b)(6) deposition notices). HUD has a single record retention policy. Accordingly, there has never been a different policy that governs record retention by EMAS. Because the written HUD policy is in your possession, and because you had the opportunity to take Ms. Bridge's deposition regarding this policy, no continuation of her deposition should be necessary. Nevertheless, due to a miscommunication, Government counsel stated that Ms. Bridges would not be addressing the record retention policy of EMAS. Consequently, we will make Ms. Bridges available to testify solely about this limited issue – the record retention policy applicable to HUD's economic and market analysis section – on Tuesday, December 11, 2007.

---

[1] At another Rule 30(b)(6) deposition, Ms. Ziarno suggested similarly that Maurice Barry had "self-limited" the scope of testimony. Consistent with our prior correspondence, I had explained on the record the scope of Mr. Barry's deposition testimony. In addition, I corrected Ms. Ziarno's misstatement. If plaintiffs are uncertain about the scope of any Rule 30(b)(6) deposition, any confusion should be raised with Government counsel at the outset of the deposition.

**EXHIBIT F**



This letter is intended to address and resolve all issues concerning the scheduling of ripeness depositions by the respective parties. If you are aware of any additional scheduling issues, or other outstanding issues concerning ripeness discovery, please contact me at once.[2]

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch

---

2 The "assumption" in your November 8, 2007 letter that the United States "do[es] not intend to file a summary judgment motion, or if [we] do, will not support it with any declaration or testimony by a witness" is incorrect. The United States has not yet determined which projects will be the focus of motions for summary judgment, which will depend, in part, upon deposition testimony received over the next several weeks, nor what evidence will be used as support for any summary judgment motion. However, it currently is anticipated that one or more summary judgment motions will be filed in these actions.