**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFFS' REQUESTS FOR ADMISSIONS NOS. 8 AND 9**

## INTRODUCTION

Plaintiffs seek "an order compelling the Government to answer" two specified requests for admission. Pls.' Mot. at 1. Plaintiffs' motion borders on frivolous. As the plaintiffs' own motion concedes, the United States has denied the requested admissions. Pls.' Mot., Exs. B & C; see also Pl.'s Mot. at 1, 2, 3 (complaining that the United States responses contain "superficial denials," "perfunctory denials" and "denials" not based upon specifically cited facts). A denial is unquestionably an appropriate response to a request for admission. E.g., 7 Moore's Federal Practice ¶ 36.12[3] at 36-41 (3d ed. 2007) (citing rule 36(a)) ("A responding party may choose to deny completely a request for admission."). The plaintiffs' motion to compel should, therefore, be denied.

## ARGUMENT

A party may ask the Court "to determine the sufficiency of the answer" to a request for admission. RCFC 36(a). However, such a motion "is not to be used as an attempt to litigate the accuracy of a response." 7 Moore's Federal Practice ¶ 36.12[3] at 36-41. "Rule 36 [simply] does not authorize the court to make determinations on the accuracy of responses before trial. Nor may a court order that the subject matter of a request be admitted because the opposing parties' denial is unsupported by evidence." Id. (citing National Semiconductor Corp. v. Ramtron Int'l Corp., 265 F. Supp. 2d 71, 74-75 (D.D.C. 2003); United States v. Operation Rescute Nat'l, 111 F. Supp. 2d 948, 968 (S.D. Ohio 2000); Lakehead Pipe Line Co. v. American Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997)).

### 1. Request For Admission No. 8

Remarkably, plaintiffs ask the Court to compel the United States to admit its eighth request for admission while acknowledging that the request does not refer to the appropriate statutory section. See Pls.' Mot. at 4 n.1 (noting that plaintiffs "inadvertently identified" the wrong statutory section). Plaintiffs argue that the United States should have responded to the request for admission that they intended to tender. Id. Not surprisingly, plaintiffs' offer no authority that supports this surprising notion.[1] Moreover, as explained above, a trial court is

[1] The United States would have denied plaintiffs' eighth request for admission even if the correct statutory section had been identified because the "windfall profits test" was neither designed nor used to evaluate plans of action requesting prepayment of a Government-insured mortgage. 12 U.S.C. § 4108 (establishing the statutory test for evaluating plans of action for prepayment under LIHPRHA); see also Housing and Community Development Act of 1992, Pub. L. No. 102-550 § 308(a), 106 Stat. 3672, 3764 (Oct. 28, 1992) (eliminating the statutory authority codified at 12 U.S.C. § 4112(e) for HUD to implement a "windfall profits test" as part of the evaluation of plans of action for incentives under LIHPHRA).

without authority "to order that the subject of a request be admitted." Moore's Federal Practice ¶ 36.12[c] (citing cases).

The United States has denied the plaintiffs' eighth request for admission. Pl.'s Mot. at 2; Pl.'s Mot., Exs. B & C. It is beyond dispute that a denial is a proper response to a request to admit. E.g., RCFC 36(a). Plaintiffs can properly demand nothing more and their motion to compel should be denied.

**2. Request For Admission No. 9**

The United States has also denied the plaintiffs' ninth request for admission. Pl.'s Mot. at 2-3 & Ex. B; see also Pl.'s Mot., Ex. C (confirming that the United States had "unequivocally denied" this request for admission). The United States' denial of this request for admission is well founded and appropriate.[2] If the plaintiffs disagree, they remain free to present relevant evidence at future proceedings on the merits. Again, however, because denial is a proper response to a request to admit, plaintiffs motion to compel should be denied. E.g., RCFC 36(a).

[2] In their brief, Plaintiffs assert that under the Emergency Low-Income Housing Preservation Act ("ELIHPA"), and the Low-Income Housing and Resident Homeownership Act ("LIHPRHA") (collectively, the "Preservation Statutes"), "HUD was required to deny an owner's application to prepay its mortgage if . . . prepayment reduced the availability of affordable housing in the local market area." Pls.' Mot. at 4. Plaintiffs misstate the law. The Preservation Statutes established a multi-part discretionary standard for prepayment. Prepayment under the Preservation Statutes turned upon HUD's analysis of the anticipated effect of the owner's proposed plan of action. One part of HUD's analysis of the owner's proposed plan concerned whether "the supply of vacant, comparable housing is sufficient to ensure that . . . prepayment [pursuant to the owner's proposed plan of action would] not materially affect – . . . the availability of decent, safe, and sanitary housing affordable to low-income and very low-income families or persons in the area that the housing could reasonably be expected to serve." ELIHPA § 225(a); 12 U.S.C. § 4108(a). No plaintiff in these actions submitted a plan of action that sought to prepay pursuant to the Preservation Statutes.

**CONCLUSION**

Plaintiffs' concede that the United States has served answers denying plaintiffs' eighth and ninth requests for admissions. A responding party may properly choose to deny a request for admission. Accordingly, plaintiffs' motion to compel should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

December 18, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 18th day of December 2007, a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFFS' REQUESTS FOR ADMISSIONS NOS. 8 AND 9" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington