**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | Judge Margaret M. Sweeney |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO**
**PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to plaintiffs' second set of interrogatories. The defendant's response is based upon its current knowledge, information, and belief after making a reasonable inquiry. In responding to plaintiffs' interrogatories, we reserve the right to raise objections at trial or in any subsequent proceeding, including but not limited to objections as to admissibility, authenticity, accuracy, relevance and foundation.

**OBJECTIONS**

Defendant asserts and incorporates by reference the following objections to plaintiffs' interrogatories as though they were set forth in full in each response to each interrogatory:

1. Defendant objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product immunity, the deliberative process privilege, or any other privilege or immunity, including the Privacy Act of 1974, 5 U.S.C. § 552a.

2. Defendant objects to each interrogatory to the extent that it seeks information prepared or developed in anticipation of litigation or for trial when plaintiffs have not shown that

they have substantial need of such materials in the preparation of their case in that plaintiffs are unable, without undue hardship, to obtain the substantial equivalent of such information by other means.

3. Defendant objects to each interrogatory to the extent that it seeks information irrelevant to the issues being litigated in this case and not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to those interrogatories that in whole or in part seek expert opinions.

5. Defendant objects to each interrogatory that seeks the disclosure of information previously provided by plaintiff to the defendant or to any Government agency.

6. Defendant objects to plaintiffs' interrogatories as beyond the scope of RCFC 33 to the extent that they purport to direct defendant to divulge information beyond what is known by current officers or employees of the Department of Housing and Urban Development ("HUD") or obtainable from documents in the custody or control of HUD.

7. Defendant objects that plaintiffs' interrogatories are vague, overly broad and unduly burdensome in that they fail to specify any particular time or time period.

8. Defendant's objections, stated above, are hereby incorporated by reference to each interrogatory, and shall not be repeated as objections to each definition, instruction and request to which they are applicable. In addition, defendant asserts certain specific objections set forth below. By stating specific objections, defendant does not waive any of the objections incorporated herein.

# INTERROGATORIES

**Interrogatory No. 11:**

For request for admission No. 11 if you respond with anything other than an unqualified admission, describe in detail the basis for your answer, including the name of the property or properties and the reasons supporting the approval.

**Response:**

Defendant objects that this interrogatory is overly broad and unduly burdensome as it seeks information about thousands of HUD-insured and state-insured projects that are not at issue in this litigation. Defendant possesses no database or unified source from which it can be determined which of these projects sought to prepay under the Preservation Statutes and what outcome resulted from the project owner's request to prepay. Subject to and without waiving these objections, defendant responds that on May 3, 1997, in connection with other litigation, the United States filed a declaration that addresses, among other things, prepayment under the Preservation Statutes. This declaration was executed by Joseph Malloy, the then-Deputy Director of the Existing Products/Preservation Division, Office of Multi-Family Housing Development, United States Department of Housing and Urban Development. In his declaration, Mr. Malloy explains that eight projects sought to prepay under ELIHPA and LIHPRHA and that of these eight projects, three were permitted to prepay by HUD. Malloy Decl. ¶ 6. One of the three projects permitted to prepay was the Parc Chateau West project, which submitted a plan of action that satisfied the statutory criteria for prepayment under the Preservation Statutes. A true and correct copy of the Malloy Declaration is attached as Exhibit A.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 307-0972

November 2, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 29th day of November 2007, I caused to be delivered by U.S. mail (first class, postage prepaid), Defendant's Supplemental Response to Plaintiffs' Second Set of Interrogatories to:

Harry J. Kelly
Nixon Peabody, LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

David Wayte
______________________________