**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

October 25, 2007

*Via Electronic Mail and U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

I have received plaintiffs' revised Rule 30(b)(6) deposition notices, as well as additional deposition notices for seven individuals. In my October 12, 2007 letter, I explained that scheduling any depositions noticed after October 19, 2007 would be problematic. Three deposition notices were not served until after close of business on October 23, 2007. Compounding this problem, you made no attempt to confer about mutually convenient times to schedule any of the depositions you now seek. It is not surprising, therefore, that many of the dates you have selected are not feasible and that various constraints limit the availability of witnesses.

Despite the belated notice received, we have developed a schedule to accommodate all of your requested depositions. Please understand that due to numerous constrains on witness availability, travel requirements, the need for witness preparation, and attorney availability, we are unable to make material modifications to this schedule.

| Date | Witness | Location |
|---|---|---|
| November 5, 2007 | Carmelita Bridges – Rule 30(b)(6) Witness on HUD Record Retention Policy (second & third notices) | Washington, DC |
| November 6, 2007 | J. Nicholas Shelley | Washington, DC |

| | | |
|---|---|---|
| November 7, 2007 | Pam Sharpe – Rule 30(b)(6) Witness on HUD's Economic & Market Analysis Section (second notice) | Washington, DC |
| November 8, 2007 | Maurice Barry – Rule 30(b)(6) Witness on Prepayment Policies and Procedures (first notice) | Washington, DC |
| November 9, 2007 | Maurice Barry – Rule 30(b)(6) Witness on Prepayment Processing for the Subject Properties (third notice) | Washington, DC |
| November 13, 2007 | Michael Winiarski | Washington, DC |
| November 14, 2007 | Franca Hetue | Washington, DC |
| | Kevin McNeely | Washington, DC |
| November 15, 2007 | Thomas Vitek | Washington, DC |
| November 16, 2007 | Kerry Mulholland | Washington, DC |
| | Susie Sapilewski | Grand Rapids, MI |

It is our expectation that depositions generally will commence at 9:30 a.m. at the offices of Nixon Peabody. On November 14, 2007, the deposition of Kevin McNeely will commence at the conclusion of the deposition of Ms. Hetue. Additionally, because Ms. Sapilewski is unable to travel to Washington, D.C., she will be made available for a deposition on November 16, 2007 in Grand Rapids, Michigan.

In proposing this schedule, we do not waive and are not withdrawing our objections to plaintiffs' Rule 30(b)(6) deposition notices. Indeed, in light of our discussions last week, I am very disappointed that plaintiffs have made no meaningful effort to clarify the subject matters on which Rule 30(b)(6) witnesses are expected to testify. I find it remarkable that Ms. Ziarno was capable of informing Judge Hodges at a status conference that plaintiffs seek testimony about the Windfall Profits Test – a short-lived test concerning projects seeking use agreements under Title VI – yet plaintiffs' subsequent Rule 30(b)(6) deposition notices make no mention of the subject. A Rule 30(b)(6) deposition notice must "describe with reasonable particularity the matters on which examination is requested." "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task" and is improper. Steil v. Humana Kansas City, Inc., 197 F.R.D. 442, 444

(D. Kan. 2000); Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000). If plaintiffs intend to seek testimony about the so-called Windfall Profits Test, or any other aspect of the sale and use agreement processes, then promptly serve revised deposition notices that identify these subject matters.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch