**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Robert H. Hodges, Jr.) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FOURTH SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, requests that the plaintiffs respond to the following interrogatories.

**DEFINITIONS**

1. The terms "you," "your," or "plaintiffs" refer collectively to the plaintiffs identified in the operative complaint in this action, as well as all predecessor and successor institutions, current or former subsidiary and parent corporations or related entities; past or present experts, employees, consultants, agents, investigators, directors, officers, representatives, including counsel; and all other persons or entities that acted or purported to act, or act or purport to act upon behalf of any plaintiff.

2. The term "document," as used herein has the same meaning ascribed to it in Rule 34 of the United States Court of Federal Claims.

3. The term "subject property" refers to each and every property owned by the plaintiffs that are the subject of any claim asserted in the operative complaint in this litigation.

4. The term "person" is not limited to natural persons and includes, without limitation, natural persons, corporations, associations, partnerships, and governmental entities.

5. As used in this discovery request, the term "communications" includes written, verbal, non-verbal, electronic, wire and telephonic communications.

6. The term "identify," as used herein, in reference to:

A. A natural individual means to state, to the extent known, his or her:

(1) full name;

(2) present residence address, and if that is not known, the answer shall so state, and in lieu of the present residence address, the last known address and the last known date the person resided there;

(3) present employer, business address, telephone number and job title, if known and if not known, the answer shall so state; and

(4) employer, address and job title at the time of the event, transactions or occurrence to which the interrogatory relates.

B. A person other than a natural individual means to state, to the extent known, the:

(1) full name;

(2) present or last known address;

(3) state of incorporation, if known;

(4) place(s) of business at the present time and at all times relevant to the interrogatory involved;

C. A document, means to state, to the extent known the:

(1) title, heading or caption of such document;

(2) identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;

(3) date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date, or approximate date, on which such document was prepared and/or executed;

(4) description of the type of document (for example, letter, handwritten notes, etc.) and the number of pages;

The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced, and to enable defendant to determine that such document, when produced, is in fact the document so described. (In lieu of the description requested above, plaintiff may, at its election, provide a copy of the document, with a notation on a cover page attached to the document that refers to the relevant interrogatory).

7. References to the name of a company or the designation of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, and consultants.

8. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions and things,

including, but not limited to, pertinent date(s) and identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

9. The term "HUD" refers to the Department of Housing and Urban Development, predecessor institutions, past or present employees, agents, directors, officers, representatives, including counsel, and all other persons or entities that acted or purported to act upon behalf of its behalf.

10. The term "ELIHPA" refers to the Emergency Low-Income Housing Preservation Act.

11. The term "LIHPRHA" refers to the Low-Income Housing Preservation and Resident Homeownership Act.

12. The term "Preservation Statues" refers collectively to ELIHPA and LIHPRHA.

13. The term "HOPE Act" refers to the Housing Opportunity Program Extension Act of 1996.

14. The term "plan of action" refers to a plan submitted pursuant to and in accordance with section 223 of ELIHPA or, alternatively, the section of LIHPRHA codified at 12 U.S.C. § 4107, regardless of whether the plan proposes to terminate low-income affordability restrictions, extend low-income affordability restrictions, or transfer the subject property to a qualified purchaser.

15. The term "use agreement" refers to an agreement to provide a project's owner any of the incentives authorized by section 224 of ELIHPA or, alternatively, to provide any of incentives authorized by that section of LIHPRHA codified at 12 U.S.C. § 4109.

16. Unless otherwise stated, this discovery request concerns the period from January 1, 1987 to December 31, 1997.

## INSTRUCTIONS

1. In responding to the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individuals executing plaintiff's answers to interrogatories.

2. If you cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify your inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. Provide separate responses for each interrogatory or subpart thereof; do not join together and provide a common response or answer to two or more interrogatories or to subparts of an interrogatory.

4. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information is to be supplied. Where an estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

5. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made on or by the present knowledge of the person

signing or swearing to such response, identify each person from whom the information was obtained and is a matter of personal knowledge. Designate the number of the interrogatory for which each such person supplied information.

6. To the extent you consider any of the following interrogatories, or subparts thereof, to be objectionable, answer that portion of the interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the interrogatory, or subpart thereof, to which you lodge an objection and state the specific grounds for your objections.

7. Should you claim a privilege for any document requested, or about which information is requested by any of the following interrogatories, you shall so state and describe such documents in the manner indicated above. You shall state all facts that demonstrate why the document(s) sought or the information requested by any of the following document requests or interrogatories is entitled to the privilege requested.

8. When answering these interrogatories, please type the interrogatory, as well as your response or objection in accordance with all provisions of Rules 33 and 34 of the United States Court of Federal Claim.

9. With respect to each interrogatory response or part thereof to which you refuse to provide a response based upon a claim of privilege or protection, specify in detail the factual or legal basis upon which you rely in withholding the information. Your response should specifically state each privilege or protection upon which you rely in withholding a response and provide the content of the response in as much detail as is possible without revealing the privileged or protected matter.

10. If any material responsive to this request has been destroyed, state the reason for the destruction, date on which the material was destroyed, the person in whose possession, custody or control the material was when destroyed, and the person who destroyed the material.

11. To the extent that the answer to an interrogatory is being provided by the production of business records pursuant to RCFC 33(d), specify the title, date and Bates number of the business record from which the answer can be derived and the date upon which the record was produced.

12. These interrogatories are continuing in nature to the extent provided in RCFC 26. If at any time after responding to these requests plaintiff obtains additional responsive information, a supplemental response shall be furnished within 15 days of receiving such information.

# INTERROGATORIES

Defendant hereby propounds the following interrogatories:

**INTERROGATORY NO. 24:**

For each subject property, if you contend that ELIHPA effected a regulatory taking, state the date that you contend that the claim that ELIPHA effected a regulatory taking ripened.

**Response:**

**INTERROGATORY NO. 25:**

For each subject property, if you contend that LIHPRHA effected a regulatory taking, state the date that you contend the claim that LIHPRHA effected a regulatory taking ripened.

**Response:**

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

October 17, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 17th day of October 2007, I caused to be delivered by U.S. mail (first class, postage prepaid) and e-mail, Defendant's Fourth Set of Interrogatories to:

Harry J. Kelly
Nixon Peabody, LLP
410 Ninth Street, N.W., Suite 900
Washington, D.C. 20004

[signature]