**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

November 16, 2007

*Via Electronic Mail and U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

Having reviewed plaintiffs answers to the United States' fourth set of interrogatories in these matters, we have concluded that plaintiffs' interrogatory answers are not responsive. Our interrogatories ask you to provide the respective dates upon which plaintiffs contend that their regulatory taking claims under ELIHPA and LIHPRHA ripened. Your answers state that plaintiffs interpret these simple interrogatories as "a request for the date when Plaintiffs contend that they could or did initiate administrative processing under ELIHPA, and the that date for those subject properties that proceeded under ELIHPA was after enactment of ELIHPA and either (1) on or about the date that the initial Notice of Intent or Intent to Prepay was submitted to HUD or (2) the date of the twentieth anniversary of the subject property's mortgage, whichever was earlier." Pls.' Response to Def.'s Fourth Set of Interrogs. at 3 (served Nov. 15, 2007) (answer to interrogatory no. 24); <u>see also</u> <u>id</u> at 4 (answer to interrogatory no. 25) (providing the same "interpretation" of the interrogatory on LIHPRHA). You then state that charts containing "relevant dates" for projects that proceeded under ELIHPA and LIHPRHA are attached.

The above-quoted language is unintelligible and, consequently, is not responsive to the United States' interrogatories. Clarity on this issue is essential.[1] There is no reason why the question cannot be answered by a simple date for each property. Please provide us with

---

[1] Your answers indicate that LIHPRHA did not effect a regulatory taking with respect to projects left off Exhibit A. Similarly, your answers indicate that ELIHPA did not effect a regulatory taking with respect to projects left off Exhibit B. If this is not the case, please also correct your interrogatory answers in this regard.

corrected answers by November 21, 2007, or we will have no choice but to ask the Court to compel responsive answers.[2]

Plaintiffs also have failed to provide any answer with respect to two subject properties: Peachtree Court Apartments, and Holiday Town Apartments #2. Despite the fact that document production in these matters was completed six months ago, the answer as to Peachtree Court states "no documents." The answer as to Holiday Town #2 is simply omitted. Our interrogatories seek an answer with respect to each "subject property," a defined term that includes both Peachtree Court and Holiday Town #2. Please provide an answer with respect to these projects.

Very truly yours,

David Harrington

David A. Harrington
Trial Attorney
Commercial Litigation Branch

---

[2] Responsive answers are needed in advance of the depositions the United States will be taking on ripeness during the weeks of November 26, 2007, and December 3, 2007.