**U.S. Department of Justice**

Civil Division

JED:BMS:DHarrington
DJ No. 154-93-655 & 154-97-582

Telephone: (202) 616-0465
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

November 26, 2007

*Via Electronic Mail and U.S. Mail*

Harry J. Kelly, Esq.
Nixon Peabody LLP
401 Ninth St., N.W.
Suite 900
Washington, D.C. 20004

Re: *Anaheim Gardens, et al. v. United States*, No. 93-655C (Fed. Cl.);
*Algonquin Heights, et al. v. United States*, No. 97-582C (Fed. Cl.).

Dear Mr. Kelly:

I am writing in response to two letters I received from you late on November 21, 2007. In your first letter, you assert that plaintiffs have properly responded to the United States fourth set of interrogatories. Conspicuously missing from your letter is a plain statement that the dates supplied in plaintiffs' interrogatory answers are the dates upon which plaintiffs contend that the as-applied regulatory taking claims in these actions ripened. We would prefer not to file a motion to compel regarding these interrogatories. However, unless we receive supplemental interrogatory answers providing the information we requested, or an unambiguous written statement confirming that plaintiffs' answers do in fact provide this information, we will be left no alternative.

In your second letter, which was sent about 4:00 p.m. on the Wednesday before Thanksgiving, you provided an expert report from David Smith of Recap Advisors. We had no prior notice that such a report would be proffered. Mr. Smith's report purports to contain his own calculations about nearly 100 different HUD projects in different markets throughout the United States. We are currently beginning to review the contents of Mr. Smith's report. We intend to take a deposition of Mr. Smith regarding this report. However, it will not be possible to prepare for such a deposition during the next two weeks.[1] I will contact you to discuss mutually convenient dates for the scheduling of this deposition.

---

[1] The previously-noticed deposition of Mr. Smith does not concern his expert report, but rather, seeks fact testimony about the role that Mr. Smith's firm, Recap Advisors, played in assisting plaintiffs and other owners with preservation processing.

Very truly yours,

David A. Harrington
Trial Attorney
Commercial Litigation Branch