**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| | ) | (Judge Margaret M. Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| | ) | (Judge Margaret M. Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION NOS. 8 AND 9**

Plaintiffs submit this Reply Brief in further support of Plaintiffs' motion to compel an adequate response to Requests for Admission Nos. 8 and 9. Plaintiffs do not dispute that the Government may deny a Request for Admission. However, the Government may only do so based on a denial of the facts contained in the Request, not on the basis of legal objections. In other words, the Government may not resist—as it did here—answering the substance of a Request for Admission by claiming that the Request is vague or unclear. If the Government believes that the Request for Admission is vague and unclear, the Government should state its objection and provide a factual response to the Request subject to the objection. Otherwise, the

Government's response fails to "fairly meet the substance of the request admission" as required by RCFC 36(a).

**ARGUMENT**

**1. Request for Admission No. 8**

The Government claims it provided a sufficient denial to Plaintiffs' Request for Admission No. 8 by asserting that the Request was "vague and unclear." This denial, however, does not satisfy the requirements of RCFC 36(a). The inadequacy of the Government's response is clear in light of this Court's recent statement that good faith governs the propriety of responses to Requests for Admission. Specifically, this Court has said that, "[a] denial shall fairly meet the substance of the requested admission, and *when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested*, the party shall specify so much of it as is true and qualify or deny the remainder." JZ Buckingham Investments v. United States, 77 Fed. Cl. 37, 44 (Ct. Fed. Cl. 2007) (citing RCFC 36(a)) (emphasis in original).

Here, the Government apparently bases its contention that Request No. 8 is "vague and unclear" on the fact that Plaintiffs' counsel made a typographical error when citing the relevant statutory section. As the Government has admitted, however, it does have a response it could have provided had the correct statutory section been cited. See Defendant's Response to Plaintiffs' Motion to Compel, n.1. Thus, under the rules since the Government understood the substance of Request for Admission No. 8, it should have pointed out the typographical error and provided a qualified response. Had it done so, the Government would have met RCFC 36(a)'s requirement of good faith.

Indeed, courts have rebuked parties for using a typographical error as an excuse for not responding to the substance of a Request for Admission. For example, in Ropak Corp. v. Plastican, Inc., 2006 U.S. Dist. LEXIS 63224, *26-*28 (N.D. Ill. 2006), a Request for Admission sought information about sales figures from 1998 to present. However, because of what appeared to be a typographical error, the request asked for sales figures from 1988 to present. The responding party refused to answer the question claiming it did not have relevant figures from 1988 to present. Id. The court rejected this response since the responding party knew what was being sought in the request and could have compiled figures for at least part of the time period requested. Id. at *28-29. As such, the court deemed the request admitted. Id. Similarly, in this case, the Government plainly understood of the substance of the information that Request for Admission No. 8 was seeking. In fact, the Government admitted that it would have denied the Request on a factual basis if the correct statutory section had been identified. Thus, good faith dictates that the Government should have provided a response addressed to the substance of the Request, and it should be directed by the Court to do so now.

**2. Request for Admission No. 9**

The Government maintains that it may deny Request for Admission No. 9 solely based on the form of the question, because it claims, the Request is "vague and unclear." Again, while the Government is entitled to deny Request for Admission No. 9, it must deny the Request for Admission on the basis of the facts stated in the Request, not on the basis of its alleged vagueness or lack of clarity. Indeed, Courts have prohibited parties from objecting to a Request for Admission based on the form of the question. A party, for example, that objects to a Request for Admission because it is "vague and ambiguous" will be directed to respond to the Request on the basis of the facts when the party could employ common sense to decipher the meaning of the

Request. See,e.g., Ash Grove Cement v. Employers Insurance of Wasau, 2007 U.S. Dist. LEXIS 60351, *10 (D. Kan. 2007). Moreover, courts have found that a response to a Request for Admission that the Request is "vague and overbroad" is "not among the options contained in Rule 36 for responding to a request for admission." See, e.g., Koprowski v. Straight Arrow Publishers, 1993 U.S. Dist. LEXIS 13140**,** *5-*6 (E.D. Pa. 1993).

Here, again, the Government is plainly entitled to deny Request for Admission No. 9, but it may not do so simply because it does not like the form of the question. The Government is aware of the Federal Circuit's decision in Cienega Gardens v. United States, 265 F.3d 1237 (Fed. Cir. 2001), which held that the availability of affordable housing in a particular area was a condition for HUD's approval or denial of the prepayment of a mortgage under the pertinent preservation statutes. Thus, given the Government's familiarity with the subject matter underlying Request No. 9, the Government cannot reasonably argue that is has a well-founded misunderstanding about the information sought by this Request. As a result, the Government should provide an answer that meets the substance of the facts subject to its objections on the ground of vagueness and ambiguity. What the Government cannot do under the rules is dodge its obligation to provide a good-faith response on the basis of semantic quibbles.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel Responses to Requests for Admission Nos. 8 and 9 should be granted.

Dated: January 4, 2008

/s/ Harry J. Kelly
Harry J. Kelly
NIXON PEABODY LLP
401 9th Street N.W., Suite 900

Washington, D.C. 20004
(202) 585-8000
(202) 585-8080

**Attorney for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that two (2) true and correct copies of the forgoing were served this 4th day of January, 2008, by Federal Express, upon the following:

David Harrington, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Room 12136
Washington, D.C. 20530

/s/ Harry J. Kelly____________
Harry J. Kelly