**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO INTERROGATORIES 24 AND 25**

The United States served simple, straightforward interrogatories asking plaintiffs to identify the dates upon which they contend their regulatory taking claims ripened. Plaintiffs failed to provide this basic information – information to which the United States is unquestionably entitled. Consequently, the United States filed a motion to compel.

Plaintiffs' response to the United States' motion contains a litany of confusing, internally-contradictory assertions. See Pls.' Response at 1 (claiming that plaintiffs "have already provided responsive answers."); id. at 2 (asserting that the interrogatories are "impossible to answer"); id. at 3 (stating that "the subject interrogatories are impossible to answer"); id. at 4 (acknowledging that plaintiffs "changed the questions asked in providing responses"); id. at 5 (asserting that plaintiffs "responses provide the exact information

requested"). What is clear, however, is that plaintiffs' response contains no representation that plaintiffs have provided the dates upon which they contend that their taking claims ripened. This is the only information sought by the United States' interrogatories and, having failed to provide this information, the plaintiffs answers to interrogatories 24 and 25 are non-responsive. See RCFC 37(a)(3) ("an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond").

Plaintiffs' response contains vague references to an "understanding of the law" of ripeness. See Pls.' Response at 2 (citing plaintiffs' "understanding of the law"); id. at 3 (referring to "Plaintiffs' understanding of the law of ripeness"). Plaintiffs omit, however, any mention of cases or legal principles that would justify their refusal to answer the United States' interrogatories.

Ripeness is a well-established prerequisite to judicial relief. E.g., Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985) (dismissing plaintiff's unripe regulatory takings claim); Greenbrier v. United States, 193 F.3d 1348, 1356-60 (Fed. Cir. 1999) (same), cert denied, 530 U.S. 1274 (2000). An as-applied, regulatory taking claim under Penn Central does not ripen "until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." Palazzolo v. Rhode Island, 533 U.S. 606, 618 (2001); Williamson, 473 U.S. at 186. This "final decision" requirement ensures that a live controversy exists, provides certainty about how the property is affected by the challenged governmental regulation, fixes the start of the alleged taking, and establishes when the statute of limitations begins to run. See MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 350 (1986);

Boise Cascade v. United States, 296 F.3d 1339, 1347-48 (Fed. Cir. 2002); Bayou des Familles Dev. Corp. v. United States, 130 F.3d 1034, 1038 (Fed. Cir. 1997).

Courts have recognized a narrow "futility exception" to the final decision requirement. See, e.g., Howard W. Heck & Associates v. United States, 134 F.3d 1468, 1472 (Fed. Cir. 1998). However, "[a]bsent a clear showing that an administrative agency has taken a hard and fast position that makes an adverse ruling a certainty, a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion." Thetford Properties IV LP v. Dept. of Housing & Urban Development, 907 F.2d 445, 450 (4th Cir. 1990) (citing Randolph-Sheppard Vendors of America v. Weinberger, 795 F.2d 90, 105-06 (D.C. Cir. 1986); Rhodes v. United States, 574 F.2d 1179, 1181 (5th Cir. 1978)); see also Greenbrier, 193 F.3d at 1358 ("That HUD may have set a high hurdle by imposing stringent requirements for granting . . . permission [to prepay] does not excuse the Owners' failure to seek such permission."); Heck, 134 F.3d at 1472 (the doctrine of futility merely "protect[s] property owners from being required to submit multiple applications when the manner in which the first application was rejected makes it clear that no project will be approved") (emphasis in original).[1]

Plaintiffs assert that the interrogatories cannot be answered because "the precise date upon which a [claim] ripened in this case is not a fixed moment in time." Pls.' Response at 2. Plaintiffs offer no support – legal or otherwise – for this strange assertion. An as-applied regulatory taking generally ripens when "the government entity charged with implementing the

---

[1] The Thetford decision concerned a challenge to the Preservation Statutes initiated by one of the plaintiffs in these actions. The Fourth Circuit ruled: "To allow [Thetford] to avoid the administrative process on their unsupported allegation of futility would allow the futility exception to swallow the exhaustion rule. . . . Accordingly, the district court's order dismissing the case for failure to exhaust administrative remedies is affirmed." 907 F.2d at 450.

regulations has reached a final decision regarding the application of the regulations to the property at issue." Palazzolo, 533 U.S. at 618. Even where a taking claim is deemed futile, the claim ripens on the date that "the first application was rejected," Heck, 134 F.3d at 1472, or, alternatively, the date that the agency took "a hard and fast position that [made] an adverse ruling a certainty," Thetford, 907 F.2d at 450. If plaintiffs taking claims ever ripened, they did so on a specific, fixed date. See Bayou des Familles, 130 F.3d at 1038 (holding that the date that an as-applied taking claim ripens is the date of accrual for purposes of the statute of limitations); Cristina Inv. Corp. v. United States, 40 Fed. Cl. 571, 573-74 (1998) (regulatory takings claims premised upon permit denials do not ripen over time under a "continual process," but, rather, accrue upon the occurrence of a single event -- the final decision of the agency involved).

Plaintiffs also assert that under the law "the precise date upon which a claim ripened" is "not essential" to the ripeness determination. Pls.' Response at 2. Plainly, however, the scope of discovery is not limited to facts "essential" to the Court's determination. See, e.g., RCFC 26(b)(1). The dates that plaintiffs contend that their taking claims ripened offer important incites into the basis of plaintiffs' assertion that their taking claims are ripe. Plaintiffs answers could show, for instance, that plaintiffs believe that as of some particular date HUD took "a hard and fast position" that made an adverse ruling on a plan of action seeking prepayment "a certainty." See Thetford, 907 F.2d at 450. The United States is entitled to discovery that enables it to fully evaluate plaintiffs ripeness allegations. See Anaheim Gardens v. United States, 444 F.3d 1309, 1316-17 (Fed. Cir. 2006) (remanding these actions for discovery on ripeness). And

discovery establishing the dates that plaintiffs contend that their claims ripened is central to that inquiry.[2]

Plaintiffs assert that the United States' interrogatories "are impossible to answer" because they incorporate "a faulty premise." Pls.' Response at 3 (suggesting the interrogatories are akin to asking "when did you stop beating your wife"). This assertion is utter nonsense. The United States' interrogatories read:

> For each subject property, if you contend that ELIHPA [or LIHPRHA] effected a regulatory taking, state the date that you contend that the claim that ELIHPA [or LIHPRHA] effected a regulatory taking ripened.

Def.'s Mot., Ex A at 1-4. Plaintiffs suggest that the "faulty premise" is that the Court needs to know when a claim ripened in order to determine whether the claim is ripe. Pls.' Response at 3. Of course, such a premise would in no way make the interrogatories "impossible to answer," as plaintiffs contend. Id.

Lastly, after acknowledging that they failed to respond to the questions actually posed by the United States, see Pls.' Response at 4-5 (stating that plaintiffs "provide[d] an interpretation of" the questions, that "the responses are not framed . . . as Defendant asked the questions," and that plaintiffs "have changed the questions"), plaintiffs argue that their failure should be excused

---

[2] Plaintiffs object that the United States is seeking information that can be used if the Court ultimately reaches the merits of its claims or to establish a statute of limitations defense. While the dates that plaintiffs' claims ripened are also relevant to these issues, see, e.g., Bayou des Familles Dev. Corp. v. United States, 130 F.3d 1034, 1038 (Fed. Cir. 1997) (an as-applied taking accrues for purposes of the statute of limitations on the date that claim ripened), this does not somehow justify plaintiffs' failure to provide responsive answers. Indeed, if plaintiffs were actually of the opinion that these interrogatories were beyond the scope of ripeness discovery, they should have raised the issue when Judge Hodges was considering whether to grant leave to serve the interrogatories or subsequently requested a protective order. See Order of Judge Hodges at 1 (Oct. 22, 2007) (granting defendant leave to serve interrogatories 24 and 25).

because the United States supposedly supplied an inadequate answer to one of plaintiffs' own interrogatories, id. at 5. If plaintiffs were of the opinion that the United States did not properly answer any of their interrogatories, a proposition with which the United States vigorously disagrees, plaintiffs were free to file a motion to compel.[3] However, plaintiffs can not justify their own failure, or suggest that the United States is somehow estopped from pursuing its own motion to compel, on such grounds.

## CONCLUSION

The United States has served clear and concise interrogatories. Plaintiffs have failed to provide responsive answers. Accordingly, pursuant to RCFC 37(a), the Court should grant the United States' motion to compel.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

[3] Plaintiffs would of course have had to initiate good faith discussions about such interrogatory answers before filing a motion. RCFC 37(a)(2)(A). At no time between April 16, 2007, when the answers were served, and January 10, 2008, when ripeness discovery closed, did plaintiff raise any issue about the sufficiency of the interrogatory answers mentioned in their response.

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

February 1, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 1st day of February 2008, a copy of "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO INTERROGATORIES 24 AND 25" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington