# In the United States Court of Federal Claims

No. 93-655 C
(Filed: February 29, 2008)

| | |
|---|---|
| ANAHEIM GARDENS, et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

## RULING ON PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFFS' REQUEST FOR ADMISSIONS NOS. 8 AND 9

Before the court are "Plaintiffs' Motion to Compel Defendant to Respond to Plaintiffs' Request for Admissions Nos. 8 and 9" ("Pls.' Mot." or "motion") and accompanying exhibits ("Pls.' Ex."), "Defendant's Response to Plaintiff's [sic] Motion to Compel Defendant to Respond to Plaintiffs' Requests for Admissions Nos. 8 and 9" ("Def.'s Resp." or "opposition"), and "Plaintiffs' Reply to Defendant's Response to Motion to Compel Responses to Requests for Admission Nos. 8 and 9" ("Pls.' Reply" or "reply"). In their motion, plaintiffs seek to compel defendant to answer two requests for admission propounded pursuant to Rule 36(a) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs seek "sufficient" responses to their requests and maintain that the responses defendant furnished "contain only objections and superficial denials . . . ." Pls.' Mot. 1. Alternatively, plaintiffs request that the court deem the matters set forth in their two requests admitted. For the reasons set forth below, plaintiffs' motion is denied.

### Background

In October 2007, plaintiffs served upon defendant their First Requests for Admissions. Request for Admission Number 8 ("request number 8") sought the following with respect to the outcome of the so-called "windfall profits test":

> Admit that if the windfall profits test provided [in] sec. 222(c) of LIHPRHA indicated that an inadequate supply of decent, affordable housing existed in the rental market of any of the Subject Properties, that property would not be eligible to prepay its Government insured mortgage.

Id. at 1; see also Pls.' Ex. A (same). Defendant's response to request number 8 stated:

> Defendant objects that plaintiff's [sic] reference to "the windfall profits test provided [in] sec[tion] 222(c) of LIHPRHA" is vague and unclear. LIHPRHA was enacted as Title VI of Pub. L. No. 101-625, 104 Stat. 4259 (Nov. 29, 1990). The first section number in Title VI of Pub. L. No. 101-625 is section 601. Defendant is unaware of any discussion of "windfall profits" in section 222(c) of LIHPRHA. Defendant further objects that the requested admission seeks a legal conclusion. Accordingly, the request for admission is denied.

Pls.' Ex. B.

In their Request for Admission Number 9 ("request number 9"), plaintiffs sought factual admissions concerning whether prepayment of the plaintiffs' HUD-insured mortgages would have had an adverse impact on the availability of affordable housing. Plaintiffs argue that this admission is critical to the issue of ripeness in this case:

> Admit that with respect to each of the Subject Properties, there was an inadequate supply of decent, affordable housing in the rental market of each Subject Property at the time it became eligible to prepay its Government insured mortgage.[1]

Pls.' Mot. 2 (footnote added). Defendant's response to request number 9 stated:

> Defendant objects that the request for admission is vague and unclear because it neither defines the terms used in the request nor provides a context for those terms. It is unclear, for example, what constitutes an inadequate supply of housing, what constitutes "decent, safe, affordable" housing, and what constitutes the pertinent "rental market" for the subject properties, as those terms are used in this request. Accordingly, the request for admission is denied.

Id. at 2-3.

In electronic mail correspondence between the parties, plaintiffs objected to defendant's responses because defendant "made no substantive response . . . and raised only legal objections" and requested that defendant supplement its responses. Pls.' Ex. C. Defendant indicated that it unequivocally denied both requests and that it had "no expectation" that its denials would be modified. Pls.' Ex. D. The instant motion followed.

---

[1] Although plaintiffs' Exhibit A is titled "Plaintiffs['] First Request for Admissions," plaintiffs furnished an excerpted version containing only the first, tenth, and certificate of service pages. Exhibit A includes plaintiffs' request number 8 but does not include plaintiffs' request number 9.

**The Parties' Arguments**

Plaintiffs maintain that defendant's responses to their requests for admission are insufficient. According to plaintiffs, defendant's responses "consist of nothing more than general objections to the alleged vagueness and clarity of the language used in the Plaintiffs' Requests followed by perfunctory denials," Pls.' Mot. 3, and fail to satisfy the requirements of RCFC 36(a), Pls.' Reply 1-2. These responses, plaintiffs argue, "are not denials on the basis of any fact [but] are denials made solely with reference to general objections." Pls.' Mot. 3. According to plaintiffs, defendant's "general objections are not even well-founded." Id. at 4.

Plaintiffs argue that request number 8 "seeks a simple factual admission about whether a determination under the windfall profits test that an inadequate supply of decent, safe, affordable housing exists in a local rental market would mean that the property [owner] could not prepay its mortgage under LIHPRHA." Id. They emphasize that defendant's denial on the grounds that request number 8 is "vague and unclear" fails to comport with the requirements of RCFC 36(a). Pls.' Reply 2. Furthermore, notwithstanding a typographical error contained in request number 8, plaintiffs argue that defendant was required to furnish a qualified response and its failure to do so is evidence of bad faith. Id. Consequently, plaintiffs conclude, "good faith dictates that the government should have provided a response addressed to the substance of the Request, and it should be directed by the Court to do so now." Id. at 3.

Similarly, plaintiffs argue that defendant's response to request number 9 was improper because defendant's denial was based solely upon its belief that the request was "'vague,' and otherwise generally objectionable . . . ." Pls.' Mot. 5. According to plaintiffs, defendant "is disingenuous . . . to contend that it does not understand the nature of the factual matters addressed in Request No. 9 or the language used by the Plaintiffs to obtain that information." Id. Plaintiffs concede that defendant may deny their request. Pls.' Reply 3-4. However, plaintiffs argue that defendant must do so only "on the basis of the facts stated in the Request, not on the basis of its alleged vagueness or lack of clarity." Id. at 3. Plaintiffs assert that, because defendant is familiar with the subject matter contained in request number 9, defendant's response indicating a lack of understanding of the information sought by request number 9 is both unreasonable and devoid of good faith. Id. at 4.

In its opposition, defendant characterizes plaintiffs' motion as "border[ing] on frivolous" because a denial "is unquestionably an appropriate response to a request for admission." Def.'s Resp. 1. Defendant argues that plaintiffs have already conceded that its responses constitute denials to the requested admissions, id. at 1, 4, and its denials are appropriate, id. at 4. Defendant asserts that plaintiffs "acknowledg[e] that . . . request [number 8] does not refer to the appropriate statutory section" and provide no support for their position that defendant must admit its contents.[2] Id. at 2. Because it properly denied request number 8, defendant contends that

---

[2] Defendant adds that, even if plaintiffs had identified the correct statutory section, it would have denied request number 8 "because the 'windfall profits test' was neither designed nor

plaintiffs "can properly demand nothing more . . . ." Id. at 3. Additionally, defendant states that it properly denied request number 9. Id. (stating that "both requests for admission were unequivocally denied" (purporting to quote plaintiffs' Exhibit C)).[3]

**Discussion**

**A.**

RCFC 36 governs requests for admission. It is virtually identical to Rule 36 of the Federal Rules of Civil Procedure ("FRCP" or "Federal Rules"), and interpretation of FRCP 36 "is persuasive" in interpreting RCFC 36.[4] Armour of Am. v. United States, 70 Fed. Cl. 240, 243 (2006); see also Zoltek Corp. v. United States, 71 Fed. Cl. 160, 167 (2006) (noting that interpretation of an identical federal rule "informs the Court's analysis" of the corresponding RCFC). Requests for admission are "intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2252 (2d ed. 1994). Thus, RCFC 36, like its counterpart under the Federal Rules, "serves two vital purposes[:] Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly to narrow the issues by eliminating those that can be." Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992) (citing advisory committee's notes to the 1970 amendments); JZ Buckingham Invs. LLC v. United States, 77 Fed. Cl. 37, 44 (2007) (same).

RCFC 36 states, in pertinent part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of RCFC 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . .

---

used to evaluate plans of action requesting prepayment of a Government-insured mortgage." Def.'s Reply 2 n.1. As discussed below, defendant may not raise this objection at this time.

[3] Defendant's quotation to plaintiffs' Exhibit C is incorrect. See Def.'s Resp. 3. Exhibit C comprises an electronic mail message sent from plaintiffs' counsel to defendant's counsel seeking "a substantive response as written." This same message is reproduced in plaintiffs' Exhibit D, which contains defendant's response in which the quoted language is derived.

[4] The court notes that the Federal Rules were amended on December 1, 2007, "as part of the general restyling of the Civil Rules . . . ." Fed. R. Civ. P. 36 advisory committee's note (2007 Amendment). Any changes to FRCP 36 were "intended to be stylistic only," id., and the court therefore relies upon authorities construing the previous version of FRCP 36.

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . . If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission . . . . An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

RCFC 36(a) (emphasis added). A request for admission is "not objectionable even if [it] require[s] opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case. Requests to admit pure conclusions of law unrelated to facts in the case are objectionable." Ransom v. United States, 8 Cl. Ct. 646, 648 (1985) (interpreting Rule 36(a) of the Rules of the United States Court of Claims, which was identical to FRCP 36(a)).

Although a court may not strike a response to a request for admission, Ice Corp. v. Hamilton Sundstrand Inc., No. 05-4135-JAR, 2007 WL 1297120, at *16 (D. Kan. Apr. 30, 2007), a court can, upon motion by a party, "determine the sufficiency of the answers or objections." RCFC 36(a). "When a request is denied, the court must consider: (1) whether the denial fairly meets the substance of the request; (2) whether good faith requires that the denial be qualified; and (3) whether any 'qualification' which has been supplied is a good faith qualification." Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988). The objecting party must show "that the objection to the request is warranted or that the answer to the request is sufficient." Id.

"In ruling on a motion challenging the sufficiency of responses to requests for admission, the Court has a number of options." JZ Buckingham Invs. LLC, 77 Fed. Cl. at 45. It may determine that final disposition of the request occur during a pre-trial conference or at another time prior to trial. RCFC 36(a). It may also issue an order requiring that a party serve an answer if any objection is not justified. Id. Alternatively, if it determines that the answer did not comply with the requirements of the rule, the court may order that the matter is admitted or that an amended answer be served. Id.

RCFC 36(a) does not permit parties to evade the rule's intent by raising "hypercritical objections." S.A. Healy Co./Lodigiani USA, Ltd. v. United States, 37 Fed. Cl. 204, 206 (1997). As such, "[r]equests for admission are not games of 'Battleship' in which the propounding party must guess the precise language coordinates that the responding party deems answerable." House v. Giant of Md., LLC, 232 F.R.D. 257, 262 (E.D. Va. 2005). The United States Court of Appeals for the Ninth Circuit has held that "a response which fails to admit or deny a proper

request for admission does not comply with the requirements of [FRCP] 36(a)." Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981). A denial is "a perfectly reasonable response" where issues in dispute are requested to be admitted, United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 967 (3d Cir. 1988), and such a denial "'must be forthright, specific, and unconditional,'" Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 79 (W.D.N.Y. 2000) (quoting Wright, Miller & Marcus, supra, at § 2260). Use of only the word "denied" satisfies the requirements of FRCP 36(a). Cont'l Cas. Co. v. Brummel, 112 F.R.D. 77, 81-82 & n.2 (D. Colo. 1986); see also Harris v. Oil Reclaiming Co., 190 F.R.D. 674, 678 (D. Kan. 1999) (stating that a "denial is a sufficient answer").

**B.**

In the instant case, neither party disputes that defendant answered plaintiffs' requests for admission. See Pls.' Ex. B (containing defendant's response to request number 8, which stated, following its objections, that "the request for admission is denied"); Pls.' Mot. 2-3 (containing defendant's response to request number 9, which stated, following its objections, that "the request for admission is denied"). Furthermore, plaintiffs acknowledge that defendant's responses constituted denials. Pls.' Mot. 3. They nonetheless maintain that defendant's denials were made "solely with reference to the general objections." Id.

With respect to request number 9, defendant's response is sufficient and meets the substance of plaintiffs' request. Defendant "specifically den[ied] the matter," RCFC 36(a), indicated that plaintiffs' request was vague, and explained the reasons for its objection. Although plaintiffs are correct that "[t]he rules do not require a party to attach a dictionary to their discovery requests," Pls.' Mot. 5, defendant may raise an objection on the basis of vagueness. Even if the court determined that defendant's objection lacked merit, defendant nonetheless responded to the request by furnishing a complete denial.

Turning to request number 8, defendant's response, which contained an objection on the grounds that plaintiffs' request sought a legal conclusion and a specific denial, also meets the substance of plaintiffs' request and thereby satisfies RCFC 36(a). While the court's inquiry normally ends here, it nonetheless addresses the parties' arguments concerning the typographical error contained in request number 8. Had defendant based its denial solely upon plaintiffs' citation to an incorrect statutory section, such a response would be insufficient. See, e.g., Caruso v. Coleman Co., No. 93-CV-6733, 1995 WL 347003, at *3 (E.D. Pa. 1995) (determining that a response was deficient where the request for admission contained typographical errors, the denial was "because of those errors," and "[n]o other explanation or answer was given"). That was not the case here. Defendant also objected on the basis that the request sought a legal conclusion. In its opposition to plaintiffs' motion, defendant cited additional grounds for denying plaintiffs' request, even in the absence of a typographical error. These additional grounds were not stated in defendant's response to plaintiffs' request. Therefore, defendant may not raise them before the court. S.A. Healy Co./Lodigiana USA, Ltd., 37 Fed. Cl. at 206-07.

## Conclusion

Defendant's responses denying plaintiffs' requests for admission comply with the requirements set forth in RCFC 36. Therefore, plaintiffs' motion is **DENIED**. If defendant intends to assert any grounds not contained in its response to request number 8, then it shall articulate those grounds in a supplemental response.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge