**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's February 29, 2008 and March 7, 2008 orders, the United States, with the consent of plaintiffs, respectfully submits this joint status report upon behalf of both parties.[1]

In accordance with the Court's orders, the parties held discussions about outstanding discovery issues on March 5, 2008, March 7, 2008, and March 13, 2008. During these discussions, the parties addressed the timetable for plaintiffs to provide answers to defendant's

---

[1] The Court entered a series of rulings on February 29, 2008. Those rulings are the Ruling On Plaintiffs' Motion To Compel Defendant to Answer Questions Concerning Document Retention and Production Matters (the "Document Retention Order"), the Ruling on Plaintiffs' Motion to Compel Defendant to Answer Questions and To Produce Certain Documents (the "Witness Order"), and the Ruling on Defendant's Motion To Compel Answers To Interrogatories 24 and 25 (the "Interrogatory Order") (jointly, these orders are referred to as the "February 29 orders"). The February 29 orders were entered in both Anaheim Gardens and Algonquin Heights.

24th and 25th interrogatories and for the United States to provide a supplemental response to plaintiffs' requests for production. The parties also addressed the scheduling of Rule 30(b)(6) depositions regarding (1) the Chateau Parc West project, (2) other projects that prepaid pursuant to the Preservation Statutes, (3) administrative processing pursuant to the Preservation Statutes, (4) the document retention policies and practices of HUD's headquarters and field offices, and (5) the steps taken by the United States to produce documents requested by plaintiffs in these matters.

The parties agree that responses to written discovery and any additional production of documents should occur before depositions are commenced. Accordingly, the parties propose that on or before April 4, 2008, plaintiffs serve answers to United States' 24th and 25th interrogatories, the United States serves supplemental responses to plaintiffs' requests for production, and the United States produces documents about prepayment by ELIHPA or LIHPRHA eligible properties in St. Louis, Missouri and Madison, Wisconsin.

As explained in our March 7, 2008 motion for enlargement, seventeen different HUD regional offices managed one or more of the projects at issue in these actions. After discussing ways to reduce the number of depositions on document retention policies and practices, the parties have agreed that plaintiffs will take depositions about document retention policies and practices at HUD regional offices in Indianapolis, Indiana, Boston, Massachusetts, Grand Rapids, Michigan, and Greensboro, North Carolina, as well as at those components at HUD headquarters that had responsibility for processing plaintiffs' applications under the Preservation Statutes. Pursuant to the Court's February 29, 2008 orders, the United States has further agreed to produce Rule 30(b)(6) witnesses to testify about prepayment by the Parc Chateau West

project,[2] administrative processing under the Preservation Statutes,[3] and the production of documents to plaintiffs in these matters. The parties currently anticipate that the additional discovery authorized by the Court will require between five and ten depositions.

Accordingly, the parties propose the following schedule for further proceedings in these matters:

| | |
|---|---|
| April 4, 2008 | Plaintiffs serve answers to the United States' 24th and 25th interrogatories. |
| April 4, 2008 | The United States produces any additional responsive documents about prepayment by ELIHPA or LIHPRHA eligible properties in St. Louis, Missouri and Madison, Wisconsin, and serves supplemental responses to plaintiffs' requests for production of documents. |
| April 21, 2008 | Depositions may begin. |
| May 16, 2008 | Depositions taken pursuant to the Court's February 29, 2008 orders are completed. |
| June 2, 2008 | The parties submit a joint status report that proposes a process and schedule for summary judgment briefing on the issue of ripeness. |

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

---

[2] If the United States can identify those other projects that were permitted to prepay pursuant to the Preservation Statutes, the United States will also make a witness available to testify about such projects.

[3] The parties have discussed, and the United States has provided a letter addressing, the scope of a deposition on administrative processing. See Letter from David A. Harrington to Harry Kelly (Mar. 6, 2008) (attached as Exhibit A). Plaintiffs' have agreed to provide by March 21, 2008 a list that identifies those projects about which they will seek additional testimony on administrative processing.

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 305-7644

March 14, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 14th day of March 2008, a copy of "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington