**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR EXPEDITED STATUS CONFERENCE TO ADDRESS THE SCOPE OF DISCOVERY PURSUANT TO THE COURT'S FEBRUARY 29, 2008 ORDER**

## INTRODUCTION

The plaintiffs in these actions filed a motion to compel concerning the adequacy of certain aspects of Rule 30(b)(6) deposition testimony provided by Maurice Barry on behalf of the United States. Pls.' Mot. To Compel Def. To Answer Questions & To Produce Certain Documents at 7 (filed Dec. 7, 2007) ("Pl.'s Mot."). On February 29, 2008, the Court granted in part and denied in part plaintiff's motion. Ruling On Pls.' Mot. To Compel Def. To Answer Questions & To Produce Certain Documents (Feb. 29, 2008) ("Order"). The parties disagree about the nature and scope of additional testimony that the order requires.

Under the current scheduling order, deposition discovery may commence on April 21, 2008. See Scheduling Order at 1 (Mar. 17, 2008). The United States has begun identifying and

preparing witnesses for upcoming depositions. In order to do so efficiently and effectively, the United States seeks to clarify the scope of the Court's order. Accordingly, the United States respectfully requests that the Court schedule a status conferences to address this issue on or before April 11, 2008. We have consulted with counsel for plaintiffs, Harry Kelly, who has declined to consent to the relief sought by this motion.[1]

## BACKGROUND

Discovery in these matters closed on December 7, 2007. Order of Judge Hodges at 1 (Sept. 21, 2007). However, as the Court is aware, plaintiffs filed three motions to compel. One of plaintiffs' motions alleged that the United States had inadequately prepared its Rule 30(b)(6) witness, Maurice Barry. Pls.' Mot. at 3-7. While the principal focus of plaintiffs' motion concerned testimony about the Parc Chateau West project, which was allowed to prepay pursuant to the Preservation Statutes, see Pls.' Mot. at 3-6, 10, plaintiffs also asserted that Mr. Barry had been unable to provide details about preservation processing "in the relevant North Carolina field office" and about "several Indiana based properties," Pls.' Mot. at 7 (citing transcript pages).

On February 29, 2008, the Court ruled on plaintiffs' motion. The Court found that "the excerpted deposition transcripts reveal that Mr. Barry's answers were generally responsive and that he was able to supply plaintiffs with useful information." Order at 9. However, noting the

[1] Mr. Kelly informed the Government that plaintiffs do not necessarily oppose the scheduling of a status conference. However, Mr. Kelly was unwilling to consent to the scheduling of a status conference without first having the opportunity to review and alter the text of the United States' motion. The United States has chosen not to file a joint motion in order to clearly state its position and to avoid delays inherent in the back and forth that inevitably would precede the filing of a joint motion.

parties dispute about "processing for the projects related to North Carolina" and based in Indianapolis,[2] the Court directed the United States to designate "a witness or witnesses" to testify about "the processing of plaintiffs' properties under ELIHPA and LIHPRHA." Order at 10.

On March 5, 2008, undersigned counsel contacted plaintiffs' attorney, Harry Kelly, to discuss the Court's recent order. The first matter discussed concerned "the scope of deposition discovery on 'the processing of plaintiffs' properties under ELIHPA and LIHPRHA.'" See Letter from David A. Harrington to Harry Kelly at 1 (Mar. 6, 2008) (quoting the Court's Order at 10) (attached as Exhibit A). The parties agreed that Court's reference relates to testimony about the North Carolina and Indiana properties addressed in plaintiffs' motion to compel. Ex. A. Mr. Kelly further stated that plaintiffs did "not intend to invoke the Court's reference to seek discovery about other projects or about matters not raised during Mr. Barry's Rule 30(b)(6) deposition." Id.

During the parties' discussion, in order to "prevent future disputes and to facilitate the preparation of a Rule 30(b)(6) witness," the United States agreed to "further delineate" its "understanding of the scope of discovery contemplated by the Court's order" in a letter. Ex. A. The letter was provided to plaintiffs on March 6, 2008. Id.

In this letter, the United States' explained:

> The United States understands the Court to have directed the United States to prepare and provide a Rule 30(b)(6) deponent, insofar as feasible at this point in time, to respond to the questions about preservation processing that Mr. Barry was unable to fully answer at his deposition. The areas raised in plaintiffs' motion to

[2] The pending litigation concerns 30 projects in North Carolina owned by Thetford III Associates or Thetford IV Associates (the "Thetford projects"), and an additional 11 projects in or about Indianapolis, Indiana (the "Cambridge Square/Carriage House projects").

> compel concerned (1) HUD's request that the owner submit a new notice of intent with respect to the Coleridge Road and Carriage House of Mishawaka I projects, and (2) the general chronology of processing with respect to the Coleridge Road, Southgate and Carriage House of Mishawaka I projects. We will prepare a witness to address these subjects areas. You indicated during our call yesterday that plaintiffs may also seek analogous information with respect to some other Thetford-owned projects in North Carolina and Cambridge Square/Carriage House projects in Indiana. It is unclear that this would be within the scope of the Court's order. We are nevertheless willing to prepare a witness to testify about such projects (i.e., the North Carolina Thetford projects and the Indiana Cambridge Square/Carriage House projects) provided that you specifically identify the additional projects about which you seek testimony. This information will enable witness preparation to proceed efficiently and minimize the likelihood of further disputes about the adequacy of Rule 30(b)(6) testimony.

Ex. A at 2. Plaintiffs raised no objections upon receipt of this letter from the United States.

Eight days later, on March 14, 2008, the parties filed a joint status report. The joint status report noted the parties' discussions and attached the United States' letter as a description of anticipated discovery on "administrative processing under the Preservation Statutes." Joint Status Report at 2-3 & n.3. The status report stated that plaintiffs would identify the North Carolina and Indianapolis-based projects about which they sought further testimony by March 21, 2008. Id. n.3. Based upon the recommendations in the parties' joint status report, the Court entered a scheduling order on March 17, 2008.

After parties had filed the joint status report and after the Court had entered the scheduling order, Mr. Kelly informed the United States that plaintiffs disagreed with the United States' reading of the Court's order. See Letter from Harry Kelly to David A. Harrington at 1 (Mar. 21, 2008) (attached as Exhibit B). According to plaintiffs, further discovery need not relate to the properties mentioned in plaintiffs' motion to compel or concern subjects on which

plaintiffs received incomplete answers. Ex. B at 1 ("nothing whatsoever in the Order . . . would limit the forthcoming depositions to the properties that were actually discussed during Mr. Barry's previous deposition"); id. at 2 ("The Order can only be construed to assure the Plaintiffs . . . a right to obtain testimony on the processing of all properties in the lawsuit, if we chose to do so."). Plaintiffs' position is essentially that the Court has authorized a general reopening of discovery.

Based upon this reading of the Court's order, plaintiffs seek Rule 30(b)(6) deposition testimony about 53 different projects: all 30 Thetford-owned projects in North Carolina; all 11 Cambridge Square/Carriage House projects in Indianapolis; an additional 10 projects in Boston, Massachusetts;[3] and another two projects in Grand Rapids, Michigan. Ex. B at 2. Furthermore, with respect to the Boston projects, plaintiffs are now seeking testimony about "secondary financing," the "calculation of prepayment eligibility dates for Massachusetts properties where there was no final endorsement by HUD," and "rent stabilization" ordinances. Letter from Harry Kelly to David A. Harrington at 1 (Mar. 26, 2008) (characterizing this expansion of discovery as a supposed compromise) (attached as Exhibit C).

**THE PARTIES' DISAGREEMENT**

The United States and plaintiffs disagree about the scope of discovery authorized by the Court's February 29, 2008 order. Plaintiffs maintain that the Court has reopened discovery generally and has placed no limits upon the scope or subject matter of Rule 30(b)(6) depositions that can be taken between April 21, 2008 and May 16, 2008. See Exs. B & C. The United States

[3] During a discussion on April 2, 2008, Mr. Kelly stated that the plaintiffs may not seek deposition testimony about all 10 Boston area projects.

construes the Court's order as authorizing deposition testimony (1) that is within the scope of the Rule 30(b)(6) deposition notices that plaintiffs served in October 2007, and (2) that plaintiffs' attempted, but were unable, to obtain during Rule 30(b)(6) depositions in November 2007. The United States notes that plaintiffs' motion to compel did not assert that Mr. Barry was asked questions about administrative processing by projects located in Boston and Grand Rapids (he was not),[4] much less that Mr. Barry failed to provide adequate answers. Indeed, plaintiffs' appear to concede that questions about the processing of Boston projects would have been answered if any such questions had been posed. Ex. B at 2 ("with respect to the Boston properties, Mr. Barry, who was the Government's original Rule 30(b)(6) deponent on these matters, was also the official who processed most of these properties and should have first hand knowledge about them already"). The United States believes that plaintiffs' motion to compel, and the resulting order, concern testimony that Mr. Barry was unable to provide – not testimony that plaintiffs chose not to seek. Moreover, testimony about new issues such as "secondary financing" and "rent stabilization" ordinances is outside the scope of plaintiff's original Rule 30(b)(6) deposition notice, was not requested in plaintiff's motion to compel and, therefore, should not be deemed authorized by the Court's order. See Pls.' Rule 30(b)(6) Deposition Notice (served Oct. 19, 2007) (seeking testimony about the "processing of prepayment and other requests" by the "subject properties") (attached as Exhibit D).

---

[4] With respect to Grand Rapids projects, not only did plaintiffs ask Mr. Barry no questions, they voluntarily cancelled the deposition of Susie Sapilewski – a HUD employee in the Grand Rapids field office who had been scheduled to give testimony in November 2007.

In sum, although preparing "a witness or witnesses" to testify about administrative processing by 41 different projects will create an unexpected burden,[5] the United States will proffer witnesses to discuss the chronology of administrative processing with respect to the Thetford projects in North Carolina and the Cambridge Square/Carriage House projects in Indianapolis. See Ex. A. The United States does not believe, however, that the Court has ordered it to provide witnesses about new subjects or other projects.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court schedule a status conference on or before April 11, 2008 to clarify the scope of deposition discovery that is to be conducted pursuant to the Court's February 29, 2008 order.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

[5] Plaintiffs objected to answers given about three particular projects that were discussed at Rule 30(b)(6) depositions in November 2007 (Coleridge Road, Southgate and Carriage House of Mishawaka I) and informed the United States on March 5, 2008 that they might seek information about "some other" projects in North Carolina and Indiana. See Ex. A.

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 305-7644

April 2, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 2nd day of April 2008, a copy of "DEFENDANT'S MOTION FOR EXPEDITED STATUS CONFERENCE TO ADDRESS THE SCOPE OF DISCOVERY PURSUANT TO THE COURT'S FEBRUARY 29, 2008 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington