# In the United States Court of Federal Claims

No. 93-655 C
(Filed: April 11, 2008)

```
***********************************
ANAHEIM GARDENS, et al.,          *
                                  *
                 Plaintiffs,      *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
                 Defendant.       *
***********************************
```

**ORDER**

On April 2, 2008, defendant filed a Motion for Expedited Status Conference to Address the Scope of Discovery Pursuant to the Court's February 29, 2008 Order ("Def.'s Mot." or "motion"). In its motion, defendant indicated that plaintiffs declined to consent to the relief sought by the motion but did "not necessarily oppose the scheduling of a status conference." Def.'s Mot. 2 n.1. Accordingly, in an order dated April 4, 2008, the court directed the parties to schedule a status conference with the court at their earliest convenience and directed plaintiffs to file an expedited response. The April 4 order effectively granted defendant's motion. Plaintiffs filed their response on April 9, 2008, and the court conducted a status conference on April 11, 2008.

During the April 11 status conference, the parties clarified their respective positions as follows: defendant maintained that the discovery plaintiffs seek falls outside the scope of the court's February 29, 2008 order and is more appropriate for discovery on issues relating to the merits of plaintiffs' case, rather than to the issue of ripeness; plaintiffs contended that, although they have significantly narrowed the scope of their discovery requests pursuant to the court's order, they nonetheless have a right to seek discovery relating to prepayment eligibility for certain Massachusetts properties, which plaintiffs believe is relevant to the issue of ripeness.

The court advised the parties during the April 11 status conference that plaintiffs are entitled to reasonable discovery. Accordingly, the court permits plaintiffs to engage in discovery in the areas identified in plaintiffs' counsel's April 4, 2008 letter to defendant's counsel as follows:

1. **Plaintiffs may proceed with depositions pursuant to the court's February 29, 2008 order with respect to the preservation processing of the following**

**properties:**

**a. The Thetford properties;**

**b. The Cambridge Square and Carriage House properties processed by the Indianapolis office;**

**c. The Cambridge Square and Carriage House properties processed by the Grand Rapids office;**

**d. The properties processed by the Boston office, but solely with respect to issues related to (i) dates for prepayment eligibility;[1] (ii) rent control or stabilization laws affecting those properties; and (iii) secondary financing of those properties.**

Additionally, as noted in Part 1(d) above, plaintiffs may seek to identify the dates for prepayment eligibility with respect to ten Boston properties. Defendant reaffirmed its intention to identify dates for those properties, see Pls.' Resp. Ex. B, during the April 11 status conference. Therefore, the court further directs the parties as follows:

**2. With respect to the ten Boston properties at issue, defendant has requested that plaintiffs provide information to it that will help narrow the properties by identifying those properties that had no final endorsement date from HUD and had secondary financing. Plaintiffs have agreed to provide this information to defendant via a list, which shall be furnished to defendant by no later than 5:00 p.m. Eastern Daylight Time on Tuesday, April 15, 2008. Defendant shall then provide the requested dates as expeditiously as possible once it completes the research it referenced in its April 4, 2008 response to plaintiffs' letter of the same date.**

Finally, the court notes that, although counsel for the parties have had differences concerning discovery, it is the court's view that both counsel are very professional and have not engaged in conduct that runs afoul of the rules of professional conduct. In particular, the court rejects any suggestion that defendant is engaging in obstructionist conduct. Notwithstanding

---

[1] Plaintiffs emphasized that their proposal in the April 4, 2008 letter was conditioned upon a stipulation that the dates listed for ten Boston properties were the twenty-year prepayment eligibility dates for those properties. The parties, however, were unable to stipulate to those proposed dates, and plaintiffs' proposal was not adopted. See Pls.' Resp. Def.'s Mot. Expedited Status Conference ("Pls.' Resp.") Ex. B ("[Defendant] will research the eligibility dates for the non-insured projects mentioned in your letter. When that research is completed, we will inform you whether we agree or disagree with your eligibility dates."). During the April 11 status conference, plaintiffs noted that they still sought identification of dates for those properties.

their zealous advocacy on behalf of their clients, counsel are strongly encouraged to work together in a spirit of cooperation in order to effectively move this case forward.

**As discussed above, defendant's motion was effectively GRANTED by the court's scheduling of the April 11, 2008 status conference.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge