**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALGONQUIN HEIGHTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 97-582C |
| v. | ) | (Judge Margaret M. Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

On March 17, 2008, the Court directed the parties to submit "a joint status report in which they propose a process and schedule for summary judgment briefing on ripeness." Order of Judge Margaret M. Sweeney at 2 (Mar. 17, 2008). The United States, with the consent of plaintiffs, respectfully submits this joint status report upon behalf of both parties.

The parties have engaged in discussions about a process and schedule for summary judgment briefing on ripeness, but have different views about the way that summary judgment briefing should proceed. The parties' respective proposals are described below.

**PLAINTIFFS' PROPOSAL**

The Plaintiffs believe that the following proposal is the fairest and most efficient approach to summary judgment on the ripeness issues (the details of which are set forth below):

- The parties should file simultaneous briefs in both cases that address the ripeness claims of all of the plaintiffs.
- The Court should adopt a schedule so that summary judgment on all plaintiffs is finished by October 29, 2008, and should slightly modify the page limits. otherwise provided by the Rules of the Court of Federal Claims
- The Court should not consolidate the cases.
- The parties should file a joint status report proposing further proceedings in light of the Court's ruling on ripeness within two weeks of the Court's ruling.

**1. The Parties Should Submit A Single Set Of Summary Judgment Papers In Each Of The Cases**

The Plaintiffs believe that the fairest and most expeditious approach to summary judgment briefing on ripeness issues is to file in each of the two cases a single dispositive motion and accompanying brief with respect to all of the plaintiffs and properties. The plaintiffs do not want to select only certain plaintiffs or properties to serve as "model plaintiffs." There are several reasons for this approach. First, all of the plaintiffs have waited for many years to have their claims decided, and adjudication of any individual plaintiff's claim should not be delayed any further without extraordinary cause. Second, the parties handled ripeness discovery for all plaintiffs simultaneously and there are no compelling reasons to explain why summary judgment briefing cannot also be handled simultaneously in a similar manner. Third, the plaintiffs believe that it was futile for any plaintiff to have sought prepayment approval from HUD, so nothing will

be gained by filing serial separate motions based on artificial distinctions that ultimately are not relevant to reaching a decision about ripeness. Fourth, the principal legal and factual issues that will decide this case have been limned in prior litigation in this case and in related cases, such as the Cienega Gardens litigation, and there is no way to select a handful of plaintiffs to serve as "model plaintiffs" that would provide significant additional guidance on the issues in this case. Finally, adjudicating the rights of a handful of plaintiffs now will not appreciably simplify or reduce the burden on the court or the parties on summary judgment, because ultimately the court is required to make individualized findings with respect to each plaintiff's particular factual circumstances. See Anaheim Gardens v. United States, 444 F.3d 1309, 1317 (Fed. Cir. 2006) ("'If the factual circumstances of any or all of the remaining Owners present a similarly compelling case of administrative futility, then the trial court should adjudicate the takings claims, as well," quoting Cienega Gardens v. United States, 265 F.3d 1237, 1248 (Fed. Cir. 2001)).

**2. Filing Schedule/Length of Briefs**

The task of preparing opening briefs with respect to all of the plaintiffs and properties admittedly will require a significant amount of time and somewhat lengthier briefs than the Rules of the Court of Federal Claims typically envision. Once the opening briefs are prepared and the statements of fact and supporting documents are assembled, however, we expect that the time needed to complete the response and reply briefs will be relatively limited. With the summer months approaching, it is also important to build in time to accommodate other professional commitments and the vacation schedules of attorneys and clients. Nevertheless, we believe that it is possible to complete all of the briefing in connection with all of the plaintiffs

and properties by the end of October 2008. This will dramatically accelerate the overall progress of the case and prevent the inevitable delays that will result from filing serial briefs. Accordingly, we propose the following schedule for simultaneous briefing (assuming that the Court orders that the summary judgment briefs will address the claims of all plaintiffs, pursuant to section 1 of the Plaintiffs' Proposal, above):

| Document | File Date: | Length (pages/not including exhibits): |
|---|---|---|
| Opening Briefs | September 22, 2008 | 40 |
| Opposition Briefs | October 22, 2008 | 40 |
| Reply Briefs | October 29, 2008 | 25 |

**3. Consolidation**

At this point, there is no fundamental benefit to be obtained by formally consolidating these cases, and thus plaintiffs oppose any suggestion of consolidate these cases. Since their prior dismissal, the cases have efficiently proceeded through their appeal and subsequent discovery on a coordinated basis, without consolidation.

**DEFENDANT'S PROPOSAL**

To promote the just, expeditions, and efficient resolution of these actions, the United States respectfully proposes:

- the Court consolidate the Anaheim Gardens and Algonquin Heights actions,
- the United States submit a summary judgment brief on the ripeness of the taking claims asserted by four to six representative projects,
- the parties complete summary judgment briefing by September 5, 2008, and

- the parties file a joint status report proposing further proceedings in light of the Court's ruling on ripeness within two weeks of the Court's ruling.

**1. Consolidation Of The *Anaheim Gardens* And *Algonquin Heights* Actions**

This status report concerns two actions: Anaheim Gardens v. United States, 93-655C (Fed. Cl.), and Algonquin Heights v. United States, 97-582C (Fed. Cl.). The respective actions are handled by the same attorneys and have been proceeding on identical tracks for the past 10 years.[1] The United States proposes that the Court formalize the *de facto* consolidation of these actions pursuant to RCFC 20. This will prevent the filing of duplicate motions, reports, and orders, and thus streamline the handling of these matters by both the parties and the Court.

**2. Complete Summary Judgment Briefing With Respect To Representative Projects By September 5, 2008**

The Anaheim Gardens and Algonquin Heights actions assert as-applied, regulatory taking claims with respect to 98 different HUD projects. Recently completed ripeness discovery confirmed that these HUD projects are geographically diverse, served different marketplaces, are owned by numerous (over 50) plaintiffs, became eligible to participate under the Preservation Statutes at different times, and had different experiences with administrative proceeding under the Preservation Statutes. Filing a single summary judgment motion (or even two motions) with respect to 98 different projects would be unwieldy, inefficient and confusing. Consequently, the United States proposes selecting four to six model plaintiffs for a motion for summary judgment. This is the manner in which this Court has managed other taking cases (e.g., Cienega Gardens v.

[1] Among other things, the claims in both actions were dismissed by Judge Hodges on August 16, 2000, were consolidated on appeal to the Federal Circuit, were remanded to this Court with identical instructions, and have simultaneously completed ripeness discovery.

United States, No. 94-1C (Fed. Cl.)) that have involved multiple HUD projects. This procedure will enable the Court to address unique arguments that the plaintiffs are asserting in these actions.[2] It will enable the parties and the Court to address factual and legal issues in a concrete context. And it will establish a clear precedent that will inform the ripeness inquiry with respect to all remaining plaintiffs in these actions. Thus, a ripeness decision about representative projects will enable the parties to determine whether to press ripeness arguments with respect to other projects and, if additional ripeness briefing proves necessary, will permit streamlined briefs that apply the law to the factual situation of other projects.

Accordingly, the United States proposes that the Court adopt the following schedule for summary judgment briefing on the ripeness of the as-applied regulatory taking claims of four to six representative projects:

| Event | Date |
|---|---|
| Defendant Identifies Representative Projects | June 13, 2008 |
| Summary Judgment Brief Filed | July 11, 2008 |
| Response Brief Filed | August 8, 2008 |
| Reply Brief Filed | September 5, 2008 |

[2] For instance, plaintiffs have retained an expert who opines that the Windfall Profits Test – a short-lived test used where an owner sought incentives under LIHPRHA – was used by HUD to determine whether a project owner could prepay. The United States expects to establish that plaintiffs are incorrect. However, this issue (and other issues) have not been previously addressed by the Court of Federal Claims or the Federal Circuit.

The United States does not believe that any change to the page limits established in the Rules of the Court of Federal Claims is necessary.[3] See RCFC 5.2. If a party concludes during the course of briefing that additional pages are needed, an appropriate motion seeking to exceed the page limit can be filed at that time.

## JOINT PROPOSAL

### 1. File A Joint Status Report Proposing Further Proceedings Within Two Weeks Of The Court's Ruling On Ripeness

The Court's ruling on ripeness will invariably affect the nature of further proceedings in these actions. Under either proposal, the Court will be addressing unique ripeness arguments and will determine whether some, none, or all of the projects' claims are ripe. Accordingly, the parties agree that the Court should direct that a joint status report addressing further proceedings in these matters be submitted within two weeks of receiving a Court ruling on ripeness.

## CONCLUSION

The parties have different views about the best process and schedule for summary judgment briefing on ripeness and have presented alternative proposals. The parties respectfully request that the Court schedule a status conference to discuss the relative merits of their respective proposals.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

---

[3] This assumes that summary judgment briefs will address the ripeness of claims of four to six projects. If summary judgment briefs were to address all 98 projects, the page limits in RCFC 5.2 would provide less than one page for each project and would therefore be inadequate.

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0465
Fax: (202) 305-7644

June 2, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 2d day of June 2008, a copy of the foregoing Joint Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington