**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| | ) | (Judge Margaret M. Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(2) of the Rules of the Court of Federal Claims, Plaintiffs, Joseph R. Biafora, Stephi Biafora, Thetford Properties III, L.P., and C-W Associates, submit the following additional proposed findings of fact.

1. Milwood Apartments ("Milwood") was a § 221(d)(3) project that initially received rent supplement assistance. *See* PA at 036-39.

2. Parthenia Manor Apartments ("Parthenia Manor") was a § 221(d)(3) project that initially received rent supplement assistance. *See* PA at 044-45.

3. Market North Apartments #2 ("Market North #2") was a § 221(d)(3) project that initially received rent supplement assistance. *See* PA at 040-43.

4. In 1985, Milwood converted from receiving rent supplement assistance to receiving Section 8 Loan Management Set Asides ("Section 8 LMSA"). *See* PA at 058.

5. In 1983, Parthenia Manor converted from receiving rent supplement assistance to receiving Section 8 LMSA. *See* PA at 059.

6. In 1981, Market North #2 converted from receiving rent supplement assistance to receiving Section 8 LMSA. *See* PA at 060.

7. Once a project converted from rent supplement assistance to Section 8 LMSA, it was no longer subject to the 40-year prepayment lockout applicable to rent supplement properties, and became subject only to the standard 20-year prepayment restriction contained in 24 C.F.R. § 221.524. *See* PA at 061-63.

8. The United States Department of Housing and Urban Development ("HUD") had a policy that its prepayment regulations superseded contrary language in a mortgage note. *See* PA at 279-81; *see also* 064-191, 073.

9. HUD entered into a LIHPRHA Use Agreement with Milwood on June 1, 1994, and that agreement expressly stated that Milwood was a "eligible low income housing" under LIHPRHA. PA at 285-95.

10. HUD entered into a LIHPRHA Use Agreement with Parthenia Manor on June 1, 1994, and that agreement expressly stated that Parthenia Manor was a "eligible low income housing" under LIHPRHA. PA at 296-308.

11. HUD entered into a LIHPRHA Use Agreement with Market North #2, and that agreement expressly stated that Market North #2 was eligible to prepay [its] mortgage."

12. The Government previously agreed with Plaintiffs that they had a right to prepay their mortgages on certain specific dates. *See* PA at 322-32.

13. In September 1971, 100 Centre Plaza entered into an Interest Reduction Contract with HUD making it partially covered as a § 236 project. *See* PA at 046-53.

14. In early 1990, 100 Centre Plaza submitted an ELIHPA Notice of Intent to Prepay. *See* PA at 333-37.

15. The Notice of Intent was rejected by HUD, because HUD concluded that the notice was premature, since according to HUD, the project was not entitled to prepay without consent until August 2008 given the August 1988 Modification. *See* PA at 338-39.

16. The rejection of the Notice of Intent triggered a series of extensive discussions between 100 Centre Plaza, HUD and the Massachusetts Housing Finance Agency ("MHFA") regarding the project's right to prepay its mortgage without consent. *See* PA at 338-60.

17. As the owner explained in the 30(b)(6) deposition for this property in the context of discussing a related document, that was certainly not an agreement or abrogation of 100 Centre Plaza's unfettered right to prepay, but was instead intended by the parties to confirm the owner's right to prepay by correcting errors in the Massachusetts loan documents. *See* PA at 361-77.

18. HUD reviewed a draft of the First Amendment to Modification and Restatement of Mortgage, Security Agreement and Assignment of Leases and Rents (the "First Amendment") and requested a conclusion from the MHFA regarding prepayment eligibility. *See* PA at 357-58.

19. 100 Centre Plaza obtained an opinion from MHFA which stated that the § 236 portion of the 100 Centre Plaza mortgage was eligible to prepay without constraint because the required contingencies had been satisfied and that opinion was provided to HUD. *See* PA at 378.

20. On December 28, 1990, 100 Centre Plaza submitted another Notice of Intent (this time under LIHPRHA). *See* PA at 379-81.

21. The Notice of Intent was accepted by HUD, and HUD proceeded to process 100 Centre Plaza under LIHPRHA. *See* PA at 382-86.

22. The LIHPRHA processing of 100 Centre Plaza concluded with HUD approving 100 Centre Plaza to receive LIHPRHA incentives. PA at 387-95; 396-97.

Dated: August 29, 2008

NIXON PEABODY LLP

/s/ Harry J. Kelly
Harry J. Kelly
401 9th Street N.W., Suite 900
Washington, D.C. 20004
P: (202) 585-8000
F: (202) 585-8080
hkelly@nixonpeabody.com

Attorney for Plaintiffs

**CERTIFICATE OF FILING**

I certify that on the 29th day of August 2008, a copy of "PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Harry J. Kelly
Harry J. Kelly