# In the United States Court of Federal Claims

No. 93-655 C
(Filed: October 21, 2009)

```
*************************************
ANAHEIM GARDENS, et al.,          *
                                  *
              Plaintiffs,         *
                                  *
v.                                *
        *
THE UNITED STATES,                *
                                  *
              Defendant.          *
*************************************
```

## ORDER

    In this takings case, plaintiffs, the owners of numerous low-income housing projects, allege that the Low Income Housing and Resident Homeownership Act of 1990 effected a regulatory taking of their properties. Fourth Am. Compl. ¶ 78-80.

    On July 1, 2009, the court issued an order directing plaintiffs to show cause why certain properties owned by Thetford Properties III, Limited Partnership ("Thetford III") and Thetford Properties IV, Limited Partnership ("Thetford "IV") (collectively, "the Thetfords") are presently in this litigation, despite the fact that they are not specified in plaintiffs' Fourth Amended Complaint, filed on September 16, 1997. The 19 properties include the following: Beaumont Avenue Apartments, Coleridge Road Apartments, Hardee Street Apartments, Henry Street Apartments, Holloway Court Apartments, Icemorelee Apartments, Johnson Court Apartments, Millbank Court Apartments, Person Court Apartments, Raleigh North Apartments, Tucker Street Apartments, Young Avenue Apartments, Calico Court Apartments, Chowan Court Apartments, Columbus Court Apartments, Franklin Court Apartments, Long Drive Apartments, Peachtree Court Apartments, and Stewart's Creek Apartments. Plaintiffs also state that two other properties, Holiday Town Apartments and Oakwood Avenue Apartments, are also at issue in the litigation, but not named in the Fourth Amended Complaint. Accordingly, the court deems all 21 of these properties within the scope of the July 1, 2009 Order. These properties will be denominated collectively as the "additional Thetford properties."

### I. Background

    The manner in which this issue has presented itself to the court is peculiar. The original complaint in this proceeding was filed on October 25, 1993, and asserted claims on behalf of 25 plaintiffs with respect to 30 HUD-insured projects. Two of the plaintiffs are Thetford III and

Thetford IV.  The Thetfords asserted claims on behalf of seven HUD-insured properties: (1) River Falls Apartments, (2) Market North II Apartments, (3) Deanswood Apartments, (4) Southgate Apartments; (5) Jefferson Court Apartments, (6) Glendale Court Apartments, and (7) Market North I Apartments.  Compl. ¶ 6.  Between October 1993 and September 1997, the complaint was amended on four occasions, none of which included the additional Thetford properties.  Moreover, on June 9, 1995, plaintiffs filed at the court's direction a comprehensive list of the properties at issue, which also failed to include the additional Thetford properties.  Plaintiffs' Reply to Defendant's Opp'n to Second Mot. To Am. Compl. at n 7. & Ex. B (June 9, 1995).

On August 16, 2000, the court dismissed plaintiffs' breach of contract claims for lack of privity and plaintiffs' takings claims as unripe in this case and also in the companion case of Algonquin Heights v. United States, No. 97-582.[1]  Plaintiffs appealed the dismissal of their takings claims, but not of the contract claims.  Ultimately, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") reversed the dismissal of the takings claims and remanded both cases on the issue of ripeness.  Anaheim Gardens v. United States, 444 F.3d 1309 (Fed. Cir. 2006).  On remand, discovery in both cases commenced.

During the course of discovery for Anaheim Gardens, plaintiffs served a set of discovery requests on defendant, which sought information about "subject properties" that were defined as properties "that are the subject of the claims asserted by the Plaintiffs in this litigation."  See Letter from Harrington to Kelly (Mar. 27 2007) (attached as Exhibit D to Defendants's Corrected Response to Plaintiffs' Response to Show Cause Order (Aug. 26, 2009)) ("Def.'s Response").  However, defendant declined to produce documents for those projects that were not specified in the Fourth Amended Complaint.  Id.  Plaintiffs' counsel responded to this letter on April 20, 2007.  With respect to the additional Thetford properties, plaintiffs' counsel stated that "although not listed in the complaint, [they] have suffered the same taking and the same sort of damages as the other Thetford properties listed there."  Letter from Kelly to Harrington (Apr. 20, 2007) (attached as Exhibit E to Def.'s Response).  On April 26, 2007, defendant's counsel sent a letter to plaintiffs' counsel stating "[w]e respectfully disagree with your position that the Court may entertain claims relating to projects that are not identified in the operative complaint in Anaheim Gardens.  As such, no claims concerning 'additional Thetford properties' are before the Court."  Letter from Harrington to Kelly (Apr. 26, 2007) (attached as Exhibit F to Def.'s Response).

In response, defendant filed a motion for protective order, dated May 8, 2007.  Specifically, defendant sought a protective order relieving it from responding to ripeness discovery requests concerning properties not identified in the Fourth Amended Complaint.  In response, plaintiffs opposed the motion stating, in relevant part, that

> A handful of Plaintiffs, including Thetford III and Thetford IV, owned multiple properties, some of which were listed in ¶ 7 of the

---

[1] The pending Order to Show Cause was not entered in Algonquin Heights.

2

> Complaint. The property listing contained in ¶ 7 was intended for illustrative purposes only and did not indicate that it was intended to be an exclusive list of the properties owned by the Thetford Plaintiffs. Thus, the Complaint put the Government on notice that Thetford III and IV were plaintiffs here, that they owned multiple properties, and that those properties suffered the same taking alleged by all the Plaintiffs in the Complaint.

Pls.' Opp'n to Mot. for Protective Order (May 5, 2007) at 2.  Further, plaintiffs argued that the notice pleading requirements of Rule 8 of the Rules of the United States Court of Federal Claims ("RCFC"), only requires "fair notice" of the claim and the grounds upon which it rests, citing Conley v. Gibson, 355 U.S. 41, 47 (1954).  Thus, plaintiffs argued,

> Under this standard, the Complaint would have been sufficient if it identified the Plaintiffs, said they owned HUD insured properties, and alleged that they suffered takings damages, without mentioning a single specific property. If the Plaintiffs were under no obligation to list any of their properties in the Complaint, the Government cannot object when the Plaintiffs specify those properties in the course of discovery.

Pls.' Opp'n to Mot. for Protective Order (May 5, 2007) at 6.  Accordingly, plaintiffs concluded that defendant was not entitled to a protective order because in this case:

> the Plaintiffs are simply attempting to seek discovery concerning properties owned by the Plaintiffs -- including the Disputed Properties -- that are the subject of the takings claims asserted in the Complaint here. Because discovery concerning the Disputed Properties relates directly to the claims asserted in the Complaint, there are no grounds for a protective Order, and the Motion must be denied.

Id. at 8.

In the alternative, plaintiffs argued that, if RCFC 8 required specifically listing the additional Thetford Properties in order to obtain discovery, plaintiffs should be granted leave to amend their complaint.  Id. at 9.

On August 22, 2007, Judge Hodges heard oral argument on the motion for protective order and several other pending motions in both Anaheim Gardens and Algonquin Heights.  One of those pending discovery motions was plaintiffs' motion in Algonquin Heights to "renew" a motion to amend the complaint.  The occasion for this renewed motion was as follows.  Previously, in Algonquin Heights, plaintiffs filed a motion for leave to file a second amended

3

complaint on May 8, 1998, to which there was no objection from defendant. However, before it acted on the complaint, the court stayed the proceeding and dismissed the first amended complaint. The court's ruling dismissing the complaints in both Anaheim Gardens and Algonquin Heights were appealed to the Federal Circuit. Ultimately, the Federal Circuit reversed the dismissal in both cases and remanded them back to the Court of Federal Claims to determine whether plaintiffs' takings claims are ripe. Upon remand to the trial court, plaintiffs again sought leave to file the amended complaint in Algonquin Heights.

At the August 2007 oral argument, with respect to the pending discovery motions, Judge Hodges made the following statement:

> And so that's a long way of simply saying that whatever forms the various motions take, and frankly, I don't have a list of all them here, but now that we're invested all this time for goodness sake, I'm going to permit whatever discovery remains to be done so far as parties are concerned, and I just have to trust you as officers of the Court that it's necessary, and I'm going to deny any motions that shortcut the system by essentially creating a default situation.

August 22, 2007 Oral Argument Tr. at 7.

On August 24, 2007, Judge Hodges issued an Order on the motion for protective order in the case sub judice.

> We have not found a dilatory motive or undue delay on plaintiffs' part with respect to the twenty-three additional Thetford properties. The parties commenced discovery only last year. The Thetford properties participated in HUD's mortgage insurance programs that are the subject of these takings claims. The Government has not shown that the Thetford plaintiffs' discovery requests are "likely to oppress [the Government] or might otherwise impose an undue burden." *Forest Prods. Nw., Inc. v. United States*, 453 F.3d 1355, 1361 (Fed. Cir. 2006). The Government has not produced evidence that documents and witnesses with information about the Thetford properties are not available. Discovery is ongoing; the court has agreed to enlarge discovery an additional month. We have no trial date. The twenty-three additional Thetford projects are located in the same state as the Thetford III and IV properties. The likelihood of prejudice to defendant is minimal. The Government's motion for a protective order is DENIED.

Order (Aug. 24, 2007) at 2.

With respect to the "renewed" motion by plaintiffs for leave to amend the complaint in Algonquin Heights, Judge Hodges stated the following:

> Rule 15(a) was satisfied with respect to four plaintiffs, Briar Hills, Briar Hills II, Briar Crest and the United Co., when the Government agreed to plaintiffs' request to amend the Complaint in spring 1998. Documentary evidence demonstrates that defendant did not oppose plaintiffs' amending the Complaint then. Though not required, plaintiffs sought leave of court to file the Amended Complaint.
>
> Their motion was styled an "uncontested" motion.
>
> Plaintiffs' renewed motion to amend is moot and therefore DENIED. The Government must file a responsive pleading to the Second Amended Complaint

Id. at 1-2.

After Judge Hodges issued his August 2007 ruling, the parties then coordinated discovery. In a letter to plaintiffs' counsel, dated September 11, 2007, memorializing this discussion, defendant's counsel stated: "As you are aware, on August 24, 2007, the Court denied the United States' motion for protective order with respect to 23 projects owned by [the Thetfords] in Anaheim Gardens, and ruled that the claims of [the Briar Crest projects] could proceed in Algonquin Heights. The practical effect of these rulings was to add a total of 27 projects to the respective actions." Letter from Harrington to Kelly (Sept. 11, 2007) (attached as Exhibit 3 to Pls.' Response to Order to Show Cause (July 31, 2009)) ("Pls.' Response").

As discovery proceeded, the parties reached an agreement that two additional Thetford properties – Holiday Town Apartments #2 and Oakwood Avenue Apartments #2 – should be dismissed from the lawsuit. Plaintiffs' counsel forwarded a draft consent motion dismissing those two properties from the case to defendant's counsel. Letter from Kelly to Harrington (July 11, 2008) (attached as Ex. 4 to Pls.' Response). That same day, defendant's counsel wrote a response, stating that:

> I have reviewed the draft consent motion attached to your July 11, 2008 letter and agree with your general approach. The draft motion does not state, however, that the proposed dismissal is with prejudice. Please rectify this oversight by adding the words "with prejudice" to the end of both the first and the last sentences of the draft motion. Once these changes are made, you may represent that the United States consents to this motion.

Letter from Harrington to Kelly (July 11, 2008) (attached as Ex. 5 to Pls.' Response).

Subsequently, another draft of the consent motion was sent by plaintiff's counsel to defendant's counsel. Letter from Kelly to Harrington (July 1l, 2008 (attached as Ex. 8 to Pls.' Response). The consent motion was filed as a Stipulation for Dismissal With Prejudice on July 21, 2008. On July 23, 2008, the court entered an order accepting the Stipulation, but stated that because defendant had not signed the stipulation, "plaintiffs should have filed a notice of partial dismissal." Order (July 23, 2008).

On July 31, 2008, counsel for defendant sent a letter to plaintiffs' counsel maintaining that the additional Thetford properties were not properly before the court:

> [G]iven that plaintiffs have made clear that they intended to pursue taking claims regarding these projects, the United States has not changed its position regarding the additional Thetford properties. The additional Thetford properties are not identified in the operative complaint and, therefore, no claim regarding the additional Thetford properties is pending before the Court.

Letter from Harrington to Kelly (July 31, 2008) (attached as Exhibit 12 to Pls.' Response). The first sentence of the above-quoted letter from Defendant contained a footnote which discussed defendant's interpretation of the meaning and breadth of the Stipulation:

> Recognizing that plaintiffs argued to Judge Hodges that claims regarding the additional Thetford properties are in fact before the Court, the United States did not object when plaintiffs filed a stipulation purporting to dismiss the claims of two such properties – Holiday Town Apartments #2 and Oakwood Avenue Apartments #2 – earlier this month. Plaintiffs' stipulation resolves any dispute with respect to the status of the Holiday Town Apartments #2 and Oakwood Avenue Apartments #2 projects.

Id. at 2 n.2.

On October 2, 2008, plaintiffs filed their motion for partial summary judgment regarding ripeness and incorporated the additional Thetford properties into the motion. On November 26, 2008, defendant filed its response to plaintiffs' motion for summary judgment, arguing that these properties were not included in the Fourth Amended Complaint and, thus, were not a part of the litigation. Defendant's November 26, 2008 Response to Pls.' Mot. for Partial Summary Judgment. On June 16, 2009, the court held oral argument on plaintiffs' motion for summary judgment in Anaheim Gardens as well as other pending motions for summary judgment in both Anaheim Gardens and Algonquin Heights. The court expressed concern about whether the additional Thetford properties were properly part of the litigation, mentioning the requirements

of RCFC 9(i). Plaintiffs expressed a willingness to file a motion for leave to amend the Fourth Amended Complaint. Defendant indicated that it would oppose any such motion. Accordingly, the court ordered, on June 17, 2009, that the parties file a joint status report for briefing on a motion for leave to amend.

On June 26, 2009, the parties filed a joint status report. In that report, the parties offered a proposed schedule for briefing, but plaintiffs indicated that they were unsure of the scope of the briefing, particularly with respect to requirements of RCFC 9(i), so they requested a status conference to discuss the motion. Defendant, on the other hand, maintained that a status conference was not necessary insofar as plaintiffs could choose to file (or not to file) their motion and include any issue, including RCFC 9(i), that they believe would have a bearing on a motion to amend. In response, the court determined that filing a motion to amend the complaint was premature, and instead ordered plaintiffs to show cause why the additional Thetford properties are presently at issue in the litigation, even though they are not specifically named in the Fourth Amended Complaint. Order to Show Cause (Jul. 1, 2009). The Order to Show Cause has been fully briefed and is ripe for decision.

## II. Discussion

### A.   Plaintiffs' Arguments

Plaintiffs offer several arguments in favor of why these properties are at issue in the litigation. First, they argue that they were not required to specifically identify the "Thetford properties" in the complaint. They allege that the Fourth Amended Complaint satisfied the pleading requirements of RCFC 8 which requires "a short and plain statement of the claim showing that the pleaders is entitled to relief." Under RCFC 8, the rules of pleading only require giving defendants "fair notice of what the [p]laintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. They argue that, under this standard, the complaint "would have been sufficient if it identified the [p]laintiffs, said they owned HUD-specific properties, and alleged that they suffered takings damages, without mentioning a specific property." Pls.' Response at 9-10 (quoting Pls.' Opposition to Defendants' Motion for Protective Order or, in the Alternative, Motion to Amend Complaint (May 29, 2007)). Plaintiffs assert that discovery is the mechanism by which a party's claim can and should be further defined. Evans v. Union Bank of Switzerland, 2004 U.S. Dist. LEXIS 6353 at *3 (E.D. La. Apr. 12, 2004).

Moreover, they contend that, at the time the Fourth Amended Complaint was filed in August 1997, current RCFC 9(i), which requires parties to "identify the specific property interest alleged to have been taken by the United States," had not yet been adopted. That rule, in slightly different form, was not adopted until 2002 as RCFC 9(h)(7). Former RCFC 9(h)(7) only became effective on May 1, 2002, while current RCFC 9(i) became effective on November 3, 2008. Accordingly, so plaintiffs argue, the rules requiring identification of the specific property interest alleged to have been taken did not apply to them and no specific itemization of properties was required in 1997. Further, plaintiffs note that under RCFC 86 the court may determine that the

application of an amendment to the Rules "to a pending action would not be feasible or would work injustice, in which event the former procedure applies." RCFC 86. According to plaintiffs, former RCFC 9(h)(7) and current RCFC 9(i) should not be applied to them retroactively insofar as doing so in this instance would be unjust and impracticable. To support their argument, plaintiffs rely on <u>Landgraf v. USI Film Products</u>, 511 U.S. 244 (1994) for the proposition that applying subsequently adopted procedural amendments to the Rules to invalidate previously filed pleadings would invite chaos:

> Of course, the mere fact that a new rule is procedural does not mean that it applies to every pending case. A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime, and the promulgation of a new rule of evidence would no require an appellate remand for a new trial.

<u>Landgraf</u>, 511 U.S. at 275 n. 29 (internal citations omitted).

In addition, plaintiffs argue that in its motion for protective order, defendant failed to raise the issue of RCFC 9(h)(7) concerning the additional Thetford properties, and should not be allowed to do so now insofar as the defendant is re-litigating a previously adjudicated matter.

Plaintiffs further contend that Judge Hodges determined that the additional Thetford properties satisfied the RCFC 8 pleading requirements. They argue that Judge Hodges could have granted defendant's motion for protective order and denied discovery on the additional Thetford properties or, in the alternative, granted the plaintiffs' motion for leave to amend and instructed the plaintiffs to file an amended complaint. Instead, he denied defendant's motion and did not grant plaintiffs' motion for leave to amend the complaint. From this, plaintiffs draw the conclusion that Judge Hodges, <u>sub silentio</u>, determined that the additional Thetford properties satisfied the pleading requirements of RCFC 8. As evidence for this conclusion, plaintiffs rely on that portion of Judge Hodges' August 24 Order which provides: "[t]he Thetford Properties participated in HUD's mortgage insurance programs that are the subject of these takings claims." August 24 Order at 2. They also cite to Judge Hodges' finding that there was no "dilatory motive or undue delay on plaintiffs' part with respect to the twenty-three additional Thetford properties," and that "parties had commenced discovery only last year," and that the "likelihood of prejudice" to defendant was "minimal." <u>Id.</u> These findings, plaintiffs suggest, indicate that Judge Hodges recognized that plaintiffs satisfied notice pleading requirements.

Moreover, plaintiffs argue that reading Judge Hodges' ruling regarding plaintiffs' renewed motion to amend the First Amended Complaint in <u>Algonquin Heights</u>, in tandem with his ruling denying defendant's motion for protective order in <u>Anaheim Gardens</u>, demonstrates that he understood that plaintiffs in both cases had properly pled their claims. In <u>Algonquin Heights</u>, the plaintiffs filed their motion to amend the First Amended Complaint because defendant refused to produce discovery on the grounds that certain plaintiffs had not been

formally added to the case, even though defendant had consented to a motion to amend to add those plaintiffs that was pending when the court dismissed that case.  Judge Hodges ruled that because the matter was uncontested, a formal motion was not necessary and that the plaintiffs' renewed motion was "moot."  He then ordered defendant to respond to the pending complaint.  Plaintiffs maintain that Judge Hodges rejected defendant's argument that plaintiffs' claims were insufficient and untimely in both Anaheim Gardens and Algonquin Heights, and as a consequence, all properties are properly at issue before the court.

Finally, plaintiffs claim that defendant is estopped from opposing the inclusion of the additional Thetford properties in the case because it has previously admitted that the additional Thetford properties are at issue in this litigation.  They rely on the September 111, 2007, letter from defendant's counsel to plaintiffs' counsel in which defendant's counsel asserts that "[t]he practical effect of [Judge Hodges' August 24 Order] was to add a total of 27 projects to the respective actions."  Pls.' Response, Ex. 3.  Plaintiffs also point to the letter from defendant's counsel to plaintiffs' counsel dated July 11, 2008, agreeing to a consent motion to dismiss claims concerning two Thetford properties, Holiday Town Apartments II and Oakwood Avenue Apartments II, provided that the proposed properties were dismissed with prejudice.  Id. Ex. 5.  These properties were subsequently dismissed with prejudice by the undersigned on July 23, 2008, after plaintiff filed a stipulation of dismissal with defendant's consent.  Id. Ex. 11.  These statements, plaintiffs argue, are in effect judicial admissions and cannot be repudiated because they were made in order to obtain the dismissal of both properties.

**B.      Analysis**

The court finds that the Thetfords did not satisfy the notice requirements of RCFC 8 when they failed to plead the existence of the additional Thetford properties.  The Fourth Amended Complaint stated: "The Plaintiffs are 22 individuals, partnerships, and corporations.  The following is a list of each Owner's name and the project it owns:"  Fourth Am. Compl. ¶ 7.  The Fourth Amended Complaint then enumerated each of the plaintiffs and properties allegedly owned by them.  For Thetford III, the Fourth Amended Complaint listed River Falls Apts., Market North Apts. II, and Deanswood Apts.  Id.  For Thetford IV, the Fourth Amended Complaint listed Southgate Apts, Jefferson Court Apts, Glendale Court Apts, and Market North Apts. I.  The Fourth Amended Complaint manifestly did not give defendant notice that the additional Thetford properties were a part of the case.

In this regard, the court notes that when advancing a Fifth Amendment taking claim against defendant, it is hardly unreasonable or burdensome to require a plaintiff to identify the real property allegedly taken by defendant.  This is not to suggest that, at the time of the filing of the complaint, ownership must be proved by means of attaching deeds to the complaint.  However, at a minimum, an address or some identifier for the realty should be provided.  Here, plaintiffs claim that entire apartment buildings were taken by defendant, 21 properties in all, yet they fail to provide even the names of those buildings, much less their location or other pertinent information.

Although at the time that the Fourth Amended Complaint was filed, a HUD office might have possessed documents showing that the additional Thetford properties were HUD-insured properties, that is not sufficient notice for purposes of RCFC 8 that the Thetfords were actually presenting takings claims with respect to these 21 properties identified in the complaint. Given the fact that some, though not all, of the Thetfords' HUD-insured properties were listed, defendant would have had to guess that, in fact, the Thetfords had presented takings claims for their additional properties. Because only some of the Thetfords' projects were listed, it would have been reasonable, had HUD checked its records for additional properties owned by the Thetfords, for defendant to assume that the Thetfords had decided not to present takings claims for the additional Thetford properties for reasons known to the Thetfords alone. The lack of notice in the Fourth Amended Complaint is underscored by the fact that the additional Thetford properties were never specified in any of the four prior complaints, and had not even been disclosed in a list that plaintiffs filed on June 9, 1995, at the court's direction, of ostensibly all of plaintiffs' properties. Because the court finds that, in this instance, plaintiffs failed to meet its RCFC 8 notice requirements, it need not consider the role, if any, of former RCFC 9(h)(7) or current RCFC 9(i) in this case.

Additionally, the court finds that Judge Hodges did not rule that plaintiffs had presented claims with respect to the additional Thetford properties. First, by denying defendant's motion for protective order, Judge Hodges only explicitly permitted discovery on the additional Thetford properties. While Judge Hodges stated that the additional Thetford properties were in the same HUD mortgage insurance programs as the properties that are the subject of the takings claims, he did not say that the additional Thetford properties were proper subjects of the takings claims, nor did he say anything about the notice pleading requirements of RCFC 8. Because defendant's motion was denied, there was no need for Judge Hodges to reach the merits of plaintiffs' alternative motion to amend the complaint. Further, the court does not interpret Judge Hodges' remarks at oral argument about not wanting to create a "default situation" as holding that the additional Thetford properties are necessarily subject to takings claims by the Thetfords. On the contrary, the court interprets his remarks as permitting extensive discovery without making any definitive ruling as to any parties' interests in the case one way or the other.

Moreover, to the extent that Judge Hodges' ruling in the renewed motion to amend the complaint in Algonquin Heights is at all relevant to the complaint in Anaheim Gardens, it shows that Judge Hodges explicitly ruled that the requirements of RCFC 15 had been satisfied by plaintiffs in that case and only in that case. Judge Hodges made no such finding with respect to the complaint in Anaheim Gardens. Moreover, in Algonquin Heights, Judge Hodges resolved the motion for leave to amend on the basis that defendant had consented to plaintiffs' presentment of takings claims with respect to those properties. However, Judge Hodges' rationale has nothing to do with the argument which plaintiffs pose here: that they have presented takings claims for the additional Thetford properties because the complaint identified both the plaintiffs and the HUD mortgage insurance programs that are at the heart of their takings claims. The fact that Judge Hodges denied plaintiffs' motion to amend as moot indicates that he declined to make any substantive decision with respect to any party's rights in Algonquin Heights. Thus,

10

his decision with respect to the pending complaint in Algonquin Heights has no bearing on the Fourth Amended Complaint now pending in Anaheim Gardens.

Finally, the court finds that the statements made by defendant's counsel to plaintiffs' counsel in private correspondence, combined with the admittedly anomalous stipulation of dismissal of Holiday Town Apartments II and Oakwood Avenue Apartments II from the case, were not judicial admissions to the court that the additional Thetford properties were subject properties. The effect of a stipulation on a party is explained in Boeing Co. v. United States, 75 Fed. 34, 43 (2007):

> The stipulation of facts entered by the parties in this case has a significant bearing on the cross-motions pending before the court. "A stipulation is a judicial admission binding on the parties making it[,] absent special considerations. John McShain, Inc. v. United States, 179 Ct.Cl. 632, 375 F.2d 829, 831 (1967). "An express waiver made ... preparatory to trial by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact, has the effect ... that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it and the other is not allowed to disprove it." 9 Wigmore, Evidence § 2588 (Chadbourn rev.1981); see also Vander Linden v. Hodges, 193 F.3d 268, 279-80 (4th Cir.1999) (same). However, a stipulation cannot bind the court on a point of law. See Swift & Co. v. Hocking Valley Ry., 243 U.S. 281, 290-91, 37 S.Ct. 287, 61 L.Ed. 722 (1917); Vallejos v. C.E. Glass Co., 583 F.2d 507, 511 (10th Cir.1978); Modeer v. United States, 68 Fed.Cl. 131, 142 (2005), aff'd, 183 Fed. Appx. 975, 977 (Fed.Cir.2006).

Boeing Co., 75 Fed. Cl. at 43.

In this case, defendant's mere consent to the plaintiffs' stipulation of dismissal does not, in this instance, constitute any representation to this court that plaintiffs had properly presented claims for those two properties. Moreover, any statements made in correspondence between counsel that could be construed as a concession that the additional Thetford properties were the subject of claims in this proceeding were not made before the court. Finally, by consenting to the stipulation of dismissal, defendant did not stipulate to any fact.

### III. Conclusion

Accordingly, the court finds that, because the additional Thetford properties are not listed in the Fourth Amended Complaint, the Thetfords have not presented any claims with respect to such properties in this proceeding. If the Thetfords desire to pursue, in this proceeding, takings

his decision with respect to the pending complaint in Algonquin Heights has no bearing on the Fourth Amended Complaint now pending in Anaheim Gardens.

Finally, the court finds that the statements made by defendant's counsel to plaintiffs' counsel in private correspondence, combined with the admittedly anomalous stipulation of dismissal of Holiday Town Apartments II and Oakwood Avenue Apartments II from the case, were not judicial admissions to the court that the additional Thetford properties were subject properties. The effect of a stipulation on a party is explained in Boeing Co. v. United States, 75 Fed. 34, 43 (2007):

> The stipulation of facts entered by the parties in this case has a significant bearing on the cross-motions pending before the court. "A stipulation is a judicial admission binding on the parties making it[,] absent special considerations. John McShain, Inc. v. United States, 179 Ct.Cl. 632, 375 F.2d 829, 831 (1967). "An express waiver made ... preparatory to trial by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact, has the effect ... that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it and the other is not allowed to disprove it." 9 Wigmore, Evidence § 2588 (Chadbourn rev.1981); see also Vander Linden v. Hodges, 193 F.3d 268, 279-80 (4th Cir.1999) (same). However, a stipulation cannot bind the court on a point of law. See Swift & Co. v. Hocking Valley Ry., 243 U.S. 281, 290-91, 37 S.Ct. 287, 61 L.Ed. 722 (1917); Vallejos v. C.E. Glass Co., 583 F.2d 507, 511 (10th Cir.1978); Modeer v. United States, 68 Fed.Cl. 131, 142 (2005), aff'd, 183 Fed. Appx. 975, 977 (Fed.Cir.2006).

Boeing Co., 75 Fed. Cl. at 43.

In this case, defendant's mere consent to the plaintiffs' stipulation of dismissal does not, in this instance, constitute any representation to this court that plaintiffs had properly presented claims for those two properties. Moreover, any statements made in correspondence between counsel that could be construed as a concession that the additional Thetford properties were the subject of claims in this proceeding were not made before the court. Finally, by consenting to the stipulation of dismissal, defendant did not stipulate to any fact.

### III. Conclusion

Accordingly, the court finds that, because the additional Thetford properties are not listed in the Fourth Amended Complaint, the Thetfords have not presented any claims with respect to such properties in this proceeding. If the Thetfords desire to pursue, in this proceeding, takings

claims against defendant with respect to the additional Thetford properties, plaintiffs must file a motion for an amended complaint no later than **November 20, 2009**.

    **IT IS SO ORDERED**.

                                             s/ Margaret M. Sweeney
                                             MARGARET M. SWEENEY
                                             Judge