# In the United States Court of Federal Claims

No. 93-655C

(E-Filed:  September 5, 2014)

|  |  |
|---|---|
| ANAHEIM GARDENS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Deposition Discovery; Protective ) Order; RCFC 26(c); ) RCFC 30(a), (d); RCFC 30(b)(6). |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

Harry J. Kelly, III, Washington, D.C., for plaintiffs.

David A. Harrington, Senior Trial Counsel, with whom were Stuart F. Delery, Assistant Attorney General; Robert E. Kirschman, Jr., Director; and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## ORDER

CAMPBELL-SMITH, Chief Judge

This is a case in which fifty separate plaintiffs have alleged a Fifth Amendment regulatory takings claim based on legislation that affected the terms of mortgages each held with the United States Department of Housing and Urban Development (HUD or defendant).  See Fifth Am. Compl. ¶¶ 79-82, Sept. 19, 2011, ECF No. 276.  The fifty cases were formally consolidated on April 30, 2013, with Anaheim Gardens as the lead case.  See Order, ECF No. 327.  Fact and expert discovery is now underway for six plaintiffs, known as the First Wave Plaintiffs, and is scheduled to conclude on September 30, 2014.  Scheduling Order, June 24, 2014, ECF No. 351.

Before the court are several motions related to the fact discovery now in progress. Defendant requests a protective order precluding First Wave Plaintiffs from taking more than one seven-hour deposition of defendant's witness designated pursuant to Rule

30(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), and striking or limiting certain topics noticed by plaintiffs in their RCFC 30(b)(6) deposition notices.[1] Def.'s Mot. Protective Order, July 18, 2014, ECF No. 353; see also Def.'s Reply Protective Order, Aug. 1, 2014, ECF No. 362.  Defendant also moved for leave to exceed the limit on the number of depositions, so that it might take up to twenty fact depositions of plaintiffs' witnesses, rather than the ten depositions permitted by RCFC 30(a)(2)(A)(i). Def.'s Mot. Fact Witnesses, Aug. 26, 2014, ECF No. 363.

Plaintiffs oppose defendant's motion for a protective order, taking the position that they need at least three seven-hour days to question defendant's RCFC 30(b)(6) witness, and defending their noticed topics as necessary to pursuing their claims.  Pls.' Opp'n Protective Order, July 21, 2014, ECF No. 355.  Plaintiffs also oppose defendant's motion to increase the number of fact witnesses, unless plaintiffs are permitted to take more than one seven-hour RCFC 30(b)(6) deposition, and are also permitted to exceed the RCFC 30(2)(A)(i) limit of ten depositions.  Pls.' Opp'n Fact Witnesses 1, Sept. 3, 2014, ECF No. 365.  Plaintiffs' opposition included their cross-motion for a protective order precluding defendant from taking more than ten depositions of its fact witnesses.  Id.

Finally, defendant moved for an expedited status conference to "seek[] clarity about how deposition discovery is to proceed," including the number of depositions it will be permitted to take.  Def.'s Mot. Status Conf. 2, Sept. 3, 2014, ECF No. 364. Plaintiffs agreed with defendant's request for an expedited status conference.  Pls.'s Resp. Status Conf. 1, Sept. 3, 2014, ECF No. 366.  Defendant filed a reply in support of its request.  Def.'s Reply Status Conf., Sept. 4, 2014, ECF No. 367.

In lieu of the requested expedited status conference, the court provided notice to the parties that it would rule expeditiously on the matters included in this order.  Notice, Sept. 4, 2014, ECF No. 368.

For the reasons discussed below, the portion of defendant's motion for a protective order seeking to preclude plaintiffs from taking more than one seven-hour deposition of it RCFC 30(b)(6) witness is **DENIED**.  Plaintiffs' request to depose defendant's RCFC 30(b)(6) witness for more than one seven-hour day is **GRANTED**.  Plaintiffs may take up to three seven-hour days of defendant's RCFC 30(b)(6) witness.  Defendant's motion for leave to exceed the RCFC 30(a)(2)(A)(i) limit on the number of depositions is **GRANTED**.  Defendant may take up to twenty depositions of plaintiffs' fact witness depositions.  Plaintiffs' cross-motion for a protective order limiting defendant to ten fact

---

[1]     In compliance with Rule 26(c), of the Rules of the United States Court of Federal Claims (RCFC), defendant stated it "conferred in good faith to attempt to resolve this dispute without Court action, but such efforts have been unsuccessful."  Def.'s Mot. Protective Order 1, ECF No. 353.

witness depositions is **DENIED**.  Defendant's motion for an expedited status conference is **DENIED** as moot.

Still pending before the court, and not further addressed herein, is the portion of defendant's motion for a protective order striking or limiting certain of plaintiffs' noticed topics.

I.      Legal Standards

A.      Protective Order under RCFC 26(c)

"A party or any person from whom discovery is sought may move for a protective order. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." RCFC 26(c). Many courts have considered what is required for a showing of good cause.

> The burden of demonstrating "good cause" rests with the party seeking to shield itself from discovery.  Capital Props., Inc. v. United States, 49 Fed. Cl. 607, 611 (2001).  In order to establish "good cause," a party must show "that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden." Sparton Corp. v. United States, 44 Fed. Cl. 557, 561 (1999).

Estate of Rubinstein v. United States, 96 Fed. Cl. 640, 647 (2011).

B.      Additional or Extended Depositions under RCFC 30(a)

Regarding fact depositions, the court's rules provide that

> [a] party must obtain leave of court, and the court must grant leave to the extent consistent with RCFC 26(b)(2): if the parties have not stipulated to the deposition and[] the deposition would result in more than 10 depositions being taken under this rule or RCFC 31 by the plaintiffs, or by the defendant . . . .

RCFC 30(a)(2)(A)(i).

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.  The court must allow additional time consistent with RCFC 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

RCFC 30(d)(1).

Either party may take discovery that is "relevant to any party's claim or defense." RCFC 26(b)(1).  However, RCFC 26(b)(2) requires the court to limit discovery when, inter alia, it is unreasonably cumulative or duplicative, or the burden of the proposed discovery outweighs its likely benefit.  RCFC 26(b)(2)(C)(i), (iii).

In interpreting its rules, this court also looks to the Federal Rules of Civil Procedure, and their Advisory Committee Notes, several of which provide relevant guidance in this matter.[2]  The Advisory Committee Notes provide that "the party seeking a court order to extend the [deposition] examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."  Fed. R. Civ. Pro. 30(d) advisory committee's note (2000).  The Advisory Committee Notes further provide that

> [p]arties considering extending the time for a deposition--and courts asked to order an extension--might consider a variety of factors. For example. . . [i]f the examination will cover events occurring over a long period of time, that may justify allowing additional time. . . . In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest.

Fed. R. Civ. Pro. 30(d) advisory committee's note (2000).

II.   Discussion

The crux of the dispute between the parties is whether either party is limited to the amount of discovery permitted under the court's rules for depositions for a single party.

A.     Plaintiffs' RCFC 30(b)(6) Deposition of Defendant

Plaintiffs served six separate RCFC 30(b)(6) notices on defendant, one for each of the six properties at issue during First Wave discovery.  See DA1-20.[3]  The topics listed

---

[2]      "[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."  RCFC rules committee's note (2002), at 1.

[3]      Defendant's Appendix, ECF No. 353-1.

in each notice are identical, with the exception of the name and location of each property, and the dates relevant to that particular property.

Defendant seeks to limit all six First Wave Plaintiffs to one single seven-hour day in which to depose defendant's RCFC 30(b)(6) witness.  Def.'s Mot. Protective Order 5-6.  Defendant argues that under RCFC 30(d), a deposition is limited to one seven-hour day, and that plaintiffs did not seek leave of court for additional time with defendant's 30(b)(6) witness, instead attempting to evade the limit by issuing six individual notices.  Id.

In its motion, defendant makes no argument that a RCFC 30(b)(6) deposition that exceeded one day would be an undue burden, although it later asserts that "first wave plaintiffs have little need for fact discovery from the United States."  Def.'s Reply Protective Order 4.  Indeed, defendant makes no argument for good cause for a protective order, beyond its accurate observation that plaintiffs did not request leave to take more than one RCFC 30(b)(6) deposition.

Plaintiffs argue that as each of the six First Wave Plaintiffs is a party in this matter, each is entitled to take one deposition of defendant's Rule 30(b)(6) witness.  Pls.' Opp'n Protective Order 2.  Alternatively, plaintiffs argue that under RCFC 26(b)(2)(C), the court should allow plaintiffs to conduct multiple depositions of defendant's RCFC 30(b)(6) witness.  Id. at 5-7.  According to plaintiffs, the depositions will be neither cumulative nor duplicative, as each plaintiff "will focus on the specific facts related to the noticing Plaintiff's property and its particular geographic location."  Id. at 5.  Finally, plaintiffs renewed their compromise position in which, under RCFC 30(d)(1), the court permits plaintiffs to take one extended deposition of defendant's RCFC 30(b)(6) witness.  Id. at 7-8.  Plaintiffs request the court to permit them to take "one Rule 30(b)(6) deposition that would last for a maximum of 21 hours, or roughly, three days."  Id. at 6.

Plaintiffs committed to be mindful of defendant's time, such that "to the extent there are any overlapping issues with regard to the general topics included in Rule 30(b)(6) notices, plaintiffs do not intend to waste anyone's valuable time and resources unnecessarily readdressing those questions in each and every deposition."  Id.

As the movant for the protective order, defendant has not carried its burden of showing good cause to limit plaintiffs to one seven-hour day for its RCFC 30(b)(6) deposition.  Defendant made no showing that the additional discovery would be oppressive or an undue burden.  See, e.g., Sparton Corp., 44 Fed. Cl. at 561.  While defendant correctly observes that plaintiffs failed to seek leave for their additional depositions, this alone is insufficient to merit a protective order limiting discovery.  The court's rules clearly provide that the court must grant leave for either additional depositions, or additional time for a deposition, as long as the additional discovery is

5

"consistent with RCFC 26(b)(2)."  RCFC 30(a)(2)(A)(i), (d)(1).  Defendant has not shown that the additional discovery would be inconsistent with the limits provided in RCFC 26(b)(2).  Thus, defendant's motion for a protective order is **DENIED**.

The court now considers plaintiffs' request that the court "grant leave to the Plaintiffs to proceed with the noticed depositions since they are not unduly burdensome, duplicative or cumulative."  Pls.' Opp'n Protective Order 6-7.  Plaintiffs' compromise request is that they be permitted to take "one Rule 30(b)(6) deposition, that would last for a maximum of 21 hours, or roughly, three days."  Id. at 6.

The court finds plaintiffs' argument that six different parties would be conducting the proposed six RCFC 30(b)(6) depositions to be unpersuasive.  First of all, plaintiffs were initially part of only two separate cases, Anaheim Gardens v. United States (case no. 93-655) and Algonquin Heights v. United States (case no. 97-582).  On April 30, 2013, the court assigned each plaintiff an individual case number for the sole purpose of dismissing those plaintiffs that were unable to maintain their claims, following the court's decision on ripeness.  Order 2.  On that same day, the court ordered the remaining plaintiffs, including the six First Wave Plaintiffs, to be consolidated into one case.  Id.  At no time in this litigation were the six First Wave Plaintiffs pursuing their claims as individual plaintiffs.

Second, the rule limiting a party to ten depositions, without leave of court, refers to depositions taken by "the plaintiffs, or by the defendant."  RCFC 30(a)(2)(A)(i) (emphasis added).  The Advisory Committee Note discussing factors for which a court may consider extending the time for a deposition further undermines plaintiffs' position, providing that one reason is in "multi-party cases . . . for each party to examine the witness."  Fed. R. Civ. Pro. 30(d) advisory committee's note (2000).

The court finds plaintiffs' compromise proposal for an extended deposition under RCFC 30(d)(1) to be more persuasive.  See Pls.' Opp'n Protective Order 7-9.

The court's rules provide that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.  The court must allow additional time consistent with RCFC 26(b)(2) if needed to fairly examine the deponent . . . ."  RCFC 30(d)(1).  Multi-party cases are expressly noted by the Advisory Committee Notes as one reason a court may consider allowing an extended deposition.  Fed. R. Civ. Pro. 30(d) advisory committee's note (2000).

In considering the time needed to fairly examine defendant's RCFC 30(b)(6) witness, consideration is given to plaintiffs' burden in pressing their claims.  Regulatory takings claims are fact intensive cases.  See Penn Central Transp. Co., v. City of N.Y., 438 U.S. 104, 124 (1978) (referring to regulatory takings claims as "essentially ad hoc,

6

factual inquiries."); see also E. Enters. v. Apfel, 524 U.S. 498, 523 (1998) ("[A] party challenging governmental action as an unconstitutional taking bears a substantial burden," in proving what is "essentially [an] ad hoc and fact intensive" inquiry.).

The Federal Circuit has issued two previous decisions interpreting the Penn Central factors[4] in the context of an alleged regulatory takings under the same statutes at issue in this case.  See CCA Assocs. v. United States, 667 F.3d 1239 (Fed. Cir. 2011) (interpreting Penn Central in light of Cienega Gardens v. United States (Cienega X), 503 F.3d 1266 (Fed. Cir. 2007)).  In Cienega X, the Federal Circuit observed,

> "[T]here simply is no bright line dividing compensation from noncompensable exercises of the Government's power when a regulatory imposition causes a partial loss to the property owner.  What is necessary is a classic exercise of judicial balancing of competing values." Fla. Rock Indus., Inc. v. United States, 18 F.3d 1560, 1570 (Fed. Cir. 1994).  Thus the regulatory takings analysis is "characterized by an 'essentially ad hoc, factual inquir[y]' . . . designed to allow 'careful examination and weighing of all the relevant circumstances.'" Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 535 U.S. 302, 322 (2002) (quoting Penn. Cent., 438 U.S. at 124 and Palazzolo [v. R.I., 533 U.S. 606, 636 (2001)] (O'Connor, J., concurring)).

Cienega X, 503 F.3d at 1278.

Both Cienega X and CCA Associates provide detailed discussions of what a plaintiff must show the court, in order to satisfy the Penn Central economic impact and reasonable expectations factors, as well as what defendant must show to defend the economic impact factor.  See CCA Assocs., 667 F.3d at 1244-48; Cienega X, 503 F.3d at 1279-91.  Plaintiffs, of course, may seek discovery "relevant to any party's claim or defense."  RCFC 26(b)(1).

In considering plaintiffs' request for an extended deposition, the court focuses on whether such additional discovery would be at odds with the limits provided in RCFC 26(b)(2).  The court notes that defendant has the assurance of plaintiffs that they will be mindful to avoid unnecessary repetition, and that should they fall short, defendant may

---

[4]      "Typically, when considering whether government action constitutes a regulatory taking, we apply factors set forth in Penn Central: (1) '[t]he economic impact of the regulation on the claimant'; (2) 'the extent to which the regulation has interfered with distinct investment-backed expectations'; and (3) 'the character of the governmental action.'" CCA Assoc. v. United States, 667 F.3d 1239, 1244 (Fed. Cir. 2012) (quoting Penn Cent. Transp. Co. v. City of N.Y., 438 U.S. 104, 124 (1978)).

hold them to this commitment.  "If during the depositions the Government feels that commitment [to avoid unnecessary repetition] is not being honored, it can object, and if necessary, adjourn the deposition to seek Court resolution of the issue."  Pls.' Opp'n Protective Order 6.

At this point, it is impossible to say that the burden of two additional seven-hour days is likely to outweigh the benefit of the additional discovery.  As all are aware, this is the first round of merits discovery in this more than twenty-year old case.  As both parties have observed, the relevant events in this case now stretch so far in the past, early-1970s to mid-1990s, that many witnesses are no longer available.  It does not seem, to the court, that providing plaintiffs with their one best chance to depose the government's sole RCFC 30(b)(6) witness can fairly be characterized as likely to be more burden than benefit.

The court finds unpersuasive defendant's conclusory assertion that plaintiffs have "little need for fact discovery from the United States."  Def.'s Reply Protective Order 4. Defendant has argued that certain of plaintiffs' noticed topics should either be struck entirely or limited, Def.'s Mot. Protective Order 6-14, and the court will fully consider those arguments in a subsequent order.

Under RCFC 30(d)(1), the court **GRANTS** plaintiffs' request to extend the amount of time for which it may depose defendant's RCFC 30(b)(6) witness.  **Plaintiffs' may take up to three seven-hour days of testimony of defendant's RCFC 30(b)(6) witness.**[5]

Plaintiffs offered to take the deposition of defendant's witness in Boston, Massachusetts where the intended witness is located, rather than in Washington, D.C. where HUD is headquartered.  Pls.' Opp'n Protective Order 6.  The court gratefully accepts plaintiffs' offer.  **The deposition of defendant's RCFC 30(b)(6) witness will take place in Boston, Massachusetts, unless agreed to otherwise by defendant**.

---

[5]        The court notes that this differs from plaintiffs' request for twenty-one hours of testimony, or "roughly three days."  Pls.' Opp'n Protective Order 6.  The court's rules clearly provide that a deposition is usually one seven-hour day.  RCFC 30(d)(1). "Roughly three days" could conceivably stretch to three and one-half days, which would be four calendar days.  This would be unfair to defendant.  Of course, if the parties jointly agree to spread the permitted testimony over more than three days, such is their prerogative.

B.      Defendant's Fact Witness Depositions of Plaintiffs

Under RCFC 26(b)(2)(A), defendant seeks to take up to twenty depositions of plaintiffs' fact witnesses, rather than the ten depositions permitted under RCFC 30(A)(2)(i).  Def.'s Mot. Fact Witnesses 1.  Defendant asserts that the additional depositions are "necessary to enable the United States to defend the plaintiffs' respective taking claims."  Id.  Defendant asserts there is good cause to increase the number of depositions, as

> [t]he taking claims asserted in the first wave are independent of one another, meaning that separate discovery must be undertaken by the United States and that different individuals possess personal knowledge of the information that the United States needs.  To obtain information about economic impact, the United States needs information from persons responsible for managing the respective projects during the 1990s.  The United States also needs information about the benefits sought and obtained pursuant to LIHPRHA.[6]  To obtain information about investment-backed expectations, the United States needs information from the general and limited partners who originally invested in the respective partnerships.

Id. at 4.

Plaintiffs are willing to permit defendant to take up to eighteen fact witness depositions, as long as (1) they are able to depose defendant's RCFC 30(b)(6) witness for more than one seven-hour day, and (2) the court will similarly consider an increase in the number of fact witness depositions plaintiffs are permitted to take.  Pls.' Opp'n Fact Witnesses 1-2.  As discussed supra Part II.A., the court has permitted plaintiffs to take an extended deposition of defendant's RCFC 30(b)(6) witness.

In evaluating defendant's request for additional fact witness depositions, the guiding questions are the same as those considered in connection with plaintiffs' request for an extended deposition.  Mindful of the necessarily fact intensive nature of regulatory takings claims, the court ponders whether the additional discovery would be unreasonably cumulative or duplicative, and whether the burden of the proposed discovery outweighs its likely benefit.  See RCFC 26(b)(2)(C).

Given plaintiffs' compromise position, the only real remaining question is whether defendant is permitted to take eighteen or twenty fact witness depositions.  It would be impossible to say, with complete certainty, that either eighteen or twenty depositions is the limit of permissible discovery, before crossing over to impermissible duplicative or

---

[6]      Low-Income Housing Preservation and Resident Homeownership Act of 1990.

unduly burdensome discovery.  In granting plaintiffs the amount of discovery they requested, the court accepted plaintiffs' commitment to be mindful of unnecessary repetition in their examination of defendant's RCFC 30(b)(6) witness.  See Pls.' Opp'n Protective Order 6.  In turn, the court grants defendant its requested twenty fact witness depositions.  In doing so, the court also relies on its expectation that defendant will similarly be mindful of the discovery limits provided in RCFC 26(b)(2)(C).

Defendant's motion to exceed the RCFC 30(A)(2)(i) limit on fact witnesses is **GRANTED**.  **Defendant may take up to twenty depositions of plaintiffs' fact witnesses.**  Plaintiffs' cross-motion to limit defendant to ten fact witness depositions is **DENIED**.

III.    Conclusion

It is apparent that for some time, the parties have held differing positions on the number of fact depositions each should be able to take.  This is the type of issue that should have been addressed long ago, in an amended discovery order.  In the future, if court involvement becomes necessary to draw the boundaries of permissible discovery, the court would prefer that the parties request the court's involvement in the form of a motion for an amended discovery order, laying out each party's position and the unresolved differences.[7]  A joint motion would alleviate the need for responsive briefing.  If it becomes necessary for the parties to file such a motion, the court will appreciate receiving it well in advance of the need for a ruling.  The court reminds the parties that while this case is more than twenty years old, the instant motions represent the first substantive involvement this court has had with the case, which necessarily involves becoming familiar with the lengthy history of both this case, and the similar cases that have received decisions from the Federal Circuit.  As much as the court would like to assist whenever needed, the court's numerous duties and commitments may compromise its ability to accommodate—as promptly as in this case—a request for an expedited ruling or an emergency status conference.

The court is also aware that at least part of the reason for the instant discovery motions is the recent dispute between the parties over the boundaries of and compliance with a joint position taken in the Joint Status Report filed on March 22, 2013.  Joint Status Report 2, ECF No. 324 ("[T]he parties do not object to the consolidation of [the Anaheim Gardens and Algonquin Heights] cases, provided that consolidation does not affect the number of discovery requests or the substance of plaintiffs' respective claims."); Def.'s Mot. Fact Witnesses 4 ("Plaintiffs originally agreed that consolidation

---

[7]    The court anticipates that plaintiffs may, in the absence of agreement with defendant, wish to address the number of fact depositions they may take.  See Pls.' Opp'n Fact Witnesses 1.

would have no effect on the number of depositions that could be taken by the United States, but have since reneged."). The parties are advised that the court does not view the referenced statement in the Joint Status Report—that has never been adopted in any court order—to be dispositive as to any discovery issue.

For the reasons discussed below, the portion of defendant's motion for a protective order precluding plaintiffs from taking more than one seven-hour deposition of defendant's RCFC 30(b)(6) witness is **DENIED**. Plaintiffs' request to depose defendant's RCFC 30(b)(6) witness for more than one seven-hour day is **GRANTED**. Plaintiffs may take up to three seven-hour days of defendant's RCFC 30(b)(6) witness. Defendant's motion for leave to exceed the RCFC 30(a)(2)(A)(i) limit on the number of depositions is **GRANTED**. Defendant may take up to twenty depositions of plaintiffs' fact witness depositions. Plaintiffs' cross-motion for a protective order limiting defendant to ten fact witness depositions is **DENIED**. Defendant's motion for an expedited status conference is **DENIED** as moot.

IT IS SO ORDERED.

s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Chief Judge