# In the United States Court of Federal Claims

No. 93-655C

(E-Filed: October 2, 2014)

|  |  |
|---|---|
| ANAHEIM GARDENS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Motion for Summary Judgment; ) Misnomer; Amended Complaint; ) RCFC 56; RCFC 15(a)(2); RCFC |
| THE UNITED STATES, | ) 17(a)(1), (3) |
| Defendant. | ) ) ) |

Harry J. Kelly, III, Washington, D.C., for plaintiffs.

David A. Harrington, Senior Trial Counsel, with whom were Stuart F. Delery, Assistant Attorney General; Robert E. Kirschman, Jr., Director; and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

OPINION and ORDER

CAMPBELL-SMITH, Chief Judge

This is a case in which fifty separate plaintiffs have alleged a Fifth Amendment regulatory takings claim based on legislation that affected the terms of the mortgages each plaintiff held with the United States Department of Housing and Urban Development (HUD or defendant). See 5th Am. Compl. ¶¶ 79-82, Sept. 19, 2011, ECF No. 276.

Currently pending before the court is defendant's motion for summary judgment against one plaintiff who seeks compensation for the alleged taking of the property known as the Silverlake Village Apartments (the Apartments).[1] The only issue in this

---

[1] In the record, this property is referred to variously as Silverlake Village, Silverlake Village Apartments, Silverlake Apartments, or the Silverlake Project. The different

motion is which of two wholly separate California limited partnerships—Silverlake Village, L.P. or 3740 Silverlake Village, L.P.—is the entity now participating in this litigation. The parties do not dispute that the owner of the Apartments on the date of the alleged taking, that is the entity that holds the substantive right, is 3740 Silverlake Village, L.P. Defendant, however, asserts that since the filing of the First Amended Complaint in 1994, the entity litigating the claim for the alleged taking of the Apartments has been Silverlake Village, L.P., another legal entity that does not hold the substantive right in this matter. Defendant accordingly requests summary judgment, dismissing the entity and all taking claims related to the Apartments.

Plaintiffs assert that 3740 Silverlake Village, L.P. is now, and always has been, the entity litigating the claim for the alleged taking of the Apartments. Plaintiffs attribute the confusion to a misnomer in the operative complaint, and request permission to file an amended complaint.

Defendant's motion is ripe for consideration. The court did not deem oral argument necessary. For the reasons explained below, defendant's motion for summary judgment is **DENIED**.[2] Plaintiffs' request for permission to file a sixth amended complaint is **GRANTED**.

---

names by which the property is known are not relevant to the court's resolution of this motion. There is no dispute as to the identity of the property at issue in this litigation. For consistency, the court refers to the property as either "the Apartments" or "the Silverlake Village Apartments."

[2] Underlying the summary judgment motion is defendant's implicit assertion that the plaintiff in this matter is not the real party in interest, in whose name the action must be prosecuted. R. Ct. Fed. Cl. (RCFC) 17(a)(1). "A real party in interest, within the context of RCFC 17(a), is the party that 'possesses the substantive right under which suit is brought.'" Hemphill Contracting Co. v. United States, 34 Fed. Cl. 82, 85 (1995) (quoting Wall Indus., Inc. v. United States, 15 Cl. Ct. 796, 803 (1988), aff'd per curiam, 883 F.2d 1027 (Fed. Cir. 1989)). But, as is discussed more fully in this opinion, the record clearly shows that the entity that has been prosecuting this litigation is 3740 Silverlake Village, L.P., the real party in interest. See infra Part III.B. Nonetheless, were this not the case, defendant would still have been unsuccessful in seeking either dismissal or summary judgment because, pursuant to Rule 17(a)(3), the court first would afford plaintiff an opportunity to substitute the real party in interest. Rule 17(a)(3) counsels that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." RCFC 17(a)(3); see also

I.  Background[3]

In April 2013, nearly twenty years after plaintiffs filed their original complaint in this court, the judge who previously heard this case ordered the assignment of a separate case number to each plaintiff, and then consolidated all fifty cases. See Order 2, Apr. 30, 2013, ECF No. 327. Plaintiff Silverlake Village, L.P. was assigned case no. 93-6582.

After identifying six plaintiffs to move forward in what is known as the "First Wave," the parties began a thirteen month period of fact discovery, which remains in progress. See Scheduling Order, Oct. 1, 2013, ECF No. 331; Scheduling Order, Sept. 12, 2014, ECF No. 371. During this period of discovery, defendant filed the instant motion for summary judgment and appendix (DA__) on June 5, 2014. ECF Nos. 349, 349-1. Plaintiffs filed an opposition and appendix (PA__) on July 7, 2014. ECF Nos. 352, 352-1. Defendant filed a reply and supplemental appendix (DSA__) on July 24, 2014. ECF Nos. 357, 357-1.

   A.  Ownership of the Silverlake Village Apartments

The record shows that until November 15, 1986, the Silverlake Village Apartments were owned by a California limited partnership known as Silverlake Village, L.P. See DA13-15. On that date, Silverlake Village, L.P. sold the Apartments to a different California limited partnership known as 3740 Silverlake Village, L.P. See DA13; PA9 (Spieker Dep. 121:14-17). Stanley S. Leeds signed the Grant Deed on behalf of the seller, Silverlake Village, L.P. DA13. Richard Tod Spieker received the Grant Deed on behalf of the purchaser, 3740 Silverlake Village, L.P. Id.

Sometime in 1995—more than one year after the alleged taking—3740 Silverlake Village, L.P. sold the Apartments to a non-party.[4] See PA16, 30-31.

---

Page v. United States, 49 Fed. Cl. 521, 531 (2001) (directing substitution under RCFC 17(a), rather than granting defendant dismissal or summary judgment).

[3]  Because plaintiffs' regulatory takings claims are not at issue in this motion, the court does not review the fairly lengthy history of plaintiffs' HUD mortgages or the relevant statutes bearing on plaintiffs' mortgages. Several courts have ably recounted this history in detail. See, e.g., Anaheim Gardens v. United States, 444 F.3d 1309, 1311-14 (Fed. Cir. 2006); Anaheim Gardens v. United States, 107 Fed. Cl. 404, 406-08 (2012), recons. granted in part by 109 Fed. Cl. 33 (2013); see also, e.g., Cienega Gardens v. United States, 503 F.3d 1266, 1270-78 (Fed. Cir. 2007).

B.   Plaintiffs' Complaints

Plaintiffs filed their original complaint on October 25, 1993, and since then have filed five amended complaints. Compl., ECF No. 1; 1st Am. Compl., Mar. 14, 1994, ECF No. 12; 2d Am. Compl., Aug. 18, 1995, ECF No. 58; 3d Am. Compl., Apr. 30, 1996, ECF No. 75; 4th Am. Compl., Sept. 16, 1997, ECF No. 113; and 5th Am. Compl., Sept. 19, 2011, ECF No. 276.

In their original complaint, plaintiffs identified the owner of the Apartments as:

3740 Silverlake Village, a California Limited Partnership
c/o Tod Spieker
1032 Elwell Ct., #115
Palo Alto, CA 94303

Compl. ¶ 6, no. X.  In their First Amended Complaint, however, plaintiffs identified the owner of the Apartments as:

Silverlake Village, a Limited Partnership
c/o Tod Spieker
1032 Elwell Ct., #115
Palo Alto, CA 94303

1st Am. Compl. ¶ 6, no. 22.  In each of the second through fifth amended complaints, plaintiffs continued to identify the owner of the Apartments as "Silverlake Village, a Limited Partnership," and continued to identify Tod Spieker as the contact person for the owner.[5]  See 2d Am. Compl. ¶ 7, no. 22; 3d Am. Compl. ¶ 7, no. 17; 4th Am. Compl. ¶ 7,

---

[4]   It is not relevant to this matter that 3740 Silverlake Village, L.P. no longer owns the Apartments.  "It is well established that 'only persons with a valid property interest at the time of the taking are entitled to compensation.'" CRV Enters., Inc. v. United States, 626 F.3d 1241, 1249 (Fed. Cir. 2010) (quoting Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001)).

[5]   It is undisputed that the operative complaint in this matter is the Fifth Amended Complaint.  See Def.'s Reply 1; Pls.' Opp'n 3; see also Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1365 (Fed. Cir. 2000) (explaining that an amended complaint supersedes the pleading it modifies, such that "the original pleading no longer performs any function in the case").

no. 17; and 5th Am. Compl. ¶ 7, no. 17. The parties do not dispute that Tod Spieker was named in each of the succeeding complaints as the appropriate contact person for the business entity that owned the Apartments.

    C.    Richard Tod Spieker

The record contains numerous unambiguous references to Mr. Spieker as the sole general partner, and one of two owners, of 3740 Silverlake Village, L.P. These references are set forth below, in chronological order.

On December 1, 1986, the Apartments were transferred from Silverlake Village, a California limited partnership, to 3740 Silverlake Village, a California limited partnership. DA13. Mr. Spieker was listed as the recipient of the Grant Deed, after the transfer was recorded in the county recorder's office. Id.

On that same day, HUD granted 3740 Silverlake Village, L.P. a mortgage on the Apartments. DA16-21. Mr. Spieker signed the mortgage note as "General Partner" of 3740 Silverlake Village, L.P. DA21.

On November 29, 2007, defendant took Mr. Spieker's deposition. In that deposition, Mr. Spieker answered specific questions about, inter alia, the Apartments:

> Q. If you could start by describing the nature of your personal interest in [the] Silverlake Apartments.
>
> A. . . . It was formed as, I think, a general or limited partnership. My wife and I were the sole owners.
>
> Q. Do you recall when you formed the partnership?
>
> A. Back in 1986.
>
> Q. Who was the previous owner of Silverlake?
>
> A. A guy by the name of Stanley Leeds, and he might have been under a partnership name as well . . . .
>
> . . . .
>
> Q. If you could take a look at Exhibit 29, this is the first page and first page only of a regulatory agreement with HUD dated December 1, 1986 with

5

> <u>3740 Silverlake Village, a California limited partnership</u>. Was that the name of the partnership you formed to purchase the property?
>
> A. To the best of my knowledge.

PA9-10 (Spieker Dep. 121:6-16 & 126:20-127:4) (emphasis added).

On May 31, 2011, plaintiffs provided a partnership history in response to an interrogatory from defendant. <u>See id.</u> at 13-16. In that interrogatory, defendant directed plaintiffs to "identify every owner, including general partners and limited partners, current and former, who invested in each of the subject properties." <u>Id.</u> at 13. Plaintiffs responded:

> Plaintiff: 3740 Silverlake Village, LP
> Property: Silverlake Village
> <u>General Partner(s): (1986 – 1995) Richard Tod Spieker (1%)</u>
> Limited Partners: (1986 – 1995) Richard Tod Spieker (49%), Catherine R. Spieker (50%)

<u>Id.</u> at 16 (emphasis added).

Defendant moves for summary judgment based on this record.

II.     Legal Standards

    A.     RCFC 56 Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." R. Ct. Fed. Cl. (RCFC) 56(a).[6]

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories,

---

[6] "[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure." RCFC rules committee's note (2002), at 1. RCFC 56(a) is identical to Fed. R. Civ. P. 56(a). <u>Compare</u> RCFC 56(a), <u>with</u> Fed. R. Civ. P. 56(a). Therefore, the court relies on cases interpreting Fed. R. Civ. P. 56 as well as those interpreting RCFC 56.

and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine [dispute][7] of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)[8]).

"A genuine [dispute] is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party." Gen. Mills, Inc. v. Hunt-Wesson, Inc., 103 F.3d 978, 980 (Fed. Cir. 1997) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Liberty Lobby, 477 U.S. at 248.

When the movant has met its burden, the burden shifts to the nonmovant to point to sufficient evidence to show a dispute over a material fact that would allow a reasonable finder of fact to rule in its favor. Id. at 256-57. "The evidence submitted by the nonmovant in opposition to a motion for summary judgment 'is to be believed, and all justifiable inferences are to be drawn in [its] favor.'" Gen. Mills, 103 F.3d at 980 (quoting Liberty Lobby, 477 U.S. at 255).

    B.    California Limited Partnership Law

The entity identified as the owner of the Apartments is consistently described in each of plaintiffs' successive complaints as a limited partnership. Limited partnerships are creatures of state statute, Evans v. Galardi, 546 P.2d 313, 317 (Cal. 1976) ("The form of business association known as a 'limited partnership' was not recognized at common law and is strictly a creature of statute.") (internal citations and footnote omitted), and California limited partnerships are defined by the Uniform Limited Partnership Act of 2008; see Cal. Corp. Code §§ 15900-912.07 (West, Westlaw through Ch. 531 of 2014 Reg. Sess., Res. Ch. 1 of 2013-2014 2nd Ex. Sess., and all propositions on 2014 ballots).

Each general partner is an agent of the limited partnership for the purposes of its activities. An act of a general partner, including the signing of a

---

[7]    As of the 2010 amendments, the summary judgment standard refers to a genuine "dispute," rather than a genuine "issue." Fed. R. Civ. P. 56(a) advisory committee's note (2010).

[8]    As of the 2010 amendments, Fed. R. Civ. P. 56(a) now "carries forward the summary-judgment standard expressed in former subdivision (c)." Fed. R. Civ. P. 56(a) advisory committee's note (2010).

record in the partnership's name, for apparently carrying on in the ordinary course the limited partnership's activities . . . binds the limited partnership . . . .

Id. § 15904.02(a). "[A]ny matter relating to the activities of the limited partnership may be exclusively decided by the general partner . . . ." Id. § 15904.06(a). "A certificate of limited partnership on file in the office of the Secretary of State is notice that the partnership is a limited partnership and the persons designated in the certificate as general partners are general partners." Id. § 15901.03(c). "A limited partnership has the powers to do all things necessary or convenient to carry on its activities, including the power to sue, [and] be sued . . . ." Id. § 15901.05.

III. Discussion

The court first addresses defendant's motion for summary judgment, and then plaintiffs' request for permission to amend their complaint.

    A.    Defendant's Motion for Summary Judgment

The dispute between the parties concerns the identity of the limited partnership that has been a plaintiff in this action since 1994, when plaintiffs filed their First Amended Complaint. Defendant argues that in 1994, plaintiffs dropped 3740 Silverlake Village, L.P. as a plaintiff, and in its place named Silverlake Village, L.P.—an act that defendant asserts was not a mistake, but rather a "conscious change." Def.'s Reply 2. As further explained in defendant's briefing:

> The original complaint named "3740 Silverlake Village, L.P." as a plaintiff. PA021. However, in March 1994, plaintiffs filed their first amended complaint. The amended complaint, which superseded the original complaint, changed the name of the entity asserting a claim regarding the Silverlake Village project to "Silverlake Village, LP." First Am. Compl. ¶ 7; DSA3, 10. The omission of "3740" was neither accidental nor inadvertent. Indeed, the purpose of the first amendment was to change named plaintiffs. See id. (adding plaintiffs, dropping plaintiffs, and changing plaintiff names, while making no changes to the substantive allegations); Pls.' Unopposed Mot. To File & Accept The First Am. Compl. at 1 (advising the Court that the amended complaint was "revising and

8

> updating addresses and titles for several of the Plaintiffs" and "adding eight new Plaintiffs").[9]

Id. at 3 (footnote added).

Defendant observes that the legal entity identified as Silverlake Village, L.P. sold the Apartments in 1986. Def.'s Mot. 6 (citing DA13-15). Defendant asserts that the entity that sold the Apartments nearly seven years before the date of the alleged taking (September 12, 1993, see DSA44, 49), cannot maintain an action for the alleged taking. See Def.'s Mot. 8.

Defendant is correct. Because Silverlake Village, L.P. did not own the Apartments on the date of the alleged taking, it could not bring or maintain an action for the alleged taking. See CRV Enters., Inc. v. United States, 626 F.3d 1241, 1249 (Fed. Cir. 2010).

Plaintiffs' naming of "Silverlake Village, L.P." as the owner of the Silverlake Village Apartments in their Fifth Amended Complaint, and in each amended complaint since their First Amended Complaint, see supra Part I.B, has prompted defendant to argue that Silverlake Village, L.P., the owner who preceded 3740 Silverlake Village, L.P., is the entity participating in this litigation. See Def.'s Reply 1 (citing 5th Am. Compl. ¶ 7). On this ground, defendant seeks summary judgment.

In response to defendant's arguments, plaintiffs explain that "the plaintiff owner is 3740 Silverlake Village L.P. a California limited partnership formed by Tod Spieker to acquire Silverlake in 1986." Pls.' Opp'n 1-2. Plaintiffs acknowledge that the name of the owner of the Silverlake Village Apartments has been listed incorrectly as Silverlake Village, L.P. since the First Amended Complaint. See id. at 3. Plaintiffs characterize this change as a "typographical" error. Id. at 1 n.1. Plaintiffs assert that, notwithstanding the error, defendant has always known that the limited partnership of which Mr. Spieker is the general partner—3740 Silverlake Village, L.P.—and not the limited partnership of

---

[9] Silverlake Village, L.P. was not one of the "eight new Plaintiffs." A comparison of the properties owned by the twenty-five plaintiffs listed in the original Complaint and the thirty-three plaintiffs listed in the First Amended Complaint shows that plaintiffs did not include Silverlake Village Apartments among the list of newly added properties, which are as follows: Arastradero Park (no. 2); Millwood Apts. and Parthenia Manor Apts. (no. 3); Centennial Park Annex (no. 5); Halawa View Apartments (no. 14); Metro West Apartments (no. 15); Sierra Vista I (no. 21); Kewalo Apartments (no. 28); and Community Gardens II (no. 29). Compare Compl. ¶ 6, with 1st Am. Compl. ¶ 6.

which Mr. Leeds was a general partner—Silverlake Village, L.P.—is the entity participating in this litigation. See id. at 4.

As the movant for summary judgment, defendant bears the burden of showing "there is no genuine dispute as to any material fact." RCFC 56(a) (emphasis added). Whether a fact is material is a determination based on the substantive law at issue. See Liberty Lobby, 477 U.S. at 248. Defendant must also show that the undisputed facts of the case support judgment in its favor as a matter of law. See RCFC 56(a).

Listed before the court as the contact person for the named entity Silverlake Village, L.P. in the Fifth Amended Complaint is Mr. Spieker. 5th Am. Compl. ¶ 7. California corporate law confers upon a general partner only the authority to bring suit on behalf of a limited partnership. See Cal. Corp. Code §§ 15901.05, 15904.02(a), 15904.06(a). Thus, the business entity for which Mr. Spieker is a general partner, and for which he is authorized to bring suit, is a material fact, and as is apparent from the record, the identity of that business entity is not in dispute. This undisputed fact, however, does not assist defendant in satisfying its burden for summary judgment. See RCFC 56(a); see also Celotex, 477 U.S. at 323.

Notably, defendant makes no showing—through citations to the record—that Mr. Spieker is a general partner of Silverlake Village, L.P., the entity that owned the property in interest before the alleged taking occurred. Nor has defendant even acknowledged the portion of the Fifth Amended Complaint that identifies Mr. Spieker as the contact person for the entity named Silverlake Village, L.P. In fact, defendant has remained silent throughout its briefing about Mr. Spieker's well-documented participation in this litigation—which dates back to the filing of plaintiffs' original complaint in 1993. See supra Part I.B.-C.

A movant's silence concerning a material fact does not operate to relieve the movant of its burden to show that no genuine dispute exists regarding such material fact and that summary judgment is warranted. See Agwiak v. United States, 347 F.3d 1375, 1380 (Fed. Cir. 2003) (declining to grant the movant summary judgment where it limited its motion to one issue, and "made no showing that there was no genuine [dispute] of material fact" as to another issue deemed material by the court).

The record clearly establishes that from 1986 to the present, Mr. Spieker has been the general partner of 3740 Silverlake Village, L.P., the entity that owned the Apartments at the time of the alleged taking. See supra Part I.C. There is nothing in the record to

suggest that Mr. Spieker is, or ever was, a general partner of the predecessor owner of the Apartments, Silverlake Village, L.P.[10]

Nor has defendant shown—through citations to the record—that Silverlake Village, L.P. is an active California Limited Partnership, either in 1994 when plaintiffs filed their First Amended Complaint, or in 2011 when plaintiffs filed their Fifth Amended Complaint, or now. The most recent evidence in the record of the existence of Silverlake Village, L.P. dates back to 1986—twenty-eight years ago—when Silverlake Village, L.P. sold the Apartments to 3740 Silverlake Village, L.P. See DA13.

Defendant has failed to make the requisite legal showing. Unable to carry its burden, defendant cannot prevail on its motion. See RCFC 56(a); see also Celotex, 477 U.S. at 323. Accordingly, the motion for summary judgment against the plaintiff whose claim is based on the Silverlake Village Apartments, listed in the Fifth Amended Complaint as "Silverlake Village, L.P.," is **DENIED**.

### B. Plaintiffs' Request for Permission to File an Amended Complaint

Plaintiffs request permission to correct the misnomer in the plaintiff designation by filing a sixth amended complaint. See Pls.' Opp'n 6. Under the court's rules, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." RCFC 15(a)(2).

According to a well-regarded text on federal practice and procedure,

> [a] misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect. Under th[e]se circumstances, it has been argued that an amendment merely correcting the party's description does not entail the actual "changing" of

---

[10] Even if such a suggestion could be discerned from the record, the correct business affiliation for Mr. Spieker could be easily ascertained from and established by public records. As prescribed by California corporate law, the office of the California Secretary of State maintains certificates of limited partnerships on file, which provide notice of the identity of general partners. Cal. Corp. Code § 15901.03(c).

the parties and it should be allowed as a matter of course as long as it satisfies the transaction standard in Rule 15(c)(1)(B).[11]

6A Charles Alan Wright et al., Federal Practice & Procedure § 1498.2 (3d ed.) (internal footnotes omitted) (footnote added); see also, e.g., United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 874 (4th Cir. 1947) ("Under modern practice, if the right party is before the court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed.") (internal quotation marks omitted); Paatalo v. 1st Am. Title Co. of Mont. Inc., No. 13-128, 2014 WL 858999, at *2 (D. Mont. Mar. 5, 2014) (permitting correction of misnomer under Fed. R. Civ. P. 15(a)(2)).

It is clear to the court that plaintiffs made a clerical mistake in their First Amended Complaint. It is further clear to the court that such mistake has been carried through to the Fifth Amended Complaint.

As previously discussed in detail, the record shows that: (1) Mr. Spieker is the sole general partner of 3740 Silverlake Village, L.P.; (2) 3740 Silverlake Village, L.P. owned the Apartments from 1986 through at least the date of the alleged taking; (3) Mr. Spieker has been listed in the original complaint and all five subsequent amended complaints as the contact person for the plaintiff whose claim is based on the Apartments; and (4) defendant has conducted discovery regarding Mr. Spieker's interest in the Apartments, including the taking of his deposition. See supra Part I.C.

It is also clear to the court that Mr. Spieker, as general partner of 3740 Silverlake Village, L.P., has litigated—since 1993—this entity's claim against defendant for an alleged regulatory taking of the Apartments.

The court finds that the plaintiff currently designated in the Fifth Amended Complaint—Silverlake Village, L.P.—is a misnomer. Under Rule 15(a)(2), plaintiffs' request for permission to amend their complaint to correct this misnomer is **GRANTED**. Plaintiffs may file a sixth amended complaint designating 3740 Silverlake Village, L.P. as the named plaintiff pursuing a takings claim based on the Silverlake Village Apartments. Plaintiffs shall file their sixth amended complaint no later than **October 17, 2014**.

---

[11] "[T]he amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" RCFC 15(c)(1)(B).

IV.     Conclusion

This case is more than twenty years old. Only six of the fifty plaintiffs with pending takings claims are now in discovery on the merits of the case. The court credits defendant's counsel with sufficient knowledge of the court's rules to understand that even if it had a well-founded basis for questioning whether the named plaintiff in the successive complaints is the real party in interest, a motion for dismissal or summary judgment was unlikely to have been favorably considered without first affording plaintiff an opportunity to move either to substitute the proper party or—as occurred in this case—amend the complaint. The court observes that time spent on motions that lack the benefit of record support does not assist the parties in moving closer toward resolution of the remaining issues in this case. Rather, such motions serve—to the court's disappointment—to distract all concerned from those matters in the proceeding that are genuinely in dispute.

> The jurisprudence counsels clearly:
>
> A suit at law is not a . . . game, but a serious effort . . . to administer justice; and the purpose of process is to bring parties into court. If [the complaint] names [the parties] in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

Barsten v. Dep't of Interior, 896 F.2d 422, 423 (9th Cir. 1990) (quoting United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947)).

In bringing its motion, defendant overlooked entirely the numerous record references identifying Mr. Spieker as the general partner of 3740 Silverlake Village, L.P., including such a reference in defendant's own deposition of Mr. Spieker. The court cannot discern how defendant might have expected the court to overlook these record references.

Defendant's motion for summary judgment against the plaintiff now listed on the court's docket as Silverlake Village, L.P. (case no. 93-6582) is **DENIED**.

Plaintiffs' request for permission to file an amended complaint is **GRANTED**. Plaintiffs shall file their sixth amended complaint no later than **October 17, 2014**.

IT IS SO ORDERED.

s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Chief Judge
