# In the United States Court of Federal Claims

No. 93-655C

(E-Filed: July 24, 2018)

| | |
|---|---|
| ANAHEIM GARDENS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | Motion <u>In Limine</u>; Exclusion of Evidence that Allegedly Contradicts Deposition Testimony of RCFC 30(b)(6) Witness. |

Harry J. Kelly, Washington, DC, for plaintiffs.

Shari A. Rose, A. Bondurant Ely, Isaac B. Rosenberg, and Kara M. Westercamp, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

On March 19, 2018, plaintiffs filed a motion in limine to preclude the government from offering any evidence at trial contrary to the government's testimony provided pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 427. Also before the court are defendant's response brief, ECF No. 445, and plaintiffs' reply, ECF No. 458. Oral argument on the motion was neither requested by the parties nor deemed necessary by the court. For the reasons stated below, plaintiffs' motion in limine regarding the upcoming trial of the claims of the first-wave plaintiffs (FWPs) is **DENIED**.

This is not the first time that the court has been obliged to resolve a dispute regarding the RCFC 30(b)(6) deposition that underlies plaintiffs' motion. Earlier in this litigation the parties were not in agreement as to the scope of the deposition of the representative for the United States Department of Housing and Urban Development

(HUD).  In a detailed opinion, the court set the parameters for the RCFC 30(b)(6) deposition of Mr. Maurice Barry.  See Anaheim Gardens v. United States, 125 Fed. Cl. 88 (2016) (Anaheim); see also ECF No. 427 at 4 (identifying Mr. Barry as HUD's RCFC 30(b)(6) witness who was deposed on May 11-12, 2016).  Familiarity with the court's Anaheim opinion is presumed.

I.   Scope of Plaintiffs' Motion

Plaintiffs' motion is somewhat ambiguous in scope.  The motion could be interpreted to focus only on Mr. Barry's statements which, in a general fashion, allegedly proclaimed that HUD "does not have any evidence" on certain topics.  See ECF No. 427 at 4-11, ¶¶ 4(a)-(f), 4(i), 5(a)-(h), 6(c)-(h), 7(a)-(f), 8(a)-(d), 9(a)-(d) (all beginning with the phrase "HUD does not have any evidence").  Plaintiffs assert that defendant must be prevented from providing any supplemental trial evidence on any topic regarding which HUD had no evidence, as affirmed by Mr. Barry's deposition in May 2016.  See id. at 12-13 (asserting that "statements by the Government's designee about lack of knowledge of evidence about particular topics preclude[] the Government from offering evidence at trial that would effectively change the Government's position") (citation omitted).  In order to prevent trial by ambush, plaintiffs request that defendant not be "permitted to profess ignorance . . . in its RCFC 30(b)(6) deposition, only to then spring contradictory facts on [the] FWPs for the first time at trial."  Id. at 14.

In addition to the primary focus of plaintiffs' motion in limine, there may also be a secondary focus.  Much less developed in plaintiffs' motion is an assertion that Mr. Barry's deposition presented positive statements of fact or HUD's position on certain issues, which now preclude the government from presenting contrary statements of fact or position at trial.  See id. at 14 ("The purpose of RCFC 30(b)(6) would be undermined if the Government were permitted to . . . express a particular position[] in its RCFC 30(b)(6) deposition, only to then spring contradictory facts on [the] FWPs for the first time at trial.").  If, indeed, plaintiffs' motion presents this second and distinct request, the motion can logically be divided into two legal questions.[1]  First, what is the preclusive effect of RCFC 30(b)(6) testimony that a government agency does not possess evidence on a certain topic?  Second, what is the preclusive effect of positive statements of fact or

---

[1]   The government's response brief does not address the secondary aspect of plaintiffs' motion.  This is understandable, in the court's view, given the lack of emphasis in the motion given to Mr. Barry's positive statements of fact or position, as opposed to his statements allegedly addressing a "lack of any evidence" possessed by HUD as to certain topics.  The court notes, too, that plaintiffs' reply brief again focuses primarily on Mr. Barry's statements which allegedly denied that HUD possessed evidence on certain topics.  See ECF No. 458 at 3 ("[A]ll of the cases cited by the Government are distinguishable for another critical reason:  they did not involve similar Rule 30(b)(6) admissions about the lack of evidence about particular topics.").

2

position that are presented during a RCFC 30(b)(6) deposition? The court addresses each of these questions in turn.

II.     Statements that an Agency Does Not Have Any Evidence

According to plaintiffs, the government's trial evidence cannot supplement the alleged lack of evidence that was asserted by Mr. Barry during his deposition:

> Mr. Barry stated that he was prepared to testify about those topics. Yet, Mr. Barry repeatedly said that he was unaware of any evidence regarding many of those topics. [The] FWPs relied on that 30(b)(6) testimony when preparing for trial by identifying evidence and witnesses deemed necessary to prove facts that were contested by the Government. As a result, the Government should not be able to ambush [the] FWPs at trial with other evidence that Mr. Barry did not identify.

ECF No. 458 at 3 (citations omitted).

The court does not find plaintiffs' authority for this proposition to be persuasive. Plaintiffs rely primarily on three cases, but none were decisions on motions in limine or otherwise resolved disputes concerning trial evidence. ECF No. 427 at 12-13; ECF No. 458 at 3. The first case denied a motion seeking a protective order to prevent a Rule 30(b)(6) deposition. See Ierardi v. Lorillard, Inc., CIV. A. No. 90-7049, 1991 WL 158911 (E.D. Pa. Aug. 13, 1991). The second case was a summary judgment decision. See Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am., CIV. A. No. 06-4262, 2009 WL 2242380 (E.D. La. July 24, 2009). The third case was another summary judgment decision. See Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F. Supp. 2d 82 (D.D.C. 1998). None of these cases provide any insight into the preclusive effect, at trial, of Rule 30(b)(6) deposition testimony which is alleged to have asserted that a party did not possess any evidence on a deposition topic.

In contrast, defendant cites to persuasive authority that discusses the use of Rule 30(b)(6) deposition testimony at trial. ECF No. 445 at 3-4. In one case, Vehicle Market Research, Inc. v. Mitchell International, Inc., 839 F.3d 1251 (10th Cir. 2016), the appeals court noted that Rule 30(b)(6) deposition testimony does not have a "'conclusive effect.'" Id. at 1260 (quoting Templeton v. Catlin Specialty Ins. Co., 612 F. App'x 940, 959 n.19 (10th Cir. 2015)). In another case, the appeals court held that a party's trial evidence may contradict the party's Rule 30(b)(6) testimony. See R & B Appliance Parts, Inc. v. Amana Co., L.P., 258 F.3d 783, 786-87 (8th Cir. 2001) (noting that at trial a party was free to argue that its Rule 30(b)(6) witness had erred). The court discerns in these cases a general rule that the preclusive effect of RCFC 30(b)(6) testimony is not universal, and that in many cases a party may supplement that testimony at trial, even on the same topic. Based on these authorities, plaintiffs' motion in limine, as regards Mr. Barry's alleged statements that HUD did not have any evidence on certain topics, is **DENIED**.

III.  Statements Positively Asserting Facts or HUD's Position

In their reply brief, to which defendant has not had an opportunity to respond, plaintiffs argue that factual admissions in a Rule 30(b)(6) deposition, as opposed to legal conclusions, are binding on the party at trial.  ECF No. 458 at 2-4.  The court agrees with plaintiffs that it would be an abuse of discovery to intentionally mislead plaintiffs, during the RCFC 30(b)(6) deposition, with the factual admissions made by Mr. Barry.  Defendant appears to concede that any such conflicts between the evidence presented at Mr. Barry's RCFC 30(b)(6) deposition and at trial would need to be explained to the court.  ECF No. 445 at 4-5.

At this time, however, the court considers plaintiffs' contentions in this regard to be hypothetical and not subject to resolution in the abstract.  The general rule, that Rule 30(b)(6) deposition testimony does not have a conclusive effect, see supra, would appear to permit adequately explained conflicts in trial evidence.  Neither the conflicts, nor the explanations, are presently before the court.  Because plaintiffs' motion, as to the factual admissions of Mr. Barry, is premature, the court **DENIES** plaintiffs' motion in limine.

IV.  Conclusion

Accordingly, plaintiffs' motion in limine to preclude the government from offering any evidence at trial contrary to the government's testimony pursuant to RCFC 30(b)(6), ECF No. 427, is **DENIED**.

IT IS SO ORDERED.

s/Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Judge

4