# In the United States Court of Federal Claims

No. 93-655C

(E-Filed: May 2, 2022)

| | |
|---|---|
| ANAHEIM GARDENS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | Motion in Limine; Expert Testimony; FRE 702. |

Harry J. Kelly, Washington, DC, for plaintiffs.

Shari A. Rose, Senior Trial Counsel, with whom were John V. Coghlan, Deputy Assistant Attorney General, Federal Programs Branch, Robert E. Kirschman, Jr., Director, Franklin E. White, Jr., Assistant Director, Amanda L. Tantum, Senior Trial Counsel, and Sarah E. Kramer, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

      The court has before it five motions in limine, three of plaintiffs' motions and two of defendant's. See ECF No. 512 (plaintiffs' motion in limine to exclude testimony from Kenneth J. Malek); ECF No. 513 (plaintiffs' motion in limine to exclude testimony from Dr. Timothy J. Riddiough); ECF No. 514 (plaintiffs' motion in limine to exclude testimony from Paula K. Konikoff); ECF No. 529 (defendant's motion in limine to exclude testimony from Trevor E. Phillips and to strike portions of his expert report); ECF No. 532 (defendant's motion in limine to exclude testimony and expert reports from Dr. Robert R. Trout and Dr. William W. Wade). The moving party in each motion seeks to exclude or limit expert testimony expected to be brought forth at the trial in this matter. The court also addresses here its deferred in part March 5, 2021 ruling as to Dr. William W. Wade, see ECF No. 560, on plaintiffs' motion for leave to designate and file deposition transcripts, see ECF No. 508.

These motions have now been fully briefed and are ripe for decision. The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the following reasons, plaintiffs' motions in limine are **DENIED**, defendant's motions in limine are **DENIED**, and plaintiffs' deferred motion to designate deposition transcripts is **GRANTED**.

I.  Background

This case has a long history; much of the pertinent procedural background of this dispute may be found in Anaheim Gardens L.P. v. United States, ECF No. 492 (reported at 953 F.3d 1344 (Fed. Cir. 2020)). The parties are currently preparing for trial on the claims of Buckman Gardens L.P., Chauncy House Company, Cedar Gardens Associates, Rock Creek Terrace L.P., and 3740 Silverlake Village, L.P., known as the First Wave Plaintiffs (FWPs), following the United States Court of Appeals for the Federal Circuit's reversal of this court's summary judgment decision in favor of defendant. See id. at 4, 23 (reported at 953 F.3d at 1348, 1357).

All of the FWPs assert takings claims based on the enactment of the Emergency Low Income Housing Preservation Act of 1987, Pub. L. No. 100-242, § 202, 101 Stat. 1877 (1988) (ELIHPA), and the Low-Income Housing Preservation and Resident Homeownership Act of 1990, Pub. L. No. 101-625, 104 Stat. 4249 (1990) (LIHPRHA), known collectively as the "Preservation Statutes," which FWPs allege prevented them from exercising their contractual mortgage prepayment rights for government loans on subsidized apartment complexes. See id. at 3 (reported at 953 F.3d at 1347).

The parties agree that the court's analysis of the regulatory takings alleged by the FWPs is governed by the factors laid out in Penn Central Transportation Co. v. City of New York, 438 U.S. 104 (1978). As summarized by the Federal Circuit, the three Penn Central factors are: "(1) '[t]he economic impact of the regulation on the claimant'; (2) 'the extent to which the regulation has interfered with distinct investment-backed expectations'; and (3) 'the character of the governmental action.'" CCA Assocs. v. United States, 667 F.3d 1239, 1244 (Fed. Cir. 2011) (quoting Penn Central, 438 U.S. at 124) (alteration in original).

The parties therefore seek to provide expert testimony on the Penn Central factors at trial. In the motions in limine currently before the court, the parties seek to limit or exclude certain of that testimony as unreliable, unhelpful, inconsistent with controlling law, or otherwise not in compliance with Federal Rules of Evidence (FRE) 702 and 402. See ECF No. 512; ECF No. 513; ECF No. 514; ECF No. 529; ECF No. 532. FWPs also seek to designate and file Dr. William W. Wade's deposition transcripts. See ECF No. 508.

II. Legal Standards

A. Motions in Limine

A motion in limine functions "'to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996) (quoting Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983)). Such motions permit the court "to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." Id. (internal quotation marks and citations omitted). As the Federal Circuit has noted, however "in limine rulings are preliminary in character because they determine the admissibility of evidence before the context of trial has actually been developed." Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1338 (Fed. Cir. 2007) (citations omitted). Thus, rulings on motions in limine "are subject to change as the case unfolds." Ultra-Precision Mfg. Ltd. v. Ford Motor Co., 338 F.3d 1353, 1359 (Fed. Cir. 2003) (citing Luce v. United States, 469 U.S. 38, 41-42 (1984)).

B. Admissibility of Expert Testimony

Rule 702 of the Federal Rules of Evidence (FRE) governs the admissibility of expert testimony. It states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FRE 702.

In the seminal case Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589-95 (1993), the Supreme Court of the United States set forth the standards governing admissibility of expert testimony. As explained by the Federal Circuit, the framework articulated in Daubert permits the court to consider several factors when assessing the admissibility of expert testimony: "(1) whether the methodology is scientific knowledge that will assist the trier of fact; (2) whether the methodology has been tested; (3) whether the methodology has been published in peer-reviewed journals; (4) whether there is a known, potential rate of error; and (5) whether the methodology is generally accepted." Summit 6, LLC v. Samsung Elecs. Co., LLC, 802 F.3d 1283, 1295 (Fed. Cir. 2015) (citing Daubert, 509 U.S. at 591-95). Thus, a court may exclude evidence "that is based upon unreliable principles or methods, legally insufficient facts and data, or where the

reasoning or methodology is not sufficiently tied to the facts of the case." Id. (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 150 (1999)).

The court's inquiry must, therefore, ensure both that the data used by the expert is "sufficiently tied to the facts of the case," and that the expert's methodology is not "plagued by logical deficiencies or . . . otherwise unreasonable." Id. at 1296 (citations omitted). The court's preliminary inquiry, however, is satisfied once it reaches that conclusion, and the testimony is admissible. Id. Whether the expert's testimony is credible is determined after the evidence is tested at trial. See Daubert, 509 U.S. at 596.

III. Analysis

In each of their motions, FWPs and defendant argue that the expert testimony of the various opposing expert witnesses is unreliable, unhelpful, and irrelevant for a litany of reasons. Likewise, both FWPs and defendant respond to the other's motions by asserting that the issues raised are not a basis for exclusion, but rather bear on the weight to be afforded the testimony at issue. The court will address each motion in turn.

    A.    FWPs' Motions

        i.    Kenneth J. Malek

FWPs argue that Mr. Malek's testimony is unreliable and unhelpful because he:

- Makes "solely . . . factual assertions" based on "vague anecdotal evidence" and "nine private placement memoranda," that are "insufficient bases for Mr. Malek to reliably extrapolate to an entire industry over two decades," ECF No. 512 at 6; see id. at 7-27; see also ECF No. 537 at 7-12 (FWPs' reply in support of their motion);

- Uses numerical inputs for his analyses that are "based on unreliable and generalized factual assumptions," and "suffer from other methodological problems," ECF No. 512 at 7; see id. at 28-34;

- "[A]ttempts to opine about the state of mind" of FWPs and other investors, id. at 7; and

- "[O]pines about legal requirements and application of the law," usurping the role of the court, id.

FWPs cite their own expert testimony in support of their assertion that Mr. Malek's data sample was an insufficient basis for his opinions and that his methods were problematic. See ECF No. 537 at 14 (quoting Dr. Robert Trout's reply analyzing Mr. Malek's report), 17 (citing Dr. Trout's conclusion that Mr. Malek's methods were not "standard practice").

4

Defendant responds that FWPs' objection to Mr. Malek's testimony "is not that Mr. Malek failed to adequately explain or support his methodological choices, but that he weighed various facts in his analysis differently than FWPs would have." ECF No. 535 at 8 (defendant's response). Defendant asserts that FWPs' challenge to Mr. Malek's testimony "goes at most to the weight to be given to his testimony, not to its admissibility." Id.

### ii. Dr. Timothy J. Riddiough

FWPs assert that, because Dr. Riddiough's "opinion is that using appraisals of fair market values is the 'only way' to measure economic impact" and the Federal Circuit has "specifically rejected" that opinion, Dr. Riddiough's testimony is unreliable. ECF No. 513 at 5; see also ECF No. 533 at 3-4 (FWPs reply in support of their motion). Further undermining the reliability of his opinions is the fact that, according to FWPs, Dr. Riddiough "ignored real-world information" and relied on defective data in establishing the value of FWPs' properties. ECF No. 513 at 5; see also ECF No. 533 at 5-6.

Defendant responds that FWPs' assertions "are not a basis for exclusion, but instead are matters reserved for cross-examination." ECF No. 527 at 7.

### iii. Paula K. Konikoff

FWPs complain that Ms. Konikoff's testimony is riddled with infirmities that make it irrelevant and unreliable, including her:

- "[F]ail[ure] to evaluate a relevant measure of what was lost by" FWPs, ECF No. 514 at 1;

- Measurement of the real property values, rather than the lost future income of their properties, see id. at 2-3;

- Use of data that did not "reflect actual historical information" on the properties, id. at 4;

- Failure to incorporate a required hypothetical condition into her income approach appraisals, see id. at 5-7.

- Improper use of Consumer Price Index data, see id. at 7-8;

- Inconsistent application of adjustments to her calculations, see id. at 8-9; and

- Routine selection of discount and capitalization rates at the "high end of the available range, which unavoidably resulted in reduced values for the FWPs' properties," id. at 10.

5

FWPs repeatedly counter and point out purported flaws in Ms. Konikoff's testimony using the testimony of their own experts. See, e.g., id. at 8 (comparing Ms. Konikoff's testimony to that of Trevor E. Phillips), 9-10 (noting that FWPs' expert, Dr. Robert R. Trout, found Ms. Konikoff's testimony to be inaccurate).

Defendant responds that Ms. Konikoff's testimony is "not rendered irrelevant, nor unduly prejudicial . . . because FWPs have chosen to prove economic injury using a different methodology—the lost income approach." ECF No. 526 at 8 (defendant's response); see also id. at 14-16. Further, defendant argues, "[t]o the extent that FWPs disagree with Ms. Konikoff's analysis, this disagreement goes to the weight to be given to her testimony, not to its admissibility." Id. at 8.

### B. Defendant's Motions

#### i. Trevor E. Phillips

Defendant argues that Mr. Phillips' testimony is not helpful for the court and is unreliable because it does not rebut the conclusions it is meant to rebut and his methodology is unreliable. See ECF No. 529 at 7. According to defendant, Mr. Phillips "admits" that his opinion "is not intended to rebut" the expert report it is offered to rebut, but rather opines that defendant's expert report is not relevant to the pertinent analysis and ignores the actual investigation that defendant's expert has conducted. Id. at 14; see also id. at 15-19, 24. Defendant further contends that Mr. Phillips uses data that "significantly post-dates" the relevant dates in question, making his methodology unreliable. Id. at 21.

FWPs respond that Mr. Phillips' report "offers an array of detailed critiques," "provide[s] well-reasoned insights demonstrating that" defendant's expert's opinion is unreliable, and that Mr. Phillips' testimony "is manifestly relevant to the Court's inquiries." ECF No. 539 at 5 (FWPs' response). FWPs go on to emphasize that "any determination about the relevance or admissibility" is not appropriate at this juncture and should await trial. Id. at 11.

#### ii. Dr. Robert R. Trout and Dr. William W. Wade

Defendant argues that the testimony of Dr. Trout and deposition testimony of Dr. Wade should be excluded because they "are inconsistent with controlling law," are unreliable, and are not helpful to the court. ECF No. 532 at 10. Specifically, defendant contends that:

- Dr. Wade's analysis of investment-backed expectations "is inconsistent with Federal Circuit precedent," id. at 14;

6

- "Dr. Trout conducted no independent analysis" regarding investment-backed expectations, and "it is unclear whether Dr. Trout actually has any opinions of his own regarding the investment-backed expectations" because he relied on Dr. Wade's analysis and opinions, id. at 16;

- Dr. Trout's method for analyzing economic impact is "contrary to law," id. at 18, and based on Dr. Wade's analysis, which is also contrary to controlling precedent, see id. at 19-28, 38-40;

- Dr. Trout erroneously relied on Dr. Wade's method for calculating the present value of market conversion, which "did not conform with the standard methodology," id. at 29;

- Dr. Trout's methodology makes illogical assumptions, see id. at 32-37;

- Dr. Trout offers testimony based on Dr. Wade's methods and calculations that does not represent Dr. Trout's judgment as the best methods and calculations, see id. at 37-38; and

- Dr. Trout does not have "independent opinions" regarding the method used to calculate economic impact, and instead relies on a novel method created by Dr. Wade, id. at 41.

Defendant also opposes the use of Dr. Wade's deposition testimony at trial. See ECF No. 519 at 20-22 (defendant's response to FWPs' motion to designate deposition testimony). FWPs sought to designate deposition testimony from Dr. Wade, who is deceased and whose opinions "have been adopted by" Dr. Trout. ECF No. 508 at 7 (FWPs' motion to designate deposition testimony). Defendant argues that, although he is deceased, Dr. Wade's testimony as an expert is distinguishable from that of an unavailable fact witness. See ECF No. 519 at 20-22. Defendant contends that FWPs have substituted Dr. Trout as a testifying expert witness for Dr. Wade and "will be able to provide similar testimony to Dr. Wade's." Id. at 21.

FWPs respond to defendant's motion in limine that both Dr. Trout's and Dr. Wade's testimony are "relevant, reliable, and consistent with controlling law." ECF No. 550 at 8 (FWPs' response to defendant's motion in limine). FWPs argue that defendant's objections "merely go to the weight, rather than the admissibility of the testimony and reports of Dr. Wade and Dr. Trout." Id. at 10. FWPs further assert that they "never intended for Dr. Trout's opinions and testimony to completely supplant the opinions and prior testimony of Dr. Wade," ECF No. 525 at 4, and that "Dr. Trout's opinions are based substantially on Dr. Wade's opinions," id. at 5 (FWPs' reply in support of its motion to designate deposition testimony).

### C. The Expert Testimony Is Admissible

The court agrees that the objections interposed by FWPs and defendant to the testimony to be offered by the opposing expert witnesses go to the weight to be afforded to the evidence, rather than to the admissibility of the evidence, and should be evaluated after "[v]igorous cross-examination [and] presentation of contrary evidence." Daubert, 509 U.S. at 596. In the court's view, the data used by the experts is "sufficiently tied to the facts of the case," and the experts' methodology is not "plagued by logical deficiencies or . . . otherwise unreasonable." Summit 6, 802 F.3d at 1296. Indeed, FWPs' use of their own experts' testimony to point out the purported flaws in the testimony they wish to exclude, see, e.g., ECF No. 514 at 9-10, and defendant's reliance on its expert's testimony to demonstrate the unreliability of Mr. Phillips' testimony, see ECF No. 529, bolsters the court's conclusion that the issues bear on whether the experts are credible or their opinions are correct. Summit 6, 802 F.3d at 1296. Thus, evaluation of the opinions is better left until after "[v]igorous cross-examination [and] presentation of contrary evidence," which "are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

Specifically as to Dr. Trout and Dr. Wade, the court recognizes that it is unusual to allow the testimony to be brought out at trial in the proposed manner and to allow both Dr. Trout and Dr. Wade to testify. The court will do so in this case, however, because the Federal Circuit has expressed a preference that the issues raised by their opinions be addressed at trial. See Anaheim Gardens, ECF No. 492 at 11-23 (reported at 953 F.3d at 1351-57). Indeed, after noting that the reliability and credibility of Dr. Wade's methods and opinion were not issues that could be resolved on appeal or should be resolved at summary judgment, the Federal Circuit instructed this court to "consider the admissibility of Dr. Wade's expert analysis under the Federal Rules of Evidence and, at trial, evaluate his credibility and persuasiveness." Id. at 19 (reported at 953 F.3d at 1356). The court will not rule, therefore, upon issues of the reliability of Dr. Trout's or Dr. Wade's testimony prior to trial in response to a motion in limine—even as they may bear on admissibility. Although the purpose of a motion in limine is "to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters" and to ensure an expeditious and efficient trial, the court will abide by the Circuit's instruction and hear the evidence presented at trial before making its determination on the issue. INSLAW, 35 Fed. Cl. at 302-03 (internal quotation marks omitted). To that end, while defendant's challenges to the admissibility of the testimony at issue are denied here, appropriate challenges may be raised during trial.

The court, therefore, finds that the testimony at issue from both defendant's expert witnesses and FWPs' expert witnesses is admissible, and both parties' motions in limine are denied. FWPs may also designate deposition testimony from Dr. Wade for presentation at trial in accordance with the instructions for designation set forth in the court's order on designation, ECF No. 560.

IV. Conclusion

Accordingly, for the foregoing reasons:

(1) The remainder of FWPs' motion to designate deposition testimony, ECF No. 508, which was deferred in part by this court's March 5, 2021 order, ECF No. 560, is **GRANTED** as to the testimony of Dr. William W. Wade. FWPs may designate Dr. Wade's testimony for presentation at trial in accordance with the instructions for designation set forth in the court's order on designation, ECF No. 560;

(2) FWPs' motion in limine to exclude testimony from Kenneth J. Malek, ECF No. 512, is **DENIED**;

(3) FWPs' motion in limine to exclude testimony from Dr. Timothy J. Riddiough, ECF No. 513, is **DENIED**;

(4) FWPs' motion in limine to exclude testimony from Paula K. Konikoff, ECF No. 514, is **DENIED**;

(5) Defendant's motion in limine to exclude testimony from Trevor E. Phillips and to strike portions of his expert report, ECF No. 529, is **DENIED**; and

(6) Defendant's motion in limine to exclude testimony and expert reports from Dr. Robert R. Trout and Dr. William W. Wade, ECF No. 532, is **DENIED**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith  
PATRICIA E. CAMPBELL-SMITH  
Judge