# In the United States Court of Federal Claims

No. 93-655C

(E-Filed:  September 19, 2023)

| | |
|---|---|
| ANAHEIM GARDENS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Harry J. Kelly, Washington, DC, for plaintiffs.

Amanda L. Tantum, Senior Trial Counsel, with whom were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  A. Bondurant Eley, Senior Trial Counsel, and Sarah E. Kramer and Emma Bond, Trial Attorneys, of counsel.

OPINION AND ORDER

CAMPBELL-SMITH, Judge.

Presently before the court is defendant's motion to exclude portions of the July 10, 2014 deposition transcript of Barry Gosnell as inadmissible hearsay.  See ECF No. 712. On June 1, 2023, plaintiffs filed their response, see ECF No. 713, and, on June 8, 2023, defendant filed its reply in support of its motion to exclude, see ECF No. 714.  This matter is fully briefed and ripe for decision.

In ruling on defendant's motion, the court also has considered the following:  (1) the July 10, 2014 deposition transcript of Barry Gosnell, marked JX 202 at trial,[1] see 629-1 (deposition transcript); (2) the relevant trial transcript (Tr.), see ECF No. 629-1 at 7 (Tr. 26:15-27:12; 28:1-25); id. at 10 (Tr. 37:19-38:9); id. at 12 (Tr. 45:10-16); id. at 12-13 (Tr. 48:6-49:2); id. at 14 (Tr. 54:2-55:18); id. at 16 (Tr. 63:4-19); id. at 16 (Tr. 64:1-10); id. at 16-17 (Tr. 64:1-3, 23-25; 65:1-6); and (3) the court's May 4, 2023 evidentiary rulings order, see ECF No. 709.

The court has evaluated all of the parties' arguments and addresses the issues that are pertinent to the court's rulings in this opinion.  For the following reasons, defendant's motion to exclude portions of the deposition transcript of Barry Gosnell is **DENIED in part** and **GRANTED in part**.

I.      Background

The court conducted a trial in these cases brought by the first wave plaintiffs (FWPs) from January 9, 2023, to January 30, 2023.[2]  Mr. Gosnell, a witness for FWPs, was related to the general partners of FWP Buckman Road Limited Partnership.[3]  See ECF No. 629-1 at 3-4, 6 (Tr. 12:21-13:2, 21:1-8).  The court granted FWPs' unopposed motion to designate Mr. Gosnell's deposition transcript testimony on January 3, 2023. See ECF No. 622 at 2-3 (order).

At the conclusion of trial, the evidentiary record remained open to allow the court to review written arguments from the parties before ruling on the admissibility of certain conditionally admitted evidence.  See ECF No. 709.  Mr. Gosnell's deposition transcript testimony was among the conditionally admitted evidence.  See ECF 653 at 133 (Tr. 1037:23-24) (conditionally admitting JX 202 into evidence).

On February 11, 2023, defendant filed a revised chart of the evidence for which it has the burden of proof and to which FWPs object.  See ECF No. 687 at 22-30

---

[1]     Barry Gosnell's deposition transcript was filed in the court's case management/electronic case filing (CM/ECF) system on January 4, 2023, and introduced at trial as JX 202.  See ECF No. 629-1.  For ease of citation, the court will cite to the CM/ECF document when referring to JX 202 in this opinion and order.

[2]     The trial was held as to the claims of five FWPs — Buckman Road L.P., Chauncy House Company, Cedar Gardens Associates, Rock Creek Terrace L.P., and 3740 Silverlake Village, L.P.—following the United States Court of Appeals for the Federal Circuit's March 25, 2020 decision remanding these claims back to this court.  See ECF No. 492 (March 25, 2020 opinion reported at Anaheim Gardens, L.P. v. United States, 953 F.3d 1344 (Fed. Cir. 2020)).

[3]     Mr. Gosnell was the son of one of the general partners and the nephew of another.  See ECF No. 629-1 at 3-4, 6 (Tr. 12:21-13:2, 21:1-8).

(defendant's revised chart of evidentiary issues).  On February 14, 2023, FWPs filed their chart of the evidence for which they have the burden of proof and to which defendant objects.  See ECF No. 689-1 (FWPs' chart of evidentiary issues).  The parties then submitted briefs addressing the admissibility of that evidence.

With the exception of certain portions of testimony from Mr. Gosnell, this court ruled on all of the presented evidentiary issues in an evidentiary rulings order issued on May 4, 2023.  See ECF No. 709.  The court was unable, at that time, to rule on the challenged portions of Mr. Gosnell's deposition transcript testimony.  Id. at 17-18.  The court explained in its evidentiary rulings order, in pertinent part:

> While the court will not exclude the July 10, 2014 deposition of Barry Gosnell, JX 202, in its entirety, the court agrees with defendant that certain of FWPs' designations identified by defendant in Mr. Gosnell's deposition transcript are inadmissible hearsay. . . .
>
> . . . . The court is . . . unable to issue a definitive ruling on the specific portions of the July 10, 2014 deposition of Barry Gosnell, JX 202, that are admitted and excluded because it appears to the court that the parties have not presented a comprehensive review of the testimony, but instead have relied on examples to illustrate their arguments.  See ECF No. 697 at 24-27; ECF No. 706 at 27-30.  Accordingly, the court will leave the record open to allow the parties to review the July 10, 2014 deposition of Barry Gosnell, JX 202, confer, and file a joint status report indicating which portions of the exhibit should be excluded and which admitted pursuant to FRE 803(3).

Id.

Thus, pursuant to this court's order, the parties conferred regarding the challenged portions of Mr. Gosnell's deposition transcript testimony.  See ECF No. 710 (May 12, 2023 joint status report).  In a May 15, 2023 scheduling order, the court issued the following directive regarding the yet unresolved evidentiary matters:  "If the parties are unable to cooperatively determine which portions of the testimony are admissible pursuant to the court's May 4, 2023 [evidentiary rulings order], the remaining dispute must be presented as a motion with supporting argument and authority."  ECF No. 711.  While the parties were able to agree as to the exclusion of certain portions of the testimony at issue, "the parties were unable to reach agreement as to the admissibility of [nine] remaining transcript portions objected to by [defendant] on hearsay grounds."  ECF No. 712 at 9.

Because the parties were unable to resolve the remaining evidentiary issues regarding Mr. Gosnell, defendant filed a motion to exclude portions of the deposition transcript on May 23, 2023.  See ECF No. 712.  On June 1, 2023, FWPs filed their

response to defendant's motion to exclude.  See ECF No. 713.  On June 8, 2023, defendant filed its reply.  See ECF No. 714.  Because this briefing is now complete, the court may make its final rulings related to evidentiary issues.

The court now rules on each of the issues as presented by defendant in its motion to exclude, but draws to the attention of the parties the court's earlier direction that if the parties have omitted a particular section of proffered testimony or a conditionally admitted exhibit, that evidence will not be addressed by the court, and will not become part of the evidentiary record in these cases.  See ECF No. 646 at 2 (January 31, 2023 order stating, "[i]f a particular section of proffered testimony or a conditionally admitted exhibit is omitted from [the parties'] list, it will not be addressed by the court, and will not become part of the evidentiary record in these cases.").

II.     Legal Standards

This court applies the Federal Rules of Evidence (FRE) when evaluating the admissibility of evidence offered in proceedings before it.  See 28 U.S.C. § 2503(b); FRE 1101(a).  Under FRE 801, hearsay is defined as "a statement that:  (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Under FRE 802, "[h]earsay is not admissible unless any of the following provides otherwise:  a federal statute; these rules; or other rules prescribed by the Supreme Court."

In its May 4, 2023 evidentiary rulings order, this court limited the scope of its examination of the remaining challenged portions of Mr. Gosnell's deposition transcript testimony to whether these "portions of the exhibit should be excluded and which admitted pursuant to FRE 803(3)."  ECF No. 709 at 18.  FRE 803(3), titled "Then-Existing Mental, Emotional, or Physical Condition," is an exception to the rule against hearsay, providing that:

A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

"Underlying the Rule 803 exceptions is the idea that 'circumstantial guarantees of trustworthiness' may be found in some hearsay statements, making them as reliable as in court testimony."  United States v. Naiden, 424 F.3d 718, 722 (8th Cir. 2005) (quoting FRE advisory committee's note to 1972 proposed rules).

To be admissible under FRE 803(3), a "statement [must] be contemporaneous with the declarant's 'then[-]existing' state of mind, emotion, sensation, or physical condition" to be considered for admissibility under FRE 803(3)." Naiden, 424 F.3d at 722.  This timing requirement, a safeguard applicable to all FRE 803 exceptions, is "premised on the supposition that 'substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation.'" Id.  (citations omitted).

Additionally, FRE 803(3) plainly states that this exception does not "includ[e] a statement of memory or belief to prove the fact remembered."  "[T]he purpose of the exclusion from Rule 803(3) admissibility is 'to narrowly limit those admissible statements to declarations of condition—"I'm scared"—and not belief—"I'm scared because [someone] threatened me."'" United States v. Samaniego, 345 F.3d 1280, 1282-83 (11th Cir. 2003) (citing United States v. Cohen, 631 F.2d 1223, 1225 (5th Cir. 1980)).  In other words, "the state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind." Samaniego, 345 F.3d at 1282 (citing and quoting Cohen, 631 F.2d at 1225).

III.   Analysis

As a threshold matter, the court acknowledges that, in their response to defendant's motion to exclude, FWPs assert repeatedly—and selectively—that the court's evidentiary rulings order has already spoken to the admissibility of some or all of certain challenged portions of Mr. Gosnell's deposition transcript testimony.  See ECF No. 713 at 8 (quoting ECF No. 709 at 17) (FWPs stating that the court's order "specifically referred to JX 202 at 26:23-27:12 as 'hearsay statements that reflect the declarants' then-present state of mind and are therefore admissible under FRE 803(3)'"); id. at 10 (FWPs stating that the court's order "held that this portion of the deposition designation, JX 202 at 37:10-38:7, was admissible under Rule 803(3)"); id. 713 at 13 (FWPs stating that the court's order "held that the designated testimony found in JX 202 at 63:7-19 was admissible under 803(3)"); id. at 15 (FWPs stating that the court's order "concluded that the testimony challenged in JX 202 at 65:1-6 is admissible under Fed. R. Evid. 803(3)").

FWPs' assertion regarding any predeterminations of the admissibility of defendant's nine challenged portions of the deposition transcript of Mr. Gosnell is without merit.  The court cited to some of the nine challenged portions of deposition transcript testimony in its May 4, 2023 evidentiary rulings order as follows:

> While the court will not exclude the July 10, 2014 deposition of Barry Gosnell, JX 202, in its entirety, the court agrees with defendant that certain of FWPs' designations identified by defendant in Mr. Gosnell's deposition transcript are inadmissible hearsay. See ECF No. 697 at 26; see also JX 202 at 26:15-27:12 (discussing conversations with limited partners), 27:23-29:15 (discussing

conversations with limited partners), 36:22-38:9 (recounting discussions at meetings), 45:25-46:16, 48:6-49:2, 54:2-15, 55:5-18, 63:4-23, 64:2-65:6. Yet, as argued by FWPs, some of these hearsay statements reflect the declarants' then-present state of mind and are therefore admissible under FRE 803(3).  See ECF No. 706 at 28-30; see also JX 202 at 26:23-27:12, 28:3-6 ("As time moved on a bit, it would be more along the lines of the disappointment and the, you know, frustration or really just kind of pleading in a way."), 29:5-12 (referring to "level of distress"), 37:10-38:9 (referring to feelings of "frustration" and "disappoint[ment]"), 63:7-19 ("And they were, frankly, just kind of disgusted with the whole process, that it was not being done the way it was supposed to have been done in the first place."), 65:1-6 (referring to feelings of "distress").

ECF No. 709 at 17.

The court's citations to certain parts of Mr. Gosnell's deposition transcript testimony were illustrative, not determinative, and were included to articulate the careful parsing of deposition transcript testimony required of the parties.  Indeed, this court expressly stated that it was "unable to issue a definitive ruling on the specific portions of the July 10, 2014 deposition transcript of Barry Gosnell, JX 202, that are admitted and excluded because it appear[ed] to the court that the parties ha[d] not presented a comprehensive review of the testimony."  Id.  Therefore, the court summarily rejects each instance in which FWPs purport that the evidentiary rulings order provides a definitive answer regarding the challenged testimony.

Some of the nine challenged portions of Mr. Gosnell's deposition transcript testimony require additional context in order to appropriately address their admissibility in this opinion and order.  In such instances, the court supplements the challenged testimony with additional, continuous testimony and indicates the precise bounds of the at-issue testimony in the section heading (e.g., JX 202 at 26:25-27:12), and by underlying defendant's challenged testimony.

Finally, the court adopts the organization set forth by defendant, and examines each of the nine challenged portions of Mr. Gosnell's deposition transcript testimony in turn.  Specifically, and pursuant to the scope of review set forth in this court's May 4, 2023 evidentiary rulings order, the court assesses the admissibility of each portion of the challenged testimony solely under FRE 803(3).  See ECF No. 709 at 18.

A.    Joint Exhibit 202 (Tr. 26:25-27:12)

Defendant's first challenge to the testimony stems from Mr. Gosnell's recollections of phone calls with certain limited partners in Buckman Road Limited Partnership.  See ECF No. 712 at 13-14.  The challenged portion of the testimony, states as follows:

Q.      You said that you had conversations with your father, your uncle, a partner named Murray, and some other limited partners.  Do you remember that testimony?

A.      Yes.

Q.      Let's go back to that a little bit.  What conversations did you have with the limited partners in the Buckman Road Limited Partnership?

A.      <u>I would get a phone call or phone calls from different ones over time and they basically were along the lines of they were very disappointed that they hadn't been able to get, you know, closure on the project.  A lot of them were elderly or getting more elderly or they had passed away, and in that case, it would be their descendant or representative.  And they wanted – you know, they wanted to be out of the project or more precisely they had expected that they would be out of the project from the – you know, from the beginning, the timeline from the beginning, and that did not occur, and they were – you know, those kind of conversations, ones that were sympathetic to their plight, if you will, but everybody was in the same predicament.</u>

ECF No. 629-1 at 7 (Tr. 26:15-27:12) (emphasis added to indicate defendant's challenged testimony, <u>see</u> ECF No. 712 at 13-14).

Defendant argues that this challenged testimony is inadmissible under FRE 803(3) because, after Mr. Gosnell states that "different [limited partners in Buckman Road Limited Partnership]" would call him to express that "they were very disappointed," Mr. Gosnell then purports to give "<u>reasons</u> for their claimed disappointment."  ECF No. 712 at 13 (emphasis in original).  Thus, defendant contends that the additional details included in this portion of the deposition transcript fall outside of FRE 803(3) because they "relate[] to why the out-of-court declarants were disappointed."  <u>Id.</u> at 14.

Additionally, defendant asserts, "to the extent that the testimony is offered to show that the limited partners truly 'expected that they would be out of the project from . . . the beginning,' <u>i.e.</u>, at the time of their original investment in the 1970's, and not some 20 years later when they were talking to Mr. Gosnell . . . that is not 'substantial contemporaneity of event and statement,' necessary to 'negate the likelihood of deliberate or conscious misrepresentation.'"  <u>Id.</u> (quoting <u>Naiden</u>, 424 F.3d at 722 (citations omitted)).

FWPs counter that "a fair reading of the testimony demonstrates that it is a discussion of the limited partners' state of mind, that they were 'disappointed.'"  ECF No. 713 at 8 (citing ECF No 629-1 at 7 (Tr. 26:23-25)).  With respect to defendant's

allegation that the testimony lacks "substantial contemporaneity," ECF No. 712 at 14, FWPs contend that "it is [indeed] a precise expression of that state of mind," ECF No. 713 at 9. But, FWPs present both positions without argument or authority, with the exception of a caselaw citation identical to defendant's caselaw citation, but ostensibly—though without explanation—used to posit the opposite conclusion. See ECF No. 713 at 9 (citing Naiden, 424 F.3d at 722); see also ECF No. 712 at 13-14 (citing Naiden, 424 F.3d at 722).

In a footnote, FWPs state that "[t]he testimony that 'A lot of them were elderly or getting more elderly or they had passed away' is not hearsay [because i]t is simply a statement of fact by Mr. Gosnell." ECF No. 713 at 9 n.5 (citing ECF No. 629-1 at 7 (Tr. 27:2-3). In the same sentence, Mr. Gosnell adds that because some were elderly or deceased, he would then speak to "their descendant or representative." Id. (Tr. 27:3-4). Defendant does not specifically address this narrowed portion of the challenged deposition transcript testimony in either its motion or reply. See generally ECF No. 712; ECF No. 714.

The court agrees that this portion of the challenged testimony, regarding the advanced age of certain FWPs, appears to be a statement of fact personally known to Mr. Gosnell, and not an out-of-court statement. Therefore, the court will admit this portion of the challenged testimony: "A lot of them were elderly or getting more elderly or they had passed away, and in that case, it would be their descendant or representative." ECF No. 629-1 at 7 (Tr. 27:2-4).

As to the remainder of the challenged testimony under this section, the court agrees with defendant. Mr. Gosnell's statements regarding why the FWPs were "disappointed" are inadmissible under FRE 803(3) because they go beyond emotions and risk introducing unreliable recollections. See Samaniego, 345 F.3d at 1282 ("the state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind"). Thus, the court will deny, in part, defendant's motion as the challenged testimony, identified at JX 202 (ECF No. 629-1 at 7 (Tr. 27:2-4)), and the court will grant, in part, defendant's motion as to the remaining challenged testimony, identified at JX 202 (ECF No. 629-1 at 7 (Tr. 26:25-27:1, 5-12)) from the evidentiary record as inadmissible hearsay.

B.      Joint Exhibit 202 (Tr. 28:7-25)

Defendant, in its second challenge, moves to exclude a portion of Mr. Gosnell's deposition transcript testimony in which Mr. Gosnell responded to the question: "What exactly were the [Buckman Road Limited Partners] telling you?" ECF No. 629-1 at 7 (Tr. 28:7). This challenged portion of the testimony states, as follows:

A.      Yeah, in the earlier stages, it would be a little bit more along the lines of just kind of seeing what's going on.  As time moved on a bit, it would be more along the lines of the disappointment and the, you know, frustration or really just kind of pleading in a way.

Q.      <u>What exactly were they telling you?</u>

A.      <u>You know, that they had expected the project would have -- the project was supposed to be able to be refinanced, sold, or something to be turned into market-rate units, that the program that it was financed through had a defined time limit, that once you reach that you're allowed to do what you will, basically refinance it, and, you know, that not happening was a major -- it wasn't just an inconvenience, it was a financial hardship to them, and it was an asset they couldn't get off their books.  They were incurring income, taxable income without cash flow to -- well, it was minor cash flow.  And their basic expectation was that they, you know, had an understanding from the beginning was that they would -- there would be an opportunity for the project to be refinanced out of the HUD program and therefore increase their revenue or get them out, one or the other.</u>

ECF No. 629-1 at 7 (Tr. 28:1-25) (emphasis added to indicate defendant's challenged testimony, <u>see</u> ECF No. 712 at 14-15).

Defendant does not object to the directly preceding testimony in which Mr. Gosnell related "conversations . . . with unidentified limited partners over the period spanning the 1980s or 1990s," and that those conversations involved "just kind of seeing what's going on," and that the limited partners were "disappoint[ted]" and "frustrated." ECF No. 712 at 15 (citing to ECF No. 629-1 at 7 (Tr. 27:15-22, 27:23-28:6)).  This challenged testimony, defendant contends, offers the unidentified declarants' expectations in the 1970s, and therefore "lacks the required contemporaneity to their conversation[s] with Mr. Gosnell in the 1980s and 1990s." <u>Id.</u> (citation omitted).

Defendant further argues that, "[t]o the extent that the testimony relays complaints by the unidentified out-of-court declarants regarding the 'financial hardship' caused by the Preservation Statutes, that their property became 'an asset they couldn't get off their books,' and that '[t]hey were incurring income, taxable income without cash flow' or with 'minor cash flow,' that is pure [inadmissible] hearsay."[4] <u>Id.</u> at 16.  "The state-of-mind exception [in FRE 803(3)] does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might

---

[4]      "Preservation Statutes" refer to the Emergency Low Income Housing Preservation Act of 1987, Pub. L. 101-242, 101 Stat. 1815, 1877 (February 5, 1988), and the Low Income Housing Preservation and Resident Homeownership Act of 1990, 12 U.S.C.A. §§ 4101 <u>et seq.</u>

have believed that would have induced the state of mind." ECF No. 712 at 16 (citing Samaniego, 345 F.3d at 1282 (accord United States v. Joe, 8 F.3d 1488, 1492-93 (10th Cir. 1993)).

In their response, FWPs counter that this "testimony . . . reflects [the FWPs] continuing state of mind at the time when they talked to Mr. Gosnell." ECF No. 713 at 9. "In other words, they previously had an intent and expectation, and they continued to have that intent and expectation at the time of their discussions with Mr. Gosnell." Id. (emphasis in original). FWPs assert, in the alternative, that "[a]t a minimum, this portion of Mr. Gosnell's testimony is admissible as circumstantial evidence of the owners' state of mind—i.e., frustration, disappointment, and distress—at the time of the discussions with Mr. Gosnell." Id. at 10 (citations omitted). FRE 803(3) does not extend the hearsay exception to past intentions. This court finds FWPs' recharacterization of limited partners' past intentions as "continuing state[s] of mind" unavailing.

The court also agrees with defendant regarding FWPs' inapt argument that FRE 803(3) generally permits circumstantial evidence of a state of mind. See ECF No. 714 at 10-11. "The very case that [FWPs] cite for this proposition cautions that such circumstantial evidence is subject to an 'ever-present-danger' of wrongfully being considered for its truth, such that 'the possible ensuing prejudice must be weighed against the statement's probative value." Id. (citing Brown, 490 F.2d at 764). Here, FWPs have "the burden . . . to establish reasonable investment-backed expectation in the property at the time [they] made the investment [in order to prove their takings claim]." Cienega Gardens v. United States, 503 F.3d 1266, 1288 (Fed. Cir. 2007) (citation omitted). As defendant avers:

> If Mr. Gosnell's hearsay claims about what limited partners told him their expectations were in the 1970s were not admitted for the purpose of assisting [FWPs] in meeting [their] burden [to prove reasonable investment-backed expectation at the time of investment], then [this testimony] ha[s] no actual probative value in this case, because [] [FWPs'] feelings about the HUD statutes are in no way an element of their takings claim . . . .

ECF No. 714 at 11. Given the lack of probative value of the challenged testimony, the danger of the testimony being considered to "prove the fact remembered or believed," FRE 803(3), and the direct testimony regarding FWPs' "frustration," "disappointment," and "distress," ECF No. 629-1 at 7 (Tr. 29:5-12, 37:10-38:19), the court will grant this aspect of defendant's motion and will exclude this challenged portion of the testimony, JX 202 (ECF No. 629-1 at 7 (28:7-25), and will exclude this challenged deposition transcript testimony from the evidentiary record as inadmissible hearsay.

C.      Joint Exhibit 202 (Tr. 37:23-38:7 (Up to "program"); 38:8 (From "that")–
        8:9)

Defendant, in its third challenge, moves to exclude a portion of Mr. Gosnell's
deposition transcript testimony related to conversations with Mr. Gosnell in which FWPs
discussed why they felt "screwed by the government."  ECF No. 712 at 16-17.  The
challenged testimony is set forth below:

A.      . . . the feeling that everybody felt like they're, if I can use this term, they
        were screwed by the government.

Q.      Why was there that feeling?

A.      Because they were screwed, I mean, because the program was they're
        supposed to be able to refinance it after 20 years and then turn into market-
        rate units which have a much higher value as an income flow as well as a
        much higher value as in sale value if that was the choice.  That was the
        program they bought in on. That was the understanding that was conveyed
        to me as early as -- you know, when I was -- like in 1970-'71, our family
        discussions, that was always the intent of the program, and they were very
        disappointed that they got screwed, that was changed.  It was affecting them
        financially.

ECF No. 629-1 at 10 (Tr. 37:19-38:9) (emphasis added to indicate defendant's challenged
testimony, see ECF No. 712 at 13).

Defendant contends that the challenged testimony is inadmissible under FRE
803(3) because it "is intended to establish, not the declarants' states of mind, but that they
were in fact screwed, that they had particular expectations years prior, and that the rule
change was affecting the declarants financially."  Id.  The court agrees.  FWPs do not
make a substantive counterargument, asserting only that statements that "the declarants
were 'screwed' and 'they were disappointed that they got screwed' are clearly statements
of then-existing state[s] of mind of the declarants and hence admissible."  ECF No. 713 at
10 (citing ECF No. 629-1 at 10 (Tr. 37:23-38:7; 38:8 (from "that")-38:9)).  But, here,
FWPs point only to admissible carveouts already identified by defendant.

The court will grant defendant's motion to exclude this challenged testimony, JX
202 (ECF No. 629-1 at 10 (Tr. 37:23-37:7 (up to "program"), 38:8 (from "that)-9), and
will exclude this challenged testimony from the evidentiary record as inadmissible
hearsay.

D.     Joint Exhibit 202 (Tr. 46:11-16)[5]

Next, defendant moves to exclude a portion of Mr. Gosnell's deposition transcript testimony that centers around his answer to the question: "Do you know what was told to potential investors in the project about the reasons that they should invest for the project back when the project was being set up in the early 1970s?" ECF No. 629-1 at 12 (Tr. 45:25-46:3); see also ECF No. 712 at 17. The court offers this challenged portion of the testimony, as follows:

. . . from the limited partners when I did speak with them, that their expectation was to – you know, as an investment, that they would, you know, hold the investment for a limited period of time, 20 years, at which time they could proceed with some other options to refinance out and either hold or sell at that time.

ECF No. 629-1 at 12 (Tr. 45:10-16).

Defendant contends that Mr. Gosnell's response "that 'when [he] did speak with' the limited investors, he 'heard' that their 'expectation was to . . . hold the investment for a limited period of time, 20 years, at which time they could proceed with some other options to refinance out and either hold or sell at that time,'" is inadmissible under FRE 803(3). ECF No. 712 at 17 (quoting ECF No. 629-1 at 12 (Tr. 46:11-16).

Because "Mr. Gosnell's conversations with the limited investors [were] not contemporaneous with the limited investors' formation of the expectations in question," and these statements are "being offered to prove what out-of-court declarants were told about why they should invest in the project, and what their expectations were at the time in the early 1970s," defendant contends that the testimony is inadmissible hearsay. ECF No. 712 at 17.

FWPs argue that the challenged portion of the testimony does not "include[] a statement that the declarants were 'told' something at some time in the past." ECF No. 713 at 11. This, FWPs contend, "is fatal to [defendant's] argument." Id. Additionally, FWPs point to the inclusion of the word "expectations" in the challenged testimony, along with the absence of the word "intentions." Id. Thus, according to FWPs, "the only logical way to understand Mr. Gosnell's statement that he heard 'the same answers . . . over many years . . . from the limited partners' when he 'did speak with them,'" is that "Mr. Gosnell was simply recounting the then-existing expectations of the declarants,

_____

[5]    Defendant cites to "JX 202 46:10-16" in the header for section D of its analysis sections as well as seven lines below the header in the same section when it cites to the challenged portion of the testimony. See ECF No. 714 at 17 (section header). The body of defendant's argument, however, refers only to lines 11 through 16, rather than lines 10 through 16. See id. The court suspects these are inadvertent errors and modifies the citation accordingly.

from the discussions he had with them at different times." Id. (citing ECF No. 629-1 at 12 (Tr. 46:9-11).

The court finds FWPs' analysis unpersuasive.  The challenged portion of the testimony is read and interpreted in its context, not as a group of isolated terms.  Mr. Gosnell was responding to the following question:  "Do you know what was told to potential investors in the project about the reasons that they should invest for the project back when the project was being set up in the early 1970s?"  ECF No. 629-1 at 12 (Tr. 45:25-46:3).  Reading Mr. Gosnell's statement as responsive to the question posed, his recollection offers information about what declarants had been "told."  Moreover, Mr. Gosnell's reference to "expectations," does not convert the entirety of his response into a statement of a "then-existing state of mind."  FRE 803(3).  Rather, the court agrees with defendant, that Mr. Gosnell described his recollections of long-standing reasons as to why these limited partners made the investment that they did.  See ECF No. 713 at 10-11; ECF No. 714 at 12-13.

Accordingly, the court will grant defendant's motion in this regard and will exclude the challenged portion of the testimony, JX 202 (ECF No. 629-1 at 12 (Tr. 46:10-16), from the evidentiary record as inadmissible hearsay.

E.     Joint Exhibit 202 (Tr. 48:17-49:2)

Next, defendant "objects to the admission into evidence of a portion of Mr. Gosnell's deposition transcript testimony as to what Mr. Gosnell was told by his father and uncle 'in the early 1970s, about why they were developing Buckman Road as a Section 236 project,' JX 202 at 48:3-5, as inadmissible hearsay."  ECF No. 712 at 18.  The challenged portion of deposition transcript testimony, together with additional testimony for context, is as follows:

Q.     What did they tell you at the time, in the early 1970s, about why they were developing Buckman Road as a Section 236 Project, if anything?

A.     Well, it was really more in the context of why they're developing Buckman Road period, not necessarily 236 or not, you know, you know.  Once again, I'd have to speculate on some of the precise reasons, if they're financing or were something else.  But, you know, our family was in the business of developing properties.  They developed quite a few properties in that particular area.  It   was a familiar area. It was an area that we certainly felt and still, and it's been proven, you know, over the years that it's a great area with a great potential for increases in value and strong rents and all the demographics and all the reasons why you would -- things that you would hope would occur, which in fact did occur over time.  You know, those were the basic reasons why they wanted to do the project. It was a good location,

<u>good project, good potential customers, demographics, potential for appreciation, those sort of things</u>.

ECF No. 629-1 at 12-13 (Tr. 48:6-49:2) (emphasis added to indicate defendant's challenged testimony, <u>see</u> ECF No. 712 at 18).

Defendant states that the challenged testimony is inadmissible because "[e]numerating 'basic reasons why [the declarants] wanted to do the project' is not a mental, emotional, or [physical condition]."  ECF No. 712 at 18; <u>see</u> FRE 803(3).  FWPs, on the other hand, do not argue that this testimony is admissible under FRE 803(3) but instead assert that "[w]hen the designated portion is read in its full context, it is clear that Mr. Gosnell is not testifying to what someone told him, he is testifying from his personal knowledge."  ECF No. 713 at 12.

The challenged testimony is not admissible under FRE 803(3).  As defendant identifies, Mr. Gosnell's recollections do not fit within any category of admissible hearsay under the rule.  Instead, Mr. Gosnell speaks generally about the family business in real estate development, <u>see</u> ECF 629-1 at 12 (Tr. 48:14-16), not about statements made by FWPs to Mr. Gosnell about then-existing states of mind, mental, emotional, or physical conditions.

FWPs' counterargument that this testimony is admissible as "personal knowledge," is not persuasive.  ECF No. 713 at 12.  Mr. Gosnell did not establish personal knowledge regarding his family's investment and, indeed, he conceded as much in the directly preceding testimony when Mr. Gosnell stated that he would "have to speculate on some of the precise reasons [his family developed the Buckman Road property]. . . ."  ECF No. 629-1 at 12 (Tr. 47:9-48:5).

The court will grant defendant's motion is this regard, and the challenged testimony, JX 202 (ECF No. 629-1 at 12-13) (Tr. 48:17-49:2) is, therefore, excluded from the evidentiary record as inadmissible hearsay.

F.    Joint Exhibit 202 (Tr. 55:5-18)

Defendant's sixth portion of challenged testimony concerns Mr. Gosnell's statements regarding FWPs' refinancing options for the Buckman Road property.  <u>See</u> ECF No. 712 at 19.  The challenged testimony is directly preceded by a portion of the testimony that the parties mutually agreed to exclude.  <u>See</u> ECF No. 710 at 1 (May 12, 2023 joint status report following the court's evidentiary rulings order).  For clarity, the court recites all pertinent testimony in this regard, as follows:

Q.    And what were you told in those discussions?

A.     What I was told is that they had a, I guess I'd call it a minimum hold period of 20 years, at which time they could refinance it and either keep them as market-rate units at a higher income level or have the potential of selling them.

Q.     Now you said that there was a minimum hold for 20 years.  What did you mean by a minimum hold for 20 years?

A.     That they couldn't sell it or refinance it for 20 years under this program.

Q.     And they couldn't do that without HUD, HUD approval?

A.     Correct.

Q.     After 20 years it was your understanding that they could sell the project?

A.     Well, they could refinance it and either sell it or keep it.

Q.     And by refinancing, you're referring to paying off the original loan and taking out a new loan on the project?

A.     Yes, a non-HUD loan.

Q.     Did you have this sort of discussion with your father and your uncle during the 1970s, or is this something you learned details about after the fact?

A.     No, it was when it was being built, early '70s, '70, '71, and later.

Q.     So your understanding was that they had the option to refinance after 20 years?

A.     Yes.

Q.     And if the project was refinanced, what could they do at that point?

A.     Anything they wanted.

Q.     And that would include selling the project?

A.     It would -- that would be one of the options, sure.  Included means any option, I think, so it's not the only option.

> Q.    And it would also include converting the project to a market-rate project or
>        continuing to operate the project?
>
> A.    Yes.

ECF No. 629-1 at 14 (Tr. 54:2-55:18) (emphasis added to indicate defendant's challenged
deposition transcript testimony, see ECF No. 712 at 19).  Defendant objects to the
admissibility of this challenged portion of the deposition transcript testimony because, it
contends, "Mr. Gosnell is parroting alleged facts that were conveyed to him by his father
and uncle, which are being offered for their truth."  ECF No. 712 at 20.

FWPs counter that the challenged testimony is, in fact, admissible not under FRE
803(3) but because it "consists of Mr. Gosnell's 'understanding' about the option to
refinance Buckman Road" and, therefore, is "based on [Mr. Gosnell's] personal
knowledge."  ECF No. 713 at 12.

While Mr. Gosnell was responding to a question about his "understanding" in the
testimony at issue, the court agrees with defendant that the larger context demonstrates
that these recollections constitute inadmissible hearsay.  See ECF No. 714 at 20.  This
conclusion is evident when considering the parties already agreed to exclude the
testimony directly preceding the challenged deposition transcript testimony.  First, the
challenged testimony was a clarifying question that relates back to query, "what were you
told in those discussions?"  ECF No. 629-1 at 14 (Tr. 54:2).  Second, the parties have
mutually agreed to the inadmissibility of the earlier testimony.  See ECF No. 629-1 at 14
(Tr. 54:2-15); ECF 710 at 1.  The content of the earlier testimony, in substance, is
materially similar to the challenged testimony; in both portions, Mr. Gosnell "repeat[s]
factual assertions made by his father and uncle" about restrictions on their property
investment.  ECF No. 712 at 20.  The modified framing of the question which prompted
Mr. Gosnell's response—to which defendant objects—does not change the character of
these statements.

Accordingly, the court will grant defendant's motion in this instance, and will
exclude the challenged testimony, JX 202 (ECF No. 629-1 at 14 (Tr. 55:5-18)), from the
evidentiary record as inadmissible hearsay.

G.    Joint Exhibit 202 (Tr. 63:7-16 (up to period in Line 16 after
       "descendants.")) and (Tr. 63:17-19 (beginning in Line 17 with "that it
       was"))

In its seventh challenged portion of testimony, defendant moves to exclude a
portion of deposition transcript testimony that was made in response to a question about
whether "any of the Buckman Road partners ever explain[ed] to [him] why they chose to
pursue the sale option under [the Low Income Housing Preservation and Resident

Homeownership Act of 1990].”  ECF No. 712 at 20.  The court recites all pertinent
testimony in this regard, as follows:

> Q.  Did any of the Buckman Road partners ever explain to you why they chose
> to pursue the sale option under [the Low Income Housing Preservation and
> Resident Homeownership Act of 1990]?
>
> A.  Well, I don't know that they get to choose, as I mentioned before, because
> technically they're not the general partners, and the general partners would
> be the one choosing.  But why they preferred was because they were often
> elderly people.  They had retired.  They were facing a burden of paying taxes
> on income that they weren't receiving in cash.  And some of them had passed
> away.  They had estate taxes to deal with, and, you know, that was a burden
> on the descendants.  And they were, frankly, just kind of disgusted with the
> whole process, that it was not being done the way it was supposed to have
> been done in the first place.

ECF No. 629-1 at 16 (Tr. 63:4-19) (emphasis added to indicate defendant's challenged
testimony, see ECF No. 712 at 20).

While defendant appropriately does not object to Mr. Gosnell's deposition
testimony that the Buckman Road partners "'were, frankly, just kind of disgusted with
the whole process,'" defendant argues that "the surrounding testimony has nothing to do
with any mental, physical or emotional state."  ECF No. 712 at 21 (citing ECF No. 629-1
at 16 (Tr. 63:16-17)).  Defendant continues, that the challenged testimony "is instead
hearsay, offered to prove the truth of the out-of-court declarants' assertions that they
preferred the sales option because they were elderly, retired, 'facing a burden of paying
taxes on income that they weren't receiving in cash[,]' that their descendants were
'burden[ed],' and that things were 'not being done the way [they] w[ere] supposed to
have been done in the first place.'"  Id. (citing ECF No. 629-1 at 16 (Tr. 63:7-19).

FWPs do not argue that the challenged testimony is admissible under FRE 803(3).
See ECF No. 713 at 13-14.  Instead, FWPs' position is that the challenged testimony is
not hearsay in the first instance.  See id. at 13.  FWPs assert "[l]ines 7-10 on page 63
[regarding choosing the sale option] are not hearsay. . . .  Plainly, he was testifying about
what he knew."  Id.  FWPs do not provide, however, a basis for Mr. Gosnell's alleged
personal knowledge on these matters.  Regarding certain discrete facts, specifically that
the limited partners were "elderly," "retired," "passed away," and having "estate taxes to
deal with," FWPs also contend that these are non-hearsay "facts within Mr. Gosnell's
knowledge."  Id. at 13-14.

Absent an indication of Mr. Gosnell's personal knowledge of the asserted
information, the court finds that the challenged testimony is inadmissible hearsay.  As

defendant avers, "given the question, []whether 'any of the Buckman Road partners ever explain[ed] why they chose to pursue the sale option," Mr. Gosnell's responses must be read in the context of being responsive to that inquiry. ECF No. 714 at 17; see also ECF No. 629-1 at 16 (Tr. 63:10) (Mr. Gosnell reiterates the framing of the question in his response, offering the preface ". . . why they preferred [the sale option] was because . . . ."). This context also applies to his statements regarding the limited partners being "elderly," "retired," "passed away," and having "estate taxes to deal with," which were offered as reasons why the Buckman Road partners chose to sell their property. See ECF No. 713 at 14; ECF No. 714 at 17.

Accordingly, the court will grant defendant's motion in this instance, and will exclude the challenged testimony, JX 202 (ECF No. 629-1 at 14 (Tr. 63:7-16 (up to period in line 16 after "descendants.")) and (Tr. 63:17-19 (beginning in line 17 with "that it was")), from the evidentiary record as inadmissible hearsay.

H.       Joint Exhibit 202 (Tr. 64:2-10)

Defendant next moves to exclude a portion of deposition transcript testimony related to Mr. Gosnell's response to being asked about the "nature of the burdens" upon the limited partners. ECF No. 712 at 21-22. The pertinent testimony is set forth, as follows:

Q.       You mentioned a burden on the limited partners. <u>What was the nature of the burden you were referring to?</u>

A.       <u>A number of things. The HUD program limited how much money you could basically pay out. It had all sorts of restrictions. It was a very difficult process. That's one reason being why we -- why our family who managed multi-family had a specialist, Edgewood, manage it. It was just too complicated, too much paperwork, too difficult.</u>

ECF No. 629-1 at 16 (Tr. 64:1-10) (emphasis added to indicate defendant's challenged testimony, see ECF No. 712 at 21).

Defendant contends that this portion of Mr. Gosnell's testimony is inadmissible hearsay because the statements at issue "are simply more factual claims that originated in out-of-court statements by limited partners or others in [Mr. Gosnell's] family [who] actually managed the family business of low-income housing." ECF No. 712 at 22.

FWPs do not argue that this testimony is admissible under FRE 803(3). See ECF No. 713 at 14. Instead, FWPs assert that the at-issue testimony is "simply not hearsay" because the question did not ask Mr. Gosnell "what he was told about burdens," but instead, was articulated as follows: "You mentioned a burden on the limited partners.

What was the nature of the burden you were referring to?"  Id.; ECF No. 629-1 at 16 (Tr. 64:1-3).  FWPs do not show or explain how Mr. Gosnell would have had personal knowledge based on these matters.

The court agrees with defendant that "the broader deposition context" contradicts FWPs' position.  ECF No. 714 at 18.  FWPs have not demonstrated how this testimony could be understood as something other than Mr. Gosnell's recollections of facts relayed to him by family members.  Thus, the court will grant defendant's motion on this challenged testimony, JX 202 (ECF No. 629-1 at 16 (Tr. 64:2-10), and excludes this challenged testimony from the evidentiary record as inadmissible hearsay.

I.       Joint Exhibit 202 (Tr. 65:1-6)

In the final challenged portion of Mr. Gosnell's deposition transcript testimony, defendant moves to exclude another segment in which Mr. Gosnell spoke about the "burdens" on certain FWPs.  See ECF No. 712 at 22-23.  The pertinent portion of the testimony states, as follows:

Q.       You mentioned a burden on the limited partners. What was the nature of the burden you were referring to?

. . .

A.       Other burdens are they can't get their asset out.  You know, they died. They're going to for estate tax – estate planning purposes or for actual estate purposes.  You know, some of these folks were not wealthy and they needed to get the money out to taxes or pay their debts or settle their estates or whatever, and some of them were – you know, you had to be sympathetic to them.  They were genuinely distressed.

ECF No. 629-1 at 16-17 (Tr. 64:1-3, 23-25; 65:1-6) (emphasis added to indicate defendant's challenged testimony, see ECF No. 712 at 22).

Defendant does not object to the testimony stating that "[the limited partners] were genuinely distressed" because it is "[c]onsistent with [FRE 803(3)]."  ECF No. 712 at 22. Defendant's objects to this challenged portion of the testimony on the ground that it amounts to "statements as to why [a declarant] held [a] particular state of mind."  Id. at 22 (quoting Samaniego, 345 F.3d at 1282).  FWPs counter only that "lines 1-3 . . . are not hearsay" but are instead "facts within [Mr. Gosnell's] personal knowledge about the individuals to whom he spoke."  ECF No. 713 at 15.  Thus, FWPs appear to concede that the exception afforded by FRE 803(3) does apply to the challenged testimony.

As to FWPs' assertion that "lines 1-3 . . . are not hearsay," FWPs, again, provide no grounds upon which the court can examine the strength of this argument because no basis for Mr. Gosnell's personal knowledge is offered.  Id.  As to FRE 803(3)'s potential application, the court concurs with defendant that the challenged testimony does not fall within the bounds of the rule.  See ECF No. 712 at 22; ECF No. 714 at 18-19.

The court, therefore, will grant defendant's motion as to the challenged testimony, JX 202 (ECF No. 629-1 at 17 (Tr. 65:1-6)), and will exclude the challenged portion of deposition transcript testimony from the evidentiary record as inadmissible hearsay.

IV.    Conclusion

In addition to the matters addressed herein, the court adopts to the parties' stipulations set forth in their May 12, 2023 joint status report and incorporates those stipulations in this ruling.  See ECF No. 710.

Accordingly, for the foregoing reasons:

(1)    Defendant's motion to exclude potions of the July 10, 2014 deposition testimony of Barry Gosnell, ECF No. 712, is **DENIED in part**, as to defendant's challenged testimony at JX 202 (ECF No. 629-1 at 7 (Tr. 27:2-4), and **GRANTED in part**, as to all other aspects;

(2)    Pursuant to this ruling, the following portions of the July 10, 2014 deposition transcript testimony of Barry Gosnell is **ADMITTED**:

(a)    Tr. 27:2-4;

(3)    Pursuant to this ruling, the following portions of the July 10, 2014 deposition transcript testimony of Barry Gosnell are **EXCLUDED**:

(a)    Tr. 26:25-27:1, 5-12;

(b)    Tr. 28:7-25;

(c)    Tr. 37:23-38:7 (up to "program"); 38:8 (from "that")–38:9;

(d)    Tr. 46:10-16;

(e)    Tr. 48:17-49:2;

(f)    Tr. 55:5-18;

(g)     Tr. 63:7-16 (up to period in line 16 after "descendants.") and
          Tr. 63:17-19 (beginning in line 17 with "that it was");

(h)     Tr. 64:2-10;

(i)     Tr. 65:1-6;

(4)     Pursuant to the parties' May 12, 2024 joint status report, ECF No. 710, the following portions of the July 10, 2014 deposition transcript testimony of Barry Gosnell are **ADMITTED**:

     (a)     Tr. 26:15-25 (up to "disappointed");

     (b)     Tr. 27:23-25;

     (c)     Tr. 28:3-6;

     (d)     Tr. 29:1-12;

     (e)     Tr. 37:10-21;

     (f)     Tr. 38:7-8 (up to "disappointed");

     (g)     Tr. 48:14-17 (up to period in line 17 after "familiar area.");

     (h)     Tr. 63:4-7;

     (i)     Tr. 63:16-17 (up to comma in line 17 after "process");

(5)     Pursuant the parties' joint status report, ECF No. 710, the following portions of the July 10, 2014 deposition transcript testimony of Barry Gosnell are **EXCLUDED**:

     (a)     Tr. 28:1-3 (up to the period in line 3 after "what's going on");

     (b)     Tr. 29:13-15;

     (c)     Tr. 36:22-37:8;

(d)     Tr. 45:25-46:10;

(e)     Tr. 48:6-13;

(f)     Tr. 54:2-15;

(g)     Tr. 63:20-23;

(h)     Tr. 64:11-25; and

(6)     The evidentiary record for the January 9, 2023, through January 30, 2023 trial held in this case is now **CLOSED**.  For ease of reference, the evidentiary record is comprised of the parties' stipulations, the testimony and evidence admitted at trial, the court's May 4, 2023 evidentiary rulings order, and the rulings in this opinion and order.[6]

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge

---

[6]     For completeness, the parties' stipulations corresponding to this motion have been incorporated here.